**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br>v.<br><br>IN THE MATTER OF THE SEIZURE OF THE M/T PHONIX WITH INTERNATIONAL MARITIME ORGANIZATION NUMBER 9198317, AND ALL PETROLEUM PRODUCT ON BOARD,<br><br>Defendants *In Rem*. | Civil Action No. 1:26-cv-01405 (SLS) |

**<u>VERIFICATION OF CLAIMANTS' CLAIMS</u>**

I, Richard D. Heideman, an attorney duly licensed to practice law in the District of Columbia, declare under penalties of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a partner at the law firm Heideman Nudelman & Kalik, PC, 5335 Wisconsin Avenue Suite 440 Washington, DC 20015.

2. The statements regarding the judgments awarded by the United States District Courts for the Southern District of New York or for the District of Columbia, and the service of those judgments and related matters, are within my personal knowledge and/or based on review of the official dockets. Statements regarding ownership/instrumentality of the Defendant are based on allegations and filings in *United States of America v. In the Matter of the Seizure of the M/T Phonix with International Maritime Organization Number 9198317, and All Petroleum Product Onboard v. Iran & China Investment Development Group*, No. 1:26-cv-01405 (D.D.C.) ("*Phonix* Action").

3. Heideman Nudelman & Kalik, PC and McDermott Will & Schulte LLP represent the claimants ("Claimants") in this action who have been collectively awarded over $1,500,000,000 in compensatory damages in the following actions:

- *Michael Ewan, et al. v. Islamic Republic of Iran*, Case No. 17-1628-JDB (D.D.C.) ("*Ewan* Action");
- *Bland, et al. v. Islamic Republic of Iran*, Case No. 05-02124 (D.D.C.) ("*Bland* Action");
- *Brown, et al. v. Islamic Republic of Iran*, Case No. 08-00531 (D.D.C.) ("*Brown* Action");
- *Bova, et al. v. Islamic Republic of Iran*, Case No. 15-01074 (D.D.C.) ("*Bova* Action");
- *Valore, et al. v. Islamic Republic of Iran*, Case No. 03-01959 (D.D.C.) ("*Valore* Action");
- *Spencer, et al. v. Islamic Republic of Iran*, Case No. 12-00042 (D.D.C.) ("*Spencer* Action");
- *Ayers, et al. v. Islamic Republic of Iran*, Case No. 18-00265 (D.D.C.) ("*Ayers* Action");
- *Roth, et al. v. Islamic Republic of Iran*, Case No. 11-01377 (D.D.C.) ("*Roth* Action");
- *Aronow, et al. v. Islamic Republic of Iran*, Case No. 18-cv-12001-GBD (S.D.N.Y.) ("*Aronow* Action");
- *Ashton, et al. v. Islamic Republic of Iran*, Case No. 1:02-cv-06977 (S.D.N.Y.) ("*Ashton* Action");
- *The Estate of Max Steinberg, et al. v. Islamic Republic of Iran*, Case No. 17-cv-1910-RCL (D.D.C.) ("*Steinberg* Action");
- *Charyn F. Selig, et al., v. Islamic Republic of Iran*, Case No. 1:19-cv-02889-TNM (D.D.C.) ("*Selig* Action");

- *Estate of Judah Herzel Henkin, et al., v. Islamic Republic of Iran*, Case No. 1:18-cv-1273-RCL (D.D.C.) ("*Henkin* Action");
- *Xiyue Wang, et al. v. Islamic Republic of Iran*, Case No. 22-cv-583-TJK (D.D.C.) ("*Wang* Action").
- *Shawn Kenny, et al., v Islamic Republic of Iran*, Case No. 1:22-cv-03299-TNM (D.D.C.) ("*Kenny* Action");
- *Fuld, et al. v. Islamic Republic of Iran*, Case No. 20-cv-2444-RCL (D.D.C.) ("*Fuld* Action");
- *Baxter, et al. v. Islamic Republic of Iran*, Case No. 11-02133 (D.D.C.) ("*Baxter* Action");
- *Boothe, et al. v. Islamic Republic of Iran*, Case No. 22-1747 (D.D.C.) ("*Boothe* Action");
- *Namazi, et al. v. Islamic Republic of Iran*, Case No. 24-3506 (D.D.C.) ("*Namazi* Action");

4. The Claimants in the *Ewan* Action were awarded $11,659,570.00 without prejudgment interest in compensatory damages and $2,637,000.00 in punitive damages under 28 U.S.C. § 1605A against Iran for its role in the 1983 bombing of the U.S. Embassy in Beirut. *See Ewan* Action, ECF. No. 39, attached hereto as **Exhibit 1**.

5. The judgment in the *Ewan* Action was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4), attached hereto as **Exhibit 2**.

6. The Claimants in the *Bland* Action were awarded $277,805,908.00 in compensatory damages and $955,652,324.00 in punitive damages under 28 U.S.C. § 1605A against Iran for its role in the 1983 bombing of the U.S. Marine Barracks in Beirut. *See Bland*

Action, ECF. No. 69, attached hereto as **Exhibit 3**.

7. The judgment in the *Bland* Action was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4), attached hereto as **Exhibit 4**.

8. The Claimants in the *Brown* Action were awarded $183,281,294.00 in compensatory damages and $630,487,651.00 in punitive damages under 28 U.S.C. § 1605A against Iran for its role in the 1983 bombing of the U.S. Marine Barracks in Beirut. *See Brown* Action, ECF. No. 57, attached hereto as **Exhibit 5**.

9. The judgment in the *Brown* Action was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4), attached hereto as **Exhibit 6**.

10. The Claimants in the *Bova* Action were awarded $28,657,942.00 in compensatory damages and $98,583,320.00 in punitive damages under 28 U.S.C. § 1605A against Iran for its role in the 1983 bombing of the U.S. Marine Barracks in Beirut. *See Bova* Action, ECF. No. 110, attached hereto as **Exhibit 7**.

11. The judgment in the *Bova* Action was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4), attached hereto as **Exhibit 8.**

12. The Claimants in the *Valore* Action were awarded $12,565,922.00 in compensatory damages under 28 U.S.C. § 1605A against Iran for its role in the 1983 bombing of the U.S. Marine Barracks in Beirut. *See Valore* Action, ECF. No. 60, attached hereto as **Exhibit 9**.

13. The judgment in the *Valore* Action was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4), attached hereto as **Exhibit 10.**

14. The Claimants in the *Spencer* Action were awarded $9,350,000.00 in compensatory damages and $32,164,000.00 in punitive damages under 28 U.S.C. § 1605A against Iran for its role in the 1983 bombing of the U.S. Marine Barracks in Beirut. *See Spencer* Action, ECF. No. 51,

attached hereto as **Exhibit 11**.

15. The judgment in the *Spencer* Action was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4), attached hereto as **Exhibit 12.**

16. The Claimants in the *Ayers* Action were awarded $73,306,625.00 in compensatory damages and $252,174,790.00 in punitive damages under 28 U.S.C. § 1605A against Iran for its role in the 1983 bombing of the U.S. Marine Barracks in Beirut. *See Ayers* Action, ECF. No. 69, attached hereto as **Exhibit 13**.

17. The judgment in the *Ayers* Action was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4), attached hereto as **Exhibit 14.**

18. The Claimants in the *Roth* Action were awarded $18,691,019.00 in compensatory damages and $112,500,000.00 in punitive damages under 28 U.S.C. § 1605A against Iran for its role in the 2001 bombing of the Sbarro Restaurant located in Jerusalem, Israel. *See Roth* Action, ECF. No. 43, attached hereto as **Exhibit 15**.

19. The judgment in the *Roth* Action was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4), attached hereto as **Exhibit 16.**

20. The Claimants in the *Aronow* Action were awarded $95,604,376.00 in compensatory damages under 28 U.S.C. § 1605A against Iran for its role in the September 11, 2001 Terrorist Attack. *See Aronow* Action, ECF. Nos. 22 & 26, attached hereto as **Exhibit 17**.

21. The judgment in the *Aronow* Action was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4), attached hereto as **Exhibit 18**.

22. The Claimants in the *Ashton* Action were awarded $12,500,000.00 in compensatory damages under 28 U.S.C. § 1605A against the Iran for its role in the September 11, 2001 Terrorist Attack. *See Ashton* Action, ECF. No. 1047, attached hereto as **Exhibit 19**.

23. Service of the judgment in the *Ashton* Action has been initiated through the U.S. Department of State through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4), proof of which is attached hereto as **Exhibit 20**. Service was handled by other counsel, and Claimants have not yet obtained proof of service. Upon obtaining proof of service, Claimants will promptly file it with the Court as a supplemental exhibit.

24. The Claimants in the *Steinberg* Action were awarded $15,934,010.00 in compensatory damages and $150,000,000.00 in punitive damages under 28 U.S.C. § 1605A against Iran for the terrorist attach carried out by HAMAS on July 20, 2014, that killed Max Steinberg. *See Steinberg* Action, ECF. No. 19, attached hereto as **Exhibit 21.**

25. The judgment in the *Steinberg* Action was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4), attached hereto as **Exhibit 22.**

26. The Claimants in the *Selig* Action were awarded $68,022,627.00 in compensatory damages and $68,0222,627.00 in punitive damages under 28 U.S.C. § 1605A against Iran for its role in the Intercontinental Hotel Attack and the terrorist attack at the Park Place Hotel in Kabul, which was carried out by the Afghan Taliban. *See Selig* Action, ECF. No. 36, attached hereto as **Exhibit 23**.

27. The judgment in the *Selig* Action was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4), attached hereto as **Exhibit 24.**

28. The Claimants in the *Henkin* Action were awarded $22,500,000.00 in compensatory damages and $67,500,000.00 in punitive damages under 28 U.S.C. § 1605A against Iran for its role in the terrorist attack committed on October 1, 2015, by HAMAS that killed Eitam Simon Henkin. *See Henkin* Action, ECF. No. 52, attached hereto as **Exhibit 25**.

29. The judgment in the *Henkin* Action was served on Iran through diplomatic means

pursuant to 28 U.S.C. § 1608(a)(4), attached hereto as **Exhibit 26.**

30. The Claimants in the *Wang* Action were awarded $29,885,283.00 in compensatory damages and $29,885,283.00 in punitive damages under 28 U.S.C. § 1605A against Iran for the wrongful imprisonment and torture of Xiyue Wang. *See Wang* Action, ECF. No. 24, attached hereto as **Exhibit 27.**

31. The judgment in the *Wang* Action was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4), attached hereto as **Exhibit 28.**

**32.** The Claimants in the *Kenny* Action were awarded $18,750,000.00 in compensatory damages and $18,750,000.00 in punitive damages under 28 U.S.C. § 1605A against Iran for its role in the terrorist attack committed on January 20-21, 2018, at the Intercontinental Hotel in Kabul, Afghanistan (the "Intercontinental Hotel Attack") by the Afghan Taliban. *See Kenny* Action, ECF. No. 24, attached hereto as **Exhibit 29.**

33. The judgment in the *Kenny* Action was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4), attached hereto as **Exhibit 30.**

34. The Claimants in the *Fuld* Action were awarded $47,812,737.00 in compensatory damages and $143,438,211.00 in punitive damages under 28 U.S.C. § 1605A against Iran for its role in the terrorist attack committed on September 16, 2018, by HAMAS that killed Ari Fuld. *See Fuld* Action, ECF. No. 29, attached hereto as **Exhibit 31.**

35. The judgment in the *Fuld* Action was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4), attached hereto as **Exhibit 32.**

36. The Claimants in the *Baxter* Action were awarded $465,226,233.75 in compensatory damages and $1,600,378,244.10 in punitive damages under 28 U.S.C. § 1605A against Iran for its role in a series of terrorist attacks, including the attack committed by HAMAS

that injured William J. Baxter on April 30, 2003. *See Baxter* Action, ECF. No. 130, attached hereto as **Exhibit 33.**

37. The judgment in the *Baxter* Action was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4), attached hereto as **Exhibit 34.**

38. The Claimants in the *Boothe* Action were awarded $38,618,139.00 in compensatory damages and $38,618,139.00 in punitive damages under 28 U.S.C. § 1605A against Iran for its role in a terrorist attack that injured Shastri Boothe on August 7, 2012. *See Boothe* Action, ECF. No. 35, attached hereto as **Exhibit 35.**

39. Service of the judgment in the *Boothe* Action has been initiated through the U.S. Department of State through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4), proof of which is attached hereto as **Exhibit 36**. Proof of service will be filed with the Court upon receipt of notice of same from the U.S. Department of State and placed on the docket of the Court.

40. The Claimants in the *Namazi* Action were awarded $60,894,586.00 in compensatory damages and $60,894,586.00 in punitive damages under 28 U.S.C. § 1605A against Iran for its role in falsely arresting and imprisoning Claimants and for torturing Claimants. *See Namazi* Action, ECF. No. 21, attached hereto as **Exhibit 37.**

41. Service of the judgment in the *Namazi* Action has been initiated through the U.S. Department of State through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4), proof of which is attached hereto as **Exhibit 38.** Proof of service will be filed with the Court upon receipt of notice of same from the U.S. Department of State and placed on the docket of the Court.

42. As detailed in a related action pending in this Court—the *Phonix* Action—the Defendant Motor Tanker and onboard Petroleum Assets belong to Iran or agents and instrumentalities of Iran, doing business as Vision Ship Management LLP ("Vision"), Faith

Enterprise Ltd. (“Faith Enterprise”), the National Iranian Oil Company (“NIOC”), and the Iranian Oil Terminals Company (“IOTC”). *See Phonix* Action, ECF No. 1. NIOC and IOTC are agencies or instrumentalities of Iran. *Id*. Accordingly, their assets—including the Petroleum Assets onboard the *Phonix*—are blocked by operation of U.S. law. See Executive Order No. 13902, 85 Fed. Reg. 2003, 2003 (Jan. 10, 2020). Additionally, assets belonging to Vision and Faith Enterprise—including the *Phonix*—are blocked by operation of U.S. law.

43. To preserve the Claimants’ ability to pursue execution and turnover of the Defendant Motor Tanker and Petroleum Assets, on behalf of the Claimants pursuant to D.C. Sup. Ct. R. 9–I(c), I hereby give notice and verify the claims of the Claimants against the Defendant Motor Tanker and Petroleum Assets. Because the Terrorism Risk Insurance Act (“TRIA”) allows victims of terrorism with judgments against state sponsors of terrorism to pursue execution and turnover against blocked assets of those terrorist states or their agents or instrumentalities—including such assets that have been “seized” by the U.S. government—“notwithstanding any other provision of law,” TRIA § 201(a), I hereby give notice and verify the Claimants’ superior interest in so much of the Defendant Motor Tanker and Petroleum Assets as may ultimately be necessary to satisfy the outstanding compensatory damages owed to the Claimants on their judgments against Iran, plus pre- and post-judgment interest and costs as allowable.

44. I declare under penalty of perjury under 28 U.S.C.§1746 that the foregoing is true and correct, and was executed on September 28, 2026.

Dated: September 28, 2026

Respectfully submitted,

Richard D Heideman

**Richard D. Heideman**
Heideman Nudelman & Kalik, PC
5335 Wisconsin Avenue, Suite 440
Washington, DC 20015

rdheideman@hnklaw.com

**Joseph McClure (D.C. Bar No. 90002073)**
McDERMOTT WILL & SCHULTE LLP
500 North Capitol Street, NW
Washington, D.C. 20001
T: (202) 756-8000
jmcclure@mcdermottlaw.com

**Michael Dockterman (IL Bar No. 3121675)**
*(pro hac vice forthcoming)*
McDermott Will & Schulte LLP
444 W. Lake Street, Suite 4000
Chicago, IL 60606
T: (312) 372-2000
mdockterman@mcdermottlaw.com
*Attorneys for Claimants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2026, I electronically filed the foregoing Verification of Claimants' Claims and its attachments via CM/ECF for the United States District Court for the District of Columbia and therefore caused it to be served on all parties registered for CM/ECF, including attorneys for the government, in the above-captioned matter.

Dated: September 28, 2026

/s/ *Joseph McClure*
Joseph McClure

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL EWAN, et al.,**<br>**Plaintiffs,**<br>**v.**<br>**ISLAMIC REPUBLIC OF IRAN,**<br>**Defendant.** | **Civil Action No. 17-1628 (JDB)** |

## ORDER

Upon consideration of [26] [27] plaintiffs' motion for default judgment, and the entire record herein, and for the reasons set forth in the accompanying Memorandum Opinion issued on this date, it is hereby

**ORDERED** that [26] [27] plaintiffs' motion for default judgment is **GRANTED**; and it is further

**ORDERED** that Iran is liable for compensatory damages totaling, with prejudgment interest, $71,304,500 and for punitive damages totaling $2,637,000. Specific damage awards for each plaintiff are set forth in **Schedule A** below.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: June 10, 2020

**Schedule A**

| | Economic Damages | Pain & Suffering Damages | Solatium Damages | Total Compensatory Damages with Prejudgment Interest through 6/10/2020 | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|
| Michael Ewan | $2,419,982 | $1,500,000 | n/a | $18,350,207.00 | $679,000 | $19,029,207.00 |
| Victoria Ewan | n/a | n/a | $850,000 | $9,027,127.50 | $334,000 | $9,361,127.50 |
| Estate of Emmanuel Ewan | n/a | n/a | $850,000 | $9,027,127.50 | $334,000 | $9,361,127.50 |
| Tannous Ewan | n/a | n/a | $500,000 | $5,310,075.00 | $196,000 | $5,506,075.00 |
| Maria Ewan Chlimon | n/a | n/a | $500,000 | $5,310,075.00 | $196,000 | $5,506,075.00 |
| Elie Ewan | n/a | n/a | $500,000 | $5,310,075.00 | $196,000 | $5,506,075.00 |
| David Seelye | $3,039,588 | $1,500,000 | n/a | $18,969,813.00 | $702,000 | $19,671,813.00 |
| **Total** | $5,459,570 | $3,000,000 | $3,200,000 | $71,304,500.00 | $2,637,000 | $73,941,500.00 |

# EXHIBIT 2

**United States Department of State**

*Washington, D.C. 20520*

December 2, 2020

Angela D. Caesar
Clerk of the Court
United States District Court
For the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20011

**Re: Michael Ewan, et al. v. Islamic Republic of Iran, 1:17-cv-1628 (JDB)**

Dear Ms. Caesar:

I am writing regarding the Court's request for transmittal of an Order (June 10, 2020), Memorandum Opinion (June 10, 2020), and Notice of Default Judgment to the Islamic Republic of Iran pursuant to 28 U.S.C. Section 1608(a)(4) as a defendant in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the Government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1195-IE, dated October 26, 2020 and delivered on October 27, 2020. A certified copy of the diplomatic note is enclosed.

Sincerely,

Jared N. Hess
Attorney Adviser
Office of the Legal Adviser

RECEIVED
Mail Room
DEC - 4 2020
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Cc: Tracy Reichman Kalik
Heideman, Nudelman & Kalik, PC
1146 19th St. NW, Fifth Floor
Washington, DC 20036

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ESTATE OF STEVEN BLAND, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 05-cv-2124 (RCL) |

---

**MEMORANDUM OPINION**

## I. Liability

This civil action was filed under 28 U.S.C. § 1605(a)(7) and arises out of the bombing of the United States Marine barracks in Beirut, Lebanon on October 23, 1983. *See Bland v. Islamic Republic of Iran*, No. 05-CV-2124-RCL (D.D.C. 2005) Dkt. # 2 (Complaint). There are nearly 100 plaintiffs in this action, which includes numerous estates of those service members killed in the terrorist attack and dozens of family members of those who were killed or injured during the terrorist incident. On December 6, 2006, this Court took judicial notice of the findings of fact and conclusions of law in *Peterson v. Islamic Republic of Iran*, which also concerns the Marine barracks bombing, *see* 264 F. Supp. 2d 47 (D.D.C. 2003), and entered judgment in favor of the plaintiffs and against Iran with respect to all issues of liability. *Bland*, Dkt. # 15. This Court then referred this action to a special master for consideration of plaintiffs' claims for damages *See id.* Dkt. ## 15–16.

On March 10, 2008, and while this action was still pending with the special master under § 1605(a)(7), plaintiffs timely filed a motion seeking to proceed under the new state sponsored

terrorism exception of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605A. *See id.* Dkt. # 17. This Court granted plaintiffs' motion, holding that plaintiffs followed the proper procedures to qualify for retroactive treatment under the National Defense Authorization Act of 2008, Pub. L. No. 110-181 § 1083(c)(2). *Bland*, Dkt. # 19. This enabled plaintiffs to take advantage of the new state sponsored terrorism exception in their claims before the special master. *See id.* Since the issue of liability has been previously settled, this Court now turns to examine the damages recommended by the special master.

**II. Damages**

Damages available under the FSIA-created cause of action "include economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(c). Accordingly, those who survived the attack may recover damages for their pain and suffering, as well as any other economic losses caused by their injuries; estates of those who did not survive can recover economic losses stemming from wrongful death of the decedent; family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages. *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 82–83 (2010).

"To obtain damages against defendants in an FSIA action, the plaintiff must prove that the consequences of the defendants' conduct were 'reasonably certain (i.e., more likely than not) to occur, and must prove the amount of the damages by a reasonable estimate consistent with this [Circuit's] application of the American rule on damages.'" *Salazar v. Islamic Republic of Iran*, 370 F. Supp. 2d 105, 115–16 (quoting *Hill v. Republic of Iraq*, 328 F.3d 680, 681 (D.C. Cir. 2003) (internal quotations omitted)). As discussed in *Peterson II*, plaintiffs have proven that the defendants' commission of acts of extrajudicial killing and provision of material support and

resources for such killing was reasonably certain to—and indeed intended to—cause injury to plaintiffs. *Peterson v. Islamic Republic of Iran (Peterson II)*, 515 F. Supp. 2d 25, 37 (2007)

The Court hereby ADOPTS, just as it did in *Peterson* and *Valore*, all facts found by and recommendations made by the special master relating to the damages suffered by all plaintiffs in this case. *Id.* at 52–53; *Valore*, 700 F. Supp. at 84–87. However, where the special master has deviated from the damages framework that this Court has applied in previous cases, "those amounts shall be altered so as to conform with the respective award amounts set forth" in the framework. *Peterson II*, 515 F. Supp. 2d at 52–53. The final damages awarded to each plaintiff are contained in the table located within the separate Order and Judgment issued this date, and this Court discusses below any alterations it makes to the special master recommendations.

**A. Pain and Suffering of Survivors**

Assessing appropriate damages for physical injury or mental disability can depend upon a myriad of factors, such as "the severity of the pain immediately following the injury, the length of hospitalization, and the extent of the impairment that will remain with the victim for the rest of his or her life." *Peterson II*, 515 F. Supp. 2d 25, n.26 (D.D.C. 2007) (citing *Blais v. Islamic Republic of Iran*, 459 F. Supp. 2d 40, 59 (D.D.C. 2006)). In *Peterson*, this Court adopted a general procedure for the calculation of damages that begins with the baseline assumption that persons suffering substantial injuries in terrorist attacks are entitled to $5 million in compensatory damages. *Id*. at 54. In applying this general approach, this Court has explained that it will "depart upward from this baseline to $7–$12 million in more severe instances of physical and psychological pain, such as where victims suffered relatively more numerous and severe injuries, were rendered quadripeligic, partially lost vision and hearing, or were mistaken for dead," *Valore*, 700 F. Supp. 2d at 84, and will "depart downward to $2–$3 million where

victims suffered only minor shrapnel injuries or minor injury from small-arms fire," *id*. However, "i[f] death was instantaneous there can be no recovery . . . ." *Elahi v. Islamic Republic of Iran*, 124 F. Supp. 2d 97, 112 (D.C. 2000) (citation omitted). On the other hand, victims who survived a few minutes to a few hours after the bombing typically receive an award of $1 million. *Id.*

Again, this Court ADOPTS all of special master awards for pain and suffering unless otherwise discussed below. This Court also discusses below each situation where the special master departed upward or downward from the previously established damages framework.

**1. Upward Departures.**

The special master recommended an upward departure for two individuals. John Gibson suffered from singed lungs, "second degree burns on his face, upper body, torso, back buttocks and back of his legs; a left frontal fracture of his skull; an intracranial hematoma; a perforated eardrum; and a retinal occlusion" as a result of the explosion at the BLT. Special Master Rpt. Dkt # 65. Over a long period of time he underwent a number of painful procedures to treat his injuries, but he remains "essentially cross-eyed, has never regained sight in [one] eye, and suffers from double-vision and trouble with depth perception." He also lost a portion of his skull that was replaced with plastic. He presently has a Veterans Administration disability rating of 90% and still suffers from nightmares, intense headaches, double-vision, short-term memory loss, and ringing in his ears. In light of his disability rating and the exceptional severity of Mr. Gibson's injuries, the Court agrees with the special master and will depart upward from $5,000,000 to $8,000,000.

Emmanuel Simmons suffered from "a collapsed lung, second and third-degree burns on his face, chest, arms and thigh, burst ear drums and shrapnel embedded in his arms and legs."

Special Master Rpt. Dkt. # 49. Mr. Simmons had a skin graft attached to his face among other surgeries, and for a long time remained "extremely self-conscious that other people were staring at him." He received a 100% disability rating from the Veterans Administration upon discharge. He continues to have flashbacks of the bombing. In light of his disability rating and the exceptional severity of Mr. Simmons' injuries, the Court agrees with the special master and will depart upward from $5,000,000 to $7,000,000.

**2. Downward Departures**

The special master recommended a downward departure for seven individuals. Alan Anderson witnessed the "mushroom cloud" over the BLT and "fe[lt] the ground moving." Special Master Rpt. Dkt. # 63. He did not suffer any physical injury in the attack. The Veterans Administration rated Mr. Anderson 50% disabled from Post-Traumatic Stress Disorder ("PTSD") he acquired as a result of the bombing. The Court concludes that Mr. Anderson suffered severe emotional injuries, but considering his lack of physical injuries, the Court will heed the special master's recommendation to depart down from $5,000,000 to $1,500,000.

John Hendrickson was knocked unconscious as a result of the blast but later assisted in the rescue efforts at the scene of the explosion. Special Master Rpt. Dkt. # 68. He died on April 13, 1990 from multiple sclerosis. After examining extensive expert reports, the special master concluded that there was no nexus between the onset of Mr. Hendrickson's multiple sclerosis and the bombing. This Court concurs, but nonetheless notes that Mr. Hendrickson did suffer from PTSD for a number of years upon returning to the United States. In light of the PTSD suffered by Mr. Hendrickson but lack of other severe physical injuries, the Court will agree with the special master that a downward departure from $5,000,000 to $1,500,000 is required.

Renard Manley was sleeping on the third floor of the BLT when the blast buried him in rubble. Special Master Rpt. Dkt. # 47. He received contusions and lacerations covering most of his body. He was confined to a wheelchair for a few weeks and then remained on crutches for a year. He received a 50% Veterans Administration disability rating for PTSD. The Court concludes that Mr. Manley suffered severe emotional injuries, but considering the nature of his physical injuries the Court will agree with the special master that a downward departure from $5,000,000 to $4,000,000 is required.

Samuel Palmer was sleeping in the basement of the BLT when he was buried by the blast. Special Master Rpt. Dkt. # 35. He suffered an unspecified head injury, a hole in his eardrum, and a broken foot. To this day he continues to suffer pain and swelling in that foot, as well as sleep, and mood disorders. He currently holds a 10% Veterans Administration disability rating for his hearing loss, 50% for his PTSD, and 30% for his foot, for a combined disability rating of 80%. The special master concluded that a downward departure from $5,000,000 to $3,000,000 was necessary. However, given the severity of Mr. Palmer's Veterans Administration disability rating coupled with the lifelong pain his foot has caused him, the Court finds that the special master's downward departure was excessive, and accordingly, awards Mr. Palmer $4,500,000 for his pain and suffering.

Robert Rucker was shaving in a facility 80 meters away from the BLT when the explosion caused "lacerations on his left arm, bruising, blurred vision, impaired hearing and a sore head from being hit by concrete." Special Master Rpt. Dkt. #59. He does not yet have a Veterans Administration disability rating, but his medical records demonstrate that he has been diagnosed with PTSD. The Court agrees with the special master that a downward departure from $5,000,000 to $2,000,000 is required because of the nature of Mr. Rucker's injuries.

Ronald Walker was patrolling about 150 yards away from the BLT when the explosion occurred. Special Master Rpt. Dkt. # 35. He suffered lacerations to his thigh and rib cage. *Id.* Years later, he received a 70% disability rating from the Veterans Administration as a result of PTSD. Because of the less severe nature of his physical injuries, while not discounting the severe psychological and emotional toll he suffered, this Court agrees with the special master that a downward departure from $5,000,000 to $2,000,000 is required.

Galen Weber was immediately outside the BLT sleeping in a tent when the explosion occurred. Special Master Rpt. Dkt. # 29. He suffered a leg injury and received treatment for 7 or 8 days after the attack. He received a Veterans Administration disability rating of 10% for the leg injury and 10% for degenerative discs in his back, but only the leg injury was attributable to the Beirut bombing. In light of these circumstances, this Court agrees with the special master that a downward departure from $5,000,000 to $2,000,000 is required.

**B. Economic Loss**

In addition to pain and suffering, several plaintiffs who survived the attack and the estates of several survivors have proven to the satisfaction of the special master, and thus to the satisfaction of the Court, lost wages resulting from permanent and debilitating injuries suffered in the attack or loss of accretions to the estate resulting from the wrongful death of decedents in the attack. *See Valore*, 700 F. Supp. 2d at 85. The Court therefore ADOPTS without modification the damages awarded for economic loss recommended by the special master.

**C. Solatium**

This Court developed a standardized approach for FSIA intentional infliction of emotional distress, or solatium, claims in *Heiser v. Islamic Republic of Iran*, where it surveyed past awards in the context of deceased victims of terrorism to determine that, based on averages,

"[s]pouses typically receive greater damage awards than parents [or children], who, in turn, typically receive greater awards than siblings." 466 F. Supp. 2d 229, 269 (2006). Relying upon the average awards, the *Heiser* Court articulated a framework in which spouses of deceased victims were awarded approximately $8 million, while parents received $5 million and siblings received $2.5 million. *Id.*; *see also Valore*, 700 F. Supp. 2d at 85 (observing that courts have "adopted the framework set forth in *Heiser* as 'an appropriate measure of damages for the family members of victims'") (quoting *Peterson II*, 515 F. Supp. 2d at 51). As this Court recently explained, in the context of distress resulting from injury to loved ones—rather than death—courts have applied a framework where "awards are 'valued at half of the awards to family members of the deceased'—$4 million, $2.5 million and $1.25 million to spouses, parents, and siblings, respectively." *Oveissi v. Islamic Republic of Iran*, 768 F. Supp. 2d 16, 26 n.10 (D.D.C. 2011) (quoting *Valore*, 700 F. Supp. 2d at 85). Children of a deceased victim typically receive an award of $3 million, while children of a surviving victim receive $1.5 million. *Stern v. Islamic Republic of Iran*, 271 F. Supp. 2d 286, 301 (D.D.C. 2003). "[C]urrent spouses who were not yet married to an injured serviceman at the time of the attack . . . are among the group of plaintiffs who cannot recover damages . . . ." *Peterson II*, 515 F. Supp. 2d at 45 n.21.

In applying this framework, however, courts must be wary that "[t]hese numbers . . . are not set in stone," *Murphy v. Islamic Republic of Iran*, 740 F. Supp. 2d 51, 79 (2010), and that deviations may be warranted when, *inter alia*, "evidence establish[es] an especially close relationship between the plaintiff and decedent, particularly in comparison to the normal interactions to be expected given the familial relationship; medical proof of severe pain, grief or suffering on behalf of the claimant [is presented]; and circumstances surrounding the terrorist

attack [rendered] the suffering particularly more acute or agonizing." *Oveissi*, 768 F. Supp. 2d at 26–27.

This Court ADOPTS all of special master awards for solatium unless otherwise discussed below. This Court also discusses below each situation where the special master departed upward or downward from the previously established damages framework.

**1. Upward Departures.**

The special master did not recommend—nor does the Court think it appropriate—granting upward departures for any of the solatium claims in this case. Inadvertently, the special master appears to have granted upward departures to two plaintiffs.

Tena Walker-Jones's brother Eric Walker was killed instantaneously by the explosion. Special Master Rpt. Dkt. # 31. As previously discussed, a sibling of a deceased servicemember typically receives a $2.5 million solatium award under the *Heiser* framework. 466 F. Supp. 2d at 269. The special master concluded that "no evidence has been put forward" warranting a departure from the baseline. *Id.* However, the special master nonetheless awarded Ms. Walker-Jones solatium damages of $3 million. Therefore, this Court will correct the award to Ms. Walker-Jones and reduce it to $2.5 million.

Ronnie Walker's father Ronald Walker survived the attack, albeit suffering severe PTSD as a result. Special Master Rpt. Dkt. # 33. As previously discussed, a child of a surviving servicemember typically receives a $1.5 million solatium award. *See Stern*, 271 F. Supp. 2d at 301. The special master explained that "nothing in the record" compelled a deviation from the established framework. However, the special master nonetheless awarded Ronnie Walker $2.5 million in solatium damages. Therefore, this Court will correct the award to Ronnie Walker and reduce it to $1.5 million.

### 2. Downward Departures

The special master recommended downward departures for four individuals. Thelma Anderson was, understandably, "very very scared" before discovering that her son, Alan Anderson, was alive and unharmed by the explosion. Special Master Rpt. Dkt. # 63. Alan later suffered from PTSD. While the Court concludes that Ms. Anderson suffered emotional injury, considering her son's lack of physical injuries the Court will heed the special master's recommendation to depart down from $5,000,000 to $1,000,000.

John David Hendrickson and Tyson Hendrickson, the sons of John Hendrickson, as well as his wife Deborah Ryan, also suffered emotional trauma as a result of Mr. Hendrickson's injuries in Beirut. Special Master Rpt. Dkt. #68. However, as previously discussed, there was no convincing evidence that Mr. Hendrickson's multiple sclerosis, leading to his death, was caused by the Beirut bombing. In light of the $1,500,000 award Mr. Hendrickson received for his pain and suffering related to the bombing, the Court does not think it appropriate for the children and spouse to recover more than the victim. Therefore, the Court agrees with the special master that John David and Tyson should receive solatium awards of $750,000 and Deborah Ryan should receive a solatium award of $1,000,000.

### D. Punitive Damages

In assessing punitive damages, this Court has observed that any award must balance the concern that "[r]ecurrent awards in case after case arising out of the same facts can financially cripple a defendant, over-punishing the same conduct through repeated awards with little deterrent effect . . . .," *Murphy*, 740 F. Supp. 2d at 75, against the need to continue to deter "the brutal actions of defendants in planning, supporting and aiding the execution of [terrorist attacks]," *Rimkus v. Islamic Republic of Iran*, 750 F. Supp. 2d at 163, 184 (D.D.C. 2010). To

accomplish this goal, this Court—relying on the Supreme Court's opinion in *Philip Morris USA v. Williams*, 549 U.S. 346 (2007)—held that the calculation of punitive damages in subsequent related actions should be directly tied to the ratio of punitive to compensatory damages set forth in earlier cases. *Murphy*, 740 F. Supp. 2d at 76. Thus, in *Murphy* this Court applied the ratio of $3.44 established in *Valore*—an earlier FSIA case arising out of the Beirut bombing. *Id*. at 82-83 (citing *Valore*, 700 F. Supp. 2d at 52). Here, the Court will again apply this same $3.44 ratio, which has been established as the standard ratio applicable to cases arising out of the Beirut bombing. Application of this ratio results in a total punitive damages award of $955,652,324.

**III. CONCLUSION**

In closing, the Court appreciates plaintiffs' selfless sacrifice and their persistent efforts to hold Iran and MOIS accountable for their support of terrorism. The Court concludes that defendants Iran and MOIS must be punished to the fullest extent legally possible for the bombing in Beirut on October 23, 1983. This horrific act impacted countless individuals and their families, nearly one hundred of whom are parties to this lawsuit. This Court hopes that the victims and their families may find some measure of solace from this Court's final judgment. For the reasons set forth above, the Court finds that defendants are responsible for plaintiffs' injuries and thus liable under the FSIA's state-sponsored terrorism exception for $277,805,908 in compensatory damages and $955,652,324 in punitive damages, for a total award of $1,233,458,232.

A separate Order and Judgment consistent with these findings shall be entered this date.

SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, on December 21, 2011.

# EXHIBIT 4

United States Department of State

*Washington, D.C. 20520*

August 9, 2012

Ms. Angela D. Caesar
Clerk of the Court
United States District Court
For the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

**Re: Estate of Steven Bland, et al., v. Islamic Republic of Iran, et al., Case Number 1:05-cv-02124 (RCL)**

Dear Ms.Caesar:

I am writing regarding the Court's request for service of Memorandum Opinions and Orders and Notices of Default Judgment pursuant to 28 U.S.C. 1608(a)(4) upon the Islamic Republic of Iran and the Iranian Ministry of Information and Security as defendants in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic notes numbers 1041-IE and 1042-IE, dated July 3, 2012and delivered July 4, 2012. Certified copies of the diplomatic notes are enclosed.

Should you have any questions regarding this matter, please do not hesitate to contact me at (202) 736-9115.

Sincerely,

William P. Fritzlen
Attorney Adviser
Office of Policy Review and Interagency Liaison

RECEIVED
Mail Room
AUG 13 2012
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Cc: Richard D. Heideman
Heideman, Nudelman & Kalik
1146 19th Street, NW Fifth Floor
Washington, DC 20036

RECEIVED
Mail Room
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

SPECIFIC AUTHENTICATION CERTIFICATE

ederation of Switzerland )
, Canton of Bern ) SS:
ssy of the United States of America )

, ndy Townsend, a consular officer at the Embassy of the
n d States at Bern, Switzerland, certify that this is a
r copy of Embassy note number 21629 dated June 26, 2012,
h was transmitted to the Swiss Ministry of Foreign
f rs on June 27, 2012 for further transmission to the
me can Interests Section of the Swiss Embassy in Tehran,
ra

Randy Townsend
(Signature of Consular Officer)

Randy TOWNSEND
(Typed name of Consular Officer)

Consul General of the United States of America
(Title of Consular Officer)

July 25, 2012
(Date)

RECEIVED
Mail Room
AUG 13 2012
Angela D. Caesar, Clerk of Cou
U.S. District Court, District of Colu

*Embassy of the United States of America*

June 26, 2012

CONS NO. 21629

Federal Department of Foreign Affairs
Foreign Interests Service
Bundeshaus Nord
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities Act (FSIA) - Estate of Stephen B. Bland, et al. v. Islamic Republic of Iran, et al., Case No. 05-02124(RCL)

REF: ----

The Department of State has requested the delivery of the enclosed Summons, Complaint and Notice of Suit to the Ministry of Foreign Affairs of the Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities Act in the matter of Estate of Stephen B. Bland, et al. v. Islamic Republic of Iran, et al., Case No. 05-02124(RCL).

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the documents to the American Interests Section of the Swiss Embassy in Tehran. The Islamic Republic of Iran and the Iranian Ministry of Information and Security are defendants in this case. The American Interests Section should transmit the Summons, Complaint and Notice of Suit to the Iranian Ministry of Foreign Affairs under cover of two diplomatic notes utilizing the language provided in the enclosed instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery. The American Interests Section should execute certifications of the diplomatic notes, which will be forwarded by the Department of State to the requesting court in the United States.

1

osed are appropriate parts of a message the Embassy ceived from the Department of State as well as two sets of ocuments for the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

The Embassy would appreciate being informed of the date the American Interests Section of the Swiss Embassy in Tehran receives the documents as well as the date the Interests Section forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.

EMBASSY OF THE UNITED STATES OF AMERICA BERN

SPECIFIC AUTHENTICATION CERTIFICATE

ederation of Switzerland )
, Canton of Bern ) SS:
ssy of the United States of America )

rtify that the annexed document bears the genuine seal
f he Swiss Federal Department of Foreign Affairs.

rtify under penalty of perjury under the laws of the
n ed States that the foregoing is true and correct.

Randy Townsend
(Signature of Consular Officer)

Randy TOWNSEND
(Typed name of Consular Officer)

Consul General of the United States of America
(Title of Consular Officer)

July 25, 2012
(Date)

RECEIVED
Mail Room
AUG 13 2012
Angela D. Caesar, Clerk of Court

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

29913

**Federal Department of Foreign Affairs FDFA**

K.252.22-USA/IRAN 02 – 4

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons note No. 21629 dated June 26, 2012 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

- Judicial Assistance: Lawsuit Estate of Stephen B. Bland, et al. v. the Islamic Republic of Iran et al., Case No. 05-02124 (RCL).
- Note No. 1041-IE addressed to the Islamic Republic of Iran and Note 1042-IE addressed to the Iranian Ministry of Information and Security, dated July 03, 2012 and proof of service, dated July 04, 2012, as well as the certification by the Swiss Federal Chancellery dated July 17, 2012.

The section has received the above mentioned documents on July 03, 2012. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic notes on July 04, 2012. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, July 17, 2012

EIDGENÖSSISCHES DEPARTEMENT FÜR AUSWÄRTIGE ANGELEGENHEITEN

*Enclosure mentioned*

To the
Embassy of the
United States of America

Berne

# SPECIFIC AUTHENTICATION CERTIFICATE

federation of Switzerland )
n, Canton of Bern ) SS:
assy of the United States of America )

rtify that the annexed document is executed by the
e ine signature and seal of the following named official
h in an official capacity, is empowered by the laws of
w zerland to execute that document.

rtify under penalty of perjury under the laws of the
Un ed States that the foregoing is true and correct.

Yvonne AGOSTI
(T ed name of Official who executed the annexed document)

Randy Townsend
(Signature of Consular Officer)

Randy TOWNSEND
(Typed name of Consular Officer)

Consul General of the United States of America
(Title of Consular Officer)

July 25, 2012
(Date)

RECEIVED
Mail Room
AUG 1 3 2012
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

**Embassy of Switzerland in Iran**
**Foreign Interests Section**

No. 1041-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran and has the honor to refer the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit Estate of Steven Bland, et al. v. Islamic Republic of Iran, et al., Case Nos. 05-cv-2124, which is pending in the U.S. Federal District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in that lawsuit. The Embassy transmits a Memorandum Opinion and Order and Judgment herewith. The U.S. Federal District Court has requested the transmittal of these documents. The note constitutes transmittal of these documents to the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4).

In addition to the complaint, the Embassy is enclosing a notice of suit, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving notice of the default judgment.

The Embassy has been advised that under the laws of the United States, any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. Such legal counsel can advise about raising legal objections, if any, either in the underlying proceeding or should there be a proceeding relating to enforcement of the default judgment. Otherwise, proceedings will continue without an opportunity to present evidence or possible defenses. Consistent with practice, the United States Department of State is available to discuss with counsel the requirements of U.S. law. The United States Government is not a party to this litigation and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Attachments:

1. Memorandum Opinion, Order and Judgment and Notice of Default Judgment
2. Translations

EMBASSY OF SWITZERLAND IN IRAN

Tehran, 03 July 2012

Ministry of Foreign Affairs of the
Islamic Republic of Iran
Tehran

I, Edith Salamanca, Deputy Head of the Foreign Interests Section of the Embassy of Switzerland in Tehran certify that this is a true copy of the diplomatic note number 1041-IE dated July 03, 2012 and delivered to the Iranian Ministry of Foreign Affairs on July 04, 2012.

Edith Salamanca
Deputy Head of Foreign Interests Section

SWITZERLAND U.S. INTERESTS SECTION EMBASSY OF SWITZERLAND TEHRAN

Tehran – 04 July, 2012

**APOSTILLE**
**(Convention de la Haye du 5 octobre 1961)**

1. **Country:** SWISS CONFEDERATION

**This public document**

2. **has been signed by** Edith Salamanca
3. **acting in the capacity of the Deputy Head of Foreign Interests Section**
4. **bears the seal/stamp of**

EMBASSY OF SWITZERLAND IN TEHRAN

**Certified**

5. **at Berne** 6. **the** 17 July 2012
7. **by** Yvonne Agosti
**functionary of the Swiss federal Chancellery**
8. **No**. 013579
9. **Seal/stamp:** 10. **Signature:**

Swiss federal Chancellery

SWISS FEDERAL CHANCELLERY

ترجمه غیر رسمی

سفارت سوئیس

شماره 1041-IE

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران با اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران احتراما" توجه آن وزارت محترم را به دعوی حقوقی تحت عنوان وارث استیون بلاند و افراد دیگر علیه جمهوری اسلامی ایران و افراد دیگر تحت پرونده به شماره های 05-cv-2124، که در دادگاه منطقه ای ایالات متحده آمریکا برای ناحیه کلمبیا مفتوح میباشد جلب می نماید. جمهوری اسلامی ایران طرف خوانده در این پرونده می باشد. سفارت بنا به درخواست دادگاه منطقه ای ایالات متحده آمریکا بدینوسیله یک فقره صورتجلسه دادگاه، دستور و قضاوت دادگاه را ایفاد می دارد. برابر مقررات فصل 28 بخش 1608 بند (الف)(4) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدارک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

سفارت علاوه بر صوُرتجلسه، دستور و قضاوت دادگاه، عدم حضور در دادگاه تهیه شده توسط شاکی دائر بر خلاصهٍ ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی را به پیوست ایفاد می دارد. لطفا" توجه داشته باشید که طبق قوانین ایالات متحده، ضبط و اجرای حکم دادگاه پیرو مقررات فصل 28 بخش 1610 مجموعه قوانین ایالات متحده می تواند بعد از مدت زمانی منطقی از تاریخ عدم حضور در دادگاه آغاز شود.

بدینوسیله اشعار می دارد که بموجب قوانین ایالات متحده آمریکا هر گونه دفاع مربوط به قلمرو قضائی و یا دفاع دیگری از جمله عنوان نمودن مصونیت مبنی بر حاکمیت بایستی خطاب به دادگاهی صورت گیرد که موضوع در آن مفتوح می باشد و از این رو مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. چنین مشاور حقوقی میتواند در صورت اعتراض حقوقی در مورد اقدام اساسی یا اقدام مربوط بهاجرای قضاوت عدم حضضور، توصیه هائی بنماید. در غیر این صورت سیر کار پرونده بدون آنکه فرصت ارائه شواهد و دفاعیه وجود داشته باشد، ادامه پیدا خواهد کرد. وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو در مورد قوانین مربوطه میباشد. دولت ایالات متحده آمریکا از طرفین این پرونده دادخواهی نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی موقع را مغتنم شمرده مراتب احترامات فائقه خود را نسبت به وزارت امور خارجه جمهوری اسلامی ایران تجدید می نماید.

تهران، بتاریخ 13 تیر ماه 1391 (03 ژوئیه 2012)

پیوست: 1- صورتجلسه دادگاه، دستور و قضاوت دادگاه و عدم حضور در دادگاه
2- ترجمه ها

EMBASSY OF SWITZERLAND IN IRAN

وزارت امور خارجه
جمهوری اسلامی ایران
تهران

# SPECIFIC AUTHENTICATION CERTIFICATE

ıfederation of Switzerland )
ɪn, Canton of Bern ) SS:
ɔassy of the United States of America )

ertify that the annexed document is executed by the ıine signature and seal of the following named official in an official capacity, is empowered by the laws of ːzerland to execute that document.

ertify under penalty of perjury under the laws of the ed States that the foregoing is true and correct.

Yvonne AGOSTI
ɔed name of Official who executed the annexed document)

Randy Townsend
(Signature of Consular Officer)

Randy TOWNSEND
(Typed name of Consular Officer)

Consul General of the United States of America
(Title of Consular Officer)

July 25, 2012
(Date)

RECEIVED
Mail Room
AUG 13 2012
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

…izerische Eidgenossenschaft
…fédération suisse
…onfederazione Svizzera
Confederaziun svizra

**Embassy of Switzerland in Iran**
**Foreign Interests Section**

No. 1042-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran and has the honor to refer the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit Estate of Steven Bland, et al. v. Islamic Republic of Iran, et al., Case Nos. 05-cv-2124, which is pending in the U.S. Federal District Court for the District of Columbia. The Iranian Ministry of Information and Security is a defendant in that lawsuit. The Embassy transmits a Memorandum Opinion and Order and Judgment herewith. The U.S. Federal District Court has requested the transmittal of these documents. The note constitutes transmittal of these documents to the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4).

In addition to the complaint, the Embassy is enclosing a notice of suit, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving notice of the default judgment.

The Embassy has been advised that under the laws of the United States, any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. Such legal counsel can advise about raising legal objections, if any, either in the underlying proceeding or should there be a proceeding relating to enforcement of the default judgment. Otherwise, proceedings will continue without an opportunity to present evidence or possible defenses. Consistent with practice, the United States Department of State is available to discuss with counsel the requirements of U.S. law. The United States Government is not a party to this litigation and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Attachments:

1. Memorandum Opinion, Order and Judgment and Notice of Default Judgment
2. Translations

Tehran, 03 July 2012

EMBASSY OF SWITZERLAND IN IRAN

Ministry of Foreign Affairs of the
Islamic Republic of Iran
Tehran

I, Edith Salamanca, Deputy Head of the Foreign Interests Section of the Embassy of Switzerland in Tehran certify that this is a true copy of the diplomatic note number 1042-IE dated July 03, 2012 and delivered to the Iranian Ministry of Foreign Affairs on July 04, 2012.

Edith Salamanca
Deputy Head of Foreign Interests Section

Tehran – 04 July, 2012

**APOSTILLE**
**(Convention de la Haye du 5 octobre 1961)**

1. **Country:** SWISS CONFEDERATION

**This public document**

2. **has been signed by** Edith Salamanca
3. **acting in the capacity of the Deputy Head of Foreign Interests Section**
4. **bears the seal/stamp of**

EMBASSY OF SWIZTERLAND IN TEHRAN

**Certified**

5. **at Berne**
6. **the** 17 July 2012
7. **by** Yvonne Agosti
**functionary of the Swiss federal Chancellery**
8. **No** 013578
9. **Seal/stamp:** Swiss federal Chancellery
10. **Signature:** ........................................

<u>ترجمه غیر رسمی</u>

سفارت سوئیس

شماره 1042-IE

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران با اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران احتراما" توجه آن وزارت محترم را به دعوی حقوقی تحت عنوان وارث استیون بلاند و افراد دیگر علیه جمهوری اسلامی ایران و افراد دیگر تحت پرونده به شماره های 05-cv-2124، که در دادگاه منطقه ای ایالات متحده آمریکا برای ناحیه کلمبیا مفتوح میباشد جلب می نماید. وزارت اطلاعات و امنیت ایران طرف خوانده در این پرونده می باشد. سفارت بنا به درخواست دادگاه منطقه ای ایالات متحده آمریکا بدینوسیله یک فقره صورتجلسه دادگاه، دستور و قضاوت دادگاه را ایفاد می دارد. برابر مقررات فصل 28 بخش 1608 بند (الف)(4) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدارک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

سفارت علاوه بر صووتجلسه، دستور و قضاوت دادگاه، عدم حضور در دادگاه تهیه شده توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی را به پیوست ایفاد می دارد. لطفا" توجه داشته باشید که طبق قوانین ایالات متحده، ضبط و اجرای حکم دادگاه پیرو مقررات فصل 28 بخش 1610 مجموعه قوانین ایالات متحده می تواند بعد از مدت زمانی منطقی از تاریخ عدم حضور در دادگاه آغاز شود.

بدینوسیله اشعار می دارد که بموجب قوانین ایالات متحده آمریکا هر گونه دفاع مربوط به قلمرو قضائی و یا دفاع دیگری از جمله عنوان نمودن مصونیت مبنی بر حاکمیت بایستی خطاب به دادگاهی صورت گیرد که موضوع در آن مفتوح می باشد و از این رو مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. چنین مشاور حقوقی میتواند در صورت اعتراض حقوقی در مورد اقدام اساسی یا اقدام مربوط بهاجرای قضاوت عدم حضضور، توصیه هائی بنماید. در غیر این صورت سیر کار پرونده بدون آنکه فرصت ارائه شواهد و دفاعیه وجود داشته باشد، ادامه پیدا خواهد کرد. وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو در مورد قوانین مربوطه میباشد. دولت ایالات متحده آمریکا از طرفین این پرونده دادخواهی نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی موقع را مغتنم شمرده مراتب احترامات فائقه خود را نسبت به وزارت امور خارجه جمهوری اسلامی ایران تجدید می نماید.

تهران، بتاریخ 13 تیر ماه 1391 (03 ژوئیه 2012)

پیوست: 1- صورتجلسه دادگاه، دستور و قضاوت دادگاه و عدم حضور در دادگاه
2- ترجمه ها

EMBASSY OF SWITZERLAND IN IRAN

وزارت امور خارجه
جمهوری اسلامی ایران
تهران

# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ESTATE OF ANTHONY K. BROWN, *et al.*, Plaintiffs, | ) | |
| v. | ) | 08-cv-531 (RCL) |
| ISLAMIC REPUBLIC OF IRAN, *et al.*, Defendants. | ) | |

---

**ORDER AND JUDGMENT**

In accordance with the Memorandum Opinion issued this date, it is hereby

ORDERED that final judgment is entered in favor of all plaintiffs (except Evelyn Sue Spears-Elliot, James S. Spears, Mark Spears, and Sean Kirkpatrick) and against all defendants; it is furthermore

ORDERED that plaintiffs are awarded $183,281,294 in compensatory damages and $630,487,651 in punitive damages, for a total award of $813,768,945 to be distributed as follows:

| Plaintiff Name | Pain and Suffering | Economic Loss | Solatium | Punitive | Totals |
|---|---|---|---|---|---|
| Joseph A. Barile | $1,500,000 | $2,603,130 | $0 | $14,114,767 | $18,217,897 |
| Angela E. Barile | $0 | $0 | $850,000 | $2,924,000 | $3,774,000 |
| Michael Barile | $0 | $0 | $500,000 | $1,720,000 | $2,220,000 |
| Andrea Ciarla | $0 | $0 | $500,000 | $1,720,000 | $2,220,000 |
| Ann Marie Moore | $0 | $0 | $500,000 | $1,720,000 | $2,220,000 |
| Angela Yoak | $0 | $0 | $500,000 | $1,720,000 | $2,220,000 |
| John Becker | $1,500,000 | $1,389,677 | $0 | $9,940,489 | $12,830,166 |
| Estate of Anthony K. Brown | $0 | $796,923 | $0 | $2,741,415 | $3,538,338 |
| John Brown | $0 | $0 | $5,000,000 | $17,200,000 | $22,200,000 |
| Rowel Brown | $0 | $0 | $2,500,000 | $8,600,000 | $11,100,000 |
| Sulba Brown | $0 | $0 | $2,500,000 | $8,600,000 | $11,100,000 |

Case 1:06-cv-01005-RCL Document 21-5 Filed 07/23/12 Page 2 of 10

| | | | | | |
|---|---|---|---|---|---|
| Vara Brown | $0 | $0 | $5,000,000 | $17,200,000 | $22,200,000 |
| Marvine McBride | $0 | $0 | $2,500,000 | $8,600,000 | $11,100,000 |
| LaJuana Smith | $0 | $0 | $3,000,000 | $10,320,000 | $13,320,000 |
| Rodney E. Burns | $2,000,000 | $448,157 | $0 | $8,421,660 | $10,869,817 |
| Eugene Burns | $0 | $0 | $850,000 | $2,924,000 | $3,774,000 |
| David Burns | $0 | $0 | $500,000 | $1,720,000 | $2,220,000 |
| Jeannie Scaggs | $0 | $0 | $850,000 | $2,924,000 | $3,774,000 |
| Daniel Cuddeback, Jr. | $5,000,000 | $1,230,049 | $0 | $21,431,369 | $27,661,418 |
| Barbara Cuddeback | $0 | $0 | $2,500,000 | $8,600,000 | $11,100,000 |
| Daniel Cuddeback, Sr. | $0 | $0 | $2,500,000 | $8,600,000 | $11,100,000 |
| Michael Episcopo | $1,500,000 | $555,978 | $0 | $7,072,564 | $9,128,542 |
| Randy Gaddo | $5,000,000 | $180,633 | $0 | $17,821,378 | $23,002,011 |
| Louise Gaddo Blattler | $0 | $0 | $1,250,000 | $4,300,000 | $5,550,000 |
| Peter Gaddo | $0 | $0 | $1,250,000 | $4,300,000 | $5,550,000 |
| Timothy Gaddo | $0 | $0 | $1,250,000 | $4,300,000 | $5,550,000 |
| Estate of William R. Gaines, Jr. | $0 | $2,580,273 | $0 | $8,876,139 | $11,456,412 |
| Michael A. Gaines | $0 | $0 | $2,500,000 | $8,600,000 | $11,100,000 |
| William R. Gaines, Sr. | $0 | $0 | $5,000,000 | $17,200,000 | $22,200,000 |
| Carolyn Spears | $0 | $0 | $1,000,000 | $3,440,000 | $4,440,000 |
| Carole Weaver | $0 | $0 | $8,000,000 | $27,520,000 | $35,520,000 |
| Estate of Virgel Hamilton | $0 | $2,967,024 | $0 | $10,206,563 | $13,173,587 |
| Gloria Hamilton | $0 | $0 | $9,000,000 | $30,960,000 | $39,960,000 |
| Bruce S. Hastings | $0 | $0 | $2,500,000 | $8,600,000 | $11,100,000 |
| Maynard Hodges | $1,500,000 | $1,297,628 | $0 | $9,623,840 | $12,421,468 |
| Mary Jean Hodges | $0 | $0 | $850,000 | $2,924,000 | $3,774,000 |
| Kathy Hodges | $0 | $0 | $1,000,000 | $3,440,000 | $4,440,000 |
| Loretta Brown | $0 | $0 | $500,000 | $1,720,000 | $2,220,000 |
| Cindy Holmes | $0 | $0 | $500,000 | $1,720,000 | $2,220,000 |
| Shana Saul | $0 | $0 | $750,000 | $2,580,000 | $3,330,000 |
| Daniel Joy | $2,500,000 | $2,036,318 | $0 | $15,604,934 | $20,141,252 |
| Daniel Kremer | $1,500,000 | $1,936,414 | $0 | $11,821,264 | $15,257,678 |
| Estate of Thomas Kremer | $0 | $0 | $850,000 | $2,924,000 | $3,774,000 |
| Estate of Christine Kremer | $0 | $0 | $850,000 | $2,924,000 | $3,774,000 |
| Joseph T. Kremer | $0 | $0 | $500,000 | $1,720,000 | $2,220,000 |
| Jacqueline Stahrr | $0 | $0 | $500,000 | $1,720,000 | $2,220,000 |
| Estate of David A. Lewis | $0 | $812,093 | $0 | $2,793,600 | $3,605,693 |
| Betty Lewis | $0 | $0 | $5,000,000 | $17,200,000 | $22,200,000 |
| Jerry L. Lewis | $0 | $0 | $2,500,000 | $8,600,000 | $11,100,000 |
| Scott M. Lewis | $0 | $0 | $2,500,000 | $8,600,000 | $11,100,000 |
| Paul Martinez, Sr. | $1,500,000 | $180,633 | $0 | $5,781,378 | $7,462,011 |
| Teresa Gunther | $0 | $0 | $500,000 | $1,720,000 | $2,220,000 |

| | | | | | |
|---|---|---|---|---|---|
| Alphonso Martinez | $0 | $0 | $500,000 | $1,720,000 | $2,220,000 |
| Daniel L. Martinez | $0 | $0 | $500,000 | $1,720,000 | $2,220,000 |
| Michael Martinez | $0 | $0 | $500,000 | $1,720,000 | $2,220,000 |
| Paul Martinez, Jr. | $0 | $0 | $750,000 | $2,580,000 | $3,330,000 |
| Tomasita L. Martinez | $0 | $0 | $850,000 | $2,924,000 | $3,774,000 |
| Esther Martinez-Parks | $0 | $0 | $500,000 | $1,720,000 | $2,220,000 |
| Susanne Yeoman | $0 | $0 | $500,000 | $1,720,000 | $2,220,000 |
| Estate of Jeffrey B. Owen | $0 | $725,145 | $0 | $2,494,499 | $3,219,644 |
| Jean G. Owen | $0 | $0 | $5,000,000 | $17,200,000 | $22,200,000 |
| Steven Owen | $0 | $0 | $2,500,000 | $8,600,000 | $11,100,000 |
| Estate of Michael L. Page | $7,500,000 | $1,885,467 | $0 | $32,286,006 | $41,671,473 |
| Albert Page | $0 | $0 | $2,500,000 | $8,600,000 | $11,100,000 |
| Janet Page | $0 | $0 | $2,500,000 | $8,600,000 | $11,100,000 |
| Joyce Clifford | $0 | $0 | $1,250,000 | $4,300,000 | $5,550,000 |
| David Penosky | $1,500,000 | $2,302,057 | $0 | $13,079,076 | $16,881,133 |
| Joseph Penosky | $0 | $0 | $750,000 | $2,580,000 | $3,330,000 |
| Christian R. Rauch | $1,500,000 | $296,398 | $0 | $6,179,609 | $7,976,007 |
| Leonard Paul Tice | $1,500,000 | $3,123,953 | $0 | $15,906,398 | $20,530,351 |
| Estate of Burton Wherland | $0 | $1,733,344 | $0 | $5,962,703 | $7,696,047 |
| Gregory Wherland | $0 | $0 | $3,000,000 | $10,320,000 | $13,320,000 |
| Kimmy Wherland | $0 | $0 | $2,500,000 | $8,600,000 | $11,100,000 |
| Sarah Wherland | $0 | $0 | $3,000,000 | $10,320,000 | $13,320,000 |
| Sharon Davis | $0 | $0 | $2,500,000 | $8,600,000 | $11,100,000 |
| Charles F. West | $0 | $0 | $5,000,000 | $17,200,000 | $22,200,000 |
| Charles H. West | $0 | $0 | $2,500,000 | $8,600,000 | $11,100,000 |
| Rick West | $0 | $0 | $2,500,000 | $8,600,000 | $11,100,000 |

ORDERED that defendants Islamic Republic of Iran and The Iranian Ministry of Information and Security shall be liable, jointly and severally, for the entire $813,768,945 amount; it is furthermore

ORDERED that the claims of Evelyn Sue Spears-Elliot, James S. Spears, Mark Spears, and Sean Kirkpatrick are hereby DISMISSED WITH PREJUDICE; it is furthermore

ORDERED that plaintiffs' request for prejudgment interest is DENIED; it is furthermore

ORDERED that plaintiffs shall forthwith, at their own cost and consistent with the

Case 1:16-cv-01551-RCL Document 21-57 Filed 09/28/16 Page 50 of 410

requirements of 28 U.S.C. § 1608(e), send a copy of this Order and Judgment, and the Memorandum Opinion issued this date, to defendants.

This is a final, appealable order. *See* Fed. R. App. P. (4)(a).

SO ORDERED.

Signed by Chief Judge Royce C. Lamberth on July 3, 2012.

# EXHIBIT 6

United States Department of State

Washington, D.C. 20520

December 18, 2012

Ms. Angela D. Caesar
Clerk of the Court
United States District Court
For the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

**Re: Estate of Anthony K. Brown et al., v. Islamic Republic of Iran, et al., Case Number 08-cv-0531 (RCL)**

Dear Ms.Caesar:

I am writing regarding the Court's request for service of Memorandum Opinions and Orders and Judgments 28 U.S.C. 1608(a)(4) upon the Islamic Republic of Iran and the Iranian Ministry of Information as defendants in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic notes numbers 1082-IE and 1083-IE, dated and delivered November 7, 2012. Certified copies of the diplomatic notes are enclosed.

Should you have any questions regarding this matter, please do not hesitate to contact me at (202) 736-9115.

Sincerely,

William P. Fritzlen
Attorney Adviser
Overseas Citizens Services
Office of Legal Affairs

RECEIVED
Mail Room

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

# SPECIFIC AUTHENTICATION CERTIFICATE

nfederation of Switzerland )
n, Canton of Bern ) SS:
bassy of the United States of America )

Randy Townsend, a consular officer at the Embassy of the
ted States at Bern, Switzerland, certify that this is a
e copy of Embassy note number 21947 dated October 30,
2, which was transmitted to the Swiss Ministry of
eign Affairs on October 31, 2012 for further
nsmission to the American Interests Section of the Swiss
assy in Tehran, Iran.

Randy Townsend
(Signature of Consular Officer)

Randy TOWNSEND
(Typed name of Consular Officer)

Consul General of the United States of America
(Title of Consular Officer)

December 4, 2012
(Date)

RECEIVED
Mail Room
DEC 20 2012
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

*Embassy of the United States of America*

October 30, 2012

CONS NO. 21947

Federal Department of Foreign
Affairs
Foreign Interests Service
Bundeshaus Nord
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities Act (FSIA) - Estate of Anthony K. Brown, et al. v. The Islamic Republic of Iran, et al., Case No. 08-CV-531(RCL)

REF: ----

The Department of State has requested the delivery of the enclosed Memorandum Opinion, and Order and Judgment to the Ministry of Foreign Affairs of the Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities Act in the matter of Estate of Anthony K. Brown, et al. v. The Islamic Republic of Iran, et al., Case No. 08-CV-531(RCL).

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the documents to the American Interests Section of the Swiss Embassy in Tehran. The Islamic Republic of Iran and the Iranian Ministry of Information and Security are defendants in this case. The American Interests Section should transmit the Memorandum Opinion, and Order and Judgment to the Iranian Ministry of Foreign Affairs under cover of two diplomatic notes utilizing the language provided in the enclosed instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery. The American Interests Section should execute certifications of the diplomatic notes, which will be forwarded by the Department of State to the requesting court in the United States.

Enclosed are two appropriate parts of a message the Embassy received from the Department of State as well as two sets of documents for the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

The Embassy would appreciate being informed of the date the American Interests Section of the Swiss Embassy in Tehran receives the documents as well as the date the Interests Section forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.



SPECIFIC AUTHENTICATION CERTIFICATE

C[illegible]deration of Switzerland )
B[illegible] Canton of Bern ) SS:
E[illegible]sy of the United States of America )

I [illegible]ify that the annexed document bears the genuine seal o[illegible] Swiss Federal Department of Foreign Affairs.

I [illegible]ify under penalty of perjury under the laws of the U[illegible] States that the foregoing is true and correct.

Randy Townsend
(Signature of Consular Officer)

Randy TOWNSEND
(Typed name of Consular Officer)

[illegible]onsul General of the United States of America
(Title of Consular Officer)

December 4, 2012
(Date)

...che Eidgenossenschaft
...tion suisse
...razione Svizzera
...eraziun svizra

...eral Department of Foreign Affairs FDFA

20254

K.252 22-USA/IRAN 02 – 4

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons note No. 21947 dated October 30, 2012 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

- Judicial Assistance: Estate of Anthony K. Brown, et al. v. The Islamic Republic of Iran, et al., Case No. 08-CV-531 (RCL).

- Note No. 1082-IE addressed to the Islamic Republic of Iran, and Note 1083-IE addressed to the Iranian Ministry of Information and Security, dated November 07, 2012 and proof of service, dated November 07, 2012, as well as the certification by the Swiss Federal Chancellery dated November 20, 2012.

The section has received the above mentioned documents on November 06, 2012 It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic notes on November 07, 2012. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, November 20, 2012

*Enclosure mentioned*

EIDGENÖSSISCHES DEPARTEMENT FÜR AUSWÄRTIGE ANGELEGENHEITEN

To the
Embassy of the
United States of America

Berne

SPECIFIC AUTHENTICATION CERTIFICATE

ederation of Switzerland )
, Canton of Bern ) SS:
ssy of the United States of America )

rtify that the annexed document is executed by the
ine signature and seal of the following named official
in an official capacity, is empowered by the laws of
zerland to execute that document.

rtify under penalty of perjury under the laws of the
ed States that the foregoing is true and correct.

Yvonne AGOSTI
ed name of Official who executed the annexed document)

Randy Townsend
(Signature of Consular Officer)

Randy TOWNSEND
(Typed name of Consular Officer)

Consul General of the United States of America
(Title of Consular Officer)

December 4, 2012
(Date)

RECEIVED
Mail Room
DEC 20 2012
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

eizerische Eidgenossenschaft
nfédération suisse
Confederazione Svizzera
Confederaziun svizra

**Embassy of Switzerland in Iran**
**Foreign Interests Section**

No. 1082-IE
USA 828.21-WYE/FARNA

The Embassy of Switzerland, Foreign Interests Section in Tehran presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran and has the honor to refer to the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit Estate of Estate of Anthony K Brown, et al. v. Islamic Republic of Iran, et al., Civil Action No. 08-CV-531 (RCL), which is pending in the U.S. Federal District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in this case. The Embassy transmits a summons and complaint herewith. This note constitutes transmittal of these documents to the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608 (a)(4).

Under applicable U.S. law a defendant in a lawsuit must file an answer to the complaint or some other responsive pleading with 60 days for the date of transmittal of the complaint, in this case the date of this note. Failing to do so, a defendant risks the possibility of having judgment entered against it without the opportunity to present arguments or evidence on its behalf. Therefore, the Embassy requests that the enclosed complaint be forwarded to the appropriate authority of the Islamic Republic of Iran with a view towards taking whatever steps are necessary to avoid a default judgment.

In addition to the Memorandum Opinion and Order and Judgment, the Embassy is enclosing a Notice of Default Judgment, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States.

The Embassy has been advised that under the laws of the United States, any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. Otherwise, proceedings will continue without an opportunity to present arguments or evidence. It is the practice of the United States Department of State to be available to discuss the requirements of U.S. law with counsel. The United States Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Attachments:
1. Memorandum Opinion, and Order and Judgment
2. Translations

Tehran, 07 November 2012

EMBASSY OF SWITZERLAND U.S. INTERESTS SECTION TEHRAN

Ministry of Foreign Affair of the
Islamic Republic of Iran
Tehran

I, Edith Salamanca, Deputy Head of the Foreign Interests Section of the Embassy of Switzerland in Tehran certify that this is a true copy of the diplomatic note number 1082 -IE dated November 07, 2012 and delivered to the Iranian Ministry of Foreign Affairs on November 07, 2012.

Edith Salamanca
Deputy Head of Foreign Interests Section

EMBASSY OF SWITZERLAND U.S. INTERESTS SECTION TEHRAN

Tehran – November 08, 2012

SWISS FEDERAL CHANCELLERY

**APOSTILLE**
**(Convention de la Haye du 5 octobre 1961)**

1. **Country:** SWISS CONFEDERATION

   **This public document**

2. **has been signed by** Edith Salamanca
3. **acting in the capacity of officers**
4. **bears the seal/stamp of**

   Embassy of Switzerland US Interests Section Tehran

**Certified**

5. **at Berne** 6. **the** 20 November 2012
7. **by** Yvonne Agosti
   **functionary of the Swiss federal Chancellery**
8. **No** 021490
9. **Seal/stamp:** 10. **Signature:**

   Swiss federal Chancellery

ترجمه غیر رسمی

سفارت سوئیس

شماره IE- ۱۰۸۲

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران با اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران احتراما" توجه آن وزارت محترم را به دعوی حقوقی اقامه شده تحت عنوان بازماندگان آنتونی کی. براون علیه جمهوری اسلامی ایران و سایرخوانده ها تحت پرونده مدنی شماره (RCL) 08-CV-531، که در دادگاه ناحیه ای ایالات متحده برای ناحیه کلمبیا مفتوح میباشد جلب مینماید. جمهوری اسلامی ایران طرف خوانده در این پرونده میباشد. سفارت بنا به درخواست دادگاه ناحیه ای ایالات متحده بدینوسیله یک فقره یادداشت اعلام رای و دستور و حکم دادگاه مربوط به پرونده مذکور را ایفاد می دارد. برابر مقررات فصل ۲۸ بخش ۱۶۰۸ (الف)(۴) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدارک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

طبق قوانین مربوطه ایالات متحده آمریکا، در دعاوی حقوقی طرف خوانده باید ظرف ۶۰ روز از تاریخ ابلاغ احضاریه و شکوائیه (که در این مورد تاریخ این یادداشت میباشد) جوابیه یا اظهاریه دیگری در پاسخ آن تسلیم دارد. در غیر این صورت، امکان دارد بدون آنکه فرصت ارائه مدرک و یا دفاعیه از طرف خود را یافته باشد حکم نهائی علیه وی صادر گردد. لذا، این قسمت خواهشمند است احضاریه و شکوائیه پیوست را جهت هر گونه اقدام لازم به منظور جلوگیری از صدور حکم غیابی، به مقام ذی ربط دولت جمهوری اسلامی ایران ارسال دارند.

سفارت علاوه بر دستور و حکم دادگاه و یادداشت اعلام رای فوق الاشعار یک فقره اعلان قضاوت قصور تهیه شده توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی را به پیوست ایفاد می دارد.

بدینوسیله اشعار میدارد که بموجب قوانین ایالات متحده هر گونه دفاع مربوط به قلمرو قضائی و یا دفاع دیگری از جمله عنوان نمودن مصونیت مبنی بر حاکمیت بایستی خطاب به دادگاهی صورت گیرد که موضوع در آن مفتوح میباشد و از این رو مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. در غیر این صورت، سیر کار پرونده بدون آنکه فرصت ارائه شواهد و دفاعیه وجود داشته باشد، ادامه پیدا خواهد کرد. وزارت امور خارجه ایالات متحده آماده گفتگو در مورد قوانین مربوطه میباشد. دولت ایالات متحده از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی موقع را مغتنم شمرده مراتب احترامات فائقه خود را به وزارت امور خارجه جمهوری اسلامی ایران تجدید می نماید.

تهران، بتاریخ هفدهم آبان ماه ۱۳۹۱ (۰۷ نوامبر ۲۰۱۲)

پیوست: ۱- دستور و حکم دادگاه، یادداشت اعلام رای
۲- ترجمه ها

EMBASSY OF SWITZERLAND U.S. INTERESTS SECTION TEHRAN

وزارت امور خارجه
جمهوری اسلامی ایران
تهران

SPECIFIC AUTHENTICATION CERTIFICATE

onfederation of Switzerland )
ern, Canton of Bern ) SS:
mbassy of the United States of America )

certify that the annexed document is executed by the
enuine signature and seal of the following named official
o, in an official capacity, is empowered by the laws of
itzerland to execute that document.

certify under penalty of perjury under the laws of the
ited States that the foregoing is true and correct.

Yvonne AGOSTI
yped name of Official who executed the annexed document)

Randy Townsend
(Signature of Consular Officer)

Randy TOWNSEND
(Typed name of Consular Officer)

Consul General of the United States of America
(Title of Consular Officer)

December 4, 2012
(Date)

RECEIVED
Mail Room
DEC 20 2012
Angela D. Caesar, Clerk of Court

...erische Eidgenossenschaft
...édération suisse
...onfederazione Svizzera
Confederaziun svizra

**Embassy of Switzerland in Iran**
**Foreign Interests Section**

No. 1083-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran and has the honor to refer to the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit Estate of Estate of Anthony K Brown, et al. v. Islamic Republic of Iran, et al., Civil Action No. 08-CV-531 (RCL), which is pending in the U.S. Federal District Court for the District of Columbia. The Iranian Ministry of Information and Security is a defendant in this case. The Embassy transmits a Memorandum Opinion, and Order and Judgment herewith. This note constitutes transmittal of these documents to the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608 (a)(4).

Under applicable U.S. law a defendant in a lawsuit must file an answer to the complaint or some other responsive pleading with 60 days for the date of transmittal of the complaint, in this case the date of this note. Failing to do so, a defendant risks the possibility of having judgment entered against it without the opportunity to present arguments or evidence on its behalf. Therefore, the Embassy requests that the enclosed complaint be forwarded to the appropriate authority of the Islamic Republic of Iran with a view towards taking whatever steps are necessary to avoid a default judgment.

In addition to the Memorandum Opinion and Order and Judgment, the Embassy is enclosing a Notice of Default Judgment, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States.

The Embassy has been advised that under the laws of the United States, any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. Otherwise, proceedings will continue without an opportunity to present arguments or evidence. It is the practice of the United States Department of State to be available to discuss the requirements of U.S. law with counsel. The United States Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Attachments:
1. Memorandum Opinion, and Order and Judgment
2. Translations

EMBASSY OF SWITZERLAND U.S. INTERESTS SECTION TEHRAN

Tehran, 07 November 2012

Ministry of Foreign Affair of the
Islamic Republic of Iran

I, Edith Salamanca, Deputy Head of the Foreign Interests Section of the Embassy of Switzerland in Tehran certify that this is a true copy of the diplomatic note number 1083 -IE dated November 07, 2012 and delivered to the Iranian Ministry of Foreign Affairs on November 07, 2012.

Edith Salamanca
Deputy Head of Foreign Interests Section

Tehran – November 08, 2012

**APOSTILLE**
**(Convention de la Haye du 5 octobre 1961)**

1. **Country:** SWISS CONFEDERATION

**This public document**

2. **has been signed by** Edith Salamanca
3. **acting in the capacity of officers**
4. **bears the seal/stamp of**

Embassy of Switzerland US Interests Section Tehran

**Certified**

5. **at Berne**
6. **the** 20 November 2012
7. **by** Yvonne Agosti
**functionary of the Swiss federal Chancellery**
8. **No** 021489
9. **Seal/stamp:**
Swiss federal Chancellery
10. **Signature:**

ترجمه غیر رسمی

سفارت سوئیس

شماره IE- ۱۰۸۳

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران با اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران احتراما" توجه آن وزارت محترم را به دعوی حقوقی اقامه شده تحت عنوان بازماندگان آنتونی کی. براون علیه جمهوری اسلامی ایران و سایرخوانده ها تحت پرونده مدنی شماره (RCL) 08-CV-531، که در دادگاه ناحیه ای ایالات متحده برای ناحیه کلمبیا مفتوح میباشد جلب مینماید. وزارت اطلاعات و امنیت ایران طرف خوانده در این پرونده میباشد. سفارت بنا به درخواست دادگاه ناحیه ای ایالات متحده بدینوسیله یک فقره یادداشت اعلام رای و دستور و حکم دادگاه مربوط به پرونده مذکور را ایفاد می دارد. برابر مقررات فصل ۲۸ بخش ۱۶۰۸ (الف)(۴) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدارک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

طبق قوانین مربوطه ایالات متحده آمریکا، در دعاوی حقوقی طرف خوانده باید ظرف ۶۰ روز از تاریخ ابلاغ احضاریه و شکوائیه (که در این مورد تاریخ این یادداشت میباشد) جوابیه یا اظهاریه دیگری در پاسخ آن تسلیم دارد. در غیر این صورت، امکان دارد بدون آنکه فرصت ارائه مدرک و یا دفاعیه از طرف خود را یافته باشد حکم نهائی علیه وی صادر گردد. لذا، این قسمت خواهشمند است احضاریه و شکوائیه پیوست را جهت هر گونه اقدام لازم به منظور جلوگیری از صدور حکم غیابی، به مقام ذی ربط دولت جمهوری اسلامی ایران ارسال دارند.

سفارت علاوه بر دستور و حکم دادگاه و یادداشت اعلام رای فوق الاشعار یک فقره اعلان قضاوت قصور تهیه شده توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی را به پیوست ایفاد می دارد.

بدینوسیله اشعار میدارد که بموجب قوانین ایالات متحده هر گونه دفاع مربوط به قلمرو قضائی و یا دفاع دیگری از جمله عنوان نمودن مصونیت مبنی بر حاکمیت بایستی خطاب به دادگاهی صورت گیرد که موضوع در آن مفتوح میباشد و از این رو مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. در غیر این صورت، سیر کار پرونده بدون آنکه فرصت ارائه شواهد و دفاعیه وجود داشته باشد، ادامه پیدا خواهد کرد. وزارت امور خارجه ایالات متحده آماده گفتگو در مورد قوانین مربوطه میباشد. دولت ایالات متحده از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی موقع را مغتنم شمرده مراتب احترامات فائقه خود را به وزارت امور خارجه جمهوری اسلامی ایران تجدید می نماید.

تهران، بتاریخ هفدهم آبان ماه ۱۳۹۱ (۰۷ نوامبر ۲۰۱۲)

پیوست: ۱- دستور و حکم دادگاه، یادداشت اعلام رای
۲- ترجمه ها

EMBASSY OF SWITZERLAND U.S. INTERESTS SEC...

وزارت امور خارجه
جمهوری اسلامی ایران
تهران

# EXHIBIT 7

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**STEPHEN P. BOVA, *et al.***

**Plaintiffs,**

**v.**

**THE ISLAMIC REPUBLIC OF IRAN,**

**Defendant.**

**Case No. 15-cv-1074 (RCL)**

**ORDER AND JUDGMENT**

In accordance with the memorandum opinion issued this date, it is hereby

**ORDERED** that final judgment is entered in favor of all plaintiffs and against all defendants; it is further

**ORDERED** that plaintiffs are awarded $70,500,000 in compensatory damages, $15,768,279 in economic damages, $262,450,000 in solatium damages, and $1,199,590,880 in punitive damages, for a total award of $1,548,309,159, to be distributed as follows:

| Claimant/Family | Pain and Suffering | Economic | Solatium | Punitive | Total Damages |
|---|---|---|---|---|---|
| Steven Bova | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Estate of Nicholas Baker | | $826,507 | | $2,843,184 | $3,669,691 |
| Richie Baker | | | $2,500,000 | $8,600,000 | $11,100,000 |
| Cora Frye | | | $5,000,000 | $17,200,000 | $22,200,000 |
| Gary Bergman | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Estate of William Bergman | | | $850,000 | $2,924,000 | $3,774,000 |
| Estate of Mary Bergman | | | $850,000 | $2,924,000 | $3,774,000 |
| James E. Brown | $1,500,000 | $0 | | $5,160,000 | $6,660,000 |
| Jack Earn Brown | | | $500,000 | $1,720,000 | $2,220,000 |
| Albert R. Burton | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Margaret Burton | | | $850,000 | $2,924,000 | $3,774,000 |
| Estate of Garland Burton | | | $850,000 | $2,924,000 | $3,774,000 |
| Katherine Burton | | | $500,000 | $1,720,000 | $2,220,000 |
| Estate of Jimmy Cain | | $950,000 | | $3,268,000 | $4,218,000 |
| Katherine Cain | | | $8,000,000 | $27,520,000 | $35,520,000 |
| Doris McDowell | | | $5,000,000 | $17,200,000 | $22,200,000 |
| Estate of Hugh J. Cain, Jr. | | | $5,000,000 | $17,200,000 | $22,200,000 |
| John Cain | | | $2,500,000 | $8,600,000 | $11,100,000 |
| Candace Palmer | | | $2,500,000 | $8,600,000 | $11,100,000 |
| Estate of Marc L. Cole | | $894,706 | | $3,077,789 | $3,972,495 |
| Jodie Cole | | | $2,500,000 | $8,600,000 | $11,100,000 |
| Estate of Sandra Cole | | | $5,000,000 | $17,200,000 | $22,200,000 |
| Joseph Cortner, II | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Alice Bunte | | | $500,000 | $1,720,000 | $2,220,000 |
| Estate of Saundra Hillman | | | $500,000 | $1,720,000 | $2,220,000 |
| Paul J. Dwyer | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Helen Dwyer | | | $850,000 | $2,924,000 | $3,774,000 |
| Daniel Dwyer | | | $500,000 | $1,720,000 | $2,220,000 |
| Kathleen Robinson | | | $500,000 | $1,720,000 | $2,220,000 |
| Estate of William D. Elliot, Jr. | | $2,141,099 | | $7,365,381 | $9,506,480 |

| | | | | | |
|---|---|---|---|---|---|
| Anthony Elliot | | | $2,500,000 | $8,600,000 | $11,100,000 |
| Estate of William D. Elliot, Sr. | | | $5,000,000 | $17,200,000 | $22,200,000 |
| Estate of Margaret S. Elliot | | | $5,000,000 | $17,200,000 | $22,200,000 |
| Matthew C. Elliot Miller | | | $3,000,000 | $10,320,000 | $13,320,000 |
| Jonathan Paul Miller | | | $3,000,000 | $10,320,000 | $13,320,000 |
| William Daniel Elliot, III | | | $3,000,000 | $10,320,000 | $13,320,000 |
| Suzanne Elliot | | | $2,500,000 | $8,600,000 | $11,100,000 |
| Joan Elliot Warfel | | | $2,500,000 | $8,600,000 | $11,100,000 |
| Maureen Henry | | | $2,500,000 | $8,600,000 | $11,100,000 |
| Mary Beth Seiber | | | $2,500,000 | $8,600,000 | $11,100,000 |
| Margaret Beaver | | | $2,500,000 | $8,600,000 | $11,100,000 |
| Estate of James Ellis Faulk | | $950,000 | | $3,268,000 | $4,218,000 |
| Kathleen Faulk | | | $8,000,000 | $27,520,000 | $35,520,000 |
| Shawn Michael Faulk | | | $3,000,000 | $10,320,000 | $13,320,000 |
| Charles Frye | | | $650,000 | $2,236,000 | $2,886,000 |
| Donna Held | | | $8,000,000 | $27,520,000 | $35,520,000 |
| Gordon Hickman | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Antonio Hickman | | | $250,000 | $860,000 | $1,110,000 |
| James K. Hines | $3,000,000 | | | $10,320,000 | $13,320,000 |
| Eloise Hines | | | $1,500,000 | $5,160,000 | $6,660,000 |
| Malcolm Howell | $1,500,000 | $0 | | $5,160,000 | $6,660,000 |
| Michael Howell | | | $0 | $0 | $0 |
| Scott Innocenzi | | | $2,500,000 | $8,600,000 | $11,100,000 |
| Estate of Paul Innocenzi, Jr. | | | $5,000,000 | $17,200,000 | $22,200,000 |
| Gary K. Jones | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Kelly Gorman | | | $500,000 | $1,720,000 | $2,220,000 |
| Damon Jones | | | $500,000 | $1,720,000 | $2,220,000 |
| Tina James | | | $500,000 | $1,720,000 | $2,220,000 |
| Estate of Edward E. Kimm | | $2,310,331 | | $7,947,539 | $10,257,870 |
| Anna Marie Kimm | | | $3,000,000 | $10,320,000 | $13,320,000 |
| June B. Griggs-Kimm | | | $3,000,000 | $10,320,000 | $13,320,000 |
| John L. Kinslow | $5,000,000 | $0 | | $17,200,000 | $22,200,000 |

| | | | | | |
|---|---|---|---|---|---|
| Anna Patricia Malec | | | $1,250,000 | $4,300,000 | $5,550,000 |
| Jack R. Macdonald, III | $1,500,000 | $0 | | $5,160,000 | $6,660,000 |
| Michell Manley | | | $3,200,000 | $11,008,000 | $14,208,000 |
| Estate of Alice Manley | | | $2,000,000 | $6,880,000 | $8,880,000 |
| Estate of Ocie Shell | | | $2,000,000 | $6,880,000 | $8,880,000 |
| Estate of Cynthia Manley | | | $0 | $0 | $0 |
| Estate of Mabelean Raymond | | | $0 | $0 | $0 |
| Estate of Joseph Mattachione | | $2,060,623 | | $7,088,543 | $9,149,166 |
| Anthony Mattacchione | | | $2,500,000 | $8,600,000 | $11,100,000 |
| Estate of Laurence Mattacchione | | | $0 | $0 | $0 |
| Janet Margaret Rousseau Childress | | | $6,000,000 | $20,640,000 | $26,640,000 |
| Anne Marie Mattacchione-Chesser | | | $2,500,000 | $8,600,000 | $11,100,000 |
| Nicholas Mattacchione | | | $2,500,000 | $8,600,000 | $11,100,000 |
| Vincent Mattacchione | | | $2,500,000 | $8,600,000 | $11,100,000 |
| Estate of Timothy McNeely | | $1,057,942 | | $3,639,320 | $4,697,262 |
| Estate of David S. McNeely, Jr. | | | $5,000,000 | $17,200,000 | $22,200,000 |
| Estate of Dorothy E. McNeely | | | $5,000,000 | $17,200,000 | $22,200,000 |
| Vicki C. McNeely Brawley | | | $2,500,000 | $8,600,000 | $11,100,000 |
| Joe Goodnight, Jr. | | | $2,500,000 | $8,600,000 | $11,100,000 |
| Harry A. Mincer | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Ellen Cron | | | $850,000 | $2,924,000 | $3,774,000 |
| Fay Cron | | | $500,000 | $1,720,000 | $2,220,000 |
| Howard R. Nash | | | $250,000 | $860,000 | $1,110,000 |
| Alan Opra | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Shelia Leslie | | | $0 | $0 | $0 |
| Drucilla Palmer Schrewsbury | | | $1,250,000 | $4,300,000 | $5,550,000 |

| | | | | | |
|---|---|---|---|---|---|
| Adrian Samuel Mackowski Riega | $2,000,000 | | | $6,880,000 | $8,880,000 |
| Ariadna Falco | | | $650,000 | $2,236,000 | $2,886,000 |
| Phillip Ritter | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Craig Ritter | | | $500,000 | $1,720,000 | $2,220,000 |
| Kevin Ritter | | | $500,000 | $1,720,000 | $2,220,000 |
| Gregory Rosenberg | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Meredyth Rosenberg | | | $500,000 | $1,720,000 | $2,220,000 |
| Cassie Lemire Santos | | | $1,250,000 | $4,300,000 | $5,550,000 |
| Karen Schneider Theonnes | | | $1,250,000 | $4,300,000 | $5,550,000 |
| Estate of Creighton Schneider | | | $1,250,000 | $4,300,000 | $5,550,000 |
| Lisbeth Susan Mullen | | | $2,500,000 | $8,600,000 | $11,100,000 |
| Daniel Turner | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Garry D. Vasser | $1,500,000 | $1,678,910 | | $10,935,450 | $14,114,360 |
| Joseph L. Vincent | $2,000,000 | | | $6,880,000 | $8,880,000 |
| Edna Vincent-Cason | | | $1,000,000 | $3,440,000 | $4,440,000 |
| Estate of Gary Wigglesworth | | | $0 | $0 | $0 |
| Mark Wolcott | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Mary C. Wolcott | | | $850,000 | $2,924,000 | $3,774,000 |
| Joseph E. Wolcott, Sr. | | | $850,000 | $2,924,000 | $3,774,000 |
| Estate of Matthew David Wolcott | | | $500,000 | $1,720,000 | $2,220,000 |
| Brian Jay Wolcott | | | $500,000 | $1,720,000 | $2,220,000 |
| Joseph E. Wolcott, Jr. | | | $500,000 | $1,720,000 | $2,220,000 |
| Becky Wolcott | | | $500,000 | $1,720,000 | $2,220,000 |
| Wendy Gowan | | | $1,000,000 | $3,440,000 | $4,440,000 |
| Stacy L. Wolcott | | | $0 | $0 | $0 |
| Mark A. Cook | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Linda Resinger | | | $850,000 | $2,924,000 | $3,774,000 |
| Tracy L. Cook | | | $500,000 | $1,720,000 | $2,220,000 |
| Cheryl Fellows | | | $500,000 | $1,720,000 | $2,220,000 |
| Kevin Cook | | | $500,000 | $1,720,000 | $2,220,000 |
| Betty Simmons | | | $2,500,000 | $8,600,000 | $11,100,000 |
| Estate of William Simmons | | | $2,500,000 | $8,600,000 | $11,100,000 |

| | | | | | |
|---|---|---|---|---|---|
| Allen Brown | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Estate of Emma V. Gowen | | | $850,000 | $2,924,000 | $3,774,000 |
| Estate of Carroll Brown | | | $850,000 | $2,924,000 | $3,774,000 |
| Linda Eitel | | | $500,000 | $1,720,000 | $2,220,000 |
| Margaret Severio | | | $500,000 | $1,720,000 | $2,220,000 |
| Jessie Brown | | | $500,000 | $1,720,000 | $2,220,000 |
| Leonard Hamilton | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Rosa Dobbs | | | $500,000 | $1,720,000 | $2,220,000 |
| Gilbert Horne | $2,000,000 | | | $6,880,000 | $8,880,000 |
| Nannie Brooks | | | $1,000,000 | $3,440,000 | $4,440,000 |
| Patricia Horne | | | $650,000 | $2,236,000 | $2,886,000 |
| Michael Horne | | | $650,000 | $2,236,000 | $2,886,000 |
| Tracy Horne | | | $650,000 | $2,236,000 | $2,886,000 |
| Charles Horne | | | $650,000 | $2,236,000 | $2,886,000 |
| Edgar Horne, Jr. | | | $650,000 | $2,236,000 | $2,886,000 |
| Sabrina Horne | | | $650,000 | $2,236,000 | $2,886,000 |
| Shirley Horne | | | $650,000 | $2,236,000 | $2,886,000 |
| Leslie Kameck | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Linda Kameck | | | $1,000,000 | $3,440,000 | $4,440,000 |
| Jeremy Kameck | | | $750,000 | $2,580,000 | $3,330,000 |
| Willie Riddle | $2,000,000 | | | $6,880,000 | $8,880,000 |
| Melinda Riddle | | | $1,600,000 | $5,504,000 | $7,104,000 |
| Steven Riddle | | | $600,000 | $2,064,000 | $2,664,000 |
| Brian Riddle | | | $600,000 | $2,064,000 | $2,664,000 |
| John Wellman | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Deborah Meurer | | | $8,000,000 | $27,520,000 | $35,520,000 |
| Estate of Juan Miguel Comas | | $950,000 | | $3,268,000 | $4,218,000 |
| Juan Antonio Comas | | | $2,500,000 | $8,600,000 | $11,100,000 |
| Rodney Rhodan | $1,500,000 | $0 | | $5,160,000 | $6,660,000 |
| Estate of Valerie Rhodan | | | $850,000 | $2,924,000 | $3,774,000 |
| Estate of Clarence Rhodan | | | $850,000 | $2,924,000 | $3,774,000 |
| Kevin Rhodan | | | $500,000 | $1,720,000 | $2,220,000 |
| Vernon Rhodan | | | $500,000 | $1,720,000 | $2,220,000 |
| Jonathan Rhodan | | | $500,000 | $1,720,000 | $2,220,000 |
| Tommy Laster | $5,000,000 | | | $17,200,000 | $22,200,000 |

| | | | | | |
|---|---|---|---|---|---|
| Carolyn Mumphery | | | $4,000,000 | $13,760,000 | $17,760,000 |
| Nathaniel Laster | | | $1,250,000 | $4,300,000 | $5,550,000 |
| Eloise Laster | | | $1,250,000 | $4,300,000 | $5,550,000 |
| Otis Laster | | | $1,250,000 | $4,300,000 | $5,550,000 |
| Estate of Carl Laster | | | $1,250,000 | $4,300,000 | $5,550,000 |
| Woodrow Laster | | | $1,250,000 | $4,300,000 | $5,550,000 |
| John Laster | | | $1,250,000 | $4,300,000 | $5,550,000 |
| Philip Amrhein | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Trudy Bacino | | | $850,000 | $2,924,000 | $3,774,000 |
| Estate of Jane Chipura | | | $850,000 | $2,924,000 | $3,774,000 |
| Estate of Anthony Chipura | | | $850,000 | $2,924,000 | $3,774,000 |
| Jeff Dadich | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Jean Dadich | | | $850,000 | $2,924,000 | $3,774,000 |
| Robert Dadich | | | $850,000 | $2,924,000 | $3,774,000 |
| Danielle Kroh | | | $500,000 | $1,720,000 | $2,220,000 |
| Tracey Perkins | | | $500,000 | $1,720,000 | $2,220,000 |
| Charles A. West | | | $500,000 | $1,720,000 | $2,220,000 |
| Jeremiah West | | | $500,000 | $1,720,000 | $2,220,000 |
| Estate of John Worley | | | $2,500,000 | $8,600,000 | $11,100,000 |
| Mario I. Vasquez | | | $850,000 | $2,924,000 | $3,774,000 |
| Adela Vasquez | | | $0 | $0 | $0 |
| Sara Vasquez | | | $500,000 | $1,720,000 | $2,220,000 |
| Estate of Richard A. Morrow | | $1,948,161 | | $6,701,674 | $8,649,835 |
| Karen Contrillo | | | $2,500,000 | $8,600,000 | $11,100,000 |
| Patricia Ulakovich | | | $5,000,000 | $17,200,000 | $22,200,000 |
| Deborah Lockner | | | $2,500,000 | $8,600,000 | $11,100,000 |
| Colleen Odenthal | | | $2,500,000 | $8,600,000 | $11,100,000 |
| Marcy Hunt Duff | | | $1,500,000 | $5,160,000 | $6,660,000 |
| Richard David Grubbs | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Mark Vaughn | | | $500,000 | $1,720,000 | $2,220,000 |
| Bret Grubs | | | $500,000 | $1,720,000 | $2,220,000 |
| Michael Zawacki | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Veronica Zawacki | | | $850,000 | $2,924,000 | $3,774,000 |
| Traci Zawacki-MacCauley | | | $500,000 | $1,720,000 | $2,220,000 |

| | | | | | |
|---|---|---|---|---|---|
| Stanley Zawacki, Jr. | | | $500,000 | $1,720,000 | $2,220,000 |
| Teresa Zawacki-Chapman | | | $500,000 | $1,720,000 | $2,220,000 |
| Anthony Franks | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Fannie Louise Franks | | | $850,000 | $2,924,000 | $3,774,000 |
| Marilyn Frazier | | | $500,000 | $1,720,000 | $2,220,000 |
| Estate of Sharon Thorne | | | $500,000 | $1,720,000 | $2,220,000 |
| Tina Cadle | | | $500,000 | $1,720,000 | $2,220,000 |
| Richard Frank | | | $500,000 | $1,720,000 | $2,220,000 |
| Rodney Cliff | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Rhonda Little | | | $500,000 | $1,720,000 | $2,220,000 |
| Estate of Eugene Cliff | | | $850,000 | $2,924,000 | $3,774,000 |
| Randy Cliff | | | $500,000 | $1,720,000 | $2,220,000 |
| Ricky Cliff | | | $500,000 | $1,720,000 | $2,220,000 |
| Ranaee Crozier | | | $500,000 | $1,720,000 | $2,220,000 |
| Roxanne Cliff | | | $500,000 | $1,720,000 | $2,220,000 |
| David Lawson | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Shirley Lenartowicz | | | $850,000 | $2,924,000 | $3,774,000 |
| Phyllis Mozitis | | | $500,000 | $1,720,000 | $2,220,000 |
| Joan Muffler | | | $5,000,000 | $17,200,000 | $22,200,000 |
| Mark Williams | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Doris Allinger | | | $850,000 | $2,924,000 | $3,774,000 |
| Donna Williams | | | $500,000 | $1,720,000 | $2,220,000 |
| Richard Everhart | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Marie Everhart | | | $850,000 | $2,924,000 | $3,774,000 |
| Christine Chinaris | | | $500,000 | $1,720,000 | $2,220,000 |
| Cynthia Bacon | | | $500,000 | $1,720,000 | $2,220,000 |
| Estate of Edward F. Simmons | | | $0 | $0 | $0 |
| William Harrison | $1,500,000 | | | $5,160,000 | $6,660,000 |
| Emilie Harrison | | | $850,000 | $2,924,000 | $3,774,000 |
| TOTAL DAMAGES | $70,500,000 | $15,768,279 | $262,450,000 | $1,199,590,880 | $1,548,309,159 |

It is further **ORDERED** that defendants shall be liable for the entire $1,548,309,159; it is furthermore

**ORDERED** that plaintiffs shall forthwith, at their own cost and consistent with the requirements of 28 U.S.C. § 1608(e), send a copy of this order and judgment, and the memorandum opinion issued this date, to defendants.

This is a final, appealable order.

It is **SO ORDERED**.

SIGNED this 31st day of May, 2020.

*/s/Royce Lamberth*

Royce C. Lamberth
United States District Judge

# EXHIBIT 8

United States Department of State

*Washington, D.C. 20520*

July 25, 2022

Ms. Angela D. Caesar
United States District Court
For The District of Columbia
333 Constitution Ave. NW
Washington, DC 20001

**Re: *Bova, et al. v. Islamic Republic of Iran, et al.*, 1:15-cv-01074-RCL**

Dear Ms. Caesar:

I am writing regarding the Court's request for transmittal of an Order and Judgment (March 31, 2020), Memorandum Opinion (March 31, 2020), Order Granting Plaintiffs' Motion for Liability and Order Appointing Alan L. Balaran as Special Master (February 28, 2018), and Notice of Default Judgment to the Islamic Republic of Iran and "Iranian Ministry of Information and Security" pursuant to 28 U.S.C. Sections 1608(a)(4) and (e) as defendants in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the Government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1039-IE, dated June 6, 2022 and delivered on June 15, 2022. A certified copy of the diplomatic note is enclosed.

Sincerely,

Jared N. Hess
Attorney Adviser
Office of the Legal Adviser
L/CA/POG/GC

RECEIVED
Mail Room
AUG - 4 2022
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Cc: Caragh Fay
Fay Law Group
777 Sixth St. NW, #410
Washington, DC 20001

SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I, Hayward M. Alto, a consular officer at the Embassy of the United States at Bern, Switzerland, certify that this is a true copy of Embassy note number 27710 dated April 12, 2022, which was transmitted to the Swiss Ministry of Foreign Affairs on April 13, 2022, for further transmission to the American Interests Section of the Swiss Embassy in Tehran, Iran.

(Signature of Consular Officer)

Hayward M. ALTO
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)



July 5, 2022
(Date)

*Embassy of the United States of America*

April 12, 2022

CONS NO. 27710

Federal Department of Foreign Affairs
Foreign Interests Section
Kochergasse 10
Federal Palace North
Office #4.001
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities Act (FSIA) – Bova, et al. v. Islamic Republic of Iran, et al., 1:15-cv-01074-RCL

REF: ----

The Department of State has requested the delivery of the enclosed Order and Judgment (March 31, 2020), Memorandum Opinion (March 31, 2020), Order Granting Plaintiffs' Motion for Liability and Order Appointing Alan L. Balaran as Special Master (February 28, 2018), and Notice of Default Judgment to the Ministry of Foreign Affairs of the Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities Act in the matter Bova, et al. v. Islamic Republic of Iran, et al., 1:15-cv-01074-RCL.

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the documents to the American Interests Section of the Swiss Embassy in Tehran. There are two defendants to be served in this case: the Islamic Republic of Iran and Iranian Ministry of Information and Security. The American Interests Section should transmit the Order and Judgment (March 31, 2020), Memorandum Opinion (March 31, 2020), Order Granting Plaintiffs' Motion for Liability and Order Appointing Alan L. Balaran as Special Master (February 28, 2018), and Notice of Default Judgment to the Iranian Ministry of Foreign Affairs under cover of one diplomatic note utilizing the language provided in the enclosed instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery. The American Interests Section should execute certifications of the diplomatic notes, which will be forwarded by the Department of State to the requesting court in the United States.

Enclosed are two appropriate parts of a message the Embassy received from the Department of State as well two sets of documents for each defendant.

The Embassy would appreciate being informed of the date the American Interests Section of the Swiss Embassy in Tehran receives the documents as well as the date the Interests Section forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.

EMBASSY OF THE UNITED STATES OF AMERICA

**BEGIN TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN:**

The Embassy of Switzerland, Foreign Interests Section in Tehran refers the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit *Bova, et al. v. Islamic Republic of Iran, et al.*, 1:15-cv-01074-RCL, in the U.S. District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in this case. The Foreign Interests Section transmits an Order and Judgment (March 31, 2020), Memorandum Opinion (March 31, 2020), and Order Granting Plaintiffs' Motion for Liability and Order Appointing Alan L. Balaran as Special Master (February 28, 2018) herewith. The U.S. District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4) and (e).

In addition to the Order and Judgment (March 31, 2020), Memorandum Opinion (March 31, 2020), and Order Granting Plaintiffs' Motion for Liability and Order Appointing Alan L. Balaran as Special Master (February 28, 2018) the Foreign Interests Section is enclosing a Notice of Default Judgment, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States, and certain other court documents that the plaintiff has requested be transmitted. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1. Order and Judgment (March 31, 2020), Memorandum Opinion (March 31, 2020), and Order Granting Plaintiffs' Motion for Liability and Order Appointing Alan L. Balaran as Special Master (February 28, 2018), and Notice of Default Judgment
2. Translations

**END TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN**

**BEGIN TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT IRANIAN MINISTRY OF INFORMATION AND SECURITY:**

The Embassy of Switzerland, Foreign Interests Section in Tehran refers the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit *Bova, et al. v. Islamic Republic of Iran, et al.*, 1:15-cv-01074-RCL, in the U.S. District Court for the District of Columbia. The "Iranian Ministry of Information and Security" is a defendant in this case. The Foreign Interests Section transmits an Order and Judgment (March 31, 2020), Memorandum Opinion (March 31, 2020), and Order Granting Plaintiffs' Motion for Liability and Order Appointing Alan L. Balaran as Special Master (February 28, 2018) herewith. The U.S. District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4) and (e).

In addition to the Order and Judgment (March 31, 2020), Memorandum Opinion (March 31, 2020), and Order Granting Plaintiffs' Motion for Liability and Order Appointing Alan L. Balaran as Special Master (February 28, 2018) the Foreign Interests Section is enclosing a Notice of Default Judgment, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States, and certain other court documents that the plaintiff has requested be transmitted. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1. Order and Judgment (March 31, 2020), Memorandum Opinion (March 31, 2020), and Order Granting Plaintiffs' Motion for Liability and Order Appointing Alan L. Balaran as Special Master (February 28, 2018), and Notice of Default Judgment
2. Translations

**END TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT IRANIAN MINISTRY OF INFORMATION AND SECURITY**

SPECIFIC AUTHENTICATION CERTIFICATE

'onfederation of Switzerland )
ern, Canton of Bern ) SS:
mbassy of the United States of America )

certify that the annexed document bears the genuine seal of the Swiss Federal Department of oreign Affairs.

certify under penalty of perjury under the laws of the United States that the foregoing is true d correct.

(Signature of Consular Officer)

Hayward M. ALTO
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

July 5, 2022
(Date)



Confederaziun svizra

**Federal Department of Foreign Affairs FDFA**

K.364-01-02-01-USA/IRAN

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 27710 dated April 12, 2022 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance: Bova, et al. v. Islamic Republic of Iran, 1:15-cv-12341-RCL

- Note No. 1039-IE addressed to The Islamic Republic of Iran
- Note No. 1040-IE addressed to The Iranian Ministry of Information and Security

dated June 6, 2022 and proof of service, dated June 15, 2022 as well as the certification by the Swiss Federal Chancellery dated June 30, 2022.

The section has received the above mentioned documents on May 2, 2022. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on June 15, 2022. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, June 30, 2022

DEPARTEMENT FEDERAL DES AFFAIRES ETRANGERES

_Enclosure(s) mentioned_

To the
Embassy of the
United States of America

Berne

## SPECIFIC AUTHENTICATION CERTIFICATE

ıfederation of Switzerland )
n, Canton of Bern ) SS:
bassy of the United States of America )

ertify that the annexed document is executed by the genuine signature and seal of the lowing named official who, in an official capacity, is empowered by the laws of Switzerland execute that document.

ertify under penalty of perjury under the laws of the United States that the foregoing is true d correct.

Alessandra MANOIERO
(Typed name of Official who executed the annexed document)

(Signature of Consular Officer)

Hayward M. ALTO
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

July 5, 2022
(Date)

Confederazione Svizzera
Confederaziun svizra

No. 1039-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit *Bova, et al. v. Islamic Republic of Iran, et al.*, 1:15-cv-01074-RCL, in the U.S. District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in this case. The Embassy transmits an Order and Judgment (March 31, 2020), Memorandum Opinion (March 31, 2020), and Order Granting Plaintiffs' Motion for Liability and Order Appointing Alan L. Balaran as Special Master (February 28, 2018) herewith. The U.S District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4) and (e).

In addition to the Order and Judgment (March 31, 2020), Memorandum Opinion (March 31, 2020), and Order Granting Plaintiffs' Motion for Liability and Order Appointing Alan L. Balaran as Special Master (February 28, 2018), the Embassy is enclosing a Notice of Default Judgement, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

EMBASSY OF SWITZERLAND IN IRAN

Tehran, June 06, 2022

Attachments:

1. Order and Judgment (March 31, 2020), Memorandum Opinion (March 31, 2020), Order Granting Plaintiffs' Motion for Liability and Order Appointing Alan L. Balaran as Special Master (February 28, 2018), and Notice of Default Judgment
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, Pia Müller, Deputy Head of the Foreign Interests Section of the Embassy of Switzerland in Iran, herewith that this is a true copy of Diplomatic Note No. 1039-IE, dated June 06, 2022. The deliv[ery of] this note and its enclosures was attempted on June 15, 2022, but the Iranian Ministry of Foreign Aff[airs] refused its acceptance.

Pia Müller
Deputy Head of the Foreign Interests Section

Tehran - June 15, 2022

SWITZERLAND U.S. INTERESTS SECTION TEHRAN · EMBASSY OF

**APOSTILLE**
**(Convention de la Haye du 5 octobre 1961)**

1. **Country:** SWISS CONFEDERATION

**This public document**

2. **has been signed by** Pia Müller
3. **acting in the capacity of Deputy Head of the Foreign Interests Section**
4. **bears the seal/stamp of**

Embassy of Switzerland US Interests Section Tehran

**Certified**

5. **at Berne**
6. **the** 30 June 2022
7. **by** Alessandra Manoiero
**functionary of the Swiss federal Chancellery**
8. **No** 015890
9. **Seal/stamp:** Swiss federal Chancellery
10. **Signature:**

SWISS FEDERAL CHANCELLERY

SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I certify that the annexed document is executed by the genuine signature and seal of the following named official who, in an official capacity, is empowered by the laws of Switzerland to execute that document.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Alessandra MANOIERO
(Typed name of Official who executed the annexed document)

[signature]
(Signature of Consular Officer)

Hayward M. ALTO
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

July 5, 2022
(Date)



Confédération suisse
Confederazione Svizzera
Confederaziun svizra

No. 1040-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit *Bova, et al. v. Islamic Republic of Iran, et al.*, 1:15-cv-01074-RCL, in the U.S. District Court for the District of Columbia. The "Iranian Ministry of Information and Security" is a defendant in this case. The Embassy transmits an Order and Judgment (March 31, 2020), Memorandum Opinion (March 31, 2020), and Order Granting Plaintiffs' Motion for Liability and Order Appointing Alan L. Balaran as Special Master (February 28, 2018) herewith. The U.S District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4) and (e).

In addition to the Order and Judgment (March 31, 2020), Memorandum Opinion (March 31, 2020), and Order Granting Plaintiffs' Motion for Liability and Order Appointing Alan L. Balaran as Special Master (February 28, 2018), the Embassy is enclosing a Notice of Default Judgement, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

EMBASSY OF SWITZERLAND IN IRAN

Tehran, June 06, 2022

Attachments:
1. Order and Judgment (March 31, 2020), Memorandum Opinion (March 31, 2020), Order Granting Plaintiffs' Motion for Liability and Order Appointing Alan L. Balaran as Special Master (February 28, 2018), and Notice of Default Judgment
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, Pia Muller, Deputy Head of the Foreign Interests Section of the Embassy of Switzerland in Iran, herewith that this is a true copy of Diplomatic Note No. 1040-IE, dated June 06, 2022. The deliv this note and its enclosures was attempted on June 15, 2022, but the Iranian Ministry of Foreign Af refused its acceptance.

Pia Müller
Deputy Head of the Foreign Interests Section

Tehran - June 15, 2022

**APOSTILLE**
**(Convention de la Haye du 5 octobre 1961)**

1. Country: SWISS CONFEDERATION

This public document

2. has been signed by Pia Müller
3. acting in the capacity of Deputy Head of the Foreign Interests Section
4. bears the seal/stamp of

Embassy of Switzerland US Interests Section Tehran

**Certified**

5. at Berne 6. the 30 June 2022
7. by Alessandra Manoiero
functionary of the Swiss federal Chancellery
8. No 015889
9. Seal/stamp: 10. Signature:

Swiss federal Chancellery

# EXHIBIT 9

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TERANCE J. VALORE, et al., | ) | Consolidated Actions: |
| Plaintiffs, | ) | 03-cv-1959 (RCL) |
| v. | ) | 06-cv-516 (RCL) |
| | ) | 06-cv-750 (RCL) |
| ISLAMIC REPUBLIC OF IRAN, et al., | ) | 08-cv-1273 (RCL) |
| Defendants. | ) | |

## ORDER AND JUDGMENT

In accordance with the Memorandum Opinion issued this date, it is hereby ORDERED that final judgment is entered in favor of plaintiffs and against defendants, jointly and severally, in the amount $1,290,291,092.00, of which $290,291,092.00 shall be awarded as compensatory damages and $1,000,000,000.00 shall be awarded as punitive damages.

It is hereby furthered ORDERED that:

(1) all claims brought in *Valore* by Floyd Carpenter and Leonora Pontillo are DISMISSED without prejudice for want of prosecution;

(2) claims brought as survival actions in *Valore* by Estate of David L. Battle, Estate Of Matilde Hernandez, Jr., Estate of John Muffler, Estate of John Jay Tishmack, Estate of Leonard Warren Walker, Estate of Walter Emerson Wint, Jr., and Estate of James Yarber; in *Arnold* by Estate of Moses Arnold, Jr.; and in *Spencer* by Estate of James Silvia are DISMISSED with prejudice;

(3) claims brought for intentional infliction of emotional distress of beneficiaries in *Valore* by Estate of David L. Battle, Estate of Matilde Hernandez, Jr., Estate of John Muffler, Estate of John Jay Tishmack, Estate of Leonard Warren Walker, Estate of Walter Emerson Wint,

Jr., and the Estate of James Yarber; and in *Arnold* by the Estate of Moses Arnold, Jr., are DISMISSED with prejudice; and

(4) all claims brought in *Bonk* by Danielle DiGiovanni, Lisa DiGiovanni, and Robert DiGiovanni are DISMISSED with prejudice for lack of standing.

It is hereby further ORDERED remaining plaintiffs are awarded compensatory damages in the amount of $290,291,092.00 as follows:

(1) plaintiffs who survived the attack and brought claims of assault, battery, and intentional infliction of emotional distress under the FSIA-created cause of action are awarded damages for pain and suffering as follows:

(a) plaintiffs from *Valore*:

| *Plaintiff* | *Compensatory Damages* |
|---|---|
| Pedro Alvarado, Jr. | $5,000,000.00 |
| Dennis Jack Anderson | $5,000,000.00 |
| Timothy Brooks | $5,000,000.00 |
| Michael Harris | $5,000,000.00 |
| Donald R. Pontillo | $1,500,000.00 |
| John E. Selbe | $5,000,000.00 |
| Willy G. Thompson | $5,000,000.00 |
| Terance J. Valore | $7,500,000.00 |

and

(b) plaintiffs from *Arnold*:

| *Plaintiff* | *Compensatory Damages* |
|---|---|
| Neale Scott Bolen | $5,000,000.00 |

(2) plaintiffs who survived the attack and brought claims of assault, battery, and intentional infliction of emotional distress under the FSIA-created cause of action and sought damages for economic loss, all in *Valore*, are awarded damages for economic loss as follows:

| *Plaintiff* | *Compensatory Damages* |
|---|---|
| Pedro Alvarado, Jr. | $2,036,459.00 |
| Terance J. Valore | $1,826,493.00 |

(3) plaintiffs that are estates that brought wrongful-death claims under the FSIA-created cause of action, or whose claims have been construed under such cause of action, are awarded compensatory damages as follows:

(a) plaintiffs from *Valore*:

| *Plaintiff* | *Compensatory Damages* |
|---|---|
| Estate of David L. Battle | $989,538.00 |
| Estate Of Matilde Hernandez, Jr. | $1,491,850.00 |
| Estate of John Muffler | $770,283.00 |
| Estate of John Jay Tishmack | $778,778.00 |
| Estate of Leonard Warren Walker | $741,275.00 |
| Estate of Walter Emerson Wint, Jr. | $1,332,617.00 |
| Estate of James Yarber | $1,046,775.00 |

(b) plaintiffs from *Arnold*:

| *Plaintiff* | *Compensatory Damages* |
|---|---|
| Estate of Moses Arnold, Jr. | $1,273,602.00 |

and

(c) plaintiffs from *Spencer*:

| *Plaintiff* | *Compensatory Damages* |
|---|---|
| Estate of James Silvia | $1,440,922.00 |

and

(4) plaintiffs who are family members of victims of the attack and brought claims of intentional infliction of emotional distress under the FSIA-created cause of action are awarded compensatory damages as follows:

(a) plaintiffs from *Valore*:

Case 1:03-cv-01959-RCL Document 24-10 Filed 03/31/10 Page 5 of 7

| *Plaintiff* | *Relative* | *Relationship to Relative* [1] | *Compensatory Damages* |
|---|---|---|---|
| Angel Alvarado | Pedro Alvarado, Jr. | Sibling | $1,250,000.00 |
| Geraldo Alvarado | Pedro Alvarado, Jr. | Sibling | $1,250,000.00 |
| Grisselle Alvarado | Pedro Alvarado, Jr. | Sibling | $1,250,000.00 |
| Luis Alvarado | Pedro Alvarado, Jr. | Sibling | $1,250,000.00 |
| Luisa Alvarado | Pedro Alvarado, Jr. | Sibling | $1,562,500.00 |
| Maria Alvarado | Pedro Alvarado, Jr. | Sibling | $1,250,000.00 |
| Marta Alvarado | Pedro Alvarado, Jr. | Sibling | $1,250,000.00 |
| Minerva Alvarado | Pedro Alvarado, Jr. | Sibling | $1,250,000.00 |
| Yolanda Alvarado | Pedro Alvarado, Jr. | Sibling | $1,250,000.00 |
| Zoraida Alvarado | Pedro Alvarado, Jr. | Sibling | $1,250,000.00 |
| Andres Alvarado Tull | Pedro Alvarado, Jr. | Sibling | $1,250,000.00 |
| Cheryl Bass | Willy G. Thompson | Sibling | $1,250,000.00 |
| Edward J. Brooks | Timothy Brooks | Parent | $2,500,000.00 |
| Patricia A. Brooks | Timothy Brooks | Parent | $2,500,000.00 |
| Wanda Ford | Willy G. Thompson | Sibling | $1,250,000.00 |
| Bennie Harris | Michael Harris | Parent | $2,500,000.00 |
| Rose Harris | Michael Harris | Parent | $2,500,000.00 |
| Marcy Lynn Parson | Terance J. Valore | Sibling | $1,250,000.00 |
| Douglas Pontillo | Donald R. Pontillo | Sibling | $1,250,000.00 |
| Don Selbe | John E. Selbe | Sibling | $1,250,000.00 |
| Eloise F. Selbe | John E. Selbe | Parent | $2,500,000.00 |
| James Selbe | John E. Selbe | Sibling | $1,250,000.00 |
| Belinda Skarka | John E. Selbe | Sibling | $1,250,000.00 |
| Allison Thompson | Willy G. Thompson | Spouse | $4,000,000.00 |
| Isaline Thompson | Willy G. Thompson | Parent | $2,500,000.00 |
| Johnny Thompson | Willy G. Thompson | Sibling | $625,000.00 |
| Deborah True | Donald R. Pontillo | Sibling | $1,250,000.00 |
| Janice Valore | Terance J. Valore | Parent | $2,500,000.00 |
| Orlando M. Valore, Jr. | Terance J. Valore | Sibling | $1,250,000.00 |
| Orlando Michael Valore, Sr. | Terance J. Valore | Parent | $2,500,000.00 |

(b) plaintiffs from *Arnold*:

| *Plaintiff* | *Relative* | *Relationship to Relative* | *Compensatory Damages* |
|---|---|---|---|
| Lolita M. Arnold | Moses Arnold, Jr. | Spouse | $4,000,000.00 |
| Lisa Ann Beck | Neale Scott Bolen | Sibling | $1,250,000.00 |

[1] This column and similar columns in the tables below use the following umbrella terms: "Parent" means fathers, mothers, adoptive fathers and mothers, and non-adoptive stepfathers and stepmothers who are the functional equivalents of fathers and mothers, respectively. "Sibling" means brothers, sisters, half-brothers, half-sisters, and step-brothers and step-sisters who are the functional equivalents of brothers and sisters, respectively.

| | | | |
|---|---|---|---|
| Betty J. Bolen | Neale Scott Bolen | Parent | $2,500,000.00 |
| Keith Edwin Bolen | Neale Scott Bolen | Sibling | $1,250,000.00 |
| Sheldon H. Bolen | Neale Scott Bolen | Parent | $2,500,000.00 |
| Sharla M. Korz | Neale Scott Bolen | Sibling | $1,250,000.00 |

(c) plaintiffs from *Spencer*:

| *Plaintiff* | *Relative* | *Relationship to Relative* | *Compensatory Damages* |
|---|---|---|---|
| Lynne Michol Spencer | James Silvia<br>Stephen Eugene Spencer | Brother<br>Spouse | $3,125,000.00<br>$8,000,000.00 |

and

(d) plaintiffs from *Bonk*:

| *Plaintiff* | *Relative* | *Relationship to Relative* | *Compensatory Damages* |
|---|---|---|---|
| Catherine Bonk | John J. Bonk | Parent | $5,000,000.00 |
| Kevin Bonk | John J. Bonk | Sibling | $2,500,000.00 |
| Thomas Bonk | John J. Bonk | Sibling | $2,500,000.00 |
| John Bonk, Sr. | John J. Bonk | Parent | $5,000,000.00 |
| Marion DiGiovanni | Luis J. Rotondo | Sibling | $2,500,000.00 |
| Sherry Lynn Fiedler | Larry H. Simpson, Jr. | Sibling | $2,500,000.00 |
| Marilou Fluegel | Richard Andrew Fluegel | Parent | $5,000,000.00 |
| Robert Fluegel | Richard Andrew Fluegel | Sibling | $2,500,000.00 |
| Thomas A. Fluegel | Richard Andrew Fluegel | Parent | $5,000,000.00 |
| Evans Hairston | Thomas Hairston | Sibling | $1,250,000.00 |
| Felicia Hairston | Thomas Hairston | Sibling | $2,500,000.00 |
| Julia Bell Hairston | Thomas Hairston | Parent | $5,000,000.00 |
| Henry Durban Hukill | Maurice Edward Hukill | Parent | $5,000,000.00 |
| Mark Andrew Hukill | Maurice Edward Hukill | Sibling | $2,500,000.00 |
| Matthew Scott Hukill | Maurice Edward Hukill | Sibling | $2,500,000.00 |
| Melissa Hukill | Maurice Edward Hukill | Sibling | $2,500,000.00 |
| Meredith Ann Hukill | Maurice Edward Hukill | Sibling | $2,500,000.00 |
| Mitchell Charles Hukill | Maurice Edward Hukill | Sibling | $2,500,000.00 |
| Monte Hukill | Maurice Edward Hukill | Sibling | $2,500,000.00 |
| Virginia Ellen Hukill | Maurice Edward Hukill | Parent | $5,000,000.00 |
| Catherine Bonk Hunt | John J. Bonk | Sibling | $2,500,000.00 |
| Storm Jones | James E. McDonough | Sibling | $2,500,000.00 |
| Penni Joyce | Richard Andrew Fluegel | Sibling | $2,500,000.00 |
| Jeff Kirkwood | James E. McDonough | Sibling | $2,500,000.00 |
| Shirley Kirkwood | James E. McDonough | Parent | $5,000,000.00 |
| Carl Arnold Kirkwood, Jr. | James E. McDonough | Sibling | $2,500,000.00 |
| Carl Kirkwood, Sr. | James E. McDonough | Parent | $5,000,000.00 |

| | | | |
|---|---|---|---|
| Patricia Kronenbitter | John J. Bonk | Sibling | $2,500,000.00 |
| Bill Laise | Keith Laise | Parent | $5,000,000.00 |
| Betty Laise | Keith Laise | Parent | $5,000,000.00 |
| Kris Laise | Keith Laise | Sibling | $2,500,000.00 |
| Bill Macroglou | John Macroglou | Parent | $5,000,000.00 |
| James Macroglou | John Macroglou | Sibling | $2,500,000.00 |
| Lorraine Macroglou | John Macroglou | Parent | $5,000,000.00 |
| Kathy McDonald | James E. McDonough | Sibling | $2,500,000.00 |
| Edward Joseph McDonough | James E. McDonough | Sibling | $2,500,000.00 |
| Edward W. McDonough | James E. McDonough | Sibling | $2,500,000.00 |
| Sean McDonough | James E. McDonough | Sibling | $2,500,000.00 |
| Deborah Spencer Rhosto | Stephen Eugene Spencer | Sibling | $2,500,000.00 |
| Estate of Luis Rotondo | Luis J. Rotondo | Parent | $5,000,000.00 |
| Estate of Rose Rotondo | Luis J. Rotondo | Parent | $5,000,000.00 |
| Estate of Phyllis Santoserre | Luis J. Rotondo | Sibling | $2,500,000.00 |
| Anna Marie Simpson | Larry H. Simpson, Jr. | Parent | $5,000,000.00 |
| Renee Eileen Simpson | Larry H. Simpson, Jr. | Sibling | $2,500,000.00 |
| Robert Simpson | Larry H. Simpson, Jr. | Sibling | $2,500,000.00 |
| Larry H. Simpson, Sr. | Larry H. Simpson, Jr. | Parent | $5,000,000.00 |
| Sally Jo Wirick | James E. McDonough | Sibling | $2,500,000.00 |

It is hereby further ORDERED that

(1) all plaintiffs receiving awards herein are together awarded punitive damages in the amount of $1,000,000,000.00, to be apportioned among plaintiffs in proportion to their respective damages awards; and

(2) if and when any recovery of punitive damages is made, if such recovery is less than the full amount awarded above, moneys recovered shall be apportioned immediately upon their receipt among plaintiffs in proportion to their respective damages awards.

It is hereby further ORDERED that the following plaintiffs shall provide, within 60 days of this date, evidence satisfactory to the Court that they meet the eligibility criteria of 28 U.S.C. § 1605A(c), else judgment herein shall be vacated as to any plaintiff failing provide such evidence: from *Valore*, Angel Alvarado, Geraldo Alvarado, Grisselle Alvarado, Luis Alvarado, Luisa Alvarado, Maria Alvarado, Marta Alvarado, Minerva Alvarado, Yolanda Alvarado, Zoraida Alvarado, Andres Alvarado Tull, Cheryl Bass, Edward J. Brooks, Patricia A. Brooks,

Case 1:03-cv-01591-RCL Document 21 Filed 03/31/10 Page 7 of 7

Wanda Ford, Marcy Lynn Parson, Douglas Pontillo, Eloise F. Selbe, Don Selbe, James Selbe, Belinda Skarka, Deborah True, Janice Valore, Orlando M. Valore, Jr., and Orlando Michael Valore, Sr.; from *Arnold*, Lolita M. Arnold, Lisa Ann Beck, Betty J. Bolen, Keith Edwin Bolen, Sheldon H. Bolen, and Sharla M. Korz; and from *Bonk*, Catherine Bonk, Kevin Bonk, Thomas Bonk, John Bonk, Sr., Marion DiGiovanni, Sherry Lynn Fiedler, Marilou Fluegel, Robert Fluegel, Thomas A. Fluegel, Evans Hairston, Felicia Hairston, Julia Bell Hairston, Henry Durban Hukill, Mark Andrew Hukill, Matthew Scott Hukill, Melissa Hukill, Meredith Ann Hukill, Mitchell Charles Hukill, Monte Hukill, Virginia Ellen Hukill, Catherine Bonk Hunt, Storm Jones, Penni Joyce, Jeff Kirkwood, Shirley Kirkwood, Carl Arnold Kirkwood, Jr., Carl Kirkwood, Sr., Patricia Kronenbitter, Betty Laise, Bill Laise, Kris Laise, Bill Macroglou, James Macroglou, Lorraine Macroglou, Kathy McDonald, Edward Joseph McDonough, Edward W. McDonough, Sean McDonough, Deborah Spencer Rhosto, Estate of Luis Rotondo, Estate of Rose Rotondo, Estate of Phyllis Santoserre, Anna Marie Simpson, Renee Eileen Simpson, Robert Simpson, Larry H. Simpson, Sr., and Sally Jo Wirick.

SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, on March 31, 2010.

# EXHIBIT 10

United States Department of State

*Washington, D.C. 20520*

May 31, 2011

Ms. Angela D. Caesar
Clerk of the Court
United States District Court
For the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

**Re: Terance Valore, et al., v. The Islamic Republic of Iran, et al., Consolidated Actions CA No. 1:03CV1959, CA No. 1:08CV1273, CA No. 1:06CV516, CA No. 1:06CV750**

Dear Ms.Caesar:

I am writing regarding the Court's request for service of Revised Orders and Judgments notices of suit pursuant to 28 U.S.C. 1608(a)(4) upon the Islamic Republic of Iran and the Iranian Ministry of Information and Security as defendants in the above mentioned lawsuit.

Because the United States does not maintain diplomatic relations with the government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic notes numbers 1032-IE and 1033-IE, each dated on March 1, 2011and delivered on March 2, 2011. Certified copies of these diplomatic notes are enclosed.

Should you have any questions regarding this matter, please do not hesitate to contact me at (202) 736-9115.

Sincerely,

William P. Fritzlen
Attorney Adviser
Office of Policy Review and Interagency Liaison

RECEIVED
Mail Room
JUN - 2 2011
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

SPECIFIC AUTHENTICATION CERTIFICATE

onfederation of Switzerland )
rn, Canton of Bern ) SS:
bassy of the United States of America )

Edward P. Birsner, a consular officer at the Embassy of
United States at Bern, Switzerland, certify that this
a true copy of Embassy note number 20126 dated March 1,
2 1, which was transmitted to the Swiss Ministry of
F eign Affairs on March 2, 2011 for further transmission
t the American Interests Section of the Swiss Embassy in
T an, Iran.

(Signature of Consular Officer)

Edward P. BIRSNER
(Typed name of Consular Officer)

Consul General of the United States of America
(Title of Consular Officer)

May 19, 2011
(Date)

*Embassy of the United States of America*

March 1, 2011

CONS NO. 20126

Federal Department of Foreign Affairs
Foreign Interests Service
Bundeshaus Nord
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities Act (FSIA) - Terance Valore, et al. v. The Islamic Republic of Iran, et al., Consolidated Actions CA No. 1:03-cv-1959, CA No. 1:08-cv-1273, CA No. 1:06-cv-516, CA No. 1:06-CV-750

REF: ----

The Department of State has requested the delivery of the enclosed Revised Orders and Judgments to the Ministry of Foreign Affairs of the Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities Act in the matter of Terance Valore, et al. v. The Islamic Republic of Iran, et al., Consolidated Actions CA No. 1:03-cv-1959, CA No. 1:08-cv-1273, CA No. 1:06-cv-516, CA No. 1:06-CV-750.

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the documents to the American Interests Section of the Swiss Embassy in Tehran. The Islamic Republic of Iran and the Iranian Ministry of Information and Security are defendants in this case. The American Interests Section should transmit the Revised Orders and Judgments to the Iranian Ministry of Foreign Affairs under cover of two diplomatic notes utilizing the language provided in the enclosed instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery. The American Interests Section should execute certifications of the diplomatic notes, which will be forwarded by the Department of State to the requesting court in the United States.

Enclosed are the appropriate parts of a message the Embassy received from the Department of State as well as two sets of documents for the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

The Embassy would appreciate being informed of the date the American Interests Section of the Swiss Embassy in Tehran receives the documents as well as the date the Interests Section forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.

EMBASSY OF THE UNITED STATES OF AMERICA BERN

## SPECIFIC AUTHENTICATION CERTIFICATE

ederation of Switzerland )
, Canton of Bern ) SS:
ssy of the United States of America )

tify that the annexed document bears the genuine seal
e Swiss Federal Department of Foreign Affairs.

tify under penalty of perjury under the laws of the
d States that the foregoing is true and correct.

(Signature of Consular Officer)

Edward P. BIRSNER
(Typed name of Consular Officer)

Consul General of the United States of America
(Title of Consular Officer)

May 19, 2011
(Date)

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

**Federal Department of Foreign Affairs FDFA**

28506

K.252.22-USA/IRAN 02 – 4

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons note No. 20126 dated March 1, 2011 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

- Judicial Assistance: Lawsuit Terance Valore, et al. v. The Islamic Republic of Iran, et al., Consolidated Actions CA No. 1:03-cv-1959, CA No. 1:08-cv-1273, CA No. 1:06-cv-516, CA No. 1:06-CV-750.
- Note No. 1032-IE addressed to the Islamic Republic of Iran, and Note No. 1033-E addressed to the Iranian Ministry of Information and Security, dated March 09, 2011 and proof of service, dated March 09, 2011, as well as the certification by the Swiss Federal Chancellery dated May 10, 2011.

The section has received the above mentioned documents on March 07, 2011. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic notes on March 09, 2011. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, May 10, 2011

*Enclosure mentioned*

EIDGENÖSSISCHES DEPARTEMENT FÜR AUSWÄRTIGE ANGELEGENHEITEN

To the
Embassy of the
United States of America

Berne

SPECIFIC AUTHENTICATION CERTIFICATE

nfederation of Switzerland )
rn, Canton of Bern ) SS:
bassy of the United States of America )

certify that the annexed document is executed by the nuine signature and seal of the following named official o, in an official capacity, is empowered by the laws of itzerland to execute that document.

ertify under penalty of perjury under the laws of the ted States that the foregoing is true and correct.

Ruth EGGER
ped name of Official who executed the annexed document)

(Signature of Consular Officer)

Edward P. BIRSNER
(Typed name of Consular Officer)

Consul General of the United States of America
(Title of Consular Officer)

May 19, 2011
(Date)

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

**Embassy of Switzerland in Iran**

No. 1032-IE

The Embassy of Switzerland in Tehran presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran and has the honor to refer the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit Terance Valore, et al. v. Islamic Republic of Iran, et al, Consolidated Actions CA No. 1:03-cv-1959, CA No. 1:08-cv-1273, CA No. 1:06-cv-516, CA No. 1:06-CV-750, which is pending in the U.S. Federal District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in that lawsuit. The Foreign Interests Section transmits a Revised Order and Judgment herewith. The U.S. Federal District Court has requested the transmittal of these documents. This note constitutes transmittal of these documents to the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608 (a)(4).

In addition to the Revised Order and Judgment, the Foreign Interests Section is enclosing a notice of suit, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the default judgment.

The Foreign Interests Section has been advised that under the laws of the United States, any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. Such legal counsel can advise about raising legal objections, if any, either in the underlying proceeding or should there be a proceeding relating to enforcement of the default judgment. Otherwise, proceedings will continue without an opportunity to present evidence or possible defenses. Consistent with practice, the United States Department of State is available to discuss with counsel the requirements of U.S. law. The United States Government is not a party to this litigation and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Attachments:

1- Revised Order and Judgment
2- Notice of Suit
3- Foreign Sovereign Immunities Act
4- Translations

Tehran – March 09, 2011

**Ministry of Foreign Affairs of the**
**Islamic Republic of Iran**
**Tehran**

I, Manuela Mäder, Deputy Head of the Foreign Interests Section of the Embassy of Switzerland in Tehran certify that this is a true copy of the diplomatic note number 1032 -IE dated March 09, 2011 and delivered to the Iranian Ministry of Foreign Affairs on March 09, 2011.

EMBASSY OF SWITZERLAND U.S. INTERESTS SECTION TEHRAN

Manuela Mäder
Deputy Head of Foreign Interests Section

Tehran – March 09, 2011

**APOSTILLE**
**(Convention de la Haye du 5 octobre 1961)**

1. **Country:** SWISS CONFEDERATION

   **This public document**

2. **has been signed by** Manuela Mäder
3. **acting in the capacity of officers**
4. **bears the seal/stamp of**

   Embassy of Switzerland US Interests Section Tehran

**Certified**

5. **at Berne** 6. **the** 10 May 2011
7. **by** Ruth Egger
   **functionary of the Swiss federal Chancellery**
8. **No** 008117
9. **Seal/stamp:** 10. **Signature:**

   Swiss federal Chancellery

SWISS FEDERAL CHANCELLERY

Ruth Egger

<u>ترجمه غیر رسمی</u>

سفارت سوئیس

شماره IE- ۱۰۳۲

سفارت سوئیس در تهران با اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران احتراما" توجه آن وزارت محترم را به دعوی حقوقی تحت عنوان ترانس والور و افراد دیگر علیه جمهوری اسلامی ایران و افراد دیگر تحت دعاوی ادغام شده به شماره 1:03-cv-1959 ، 1:08-cv-1273 ، 1:06-CV-750 ، 1:06-cv-516 که در دادگاه بخش فدرال ایالات متحده آمریکا برای ناحیه کلمبیا مفتوح میباشد جلب مینماید . جمهوری اسلامی ایران طرف خوانده در این پرونده میباشد . قسمت حافظ منافع خارجی بنا به درخواست دادگاه فدرال ناحیه ای ایالات متحده بدینوسیله یک فقره حکم تجدید نظر و قضاوت را ایفاد میدارد . برابر مقررات فصل ۲۸ بخش ۱۶۰۸ بند (الف) (٤) مجموعه قوانین ایالات متحده ، این یادداشت به منزله ابلاغ مدارک مذکور به دولت جمهوری اسلامی ایران تلقی میگردد .

این قسمت علاوه بر حکم تجدید نظر و قضاوت فوق الاشعار یک فقره اعلان دادخواست تهیه شده توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی را به پیوست ایفاد میدارد . خاطرنشان میسازد که طبق قوانین ایالات متحده آمریکا ، توقیف و ضبط قانونی اموال و اقدام به اجرای حکم برابر با فصل ۲۸ بخش ۱۶۱۰ مجموعه قوانین ایالات متحده آمریکا ممکن است پس از مدت زمانی منطقی بعد از اعلام حکم قصور آغاز گردد .

بدینوسیله اشعار میدارد که طبق قوانین ایالات متحده آمریکا هر گونه دفاع مربوط به قلمرو قضایی و یا دفاع دیگری از جمله عنوان نمودن مصونیت مبنی بر حاکمیت بایستی خطاب به دادگاهی صورت گیرد که موضوع در آن مفتوح میباشد و از این رو مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه میگردد . این مشاور حقوقی میتواند در صورت تمایل به اقامه اعتراض قانونی به اقدامات اولیه و یا اقدامات مربوط به اجرای حکم قصور راهنمایی لازم را ارائه دهد . در غیر اینصورت سیر کار پرونده بدون آنکه فرصت ارائه شواهد و دفاعیه وجود داشته باشد ادامه پیدا خواهد کرد . وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو در مورد قوانین مربوطه میباشد . دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود .

سفارت سوئیس موقع را مغتنم شمرده احترامات فائقه خود را نسبت به وزارت امور خارجه جمهوری اسلامی ایران تجدید مینماید .

تهران ، بتاریخ هجدهم اسفند ماه ۱۳۸۹ (۹ مارس ۲۰۱۱)

پیوست : ۱- حکم تجدید نظر و قضاوت
۲- اعلان دادخواست
۳- قانون مصونیت مبنی بر حاکمیت
۲- ترجمه ها

وزارت امور خارجه جمهوری اسلامی ایران
تهران

SPECIFIC AUTHENTICATION CERTIFICATE

ederation of Switzerland )
, Canton of Bern ) SS:
ssy of the United States of America )

rtify that the annexed document is executed by the ge ine signature and seal of the following named official wh in an official capacity, is empowered by the laws of Sw zerland to execute that document.

rtify under penalty of perjury under the laws of the Un ed States that the foregoing is true and correct.

Ruth EGGER
(T ed name of Official who executed the annexed document)

(Signature of Consular Officer)

Edward P. BIRSNER
(Typed name of Consular Officer)

Consul General of the United States of America
(Title of Consular Officer)

May 19, 2011
(Date)

...rische Eidgenossenschaft
...dération suisse
...nfederazione Svizzera
Confederaziun svizra

**Embassy of Switzerland in Iran**

No. 1033-IE

The Embassy of Switzerland in Tehran presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran and has the honor to refer the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit Terance Valore, et al. v. Islamic Republic of Iran, et al, Consolidated Actions CA No. 1:03-cv-1959, CA No. 1:08-cv-1273, CA No. 1:06-cv-516, CA No. 1:06-CV-750, which is pending in the U.S. Federal District Court for the District of Columbia. The Iranian Ministry of Information and Security is a defendant in that lawsuit. The Foreign Interests Section transmits a Revised Order and Judgment herewith. The U.S. Federal District Court has requested the transmittal of these documents. This note constitutes transmittal of these documents to the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608 (a)(4).

In addition to the Revised Order and Judgment, the Foreign Interests Section is enclosing a notice of suit, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the default judgment.

The Foreign Interests Section has been advised that under the laws of the United States, any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. Such legal counsel can advise about raising legal objections, if any, either in the underlying proceeding or should there be a proceeding relating to enforcement of the default judgment. Otherwise, proceedings will continue without an opportunity to present evidence or possible defenses. Consistent with practice, the United States Department of State is available to discuss with counsel the requirements of U.S. law. The United States Government is not a party to this litigation and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Attachments:

1- Revised Order and Judgment
2- Notice of Suit
3- Foreign Sovereign Immunities Act
4- Translations

Tehran – March 09, 2011

**Ministry of Foreign Affairs of the Islamic Republic of Iran Tehran**

I, Manuela Mäder, Deputy Head of the Foreign Interests Section of the Embassy of Switzerland in Tehran certify that this is a true copy of the diplomatic note number 1033 -IE dated March 09, 2011 and delivered to the Iranian Ministry of Foreign Affairs on March 09, 2011.

Manuela Mäder
Deputy Head of Foreign Interests Section

EMBASSY OF SWITZERLAND U.S. INTERESTS SECTION TEHRAN

Tehran – March 09, 2011

**APOSTILLE**
**(Convention de la Haye du 5 octobre 1961)**

1. **Country:** SWISS CONFEDERATION

   **This public document**

2. **has been signed by** Manuela Mäder
3. **acting in the capacity of officers**
4. **bears the seal/stamp of**

   Embassy of Switzerland US Interests Section Tehran

**Certified**

5. **at Berne** 6. **the** 10 May 2011
7. **by** Ruth Egger
   **functionary of the Swiss federal Chancellery**
8. **No** 008118
9. **Seal/stamp:** 10. **Signature:**

   Swiss federal Chancellery

SWISS FEDERAL CHANCELLERY

**Ruth Egger**

ترجمه غیر رسمی

سفارت سوئیس

شماره IE- ۱۰۳۳

سفارت سوئیس در تهران با اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران احتراما" توجه آن وزارت محترم را به دعوی حقوقی تحت عنوان ترانس والور و افراد دیگر علیه جمهوری اسلامی ایران و افراد دیگر تحت دعاوی ادغام شده به شماره 1:03-cv-1959 ، 1:08-cv-1273 ، 1:06-CV-750 ، 1:06-cv-516 که در دادگاه بخش فدرال ایالات متحده آمریکا برای ناحیه کلمبیا مفتوح میباشد جلب مینماید . وزارت اطلاعات و امنیت ایران طرف خوانده در این پرونده میباشد . قسمت حافظ منافع خارجی بنا به درخواست دادگاه فدرال ناحیه ای ایالات متحده بدینوسیله یک فقره حکم تجدید نظر و قضاوت را ایفاد میدارد . برابر مقررات فصل ۲۸ بخش ۱۶۰۸ بند (الف) (٤) مجموعه قوانین ایالات متحده ، این یادداشت به منزله ابلاغ مدارک مذکور به دولت جمهوری اسلامی ایران تلقی میگردد .

این قسمت علاوه بر حکم تجدید نظر و قضاوت فوق الاشعار یک فقره اعلان دادخواست تهیه شده توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی را به پیوست ایفاد میدارد . خاطرنشان میسازد که طبق قوانین ایالات متحده آمریکا ، توقیف و ضبط قانونی اموال و اقدام به اجرای حکم برابر با فصل ۲۸ بخش ۱۶۱۰ مجموعه قوانین ایالات متحده آمریکا ممکن است پس از مدت زمانی منطقی بعد از اعلام حکم قصور آغاز گردد .

بدینوسیله اشعار میدارد که طبق قوانین ایالات متحده آمریکا هر گونه دفاع مربوط به قلمرو قضایی و یا دفاع دیگری از جمله عنوان نمودن مصونیت مبنی بر حاکمیت بایستی خطاب به دادگاهی صورت گیرد که موضوع در آن مفتوح میباشد و از این رو مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه میگردد . این مشاور حقوقی میتواند در صورت تمایل به اقامه اعتراض قانونی به اقدامات اولیه و یا اقدامات مربوط به اجرای حکم قصور راهنمایی لازم را ارائه دهد . در غیر اینصورت سیر کار پرونده بدون آنکه فرصت ارائه شواهد و دفاعیه وجود داشته باشد ادامه پیدا خواهد کرد . وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو در مورد قوانین مربوطه میباشد . دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود .

سفارت سوئیس موقع را مغتنم شمرده احترامات فائقه خود را نسبت به وزارت امور خارجه جمهوری اسلامی ایران تجدید مینماید .

تهران ، بتاریخ هجدهم اسفند ماه ۱۳۸۹ (۹ مارس ۲۰۱۱)

پیوست : ۱- حکم تجدید نظر و قضاوت
۲- اعلان دادخواست
۳- قانون مصونیت مبنی بر حاکمیت
۲- ترجمه ها

وزارت امور خارجه جمهوری اسلامی ایران
تهران

# EXHIBIT 11

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**KENNETH S. SPENCER, JR., *et al.*,**

**Plaintiffs,**

**v.** — **Civil No. 12-42 (RCL)**

**ISLAMIC REPUBLIC OF IRAN,**

**Defendant.**

**<u>ORDER AND JUDGMENT</u>**

In accordance with the Memorandum Opinion issued this date, it is hereby

**ORDERED** that final judgment is entered in favor of all plaintiffs except for Willard Howell and against defendant; and it is further

**ORDERED** that the plaintiffs directly injured in the Marine barracks bombing in Beirut are awarded $17,111,376 in compensatory damages and $58,863,133.44 in punitive damages, for a total award of $75,974,509.44 to be distributed as follows

| Plaintiff name | Pain and suffering damages | Economic damages | Punitive damages |
|---|---|---|---|
| Kenneth Spencer, Jr.[1] | $2,000,000 | $0 | $6,880,000 |
| Samuel P. Rice | $1,500,000 | $0 | $5,160,000 |
| Steven Joseph Diaz | $2,000,000 | $0 | $6,880,000 |
| Estate of David Brown | $0 | $889,752 | $3,060,746.88 |
| Estate of Jesse James Ellison | $0 | $721,624 | $2,482,386.56 |
| Robert Sword | $1,500,000 | $0 | $5,160,000 |

[1] In some instances, there are discrepancies between the spelling of plaintiff names adopted in the special master reports and those in materials submitted by the plaintiffs. For purposes of this Order and the accompanying Memorandum Opinion issued this date, the Court has adopted the spellings used in the plaintiffs' first amended complaint and in the affidavits submitted in support of their motion for default judgment. First Am. Compl. For Damages, ECF No. 15; Pl.'s Memo. Of Points and Authorities in Support of their Renewed Mot. for Entry of Default J., ECF No. 32.

| | | | |
|---|---|---|---|
| Steven Sibille | $1,500,000 | $0 | $5,160,000 |
| Donald Howell | $7,000,000 | $0 | $24,080,000 |

It is further **ORDERED** that the plaintiffs who are family members of those directly injured in the barracks bombing are awarded $85,050,000 in compensatory damages and $292,572,000 in punitive damages, for a total award of $377,622,000 to be distributed as follows

| **Plaintiff name** | **Relative** | **Relationship to relative** | **Solatium damages** | **Punitive damages** |
|---|---|---|---|---|
| Frances Spencer | Kenneth Spencer, Jr. | Parent | $1,000,000 | $3,440,000 |
| Estate of Kenneth Spencer, Sr. | Kenneth Spencer, Jr. | Parent | $1,000,000 | $3,440,000 |
| Amy Morrow | Kenneth Spencer, Jr. | Sibling[2] | $650,000 | $2,236,000 |
| Karen Brown | Kenneth Spencer, Jr. | Sibling | $650,000 | $2,236,000 |
| Kris Boerger | Kenneth Spencer, Jr. | Sibling | $650,000 | $2,236,000 |
| Samuel O. Rice | Samuel P. Rice | Parent | $850,000 | $2,924,000 |
| Belinda Rice | Samuel P. Rice | Parent | $850,000 | $2,924,000 |
| Amy Cogswell | Samuel P. Rice | Sibling | $500,000 | $1,720,000 |
| David Rice | Samuel P. Rice | Sibling | $500,000 | $1,720,000 |
| Todd Rice | Samuel P. Rice | Sibling | $500,000 | $1,720,000 |
| Valerie Trail | Samuel P. Rice | Sibling | $500,000 | $1,720,000 |
| Daniel Rice | Samuel P. Rice | Sibling | $500,000 | $1,720,000 |
| Lisa Schultz | Samuel P. Rice | Sibling | $500,000 | $1,720,000 |
| Steven James Diaz | Steven Joseph Diaz | Child | $900,000 | $3,096,000 |
| Jane Astrid Diaz | Steven Joseph Diaz | Former Spouse | $1,250,000 | $4,300,000 |
| Robert Diaz | Steven Joseph Diaz | Parent | $1,000,000 | $3,440,000 |
| Teresa Diaz | Steven Joseph Diaz | Parent | $1,000,000 | $3,440,000 |
| Magdalena Mary Diaz | Steven Joseph Diaz | Sibling | $650,000 | $2,236,000 |
| Raul Diaz | Steven Joseph Diaz | Sibling | $650,000 | $2,236,000 |
| Edward Diaz | Steven Joseph Diaz | Sibling | $650,000 | $2,236,000 |

[2] The designation "sibling" in this Order includes half-brothers and half-sisters.

Case 1:06-cv-01455-RCL Document 24-1 Filed 01/23/14 Page 3 of 4

| | | | | |
|---|---|---|---|---|
| Estate of Daniel P. Diaz | Steven Joseph Diaz | Sibling | $650,000 | $2,236,000 |
| Carmella Wood | John Weyl | Parent | $5,000,000 | $17,200,000 |
| Patsy McEntire | David Brown | Parent | $6,000,000 | $20,640,000 |
| Lewis Brown | David Brown | Parent | $5,000,000 | $17,200,000 |
| Lisa Maybin | David Brown | Sibling | $2,500,000 | $8,600,000 |
| Ronny Brown | David Brown | Sibling | $2,500,000 | $8,600,000 |
| Cynthia Burt | David Brown | Sibling | $2,500,000 | $8,600,000 |
| Estate of Therisa Edwards | David Brown | Sibling | $2,500,000 | $8,600,000 |
| Estate of Andres Alvarado Mirbal | Pedro Alvarado | Parent | $3,500,000 | $12,040,000 |
| Estate of Nerida Tull Baez | Pedro Alvarado | Parent | $3,500,000 | $12,040,000 |
| Estate of Margaret O’Brien | Jeffrey O’Brien | Parent | $850,000 | $2,924,000 |
| Mitchell Anderson | Jack Anderson | Sibling | $1,250,000 | $4,300,000 |
| Estate of Virginia Ellison | Jesse James Ellison | Parent | $5,000,000 | $17,200,000 |
| Estate of Kenneth Ellison | Jesse James Ellison | Parent | $5,000,000 | $17,200,000 |
| Kimberly Carlson | Jesse James Ellison | Sibling | $2,500,000 | $8,600,000 |
| Gary Carlson | Jesse James Ellison | Sibling | $2,500,000 | $8,600,000 |
| Daniel Carlson | Jesse James Ellison | Sibling | $2,500,000 | $8,600,000 |
| William Carlson | Jesse James Ellison | Sibling | $2,500,000 | $8,600,000 |
| Penny Nelson | Jesse James Ellison | Sibling | $2,500,000 | $8,600,000 |
| Beulah Sword | Robert Sword | Parent | $850,000 | $2,924,000 |
| William Sword | Robert Sword | Sibling | $500,000 | $1,720,000 |
| John Sword | Robert Sword | Sibling | $500,000 | $1,720,000 |
| Jerry Sword | Robert Sword | Sibling | $500,000 | $1,720,000 |
| Caroline Broadwine | Robert Sword | Sibling | $500,000 | $1,720,000 |
| Estate of Verian Sibille | Steven Sibille | Parent | $850,000 | $2,924,000 |
| Estate of Victor Sibille, Jr. | Steven Sibille | Parent | $850,000 | $2,924,000 |
| Victor Sibille IV | Steven Sibille | Sibling | $500,000 | $1,720,000 |
| Kevin Sibille | Steven Sibille | Sibling | $500,000 | $1,720,000 |
| Valerie Unkel | Steven Sibille | Sibling | $500,000 | $1,720,000 |
| Pamela Schultz | Steven Sibille | Sibling | $500,000 | $1,720,000 |
| Stephanie Hardy | Steven Sibille | Sibling | $500,000 | $1,720,000 |

| | | | | |
|---|---|---|---|---|
| Mary Jane Howell | Donald Howell | Parent | $2,500,000 | $8,600,000 |
| Ronald Howell | Donald Howell | Sibling | $1,250,000 | $4,300,000 |
| Donna Black | Donald Howell | Sibling | $1,250,000 | $4,300,000 |

It is further **ORDERED** that defendant shall be liable for the entire $453,596,509.44 amount set forth above; and it is further

**ORDERED** that final judgment as to Willard Howell is hereby entered dismissing his claim for damages; and it is further

**ORDERED** that plaintiffs shall forthwith, at their own cost and consistent with the requirements of 28 U.S.C. § 1608(e), send a copy of this Order and Judgment, and the Memorandum Opinion issued this date, to defendant.

This is a final, appealable order. *See* Fed. R. App. P. 4(a).

It is **SO ORDERED**.

Signed by Royce C. Lamberth, United States District Judge, on October 14, 2014.

# EXHIBIT 12

United States Department of State

*Washington, D.C. 20520*

February 22, 2015

Angela D. Caesar
Clerk of Court
United States District Court
For the District of Columbia

**Re: Kenneth S. Spencer Jr., et al. v. The Republic of Iran, et al., Civil No. 12-42 (RCL)**

Dear Ms. Caesar:

I am writing regarding the Court's request for service of Amended Summons, Complaint, Standing Order, and Notice of Suit pursuant to 28 U.S.C. 1608(a)(4) upon the Islamic Republic of Iran and the Iranian Ministry of Information and Security in the above mentioned lawsuit.

Because the United States does not maintain diplomatic relations with the government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note number 1109-IE and 1104-IE, dated and delivered on December 22, 2015. Certified copies of the diplomatic notes are enclosed.

Should you have any questions regarding this matter, please do not hesitate to contact Daniel Klimow at (202) 485-6224.

Sincerely,

Jared Hess
Attorney Adviser
Overseas Citizens Services
Office of Legal Affairs

RECEIVED
Mail Room
FEB 25 2016
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Cc: Patrick M. Donahue
Wise & Donahue
18 West Street
Annapolis, Maryland 21401

SPECIFIC AUTHENTICATION CERTIFICATE

ederation of Switzerland )
, Canton of Bern ) SS:
ssy of the United States of America )

mothy P Buckley, a consular officer at the Embassy of
nited States at Bern, Switzerland, certify that this
true copy of Embassy note number 25091 dated December
015, which was transmitted to the Swiss Ministry of
gn Affairs on December 16, 2015 for further
nission to the American Interests Section of the Swiss
sy in Tehran, Iran.

(Signature of Consular Officer)

Timothy P BUCKLEY
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

January 28, 2016
(Date)

*Embassy of the United States of America*

December 14, 2015

CONS NO. 25091

Federal Department of Foreign
Affairs
Foreign Interests Service
Bundeshaus Nord
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities Act (FSIA) - Kenneth S. Spencer, Jr., et al. v. the Islamic Republic of Iran, et al., Civ. No. 12-42 (RCL)

REF: ----

The Department of State has requested the delivery of the enclosed Order and Judgment, and Memorandum Opinion to the Ministry of Foreign Affairs of the Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities Act in the matter of Kenneth S. Spencer, Jr., et al. v. the Islamic Republic of Iran, et al., Civ. No. 12-42 (RCL).

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the documents to the American Interests Section of the Swiss Embassy in Tehran. The Islamic Republic of Iran is a defendant in this case. The American Interests Section should transmit the Order and Judgment, and Memorandum Opinion to the Iranian Ministry of Foreign Affairs under cover of a diplomatic note utilizing the language provided in the enclosed instruction.

Transmittal should be done in a manner which enables the Embassy to confirm delivery. The American Interests Section should execute a certification of the diplomatic note, which will be forwarded by the Department of State to the requesting court in the United States.

losed is the appropriate part of a message the Embassy ceived from the Department of State as well as one set of ocuments for the Islamic Republic of Iran.

The Embassy would appreciate being informed of the date the American Interests Section of the Swiss Embassy in Tehran receives the documents as well as the date the Interests Section forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.

EMBASSY OF THE UNITED STATES OF AMERICA BERN

SPECIFIC AUTHENTICATION CERTIFICATE

ederation of Switzerland )
n, Canton of Bern ) SS:
assy of the United States of America )

rtify that the annexed document bears the genuine seal
he Swiss Federal Department of Foreign Affairs.

tify under penalty of perjury under the laws of the
d States that the foregoing is true and correct.

Timothy P. Buckley
(Signature of Consular Officer)

Timothy P BUCKLEY
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

January 28, 2016
(Date)

Federal Department of Foreign Affairs FDFA

K.252.22-USA/IRAN 02 – 4

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 25091 dated December 14, 2015 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance: Lawsuit Kenneth S. Spencer, Jr., et al. v. the Islamic Republic of Iran, et al., Civ. No. 12-42 (RCL)

- Note No. 1109-IE addressed to The Islamic Republic of Iran,

dated December 22, 2015 and proof of service, dated December 22, 2015, as well as the certification by the Swiss Federal Chancellery dated January 12, 2016.

The section has received the above mentioned documents on December 22, 2015. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on December 22, 2015. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration. MS

Berne, January 12, 2016

<u>*Enclosure mentioned*</u>




To the
Embassy of the
United States of America

<u>Berne</u>

SPECIFIC AUTHENTICATION CERTIFICATE

ederation of Switzerland )
, Canton of Bern ) SS:
ssy of the United States of America )

rtify that the annexed document is executed by the
e ine signature and seal of the following named official
h in an official capacity, is empowered by the laws of
w zerland to execute that document.

rtify under penalty of perjury under the laws of the
n d States that the foregoing is true and correct.

Yvonne AGOSTI
(T ed name of Official who executed the annexed document)

[signature]
(Signature of Consular Officer)

Timothy P BUCKLEY
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

January 28, 2016
(Date)

Embassy of Switzerland in Iran
Foreign Interests Section

No. 1109-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran and has the honor to refer the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit Kenneth S. Spencer, Jr., et al. v. Islamic Republic of Iran, et al., Civ. No. 12-42 (RCL), which is pending in the U.S. Federal District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in that lawsuit. The Embassy transmits an Order and Judgment, and Memorandum of Opinion. The U.S. Federal District Court has requested the transmittal of these documents. This note constitutes transmittal of these documents to the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4).

In addition to the Memorandum of Opinion, the Embassy is enclosing a Notice of Default Judgment, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving notice of the default judgment.

The Embassy has been advised that under the laws of the United States, any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. Such legal counsel can advise about raising legal objections, if any, either in the underlying proceeding or should there be a proceeding relating to enforcement of the default judgment. Otherwise, proceedings will continue without an opportunity to present evidence or possible defenses. Consistent with practice, the United States Department of State is available to discuss with counsel the requirements of U.S. law. The United States Government is not a party to this litigation and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Attachments:

1. Order and Judgment, and Memorandum of Opinion
2. Translations

EMBASSY OF SWITZERLAND IN IRAN

Tehran, December 22, 2015

Ministry of Foreign Affairs
Islamic Republic of Iran
Tehran

I, Marc Jenoure, Deputy Head of the Foreign Interests Section of the Embassy of Switzerland in Iran, certify herewith that this is a true copy of the diplomatic note number 1109-IE dated December 22, 2015. The delivery of this note and its enclosures was attempted on December 22, 2015, but the Iranian Ministry of Foreign Affairs refused its acceptance.

Marc Jenoure
Deputy Head of Foreign Interests Section

Tehran, December 22, 2015

EMBASSY OF SWITZERLAND U.S. INTERESTS SECTION TEHRAN

**APOSTILLE**
**(Convention de la Haye du 5 octobre 1961)**

1. **Country:** SWISS CONFEDERATION

   **This public document**

2. **has been signed by** Marc Jenoure
3. **acting in the capacity of deputy head of Foreign Interests Section**
4. **bears the seal/stamp of**

   Embassy of Switzerland US Interests Section Tehran

**Certified**

5. **at Berne** 6. **the** 12 January 2016
7. **by** Yvonne Agosti
   **functionary of the Swiss federal Chancellery**
8. **No** 000544
9. **Seal/stamp:** 10. **Signature:**

   Swiss federal Chancellery

SWISS FEDERAL CHANCELLERY

سفارت سوئیس
قسمت حافظ منافع خارجی

شماره IE– ۱۱۰۹

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران با اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران احتراما" توجه آن وزارت محترم را به دعوای حقوقی تحت عنوان کنت س. سپنسر، پسر، و دیگران، علیه جمهوری اسلامی ایران، و دیگران، تحت پرونده دعوای مدنی به شماره ۴۲-۱۲ (RCL)، که در دادگاه منطقه ای ایالات متحده در منطقه کلمبیا مفتوح میباشد، جلب می نماید. جمهوری اسلامی ایران طرف خوانده در این پرونده می باشد. سفارت بنا به درخواست دادگاه منطقه ای ایالات متحده بدینوسیله یک فقره دستور و قضاوت، و حکم بخشنامه ای را ایفاد می دارد. برابر مقررات فصل ۲۸ بخش ۱۶۰۸ بند (الف)(۴) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدارک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

سفارت علاوه بر حکم بخش نامه ای، اطلاعیه قضاوت در قصور تهیه شده توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی را به پیوست ایفاد می دارد. لطفا" توجه داشته باشید که طبق قوانین ایالات متحده، ضبط و اجرای حکم دادگاه پیرو مقررات فصل ۲۸ بخش ۱۶۱۰ مجموعه قوانین ایالات متحده می تواند بعد از مدت زمانی منطقی از تاریخ اطلاعیه قضاوت در قصور آغاز شود.

بدینوسیله اشعار می دارد که به موجب قوانین ایالات متحده آمریکا هر گونه دفاع مربوط به قلمرو قضائی و یا دفاع دیگری از جمله عنوان نمودن مصونیت مبنی بر حاکمیت بایستی خطاب به دادگاهی صورت گیرد که موضوع در آن مفتوح می باشد و از این رو مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. چنین مشاور حقوقی میتواند در صورت اعتراض حقوقی در مورد اقدام اساسی یا اقدام مربوط به اجرای قضاوت در قصور، توصیه هائی بنماید. در غیر این صورت سیر کار پرونده بدون آنکه فرصت ارائه شواهد و دفاعیه وجود داشته باشد، ادامه پیدا خواهد کرد. وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو در مورد قوانین مربوطه میباشد. دولت ایالات متحده آمریکا از طرفین این پرونده دادخواهی نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی موقع را مغتنم شمرده مراتب احترامات فائقه خود را نسبت به وزارت امور خارجه جمهوری اسلامی ایران تجدید می نماید.

تهران، بتاریخ یکم دی ماه ۱۳۹۴ (۲۲ دسامبر ۲۰۱۵)

EMBASSY OF SWITZERLAND IN IRAN

پیوست: ۱- دستور و قضاوت، و حکم بخشنامه ای
۲- ترجمه ها

وزارت امور خارجه
جمهوری اسلامی ایران
تهران

# EXHIBIT 13

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KEVIN AYRES,** ***et al.*****,** | |
| **Plaintiffs,** | |
| **v.** | **Case No.: 1:18-cv-00265 (RCL)** |
| **THE ISLAMIC REPUBLIC OF IRAN,** | |
| **Defendant.** | |

## AMENDED ORDER AND JUDGMENT

In accordance with the Amended Memorandum Opinion issued this date, it is hereby,

**ORDERED** that final judgment is entered in favor of all plaintiffs and against defendant; it is furthermore,

**ORDERED** that plaintiffs are awarded $73,306,625.00 in compensatory damages and $252,174,790.00 in punitive damages, for a total award of $325,481,415.00, to be distributed as follows:

| **Plaintiff** | **Pain & Suffering** | **Solatium** | **Economic** | **Punitive** |
|---|---|---|---|---|
| Kevin R. Ayres | $750,000.00 | | $1,519,630.00 | $7,807,527.20 |
| Carl D. Cronin | $1,500,000.00 | | $2,352,115.00 | $13,251,275.60 |
| Dwayne N. Hall | $1,500,000.00 | | $1,832,717.00 | $11,464,546.48 |
| Sandra Lee Hammond | | $2,500,000.00 | | $8,600,000.00 |
| Warner Lee Haynes | $1,500,000.00 | | $2,286,859.00 | $13,026,794.96 |
| Amanda Lee Smith | | $750,000.00 | | $2,580,000.00 |
| Russell R. Jarvis | $1,500,000.00 | | $1,389,767.00 | $9,940,798.48 |
| Michael W. Kelley | $1,500,000.00 | | | $5,160,000.00 |
| Ernest D. Kelley | | $850,000.00 | | $2,924,000.00 |
| Ruth D. Kelley | | $850,000.00 | | $2,924,000.00 |
| Dennis R. Kelley | | $500,000.00 | | $1,720,000.00 |

| Plaintiff | Pain & Suffering | Solatium | Economic | Punitive |
|---|---|---|---|---|
| Teresa D. Cearley | | $500,000.00 | | $1,720,000.00 |
| Lisa A. Fletcher | | $500,000.00 | | $1,720,000.00 |
| William C. Kilgore, Jr. | $2,000,000.00 | | $2,633,432.00 | $15,939,006.08 |
| Myron A. Kyle | $0.00 | | $0.00 | $0.00 |
| Gary G. Lewis | $2,000,000.00 | | $1,070,743.00 | $10,563,355.92 |
| Deborah Lee Marshall | | $1,000,000.00 | | $3,440,000.00 |
| Estate of Jack Lee Martin | | | $1,003,650.00 | $3,452,556.00 |
| James N. Martin Sr. | | $5,000,000.00 | | $17,200,000.00 |
| Linda L. Martin | | $5,000,000.00 | | $17,200,000.00 |
| James N. Martin Jr. | | $2,500,000.00 | | $8,600,000.00 |
| Joe Carroll Martin | | $2,500,000.00 | | $8,600,000.00 |
| Jeb Scott Martin | | $2,500,000.00 | | $8,600,000.00 |
| Jill Barton | | $2,500,000.00 | | $8,600,000.00 |
| Stacey T. McGinnis | $1,500,000.00 | | $2,412,704.00 | $13,459,701.76 |
| Charles R. Ogle | $2,000,000.00 | | | $6,880,000.00 |
| Melanie A. Ogle | | $1,320,000.00 | | $4,540,800.00 |
| Michael B. Oross | $2,000,000.00 | | | $6,880,000.00 |
| Megunah B. Qehath | $750,000.00 | | $1,893,424.00 | $9,093,378.56 |
| Eugene Smith | $2,000,000.00 | | $1,351,262.00 | $11,528,341.28 |
| Brian M. Teek | $1,500,000.00 | | $1,040,322.00 | $8,738,707.68 |
| Virgil T. Young, Jr. | $1,500,000.00 | | | $5,160,000.00 |
| Isiah J. Young | | $150,000.00 | | $516,000.00 |
| Chyla D. Young | | $100,000.00 | | $344,000.00 |
| TOTAL | $23,500,000.00 | $29,020,000.00 | $20,786,625.00 | $252,174,790.00 |

It is furthermore,

**ORDERED** that defendant shall be liable for the entire amount; it is further,

**ORDERED** that plaintiffs shall forthwith, at their own expense and consistent with the requirements of 28 U.S.C. § 1608(e), send a copy of this Amended Order and Judgment, and the Amended Memorandum Opinion issued this date to defendant.

This is a final appealable order. *See* Fed. R. App. P. 4(a).

It is **SO ORDERED.**

DATE: May 3, 2022

Royce C. Lamberth
United States District Court for the
District of Columbia

# EXHIBIT 14

**United States Department of State**

***Washington, D.C. 20520***

December 6, 2022

Ms. Angela D. Caesar
Clerk of the Court
United States District Court
For the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

**Re: *Kevin Ayers, et al. v. Islamic Republic of Iran, et al.,* 1:18-cv-00265**

Dear Ms. Caesar:

I am writing regarding the Court's request for transmittal of an Amended Order and Judgment, Amended Memorandum Opinion, and Notice of Default Judgment to the Government of the Islamic Republic of Iran pursuant to 28 U.S.C. Sections 1608(a)(4) and (e) as a defendant in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the Government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1121-IE, dated November 8, 2022, and delivered on November 13, 2022. A certified copy of the diplomatic note is enclosed.

Sincerely,

Jared N. Hess
Attorney Adviser
Office of the Legal Adviser
L/CA/POG/GC

Cc: Tracy Reichman Kalik
Heideman, Nudelman & Kalik, P.C
1146 19th St. NW
Washington, DC 20036

RECEIVED
Mail Room
DEC 22 2022
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

# SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I, Jack F. Pan, a consular officer at the Embassy of the United States at Bern, Switzerland, certify that this is a true copy of Embassy note number 27852 dated October 14, 2022, which was transmitted to the Swiss Ministry of Foreign Affairs on October 19, 2022, for further transmission to the American Interests Section of the Swiss Embassy in Tehran, Iran.

(Signature of Consular Officer)

Jack F. PAN
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

November 25, 2022
(Date)

*Embassy of the United States of America*

October 14, 2022

CONS NO. 27852

Federal Department of Foreign Affairs
Foreign Interests Section
Kochergasse 10
Federal Palace North
Office #4.001
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities Act (FSIA) – Kevin Ayers, et al., v. The Islamic Republic of Iran, 1:18-cv-00265

REF: ----

The Department of State has requested the delivery of the enclosed Amended Order and Judgment, Amended Memorandum Opinion, and Notice of Default Judgment to the Ministry of Foreign Affairs of the Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities Act in the matter Kevin Ayers, et al., v. The Islamic Republic of Iran, 1:18-cv-00265.

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the documents to the American Interests Section of the Swiss Embassy in Tehran. There is one defendant to be served in this case: the Islamic Republic of Iran. The American Interests Section should transmit the Amended Order and Judgment, Amended Memorandum Opinion, and Notice of Default Judgment to the Iranian Ministry of Foreign Affairs under cover of one diplomatic note utilizing the language provided in the enclosed instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery. The American Interests Section should execute certifications of the diplomatic notes, which will be forwarded by the Department of State to the requesting court in the United States.

Enclosed is one appropriate part of a message the Embassy received from the Department of State as well two sets of documents for each defendant.

The Embassy would appreciate being informed of the date the American Interests Section of the Swiss Embassy in Tehran receives the documents as well as the date the Interests Section forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.

EMBASSY OF THE UNITED STATES OF AMERICA BERN

**BEGIN TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT THE ISLAMIC REPUBLIC OF IRAN**

The Embassy of Switzerland, Foreign Interests Section in Tehran refers the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit *Kevin Ayers, et al., v. The Islamic Republic of Iran*, 1:18-cv-00265, in the U.S. District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in this case. The Foreign Interests Section transmits an Amended Order and Judgment and Amended Memorandum Opinion herewith. The U.S. District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4) and (e).

In addition to the Amended Order and Judgment and Amended Memorandum Opinion, the Foreign Interests Section is enclosing a Notice of Default Judgment, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1. Amended Order and Judgment, Amended Memorandum Opinion, and Notice of Default Judgment
2. Translations

**END TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN**

## SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I certify that the annexed document bears the genuine seal of the Swiss Federal Department of Foreign Affairs.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

(Signature of Consular Officer)

Jack F. PAN
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

November 25, 2022
(Date)

eizerische Eidgenossenschaft
nfédération suisse
onfederazione Svizzera
Confederaziun svizra

**Federal Department of Foreign Affairs FDFA**

33701

K. 346-01-02-01-USA/IRAN

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 27852 dated October 14, 2022 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance:

**-Lawsuit Kevin Ayers, et al. v. The Islamic Republic of Iran, 1:18-cv-00265**

- Note 1121-IE addressed to the Government of the Islamic Republic of Iran

dated November 08, 2022 and proof of service, dated November 13, 2022 as well as the certification by the Swiss Federal Chancellery dated November 22, 2022.

The section has received the above mentioned documents on October 31, 2022. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on November 13, 2022. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, November 22, 2022

*Enclosure(s) mentioned*

To the
Embassy of the
United States of America

Berne

SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I certify that the annexed document is executed by the genuine signature and seal of the following named official who, in an official capacity, is empowered by the laws of Switzerland to execute that document.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Lara LORELLA
(Typed name of Official who executed the annexed document)

(Signature of Consular Officer)

Jack F. PAN
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)



November 25, 2022
(Date)

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No. 1121-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit *Kevin Ayers, et al. v. The Islamic Republic of Iran*, 1:18-cv-00265, in the U.S. District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in this case. The Embassy transmits an Amended Order and Judgement and Amended Memorandum Opinion herewith. The U.S. District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4) and (e).

In addition to the Amended Order and Judgement and Amended Memorandum Opinion, the Embassy is enclosing a Notice of Default Judgement prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran - November 08, 2022

EMBASSY OF SWITZERLAND IN IRAN

Attachments:
1. Amended Order and Judgement, Amended Memorandum Opinion, and Notice of Default Judgment
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, Pia Müller, Deputy Head of the Foreign Interests Section of the Embassy of Switzerland in Iran, herewith that this is a true copy of Diplomatic Note No. 1121-IE, dated November 08, 2022. The del of this note and its enclosures was attempted on November 13, 2022, but the Iranian Ministry of Fore Affairs refused its acceptance.

Pia Müller
Deputy Head of the Foreign Interests Section

Tehran - November 13, 2022

EMBASSY OF SWITZERLAND U.S. INTERESTS SECTION TEHRAN

**APOSTILLE**
**(Convention de La Haye du 5 octobre 1961)**

1. **Country:** SWISS CONFEDERATION

**This public document**

2. **has been signed by** Pia Müller
3. **acting in the capacity of Deputy Head of the Foreign Interests Section**
4. **bears the seal/stamp of**

Embassy of Switzerland US Interests Section, Tehran

**Certified**

5. **at Berne**
6. **the** 22 November 2022
7. **by** Lara Lorella
**functionary of the Swiss federal Chancellery**
8. **No** 028867
9. **Seal/stamp:**
Swiss federal Chancellery
10. **Signature:**

SWISS FEDERAL CHANCELLERY

ترجمه غیر رسمی

سفارت سوئیس
**قسمت حافظ منافع خارجی**

شماره IE – 1121

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران، ضمن اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران، احتراماً توجه آن وزارتخانه محترم را به دعوا ی حقوقی تحت عنوان کوین آیرس و دیگران علیه جمهوری اسلامی ایران، تحت پرونده مدنی شماره 1:18-cv-00265 که در دادگاه منطقه ای ایالات متحده در منطقه کلمبیا مفتوح میباشد، جلب می نماید. جمهوری اسلامی ایران طرف خوانده در این پرونده می باشد. سفارت سوئیس بنا به درخواست دادگاه منطقه ای ایالات متحده در منطقه کلمبیا، یک فقره اصلاحیه رای و حکم دادگاه و اصلاحیه رای غیر رسمی را ایفاد می دارد. برابر مقررات فصل 28 بخش 1608 بند (الف)(4) و (e) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدارک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

سفارت علاوه بر اصلاحیه رای و حکم دادگاه و اصلاحیه رای غیر رسمی، ابلاغیه حکم غیابی که توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی تهیه شده است، را به پیوست ایفاد می دارد. لطفاً توجه داشته باشید که متعاقب مقررات فصل 28 بخش 1610 مجموعه قوانین ایالات متحده آمریکا، اقدامات اجرائی و حکم می توانند بعد از مدت زمان معقول از دادن اطلاع از حکم غیابی، آغاز گردد.

سفارت بدینوسیله اشعار می دارد که بموجب قوانین ایالات متحده آمریکا، هر گونه دفاع مربوط به قلمرو قضائی و اداری و یا دفاع دیگری، از جمله عنوان نمودن مصونیت دولت ها، باید در مقابل دادگاه صورت گیرد. از این رو مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو با مشاور در مورد قوانین مربوطه میباشد. دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی، موقع را مغتنم شمرده مراتب احترامات فائقه خود را نسبت به وزارت امور خارجه جمهوری اسلامی ایران تجدید می نماید.

تهران - بتاریخ هفدهم آبان ماه ۱۴۰۱ (۰۸ نوامبر ۲۰۲۲)

پیوست: ۱ – اصلاحیه رای و حکم دادگاه، اصلاحیه رای غیر رسمی و ابلاغیه حکم غیابی
۲ - ترجمه ها

EMBASSY OF SWITZERLAND IN IRAN

**اداره امور آمریکا**
**وزارت امور خارجه**
**جمهوری اسلامی ایران**
**تهران**

# EXHIBIT 15

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ARNOLD ROTH, *et al.*,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Civil No. 11-1377 (RCL)** |
| **ISLAMIC REPUBLIC OF IRAN, *et al.*,** | ) | |
| **Defendants.** | ) | |

**ORDER AND JUDGMENT**

Before the Court is plaintiffs' motion for default judgment. ECF Nos. 25, 34. For the reasons stated in the Memorandum Opinion issued this date and upon consideration of plaintiffs' motion, the record, records of prior proceedings in related cases before this Court, and defendants' failure to appear, it is hereby

**ORDERED** that plaintiffs' motion for default judgment is **DENIED IN PART** as to plaintiff Elisheva Roth and otherwise **GRANTED IN PART**; and it is further

**ORDERED** that final judgment is entered in favor of all plaintiffs except for Elisheva Roth and against defendants Islamic Republic of Iran and the Iranian Ministry of Information and Security ("MOIS"); and it is further

**ORDERED** that the prevailing plaintiffs shall receive $18,691,019 in compensatory damages and $112,500,000 in punitive damages, divided in the following amounts

| Plaintiff | Compensatory damages | Punitive damages | Total damages |
|---|---|---|---|
| Estate of Malka Roth | $1,191,019 | $7,168,664.10 | $8,359,683.10 |
| Frimet Roth | $5,000,000 | $30,094,667.40 | $35,094,667.40 |

| | | | |
|---|---|---|---|
| Pesia Roth | $2,500,000 | $15,047,333.70 | $17,547,333.70 |
| Rivka Roth Rappaport | $2,500,000 | $15,047,333.70 | $17,547,333.70 |
| Zvi Roth | $2,500,000 | $15,047,333.70 | $17,547,333.70 |
| Shaya Roth | $2,500,000 | $15,047,333.70 | $17,547,333.70 |
| Pinchas Roth | $2,500,000 | $15,047,333.70 | $17,547,333.70 |

It is further **ORDERED** defendants Iran and MOIS shall be jointly and severally liable for the entire judgment amount of $131,191,019; and it is further

**ORDERED** that final judgment as to Elisheva Roth is hereby entered dismissing her claim for damages; and it is further

**ORDERED** that plaintiffs shall forthwith, at their own cost and consistent with the requirements of 28 U.S.C. § 1608(e), send a copy of this Order and Judgment, and the Memorandum Opinion issued this date, to defendants.

This is a final, appealable order. *See* Fed. R. App. P. 4(a).

It is **SO ORDERED**.

Signed by Royce C. Lamberth, United States District Judge, on January 27, 2015.

# EXHIBIT 16

United States Department of State

*Washington, D.C. 20520*

November 30, 2015

RECEIVED
DEC 03 2015
Clerk, U.S. District and Bankruptcy Courts

Ms. Angela D. Caesar
Clerk of the Court
United States District Court
For the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

**Re: Arnold Roth et al., v. Islamic Republic of Iran, et al., Case Number 1:11-cv-1377(RCL)**

Dear Ms. Caesar:

I am writing regarding the Court's request for service of Order and Judgment, Memorandum Opinion and Notice of Judgment pursuant to 28 U.S.C. 1608(a)(4) upon the Islamic Republic of Iran and the Iranian Ministry of Information and Security in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic notes numbers 1092-IE and 1093-IE, dated October 20, 2015 and attempted to be delivered on October 20, 2015, but the Iranian Ministry of Foreign Affairs refused its acceptance. Certified copies of the diplomatic notes are enclosed.

Should you have any questions regarding this matter, please do not hesitate to contact me at (202) 485-6224.

Sincerely,

Daniel Klimow
Attorney Adviser
Overseas Citizens Services
Office of Legal Affairs

RECEIVED
Mail Room
DEC - 2 2015
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Cc: Stuart H. Newberger
Crowell & Moring LLP
1001 Pennsylvania Ave., NW
Washington, DC 20005-2595

SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I, Timothy P Buckley, a consular officer at the Embassy of the United States at Bern, Switzerland, certify that this is a true copy of Embassy note number 24889 dated October 14, 2015, which was transmitted to the Swiss Ministry of Foreign Affairs on October 14, 2015 for further transmission to the American Interests Section of the Swiss Embassy in Tehran, Iran.

Timothy P. Buckley
(Signature of Consular Officer)

Timothy P BUCKLEY
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

November 17, 2015
(Date)

RECEIVED
Mail Room
DEC - 2 2015

*Embassy of the United States of America*

October 14, 2015

CONS NO. 24889

Federal Department of Foreign
Affairs
Foreign Interests Service
Bundeshaus Nord
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities Act (FSIA) - Roth, et al. v. the Islamic Republic of Iran, et al., 11-cv-1377 (RCL)

REF: ----

The Department of State has requested the delivery of the enclosed Order and Judgment, Memorandum Opinion, and Notice of Judgment to the Ministry of Foreign Affairs of the Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities Act in the matter of Roth, et al. v. the Islamic Republic of Iran, et al., 11-cv-1377 (RCL).

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the documents to the American Interests Section of the Swiss Embassy in Tehran. The Islamic Republic of Iran and the Iranian Ministry of Information and Security are defendants in this case. The American Interests Section should transmit the Order and Judgment, Memorandum Opinion, and Notice of Judgment to the Iranian Ministry of Foreign Affairs under cover of two diplomatic notes utilizing the language provided in the enclosed instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery. The American Interests Section should execute certifications of the diplomatic notes, which will be forwarded by the Department of State to the requesting court in the United States.

Enclosed are two appropriate parts of a message the Embassy received from the Department of State as well as two sets of documents for the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

The Embassy would appreciate being informed of the date the American Interests Section of the Swiss Embassy in Tehran receives the documents as well as the date the Interests Section forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.



# SPECIFIC AUTHENTICATION CERTIFICATE

onfederation of Switzerland )
ern, Canton of Bern ) SS:
mbassy of the United States of America )

certify that the annexed document bears the genuine seal of e Swiss Federal Department of Foreign Affairs.

certify under penalty of perjury under the laws of the United ates that the foregoing is true and correct.

Timothy P. Buckley
(Signature of Consular Officer)

Timothy P BUCKLEY
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

November 17, 2015
(Date)

RECEIVED
Mail Room
DEC - 2 2015
Angela D. Caesar
District

/weizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

**Federal Department of Foreign Affairs FDFA**

23497

K.252.22-USA/IRAN 02 – 4

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons note No. 24889 dated October 14, 2015 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance: Lawsuit Roth, et al.v. the Islamic Republic of Iran, et al., 11-cv-1377 (RCL)

- Note No. 1092-IE addressed to Islamic Republic of Iran
- Note No. 1093-IE addressed to the Iranian Ministry of Information and Security,

dated October 20, 2015 and proof of service, dated October 20, 2015, as well as the certification by the Swiss Federal Chancellery dated October 27, 2015.

The section has received the above mentioned documents on October 20, 2015. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic notes on October 20, 2015. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, October 27, 2015

*Enclosure mentioned*

To the
Embassy of the
United States of America

Berne

SPECIFIC AUTHENTICATION CERTIFICATE

federation of Switzerland )
n, Canton of Bern ) SS:
assy of the United States of America )

rtify that the annexed document is executed by the genuine
ature and seal of the following named official who, in an
cial capacity, is empowered by the laws of Switzerland to
ute that document.

tify under penalty of perjury under the laws of the United
s that the foregoing is true and correct.

Maya FONTAINE
yped name of Official who executed the annexed document)

Timothy P. Buckley
(Signature of Consular Officer)

Timothy P BUCKLEY
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

November 17, 2015
(Date)

RECEIVED
Mail Room
DEC - 2 2015
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
Foreign Interests Section

No. 1092-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran and has the honor to refer the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit Roth, et al. v. Islamic Republic of Iran, et al., 11-cv-1377 (RCL), which is pending in the U.S. Federal District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in that lawsuit. The Embassy transmits an Order and Judgment, Memorandum Opinion, and Notice of Judgment. The U.S. Federal District Court has requested the transmittal of these documents. This note constitutes transmittal of these documents to the Islamic Republic of Iran as provided for in Title 28, United States Code, Section 1608(a)(4).

In addition to the Order and Judgment, and Memorandum Opinion, the Embassy is enclosing a Notice of Judgement, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving notice of the default judgment.

The Embassy has been advised that under the laws of the United States, any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. Such legal counsel can advise about raising legal objections, if any, either in the underlying proceeding or should there be a proceeding relating to enforcement of the default judgment. Otherwise, proceedings will continue without an opportunity to present evidence or possible defenses. The United States Government is not a party to this litigation and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Attachments:

1. Order and Judgment, Memorandum and Opinion, and Notice of Judgment
2. Translations

Tehran, October 20, 2015

EMBASSY OF SWITZERLAND IN IRAN

Ministry of Foreign Affairs
Islamic Republic of Iran
Tehran

I, Martin Maier, Head of the Foreign Interests Section of the Embassy of Switzerland in Iran, certify herewith that this is a true copy of the diplomatic note number 1092-IE dated October 20, 2015. The delivery of this note and its enclosures was attempted on October 20, 2015, but the Iranian Ministry of Foreign Affairs refused its acceptance.

Martin Maier
Head of Foreign Interests Section

EMBASSY OF SWITZERLAND U.S. INTERESTS SECTION TEHRAN

Tehran, October 20, 2015

**APOSTILLE**
**(Convention de la Haye du 5 octobre 1961)**

1. Country: SWISS CONFEDERATION

This public document

2. has been signed by Martin Maier
3. acting in the capacity of officer
4. bears the seal/stamp of

Embassy of Switzerland US Interests Section Tehran

Certified

5. at Berne
6. the 27 October 2015
7. by Maya Fontaine
functionary of the Swiss federal Chancellery
8. No 023110
9. Seal/stamp: Swiss federal Chancellery
10. Signature:

SWISS FEDERAL CHANCELLERY

سفارت سوئیس

شماره IE– ۱۰۹۲

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران با اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران احتراما" توجه آن وزارت محترم را به دعوای حقوقی تحت عنوان روث، و دیگران، علیه جمهوری اسلامی ایران، و دیگران، تحت پرونده دعوای مدنی به شماره (RCL) 11-cv-1377 ، که در دادگاه منطقه ای ایالات متحده در منطقه کلمبیا مفتوح میباشد، جلب می نماید. جمهوری اسلامی ایران طرف خوانده در این پرونده می باشد. سفارت بنا به درخواست دادگاه منطقه ای ایالات متحده بدینوسیله یک فقره حکم و رای، و حکم غیر رسمی را ایفاد می دارد. برابر مقررات فصل ۲۸ بخش ۱۶۰۸ بند (الف)(۴) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدارک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

سفارت علاوه بر حکم و رای، و حکم غیررسمی ،اطلاعیه رای دادگاه تهیه شده توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی را به پیوست ایفاد می دارد. لطفا" توجه داشته باشید که طبق قوانین ایالات متحده، ضبط و اجرای حکم دادگاه پیرو مقررات فصل ۲۸ بخش ۱۶۱۰ مجموعه قوانین ایالات متحده می تواند بعد از مدت زمانی منطقی از تاریخ قضاوت قصور آغاز شود.

بدینوسیله اشعار می دارد که به موجب قوانین ایالات متحده آمریکا هر گونه دفاع مربوط به قلمرو تضائی و یا دفاع دیگری از جمله عنوان نمودن مصونیت مبنی بر حاکمیت بایستی خطاب به دادگاهی صورت گیرد که موضوع در آن مفتوح می باشد و از این رو مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. چنین مشاور حقوقی میتواند در صورت اعتراض حقوقی در مورد اقدام اساسی یا اقدام مربوط به اجرای حکم غیابی، توصیه هائی بنماید. در غیر این صورت سیر کار پرونده بدون آنکه فرصت ارائه شواهد و دفاعیه وجود داشته باشد، ادامه پیدا خواهد کرد. دولت ایالات متحده آمریکا از طرفین این پرونده دادخواهی نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی موقع را مغتنم شمرده مراتب احترامات فائقه خود را نسبت به وزارت امور خارجه جمهوری اسلامی ایران تجدید می نماید.

تهران، بتاریخ بیست و هشتم مهر ماه ۱۳۹۴ (۲۰ اکتبر ۲۰۱۵)

EMBASSY OF SWITZERLAND IN IRAN

پیوست: ۱- حکم و رای، حکم غیر رسمی، و اطلاعیه رای دادگاه
۲- ترجمه ها

وزارت امور خارجه
جمهوری اسلامی ایران
تهران

# SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

certify that the annexed document is executed by the genuine ignature and seal of the following named official who, in an fficial capacity, is empowered by the laws of Switzerland to xecute that document.

certify under penalty of perjury under the laws of the United tates that the foregoing is true and correct.

Maya FONTAINE
(Typed name of Official who executed the annexed document)

(Signature of Consular Officer)

Timothy P BUCKLEY
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

November 17, 2015
(Date)

RECEIVED
Mail Room
DEC - 2 2015
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

.sche Eidgenossenschaft
.ération suisse
.federazione Svizzera
Confederaziun svizra

**Embassy of Switzerland in Iran**
**Foreign Interests Section**

No. 1093-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran and has the honor to refer the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit Roth, et al. v. Islamic Republic of Iran, et al., 11-cv-1377 (RCL), which is pending in the U.S. Federal District Court for the District of Columbia. The Iranian Ministry of Information and Security is a defendant in that lawsuit. The Embassy transmits a Memorandum Opinion and Order and Judgment herewith. The U.S. Federal District Court has requested the transmittal of these documents. This note constitutes transmittal of these documents to the Islamic Republic of Iran as provided for in Title 28, United States Code, Section 1608(a)(4).

In addition to the Order and Judgment, and Memorandum Opinion, the Embassy is enclosing a Notice of Judgement, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving notice of the default judgment.

The Embassy has been advised that under the laws of the United States, any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. Such legal counsel can advise about raising legal objections, if any, either in the underlying proceeding or should there be a proceeding relating to enforcement of the default judgment. Otherwise, proceedings will continue without an opportunity to present evidence or possible defenses. The United States Government is not a party to this litigation and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Attachments:

1. Order and Judgment, Memorandum and Opinion, and Notice of Judgment
2. Translations

Tehran, October 20, 2015

EMBASSY OF SWITZERLAND IN IRAN

Ministry of Foreign Affairs
Islamic Republic of Iran
Tehran

I, Martin Maier, Head of the Foreign Interests Section of the Embassy of Switzerland in Iran, certify herewith that this is a true copy of the diplomatic note number 1093-IE dated October 20, 2015. The delivery of this note and its enclosures was attempted on October 20, 2015, but the Iranian Ministry of Foreign Affairs refused its acceptance.

Martin Maier
Head of Foreign Interests Section

EMBASSY OF SWITZERLAND U.S. INTERESTS SECTION TEHRAN

Tehran, October 20, 2015

**APOSTILLE**
**(Convention de la Haye du 5 octobre 1961)**

1. **Country:** SWISS CONFEDERATION

**This public document**

2. **has been signed by** Martin Maier
3. **acting in the capacity of officer**
4. **bears the seal/stamp of**

Embassy of Switzerland US Interests Section Tehran

**Certified**

5. **at Berne**
6. **the** 27 October 2015
7. **by** Maya Fontaine
**functionary of the Swiss federal Chancellery**
8. **No** 023111
9. **Seal/stamp:**
Swiss federal Chancellery
10. **Signature:** Fontaine

SWISS FEDERAL CHANCELLERY

ترجمه غیر رسمی

سفارت سوئیس

شماره IE- ۱۰۹۳

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران با اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران احتراما" توجه آن وزارت محترم را به دعوای حقوقی تحت عنوان روت، و دیگران، علیه جمهوری اسلامی ایران، و دیگران، تحت پرونده دعوای مدنی به شماره (RCL) 11-cv-1377 ، که در دادگاه منطقه ای ایالات متحده در منطقه کلمبیا مفتوح میباشد، جلب می نماید. وزارت اطلاعات و امنیت ایران طرف خوانده در این پرونده می باشد. سفارت بنا به درخواست دادگاه منطقه ای ایالات متحده بدینوسیله یک فقره حکم غیر رسمی و حکم و رای را ابلاغ می دارد. برابر مقررات فصل ۲۸ بخش ۱۶۰۸ بند (الف)(۴) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدارک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

سفارت علاوه بر حکم و رای، و حکم غیر رسمی، اطلاعیه رای دادگاه تهیه شده توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی را به پیوست ایفاد می دارد. لطفا" توجه داشته باشید که طبق قوانین ایالات متحده، ضبط و اجرای حکم دادگاه پیرو مقررات فصل ۲۸ بخش ۱۶۱۰ مجموعه قوانین ایالات متحده می تواند بعد از مدت زمانی منطقی از تاریخ قضاوت قصور آغاز شود.

بدینوسیله اشعار می دارد که به موجب قوانین ایالات متحده آمریکا هر گونه دفاع مربوط به قلمرو قضائی و یا دفاع دیگری از جمله عنوان نمودن مصونیت مبنی بر حاکمیت بایستی خطاب به دادگاهی صورت گیرد که موضوع در آن مفتوح می باشد و از این رو مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. چنین مشاور حقوقی میتواند در صورت اعتراض حقوقی در مورد اقدام اساسی یا اقدام مربوط به اجرای حکم غیابی، توصیه هائی بنماید. در غیر این صورت سیر کار پرونده بدون آنکه فرصت ارائه شواهد و دفاعیه وجود داشته باشد، ادامه پیدا خواهد کرد. دولت ایالات متحده آمریکا از طرفین این پرونده دادخواهی نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی موقع را مغتنم شمرده مراتب احترامات فائقه خود را نسبت به وزارت امور خارجه جمهوری اسلامی ایران تجدید می نماید.

تهران، بتاریخ بیست و هشتم مهر ماه ۱۳۹۴ (۲۰ اکتبر ۲۰۱۵)

پیوست: ۱- حکم و رای، حکم غیر رسمی، و اطلاعیه رای دادگاه
۲- ترجمه ها

EMBASSY OF SWITZERLAND IN IRAN

وزارت امور خارجه
جمهوری اسلامی ایران
تهران

# EXHIBIT 17

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: SEP 1 1 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |
| This document relates to:<br>*Aronow, et al v. Islamic Republic of Iran* | 18-cv-12001 (GBD)(SN)<br>ECF Case |

**ORDER OF JUDGMENT AS TO LIABILITY AND FOR PARTIAL FINAL DEFAULT JUDGMENTS ON BEHALF OF ARONOW PLAINTIFFS IDENTIFIED AT EXHIBIT A**

Upon consideration of the evidence and arguments submitted by Plaintiffs through their Motion for Entry of Partial Final Default Judgments Against the Islamic Republic of Iran as to Liability and Damages (the "Motion"), who are each a victim killed in the terrorists attacks on September 11, 2001, or are a spouse, parent, child, or sibling (or the estate of a spouse, parent, child, or sibling), of a victim killed in the terrorist attacks on September 11, 2001, together with the entire record in this case, it is hereby:

**ORDERED** that the Motion is granted and default judgment as to liability is entered in favor of all plaintiffs in *Aronow, et al. v. The Islamic Republic of Iran*, Case No. 19-cv-44 (GBD)(SN) against the Islamic Republic of Iran; and it is

**ORDERED** that partial final judgment is entered against the Iran Defendants and on behalf of the Plaintiffs in *Aronow, et al. v. The Islamic Republic of Iran.*, 19-cv-44, as identified in the attached Exhibit A, who are each a spouse, parent, child, or sibling (or the estate of a spouse, parent, child, or sibling) of individuals killed in the terrorist attacks on September 11, 2001, as indicated in Exhibit A, and it is

**ORDERED** that Plaintiffs identified in Exhibit A are awarded: solatium damages of $12,500,000 per spouse, $8,500,000 per parent, $8,500,000 per child, and $4,250,000 per sibling, as set forth in Exhibit A; and it is

**ORDERED** that Plaintiffs identified in Exhibit A are awarded prejudgment interest of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of judgment; and it is

**ORDERED** that Plaintiffs identified in Exhibit A may submit an application for punitive damages, economic damages, or other damages (to the extent such awards have not previously been ordered) at a later date consistent with any future rulings made by this Court on this issue, and it is

**ORDERED** that the remaining *Aronow* Plaintiffs not appearing on Exhibit A, may submit in later stages applications for damages awards, and to the extent they are for solatium or by estates for compensatory damages' for decedents pain and suffering from the September 11 attacks, they will be approved consistent with those approved herein for the Plaintiffs appearing on Exhibit A.

Dated: New York, New York
SEP 1 1 2019
_______________, 2019

**SO ORDERED:**

George B. Daniels

GEORGE B. DANIELS
United States District Judge

**EXHIBIT A**

**TO NOEL J. NUDELMAN DECLARATION IN *ARONOW***

| # | DECEDENT FIRST NAME | DECEDENT MIDDLE NAME | DECEDENT LAST NAME | PLAINTIFF FIRST NAME | PLAINTIFF MIDDLE NAME | PLAINTIFF LAST NAME | RELATIONSHIP TO DECEDENT | SOLATIUM |
|---|---|---|---|---|---|---|---|---|
| 1 | Richard | Avery | Aronow | Gil | | Aronow | Sibling | $4,250,000.00 |
| 2 | Richard | Avery | Aronow | Estate of Grace | S. | Aronow | Mother | $8,500,000.00 |
| 3 | Richard | Avery | Aronow | Estate of Martin | L. | Aronow | Father | $8,500,000.00 |
| 4 | Richard | Avery | Aronow | Vera | K. | Aronow | Sibling | $4,250,000.00 |
| 5 | Richard | Avery | Aronow | William | J. | Aronow | Child | $8,500,000.00 |
| 6 | Richard | Avery | Aronow | Laura | | Weinberg | Spouse | $12,500,00.00 |
| 7 | Brian | Joseph | Murphy | Ann | M. | Murphy | Sibling | $4,250,000.00 |
| 8 | Brian | Joseph | Murphy | Cynthia | L. | Murphy | Sibling | $4,250,000.00 |
| 9 | Brian | Joseph | Murphy | Harold | A. | Murphy | Sibling | $4,250,000.00 |
| 10 | Brian | Joseph | Murphy | Judith | Bram | Murphy | Spouse | $12,500,00.00 |

Total: $46,750,000.00

Case 1:18-cv-12001-GBD-SN Document 26 Filed 02/19/20 Page 1 of 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 1 9 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |
| This document relates to:<br>*Aronow, et al v. Islamic Republic of Iran* | 18-cv-12001 (GBD)(SN)<br>ECF Case |

**ORDER OF PARTIAL FINAL DEFAULT JUDGMENTS ON BEHALF OF ARONOW II PLAINTIFFS IDENTIFIED AT EXHIBIT A**

Upon consideration of the evidence and arguments submitted by Plaintiffs identified in Exhibit A to this Order, plaintiffs in *Aronow, et al v. Islamic Republic of Iran,* who are each the estate of a victim of the terrorist attacks on September 11, 2001, and the Judgment by Default for liability only against the Islamic Republic of Iran ("Iran Defendant") entered on September 11, 2019 (ECF No. 22), together with the entire records in this case, it is hereby;

**ORDERED** that service of process was effected upon the Iran Defendant in accordance with 28 U.S.C. § 1608(a) for sovereign defendants and 28 U.S.C. § 1608(b) for agencies and instrumentalities of sovereign defendants;

**ORDERED** that partial final judgment is entered against the Iran Defendant and behalf of the Plaintiffs in *Aronow, et al. v. The Islamic Republic of Iran*, Case No. 19-cv-44, as identified in the attached Exhibit A, who are each the estate of a victim of the terrorist attacks on September 11, 2001, as indicated in Exhibit A, and it is

**ORDERED** that Plaintiffs identified in Exhibit A are awarded compensatory damages for decedents' pain and suffering in the amount of $2,000,000 per estate, as set forth in Exhibit A; and it is

**ORDERED** that Plaintiffs identified in the expert reports attached as Exhibits B-C to the Noel J. Nudelman Declaration, dated January 15, 2020 (and identified in Exhibit A), are awarded economic damages as set forth in Exhibit A and as supported by the expert reports and analyses submitted as Exhibits B-C of the Noel J. Nudelman Declaration, and it is

**ORDERED** that Plaintiffs identified in Exhibit A are awarded prejudgment interest of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of judgment; and it is

**ORDERED** that Plaintiffs identified in Exhibit A may submit an application for punitive damages, economic damages, or other damages (to the extent such awards have not previously been ordered) at a later date consistent with any future rulings made by this Court on this issue, and it is

**ORDERED** that the remaining Aronow Plaintiffs not appearing on Exhibit A, may submit in later stages applications for damages awards, and to the extent they are for solatium or by estates for compensatory damages' for decedents pain and suffering from the September 11 attacks, they will be approved consistent with those approved herein for the Plaintiffs appearing on Exhibit A.

Dated: New York, New York
FEB 1 9 2020
______________, 2020

**SO ORDERED:**

GEORGE B. DANIELS
United States District Judge

# EXHIBIT A

**EXHIBIT A**

**TO PROPOSED ORDER OF JUDGMENT IN *ARONOW II***

| # | DECEDENT FIRST NAME | DECEDENT MIDDLE NAME | DECEDENT LAST NAME | PLAINTIFF SUFFIX | DECEDENT PAIN AND SUFFERING | DECEDENT PAIN AND SUFFERING PREVIOUSLY AWARD | DECEDENT ECONOMIC LOSS | TOTAL FINAL JUDGMENT AMOUNT FOR ESTATE |
|---|---|---|---|---|---|---|---|---|
| 1 | Richard | Avery | Aronow | | $2,000,000 | | $12,948,532 | $14,948,532 |
| 2 | Brian | Joseph | Murphy | | $2,000,000 | | $15,405,844 | $17,405,844 |

Total: $32,354,376

# EXHIBIT 18

United States Department of State

*Washington, D.C. 20520*

December 3, 2019

Ms. Ruby J. Krajick
Clerk of the Court
United States District Court
For the Southern District of New York
500 Pearl Street
New York, New York 100007

**Re: Aronow, et al. v. Islamic Republic of Iran, 1:18-cv-12001**

Dear Ms. Krajick:

I am writing regarding the Court's request for transmittal of a Judgment and Notice of Judgment to the Islamic Republic of Iran pursuant to 28 U.S.C. Sections 1608(a)(4) and (e) as a defendant in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the Government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1100-IE, dated November 03, 2019 and delivered on November 05, 2019. A certified copy of the diplomatic note is enclosed.

Sincerely,

Jared Hess
Attorney Adviser
Overseas Citizens Services
Office of Legal Affairs

Cc: Noel J. Nudelman
Heideman, Nudelman, Kalik PC
1146 19th Street, NW, Fifth Floor
Washington, DC 20036

SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

Brianna E Powers, a consular officer at the Embassy of the United States at Bern, Switzerland, ertify that this is a true copy of Embassy note number 26996 dated October 11, 2019, which vas transmitted to the Swiss Ministry of Foreign Affairs on October 16, 2019 for further ransmission to the American Interests Section of the Swiss Embassy in Tehran, Iran.

(Signature of Consular Officer)

Brianna E. POWERS
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

November 18, 2019
(Date)

*Embassy of the United States of America*

October 11, 2019

CONS NO. 26996

Federal Department of Foreign Affairs
Foreign Interests Section
Kochergasse 10
Federal Palace North
Office #4.001
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities Act (FSIA) – Aronow, et al. v. Islamic Republic of Iran, 1:18-cv-12001

REF: ----

The Department of State has requested the delivery of the enclosed Judgment, and Notice of Judgment to the Ministry of Foreign Affairs of the Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities Act in the matter of Aronow, et al. v. Islamic Republic of Iran, 1:18-cv-12001.

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the documents to the American Interests Section of the Swiss Embassy in Tehran. There is one defendant to be served in this case: the Islamic Republic of Iran. The American Interests Section should transmit the Judgment, and Notice of Judgment to the Iranian Ministry of Foreign Affairs under cover of one diplomatic note utilizing the language provided in the enclosed instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery. The American Interests Section should execute certifications of the diplomatic notes, which will be forwarded by the Department of State to the requesting court in the United States.

Enclosed is one appropriate part of a message the Embassy received from the Department of State as well two sets of documents for the Islamic Republic of Iran.

The Embassy would appreciate being informed of the date the American Interests Section of the Swiss Embassy in Tehran receives the documents as well as the date the Interests Section forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.

EMBASSY OF THE UNITED STATES OF AMERICA BERN

**BEGIN TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN:**

The Embassy of Switzerland, Foreign Interests Section in Tehran refers the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit Aronow, et al. v. Islamic Republic of Iran, 1:18-cv-12001, in the U.S. District Court for the Southern District of New York. The Islamic Republic of Iran is a defendant in this case. The Foreign Interests Section transmits a Judgment herewith. The U.S. District Court for the Southern District of New York has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4) and (e).

In addition to the Judgment, the Foreign Interests Section is enclosing a Notice of Judgment, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1. Judgment and Notice of Judgment
2. Translations

**END TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN**

# SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I certify that the annexed document bears the genuine seal of the Swiss Federal Department of Foreign Affairs.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

(Signature of Consular Officer)

Brianna E. POWERS
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

November 18, 2019
(Date)

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

**Federal Department of Foreign Affairs FDFA**

28863

K. 346-01-02-01-USA/IRAN

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 26996 dated October 11, 2019 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance: Aronow, et al. v. Islamic Republic of Iran, 1:18-cv-12001

- Note No. 1100-IE addressed to the Islamic Republic of Iran

dated November 3, 2019 and proof of service, dated November 6, 2019 as well as the certification by the Swiss Federal Chancellery dated November 12, 2019.

The section has received the above mentioned documents on October 29, 2019. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on November 5, 2019. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, November 12, 2019

EIDGENÖSSISCHES DEPARTEMENT FÜR AUSWÄRTIGE ANGELEGENHEITEN

*Enclosure(s) mentioned*

To the
Embassy of the
United States of America

Berne

SPECIFIC AUTHENTICATION CERTIFICATE

nfederation of Switzerland )
, Canton of Bern ) SS:
assy of the United States of America )

rtify that the annexed document is executed by the genuine signature and seal of the owing named official who, in an official capacity, is empowered by the laws of Switzerland xecute that document.

rtify under penalty of perjury under the laws of the United States that the foregoing is true correct.

Maya FONTAINE
(Typed name of Official who executed the annexed document)

(Signature of Consular Officer)

Brianna E. POWERS
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

November 18, 2019
(Date)

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No. 1100-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit Aronow, et al. v. Islamic Republic of Iran, 1:18-cv-12001, in the U.S. District Court for the Southern District of New York. The Islamic Republic of Iran is a defendant in this case. The Embassy transmits a Judgment herewith. The U.S District Court for the Southern District of New York has requested service of these document. This note constitutes transmittal of these document to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4) and (e).

In addition to the Judgment, the Embassy is enclosing a Notice of Judgement prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran, November 03, 2019

EMBASSY OF SWITZERLAND IN IRAN

Attachments:
1. Judgment and Notice of Judgment
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, René Seiler, Deputy Head of the Foreign Interests Section of the Embassy of Switzerlan certify herewith that this is a true copy of the Diplomatic Note No. 1100-IE, dated November 0 The delivery of this note and its enclosures was attempted on November 05, 2019, but the Ministry of Foreign Affairs refused its acceptance.

EMBASSY OF SWITZERLAND IN IRAN

René Seiler
Deputy Head of the Foreign Interests Section

Tehran, November 06, 2019

**APOSTILLE**
**(Convention de la Haye du 5 octobre 1961)**

1. **Country:** SWISS CONFEDERATION

**This public document**

2. **has been signed by** René Seiler
3. **acting in the capacity of officer**
4. **bears the seal/stamp of**

Embassy of Switzerland US Interests Section Tehran

**Certified**

5. **at Berne** 6. **the** 12 November 2019
7. **by** Maya Fontaine
**functionary of the Swiss federal Chancellery**
8. **No** 027293
9. **Seal/stamp:** Swiss federal Chancellery 10. **Signature:**

SWISS FEDERAL CHANCELLERY

ترجمه غیر رسمی

سفارت سوئیس
**قسمت حافظ منافع خارجی**

شماره IE– 1100

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران، ضمن اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران، احتراما" توجه آن وزارتخانه محترم را به دعوا ی حقوقی تحت آرونو و سایرین بر علیه جمهوری اسلامی، تحت پرونده مدنی شماره 1:18-cv-12001 که در دادگاه منطقه ای ایالات متحده آمریکا برای منطقه جنوب نیو یورک مفتوح میباشد، جلب می نماید. جمهوری اسلامی ایران طرف خوانده در این پرونده می باشد. سفارت سوئیس بنا به درخواست دادگاه منطقه ای ایالات متحده، یک فقره حکم را ایفاد می دارد. برابر مقررات فصل 28 بخش 1608 بند (a)(4) و (e) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدرک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

سفارت علاوه بر حکم، اعلان رأی که توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی تهیه شده است، را به پیوست ایفاد می دارد. لطفا" توجه داشته باشید که متعاقب مقررات فصل 28 بخش 1610 مجموعه قوانین ایالات متحده آمریکا، اقدامات اجرائی و حکم می توانند بعد از مدت زمان معقول از دادن اطلاع از حکم غیابی، آغاز گردد.

سفارت بدینوسیله اشعار می دارد که بموجب قوانین ایالات متحده آمریکا، هر گونه دفاع مربوط به قلمرو قضائی و اداری و یا دفاع دیگری، از جمله عنوان نمودن مصونیت دولت ها، باید در مقابل دادگاه صورت گیرد. از این رو، مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو با مشاور در مورد قوانین مربوطه میباشد. دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی، موقع را مغتنم شمرده و مراتب احترامات فائقه خود را نسبت به وزارت امور خارجه جمهوری اسلامی ایران را تجدید می نماید.

تهران، بتاریخ دوازدهم آبان ماه ۱۳۹۸ (۳ نوامبر ۲۰۱۹)

پیوست: ۱- حکم و اعلان رأی
۲- ترجمه ها

EMBASSY OF SWITZERLAND IN IRAN

**اداره امور آمریکا**
**وزارت امور خارجه**
**جمهوری اسلامی ایران**
**تهران**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 1 1 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |
| This document relates to:<br>*Aronow, et al v. Islamic Republic of Iran* | 18-cv-12001 (GBD)(SN)<br>ECF Case |

**ORDER OF JUDGMENT AS TO LIABILITY AND FOR PARTIAL FINAL DEFAULT JUDGMENTS ON BEHALF OF ARONOW PLAINTIFFS IDENTIFIED AT EXHIBIT A**

Upon consideration of the evidence and arguments submitted by Plaintiffs through their Motion for Entry of Partial Final Default Judgments Against the Islamic Republic of Iran as to Liability and Damages (the "Motion"), who are each a victim killed in the terrorists attacks on September 11, 2001, or are a spouse, parent, child, or sibling (or the estate of a spouse, parent, child, or sibling), of a victim killed in the terrorist attacks on September 11, 2001, together with the entire record in this case, it is hereby:

**ORDERED** that the Motion is granted and default judgment as to liability is entered in favor of all plaintiffs in *Aronow, et al. v. The Islamic Republic of Iran*, Case No. 19-cv-44 (GBD)(SN) against the Islamic Republic of Iran; and it is

**ORDERED** that partial final judgment is entered against the Iran Defendants and on behalf of the Plaintiffs in *Aronow, et al. v. The Islamic Republic of Iran.*, 19-cv-44, as identified in the attached Exhibit A, who are each a spouse, parent, child, or sibling (or the estate of a spouse, parent, child, or sibling) of individuals killed in the terrorist attacks on September 11, 2001, as indicated in Exhibit A, and it is

**ORDERED** that Plaintiffs identified in Exhibit A are awarded: solatium damages of $12,500,000 per spouse, $8,500,000 per parent, $8,500,000 per child, and $4,250,000 per sibling, as set forth in Exhibit A; and it is

**ORDERED** that Plaintiffs identified in Exhibit A are awarded prejudgment interest of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of judgment; and it is

**ORDERED** that Plaintiffs identified in Exhibit A may submit an application for punitive damages, economic damages, or other damages (to the extent such awards have not previously been ordered) at a later date consistent with any future rulings made by this Court on this issue, and it is

**ORDERED** that the remaining *Aronow* Plaintiffs not appearing on Exhibit A, may submit in later stages applications for damages awards, and to the extent they are for solatium or by estates for compensatory damages' for decedents pain and suffering from the September 11 attacks, they will be approved consistent with those approved herein for the Plaintiffs appearing on Exhibit A.

Dated: New York, New York
SEP 1 1 2019, 2019

**SO ORDERED:**

George B. Daniels
GEORGE B. DANIELS
United States District Judge

**EXHIBIT A**

**TO NOEL J. NUDELMAN DECLARATION IN *ARONOW***

| # | DECEDENT FIRST NAME | DECEDENT MIDDLE NAME | DECEDENT LAST NAME | PLAINTIFF FIRST NAME | PLAINTIFF MIDDLE NAME | PLAINTIFF LAST NAME | RELATIONSHIP TO DECEDENT | SOLATIUM |
|---|---|---|---|---|---|---|---|---|
| 1 | Richard | Avery | Aronow | Gil | | Aronow | Sibling | $4,250,000.00 |
| 2 | Richard | Avery | Aronow | Estate of Grace | S. | Aronow | Mother | $8,500,000.00 |
| 3 | Richard | Avery | Aronow | Estate of Martin | L. | Aronow | Father | $8,500,000.00 |
| 4 | Richard | Avery | Aronow | Vera | K. | Aronow | Sibling | $4,250,000.00 |
| 5 | Richard | Avery | Aronow | William | J. | Aronow | Child | $8,500,000.00 |
| 6 | Richard | Avery | Aronow | Laura | | Weinberg | Spouse | $12,500,00.00 |
| 7 | Brian | Joseph | Murphy | Ann | M. | Murphy | Sibling | $4,250,000.00 |
| 8 | Brian | Joseph | Murphy | Cynthia | L. | Murphy | Sibling | $4,250,000.00 |
| 9 | Brian | Joseph | Murphy | Harold | A. | Murphy | Sibling | $4,250,000.00 |
| 10 | Brian | Joseph | Murphy | Judith | Bram | Murphy | Spouse | $12,500,00.00 |

Total: $46,750,000.00

دادگاه منطقه‌ای ایالات متحده در منطقه جنوبی نیویورک
سند تنظیم شده به شکل الکترونیکی
شماره سند: ____
تاریخ تنظیم: 11 سپتامبر 2019

دادگاه منطقه‌ای ایالات متحده
در منطقه جنوبی نیویورک

| | |
|---|---|
| درباره حملات تروریستی 11 سپتامبر 2001 | 03-md-1570 (GDB)(SN)<br>پرونده ECF |
| این سند مرتبط است با:<br>آرونو و سایرین علیه جمهوری اسلامی ایران | 18-cv-12001 (GDB)(SN)<br>پرونده ECF |

حکم دادگاه نسبت به مسئولیت و حکم غیابی جزئی به نیابت از خواهان‌های آرونو مشخص شده در ضمیمه الف

با بررسی شواهد و استدلال‌های ارائه شده توسط خواهان‌ها از طریق تقاضای خود برای صدور حکم غیابی جزئی علیه جمهوری اسلامی ایران درباره مسئولیت و خسارات («تقاضا»)، که هر یک از آن‌ها یکی از قربانیان کشته شده در حملات تروریستی 11 سپتامبر 2001، یا همسر، ولی، فرزند، برادر یا خواهر (یا ترکه همسر، ولی، فرزند، برادر یا خواهر) یکی از قربانیان کشته شده در حملات تروریستی 11 سپتامبر 2001 هستند، به همراه تمام اطلاعات آن‌ها در این پرونده، بدینوسیله:

**حکم داده می‌شود** که با تقاضا موافقت شده و حکم غیابی درباره مسئولیت به نفع تمام خواهان‌های پرونده آرونو و سایرین علیه جمهوری اسلامی ایران به شماره پرونده 19-cv-44 (GDB)(SN) علیه جمهوری اسلامی ایران صادر می‌شود، و

**حکم داده می‌شود** که حکم غیابی جزئی علیه خوانده ایران و به نیابت از خواهان‌های پرونده آرونو و سایرین علیه جمهوری اسلامی ایران به شماره پرونده 19-cv-44، چنان که در ضمیمه الف مشخص شده‌اند، که هر کدام همسر، ولی، فرزند، برادر یا خواهر (یا ترکه همسر، ولی، فرزند، برادر یا خواهر) یکی از اشخاص کشته شده در حملات تروریستی 11 سپتامبر 2001 هستند، چنان که در ضمیمه الف مشخص شده‌اند، صادر می‌شود، و

**حکم داده می‌شود** که این موارد به خواهان‌های مشخص شده در ضمیمه الف تعلق می‌گیرد: غرامت به مبلغ 12,500,000 دلار آمریکا به ازای هر همسر، 8,500,000 دلار آمریکا به ازای هر ولی، 8,500,000 دلار آمریکا به ازای هر فرزند و 4,250,000 دلار آمریکا به ازای هر برادر یا خواهر، چنان که در ضمیمه الف مشخص شده است، و

حکم داده می‌شود که به خواهان‌های مشخص شده در ضمیمه الف، بهره پیش از رأی به میزان 4.96 درصد به ازای هر سال که به صورت سالانه تجمیع می‌شود از مورخ 11 سپتامبر 2001 تا روز رأی اعطا شود، و

**حکم داده می‌شود** که خواهان‌های مشخص شده در ضمیمه الف می‌توانند بعدها درخواستی برای خسارات تنبیهی، اقتصادی یا سایر خسارات (تا جایی که برای چنین خساراتی پیش‌تر حکم صادر نشده) همسو با هرگونه تصمیم اتخاذ شده توسط دادگاه درباره این موضوع در آینده ارائه نمایند، و

**حکم داده می‌شود** که سایر خواهان‌های آرونو که در ضمیمه الف به آن‌ها اشاره نشده، می‌توانند در مراحل بعدی درخواست جبران خسارت تنظیم کنند، و تا جایی که این درخواست‌ها برای غرامت یا توسط ترکه برای خسارات جبرانی درد و رنج متوفی از حملات 11 سپتامبر باشند، همسو با درخواست‌هایی که در اینجا برای خواهان‌هایی که در ضمیمه الف نامشان درج شده با آن‌ها نیز موافقت خواهد شد.

مورخ: نیویورک، نیویورک
11 سپتامبر 2019

حکم صادر شده توسط:
جورج بی. دانیلز
قاضی منطقه‌ای ایالات متحده
[امضا: جورج بی. دانیلز]

**ضمیمه الف**

**برای اظهارنامه نوئل جی. نودلمن در *آرونو***

| # | نام متوفی | نام میانی متوفی | نام خانوادگی متوفی | نام خواهان | نام میانی خواهان | نام خانوادگی خواهان | نسبت با خواهان | غرامت |
|---|---|---|---|---|---|---|---|---|
| 1 | ریچارد | آوری | آرونو | گیل | | آرونو | برادر یا خواهر | 4,250,000.00 دلار آمریکا |
| 2 | ریچارد | آوری | آرونو | ترکه گریس | اس. | آرونو | مادر | 8,500,000.00 دلار آمریکا |
| 3 | ریچارد | آوری | آرونو | ترکه مارتین | ال. | آرونو | پدر | 8,500,000.00 دلار آمریکا |
| 4 | ریچارد | آوری | آرونو | ورا | کی. | آرونو | برادر یا خواهر | 4,250,000.00 دلار آمریکا |
| 5 | ریچارد | آوری | آرونو | ویلیام | جی. | آرونو | فرزند | 8,500,000.00 دلار آمریکا |
| 6 | ریچارد | آوری | آرونو | لورا | | واینبرگ | همسر | 12,500,000.00 دلار آمریکا |
| 7 | براین | جوزف | مورفی | آنا | ام. | مورفی | برادر یا خواهر | 4,250,000.00 دلار آمریکا |
| 8 | براین | جوزف | مورفی | سینتیا | ال. | مورفی | برادر یا خواهر | 4,250,000.00 دلار آمریکا |
| 9 | براین | جوزف | مورفی | هارولد | ای. | مورفی | برادر یا خواهر | 4,250,000.00 دلار آمریکا |
| 10 | براین | جوزف | مورفی | جودیت | برام | مورفی | همسر | 12,500,000.00 دلار آمریکا |

**NOTICE OF JUDGEMENT UNDER THE FOREIGN SOVEREIGN IMMUNITIES ACT**
(as required by 28 U.S.C. § 1608 (a)(3) and 22 CFR § 93.2)

This is notice of a civil lawsuit in the United States filed against your government and various government instrumentalities, and agents or employees. This lawsuit is governed by the provisions of the Foreign Sovereign Immunities Act of 1976.

1. Title of Legal Proceeding:

   Aronow, et al. v. Islamic Republic if Iran

   Full name of court:

   United States District Court for the Southern District of New York

   Case or docket number:

   18-12001 (GBD)

2. Name of foreign state (or political subdivision) concerned:

   Islamic Republic of Iran

3. Identity of other parties:

   Not applicable.

Judicial Documents

4. Nature of documents served:

   Default Judgment

5. Nature and purpose of the proceedings and why the foreign state and political subdivisions have been named:

   This judgment orders money damages to the families of Richard A. Aronow and Brian J. Murphy for the terrorist attacks that took place in New York on September 11, 2001.

   The terrorists that committed the attacks that killed Richard A. Aronow and Brian J. Murphy, both U.S. citizens, were sponsored and supported by the foreign states, foreign state instrumentalities, and their agents listed above.

Under the Foreign Sovereign Immunities Act, a foreign state and its instrumentalities is immune from a US civil lawsuit unless its actions fall within certain enumerated exceptions. The state sponsorship of a terrorist act against US citizens is one of the exceptions to foreign sovereign immunity. 28 U.S.C. § 1602 et seq.

Relief requested:

Compensatory damages have been awarded in accordance with a finding of civil liability for the above-described acts.

6. A Default Judgment was entered on September 11, 2019.

7. The failure to submit a timely response with the court can result in a Default Judgment and a request for execution to satisfy the judgment. If a default judgment has been entered, a procedure may be available to vacate or open that judgment.

8. Questions relating to state immunities and to the jurisdiction of United States courts over foreign states are governed by the Foreign Sovereign Immunities Act of 1976, as amended which appears in sections 1330, 1391(f), 1441(d), and 1602 through 1611, of Title 28, United States Code

**اعلان رأی تحت قانون مصونیت‌های حکومت خارجی**
(الزامی توسط عنوان 28 کد ایالات متحده بخش 1608 (a)(3) و کد 22 قوانین فدرال بخش 93.2)

این یک اعلان دعوی مدنی در ایالات متحده است که علیه دولت شما و واسطه‌های دولتی، عاملان یا کارکنان آن تنظیم شده است. این دعوی ناظر به قوانین «قانون مصونیت‌های حکومت خارجی» مصوب سال 1976 است.

1. عنوان رسیدگی قانونی

آرونو و سایرین علیه جمهوری اسلامی ایران

نام کامل دادگاه:

دادگاه منطقه‌ای ایالات متحده در بخش جنوبی نیویورک

شماره پرونده یا کلاسه:

18-12001 (GBD)

2. نام دولت خارجی (یا بخش سیاسی فرعی) مربوطه:

جمهوری اسلامی ایران

3. هویت سایر طرفین

قابل اطلاق نیست.

اسناد قضایی

4. ماهیت اسناد ارائه شده:

حکم غیابی

5. ماهیت و هدف رسیدگی‌ها و دلیل نام بردن از حکومت خارجی و بخش‌های سیاسی:

این رأی حکم می‌هد که برای حملات تروریستی به وقوع پیوسته در 11 سپتامبر 2001 در نیویورک، به خانواده‌های ریچارد اِی آرونو و براین جی. مورفی خسارت مالی پرداخت شود.

تروریست‌هایی که این حملات را، که مرگ ریچارد اِی آرونو و براین جی. مورفی دو شهروند ایالات متحده را به دنبال داشت، مرتکب شدند، توسط حکومت‌های خارجی، واسطه‌های حکومت‌های خارجی و عاملان آن‌ها که در بالا قید شده مورد تأمین مالی و حمایت قرار می‌گرفتند.

تحت قانون مصونیت‌های حکومت خارجی، حکومت خارجی و واسطه‌های آن از دعاوی مدنی ایالات متحده مصون هستند مگر اینکه اقدامات آن ذیل برخی استثنائات طبقه‌بندی شود. حمایت حکومتی از یک اقدام تروریستی علیه شهروندان یکی از استثنائات مصونیت حکومت خارجی است. عنوان 28 کد ایالات متحده بخش 1602 و دنباله آن.

<u>خواسته:</u>

خسارات جبرانی متناظر با مسئولیت مدنی یافته شده برای اقدامات پیش‌گفته اعطا شود.

6. یک حکم غیابی در مورخ 11 سپتامبر 2019 صادر شده است.

7. عدم پاسخگویی در زمان مناسب به دادگاه می‌تواند منجر به حکم غیابی و درخواست اجرای رأی شود. در صورت صدور حکم غیابی، رویه‌ای برای ملغی کردن یا بازگشایی رأی وجود دارد.

8. پرسش‌های مرتبط با مصونیت‌های حکومتی و قضاوت دادگاه‌های ایالات متحده درباره حکومت‌های خارجی ناظر به قانون مصونیت‌های حکومت خارجی مصوب سال 1976 هستند که اصلاح شده و در بخش‌های 1330، 1391(f)، 1441(d) و 1602 تا 1611 عنوان 28 کد ایالات متحده درج شده است.

Day Translations

Certified Translation

# Certificate of Accuracy

Mohammad Ghaffari
Translator/Interpreter

Translated documents:

1. Notice of judgment under the Foreign Sovereign Immunities Act, case or docket number: 18-12001 (GBD), relating to Aronow, et al v. Islamic Republic of Iran
2. Default judgment order (document 21) alongside Exhibit A (document 21-1), collectively represented as document 22, case 1:18:cv-12001-GDB-SN, filed on 09/11/19

As a translator for Day Translations, Inc., I, Mohammad Ghaffari, declare that I am a bilingual translator who is thoroughly familiar with the English and Farsi languages. I have translated the attached documents to the best of my knowledge from English into Farsi and the Farsi texts are accurate and true translations of the original documents presented to the best of my knowledge and belief.

Signed on September 12, 2019

Mohammad Ghaffari

Mohammad Ghaffari

American Translators Association #243874

MEMBER OF atc ASSOCIATION OF TRANSLATION COMPANIES

BBB A+

EUATC European Union of Associations of Translation Companies

1101 Pennsylvania Ave. NW., Suite 600 Washington DC 20004 | Toll Free: 1-800-969-6853 Fax: 1-800-856-2759
E-mail: contact@daytranslations.com | www.daytranslations.com

Day Translations

**Certified Translation**

*Professional Translator for Day Translations, Inc.*

Day Translations
ترجمهٔ تأییدشده

# گواهی دقت

محمد غفاری
مترجم کتبی/شفاهی

سندهای ترجمه شده:
1. اعلان رأی تحت قانون مصونیت‌های حکومت خارجی با شماره پرونده یا کلاسه (GBD) 12001-18 در رابطه با پرونده آرونو و سایرین علیه جمهوری اسلامی ایران
2. حکم غیابی (سند 21) به همراه ضمیمه الف (سند 1-21)، مجموعاً به عنوان سند 22، شماره پرونده 1:18-cv-12001-GDB-SN، تنظیم شده مورخ 09/11/19

به عنوان یکی از مترجمانِ Day Translations, Inc.، من، محمد غفاری، اعلام می‌کنم مترجمی دوزبانه هستم که با زبان‌های فارسی و انگلیسی کاملا آشنایی دارد. من سندهای ضمیمه‌شده را در نهایت دانش خویش از انگلیسی به فارسی ترجمه کرده‌ام و متون فارسی ترجمه‌ای دقیق و صحیح از متون اصلی در نهایت دانش و باور من است.

امضا شده در تاریخ ۱۲ سپتامبر ۲۰۱۹

Mohammad Ghaffari

محمد غفاری

مترجم حرفه‌ای در *Day Translations, Inc.*

ata American Translators Association # 243874 | NAJIT | Member of atc Association of Translation Companies | BBB A+ | EUATC European Union of Associations of Translation Companies

1101 Pennsylvania Ave. NW., Suite 600 Washington DC 20004| خط تلفن رایگان: 1-800-969-6853 فکس: 1-800-856-2759
ایمیل: contact@daytranslations.com | www.daytranslations.com

U.S. Embassy
BERN, SWITZERLAND
https://ch.usembassy.gov

Customer: ARNOW V. ISLAMIC REP OF IRAN
Date: 10/15/2019 9:11:43 AM
Register: ACS Cash
Transaction: 15035102
Tender: U.S. Dollars

| Qty | Svc | Ctry | Visa | Price |
|---|---|---|---|---|
| 1 | 51 | | | 275.00 |
| LETTERS | | | | 75.00 |
| OGATORY/FSIA FE | | | | |

| | |
|---|---|
| alance | $2,275.00 |
| **Amount Paid** | **$2,275.00** |
| **Change** | **$0.00** |

CUSTOMER COPY
**ALL TRANSACTIONS ARE FINAL - NO REFUNDS**

Sensitive But Unclassified (SBU)
44490

U.S. Embassy
BERN, SWITZERLAND
https://ch.usembassy.gov

Customer: ARONOW V. ISLAMIC REP. OF IRAN
Date: 7/9/2020 2:44:46 PM
Register: ACS Cash
Transaction: 15037895
Tender: U.S. Dollars
Exchange Rate: 1.00USD = 1.000LC

| Qty | Svc | Ctry | Visa | Price |
| --- | --- | --- | --- | --- |
| 1 | 51 | | | $2,275.00 |
| LETTERS ROGATORY/FSIA FEE | | | | CHF 2'275.00 |

| | |
| --- | --- |
| **Balance** | $2,275.00 |
| **Amount Paid** | $2,275.00 |
| **Change** | $0.00 |

CUSTOMER COPY

**ALL TRANSACTIONS ARE FINAL - NO REFUNDS**

Sensitive But Unclassified (SBU)

47524

United States Department of State

*Washington, D.C. 20520*

October 1, 2020

Ms. Ruby J. Krajick
Clerk of the Court
United States District Court
For the Southern District of New York
500 Pearl Street
New York, New York 100007

**Re: Aronow, et al. v. Islamic Republic of Iran, 1:18-cv-12001**

Dear Ms. Krajick:

I am writing regarding the Court's request for transmittal of a Order of Partial Final Default Judgments on Behalf of Aronow II Plaintiffs Identified at Exhibit A and Notice of Judgment to the Islamic Republic of Iran pursuant to 28 U.S.C. Sections 1608(a)(4) and (e) as a defendant in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the Government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1154-IE, dated August 31, 2020 and delivered on September 2, 2020. A certified copy of the diplomatic note is enclosed.

Sincerely,

Jared N. Hess
Attorney Adviser
Office of the Legal Adviser, Consular Affairs

Cc: Tracy R. Kalik
Heideman, Nudelman, Kalik, PC
1146 19th St., NW
Washington, DC 20036

SPECIFIC AUTHENTICATION CERTIFICATE

onfederation of Switzerland )
ern, Canton of Bern ) SS:
mbassy of the United States of America )

, Jack F. Pan, a consular officer at the Embassy of the United States at Bern, Switzerland, certify hat this is a true copy of Embassy note number 27233 dated July 9, 2020, which was transmitted o the Swiss Ministry of Foreign Affairs on July 15, 2020 for further transmission to the American Interests Section of the Swiss Embassy in Tehran, Iran.

(Signature of Consular Officer)

Jack F. PAN
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

September 17, 2020
(Date)

*Embassy of the United States of America*

July 9, 2020

CONS NO. 27233

Federal Department of Foreign Affairs
Foreign Interests Section
Kochergasse 10
Federal Palace North
Office #4.001
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities Act (FSIA) – Aronow, et al. v. Islamic Republic of Iran, 1:18-cv-12001

REF: ----

The Department of State has requested the delivery of the enclosed Order of Partial Final Default Judgments on Behalf of Aronow II Plaintiffs Identified at Exhibit A and Notice of Judgment to the Ministry of Foreign Affairs of the Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities Act in the matter of Aronow, et al. v. Islamic Republic of Iran, 1:18-cv-12001.

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the documents to the American Interests Section of the Swiss Embassy in Tehran. There is one defendant to be served in this case: the Islamic Republic of Iran. The American Interests Section should transmit the Order of Partial Final Default Judgments on Behalf of Aronow II Plaintiffs Identified at Exhibit A and Notice of Judgment to the Iranian Ministry of Foreign Affairs under cover of one diplomatic note utilizing the language provided in the enclosed instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery. The American Interests Section should execute certifications of the diplomatic notes, which will be forwarded by the Department of State to the requesting court in the United States.

Enclosed is one appropriate part of a message the Embassy received from the Department of State as well two sets of documents for the Islamic Republic of Iran.

The Embassy would appreciate being informed of the date the American Interests Section of the Swiss Embassy in Tehran receives the documents as well as the date the Interests Section forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.

SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I certify that the annexed document bears the genuine seal of the Swiss Federal Department of Foreign Affairs.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

(Signature of Consular Officer)

Jack F. PAN
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

September 17, 2020
(Date)

**BEGIN TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN:**

The Embassy of Switzerland, Foreign Interests Section in Tehran refers the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit Aronow, et al. v. Islamic Republic of Iran, 1:18-cv-12001, in the U.S. District Court for the Southern District of New York. The Islamic Republic of Iran is a defendant in this case. The Foreign Interests Section transmits an Order of Partial Final Default Judgments on Behalf of Aronow II Plaintiffs Identified at Exhibit A herewith. The U.S. District Court for the Southern District of New York has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4) and (e).

In addition to the Order of Partial Final Default Judgments on Behalf of Aronow II Plaintiffs Identified at Exhibit A, the Foreign Interests Section is enclosing a Notice of Judgment, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1. Order of Partial Final Default Judgments on Behalf of Aronow II Plaintiffs Identified at Exhibit A and Notice of Judgment
2. Translations

**END TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN**

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

30016

**Federal Department of Foreign Affairs FDFA**

K. 346-01-02-01-USA/IRAN

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 27233 dated July 09, 2020 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance:
Aronow, et al. v. Islamic Republic of Iran, 1:18-cv-12001

- Note No.1154-IE addressed to the Government of the Islamic Republic of Iran

dated August 31, 2020 and proof of service, dated September 02, 2020 as well as the certification by the Swiss Federal Chancellery dated September 11, 2020.

The section has received the above mentioned documents on July 28, 2020. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on September 02, 2020. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Bern, September 15, 2020

*Enclosure(s) mentioned*



To the
Embassy of the
United States of America

Bern

## SPECIFIC AUTHENTICATION CERTIFICATE

onfederation of Switzerland )
ern, Canton of Bern ) SS:
mbassy of the United States of America )

ertify that the annexed document is executed by the genuine signature and seal of the llowing named official who, in an official capacity, is empowered by the laws of Switzerland execute that document.

ertify under penalty of perjury under the laws of the United States that the foregoing is true d correct.

Gaëlle CAFARO-VULLIERAT
(Typed name of Official who executed the annexed document)

(Signature of Consular Officer)

Jack F. PAN
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

September 17, 2020
(Date)

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No. 1154-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit Aronow, et al. v. Islamic Republic of Iran, 1:18-cv-12001, in the U.S. District Court for the Southern District of New York. The Islamic Republic of Iran is a defendant in this case. The Embassy transmits an Order of Partial Final Default Judgments on Behalf of Aronow II Plaintiffs Identified at Exhibit A herewith. The U.S District Court for the Southern District of New York has requested service of these documents. This note constitutes transmittal of these document to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4) and (e).

In addition to the Order of Partial Final Default Judgments on Behalf of Aronow II Plaintiffs Identified at Exhibit A, the Embassy is enclosing a Notice of Default Judgment, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran, August 31, 2020

EMBASSY OF SWITZERLAND IN IRAN

Attachments:

1. Order of Partial Final Default Judgments on Behalf of Aronow II Plaintiffs Identified at Exhibit A and Notice of Default Judgment
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, Christian Gobet, Head of the Foreign Interests Section of the Embassy of Switzerland in Iran, certify herewith that this is a true copy of Diplomatic Note No. 1154-IE, dated August 31, 2020. The delivery of this note and its enclosures was attempted on September 02, 2020, but the Iranian Ministry of Foreign Affairs refused its acceptance.

Christian Gobet
Head of the Foreign Interests Section

Tehran, September 02, 2020

EMBASSY OF SWITZERLAND * U.S. INTERESTS SECTION TEHRAN

**APOSTILLE**
**(Convention de la Haye du 5 octobre 1961)**

1. **Country:** SWISS CONFEDERATION

**This public document**

2. **has been signed by** Christian Gobet
3. **acting in the capacity of officer**
4. **bears the seal/stamp of**

EMBASSY OF SWITZERLAND IN IRAN
FOREIGN INTERESTS SECTION

**Certified**

5. **at Berne**
6. **the** 11 September 2020
7. **by** Gaëlle Cafaro-Vullierat
**functionary of the Swiss federal Chancellery**
8. **No.**......017877
9. **Seal/stamp:**
Swiss federal Chancellery
10. **Signature:**

SWISS FEDERAL CHANCELLERY

ترجمه غیر رسمی

سفارت سوئیس
**قسمت حافظ منافع خارجی**

شماره IE– 1154

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران، ضمن اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران، احتراماً توجه آن وزارتخانه محترم را به دعوا ی حقوقی تحت عنوان آرونوو و دیگران علیه جمهوری اسلامی ایران، تحت پرونده مدنی شماره 1:18-cv-12001 که در دادگاه ناحیه ای ایالات متحده برای ناحیه جنوب نیو یورک مفتوح میباشد، جلب می نماید. جمهوری اسلامی ایران طرف خوانده در این پرونده می باشد. سفارت سوئیس بنا به درخواست دادگاه ناحیه ای ایالات متحده برای ناحیه جنوب نیو یورک، یک فقره حکم غیابی نهایی جزئی از طرف خواهان های آرونوو ۲ بشرح ضمیمه الف را ایفاد می دارد. برابر مقررات فصل 28 بخش 1608 بند (a)(4) و (e) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدرک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

سفارت علاوه بر حکم غیابی نهایی جزئی از طرف خواهان های آرونوو ۲ بشرح ضمیمه الف، یک فقره اطلاعیه حکم غیابی که توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی تهیه شده است، را به پیوست ایفاد می دارد. لطفاً توجه داشته باشید که متعاقب مقررات فصل 28 بخش 1610 مجموعه قوانین ایالات متحده آمریکا، اقدامات اجرائی و حکم می توانند بعد از مدت زمان معقول از دادن اطلاع از حکم غیابی، آغاز گردد.

سفارت بدینوسیله اشعار می دارد که بموجب قوانین ایالات متحده آمریکا، هر گونه دفاع مربوط به قلمرو قضائی و اداری و یا دفاع دیگری، از جمله عنوان نمودن مصونیت دولت ها، باید در مقابل دادگاه صورت گیرد. از این رو، مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو با مشاور در مورد قوانین مربوطه میباشد. دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی، موقع را مغتنم شمرده و مراتب احترامات فائقه خود را نسبت به وزارت امور خارجه جمهوری اسلامی ایران را تجدید می نماید.

EMBASSY OF SWITZERLAND IN IRAN

تهران، بتاریخ دهم شهریور ماه ۱۳۹۹ (۳۱ اوت ۲۰۲۰)

پیوست: ۱- حکم غیابی نهایی جزئی از طرف خواهان های آرونوو ۲ بشرح ضمیمه الف و اطلاعیه حکم غیابی
۲- ترجمه ها

**اداره امور آمریکا**
**وزارت امور خارجه**
**جمهوری اسلامی ایران**
**تهران**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 19 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |
| This document relates to:<br>*Aronow, et al v. Islamic Republic of Iran* | 18-cv-12001 (GBD)(SN)<br>ECF Case |

**ORDER OF PARTIAL FINAL DEFAULT JUDGMENTS ON BEHALF OF ARONOW II PLAINTIFFS IDENTIFIED AT EXHIBIT A**

Upon consideration of the evidence and arguments submitted by Plaintiffs identified in Exhibit A to this Order, plaintiffs in *Aronow, et al v. Islamic Republic of Iran*, who are each the estate of a victim of the terrorist attacks on September 11, 2001, and the Judgment by Default for liability only against the Islamic Republic of Iran ("Iran Defendant") entered on September 11, 2019 (ECF No. 22), together with the entire records in this case, it is hereby;

**ORDERED** that service of process was effected upon the Iran Defendant in accordance with 28 U.S.C. § 1608(a) for sovereign defendants and 28 U.S.C. § 1608(b) for agencies and instrumentalities of sovereign defendants;

**ORDERED** that partial final judgment is entered against the Iran Defendant and behalf of the Plaintiffs in *Aronow, et al. v. The Islamic Republic of Iran*, Case No. 19-cv-44, as identified in the attached Exhibit A, who are each the estate of a victim of the terrorist attacks on September 11, 2001, as indicated in Exhibit A, and it is

**ORDERED** that Plaintiffs identified in Exhibit A are awarded compensatory damages for decedents' pain and suffering in the amount of $2,000,000 per estate, as set forth in Exhibit A; and it is

**ORDERED** that Plaintiffs identified in the expert reports attached as Exhibits B-C to the Noel J. Nudelman Declaration, dated January 15, 2020 (and identified in Exhibit A), are awarded economic damages as set forth in Exhibit A and as supported by the expert reports and analyses submitted as Exhibits B-C of the Noel J. Nudelman Declaration, and it is

**ORDERED** that Plaintiffs identified in Exhibit A are awarded prejudgment interest of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of judgment; and it is

**ORDERED** that Plaintiffs identified in Exhibit A may submit an application for punitive damages, economic damages, or other damages (to the extent such awards have not previously been ordered) at a later date consistent with any future rulings made by this Court on this issue, and it is

**ORDERED** that the remaining Aronow Plaintiffs not appearing on Exhibit A, may submit in later stages applications for damages awards, and to the extent they are for solatium or by estates for compensatory damages' for decedents pain and suffering from the September 11 attacks, they will be approved consistent with those approved herein for the Plaintiffs appearing on Exhibit A.

Dated: New York, New York
FEB 1 9 2020
________________, 2020

**SO ORDERED:**

George B. Daniels

GEORGE B. DANIELS
United States District Judge

# EXHIBIT A

**EXHIBIT A**

**TO PROPOSED ORDER OF JUDGMENT IN *ARONOW II***

| # | DECEDENT FIRST NAME | DECEDENT MIDDLE NAME | DECEDENT LAST NAME | PLAINTIFF SUFFIX | DECEDENT PAIN AND SUFFERING | DECEDENT PAIN AND SUFFERING PREVIOUSLY AWARD | DECEDENT ECONOMIC LOSS | TOTAL FINAL JUDGMENT AMOUNT FOR ESTATE |
|---|---|---|---|---|---|---|---|---|
| 1 | Richard | Avery | Aronow | | $2,000,000 | | $12,948,532 | $14,948,532 |
| 2 | Brian | Joseph | Murphy | | $2,000,000 | | $15,405,844 | $17,405,844 |

Total: $32,354,376

Day Translations

**Certified Translation**

# Certificate of Accuracy

Mitra Mousavi
Translator/Interpreter

Translated document: *Default Judgment Order as to Estate 2-19-20* and *Notice of Judgment re Estates Judgment 2-29-20* issued by **United States District Court for the Southern District of New York** on February 19, 2020.

As a translator for Day Translations, Inc., I, Mitra Mousavi, declare that I am a bilingual translator who is thoroughly familiar with the English and Farsi languages. I have translated the attached document to the best of my knowledge from English into Persian Language and the Persian Language text is an accurate and true translation of the original document presented to the best of my knowledge and belief.

Signed on February 20, 2020

Mitra Mousavi
*Professional Translator for Day Translations, Inc.*

American Translators Association # 243874

NAJIT Official Member of The National Association of Judicial Interpreters and Translators

MEMBER OF atc ASSOCIATION OF TRANSLATION COMPANIES LANGUAGE SERVICE PROVIDERS

BBB A+ ACCREDITED BUSINESS

EUATC *European Union of Associations of Translation Companies*

515 S. Flower St.,18th Floor Los Angeles, CA, 90071 | Toll Free: 1-800-969-6853 Fax: 1-800-856-2759
E-mail: contact@daytranslations.com | www.daytranslations.com

Eco-friendly

Eco-friendly

[مهر] دادگاه ناحیه‌ای ایالات متحده شعبه جنوب نیویورک
سند ثبت شده الکترونیکی
شماره سند#:
تاریخ ثبت: FEB 19,2020

دادگاه ناحیه‌ای ایالات متحده
ناحیه جنوب نیویورک

| | |
|---|---|
| در ارتباط با حملات تروریستی 11 سپتامبر 2001 | 03-md-1570 (GBD)(SN)<br>پرونده الکترونیکی |
| این سند مرتبط است به:<br>*آرونوو و دیگران علیه جمهوری اسلامی ایران* | 18-cv-12001 (GBD)(SN)<br>پرونده الکترونیکی |

**صدور قرار جزئی غیابی قطعی از جانب شکات آرونوو[1] بشرح ضمیمه الف**

با توجه به شواهد و مستندلات ارائه شده از سوی شکات به هویت ضمیمه الف این قرار یعنی *آرونوو و دیگران علیه جمهوری اسلامی ایران*، که هر یک از املاک قربانیان حملات تروریستی 11 سپتامبر 2001 بوده و با توجه به رأی غیابی مسئولیت صرفاً جمهوری اسلامی ایران («ایران بعنوان خوانده») صادره 11 سپتامبر 2019 (پرونده الکترونیکی شماره 22)[2] بهمراه دیگر سوابق این پرونده بشرح ذیل قرار صادر می‌گردد:

**مقرر گردید** ابلاغ روند رسیدگی به ایران بعنوان خوانده مطابق 28 U.S.C. § 1608(a) برای خوانده خارجی و 28 U.S.C. § 1608(b) برای عوامل و کارگزاران خوانده خارجی صورت گرفت؛

**مقرر گردید** رأی جزئی قطعی علیه ایران بعنوان خوانده و از سوی شکات در پرونده شماره 19-CV-44 *آرونوو و دیگران علیه جمهوری اسلامی ایران* به هویت و بشرح ضمیمه الف، که هر یک جزو املاک قربانیان حملات تروریستی 11 سپتامبر 2001 می‌باشند صادر گردیده، و

**مقرر گردید** جبران خسارت معادل زیان وارده بخاطر رنج و مصائب متفویان به مبلغ 2 میلیون دلار به ازای هر ملک به شرح ضمیمه الف به شکات مذکور در ضمیمه الف پرداخت گردد؛ و



[1] Aronow
[2] (ECF No. 22)

**مقرر گردید** ضرر و زیان مالی بشرح ضمیمه الف مطابق تحلیل و گزارشات تخصصی ارائه شده در ضمیمه های B-C اظهارنامه نوئل جی. نودلمن[3] به شکات به هویت مندرج در گزارشات تخصصی ضمیمه B-C بیانیه نوئل جی نودلمن مورخ 15 ژانویه 2020 (و به هویت مذکور در ضمیمه الف) پرداخت گردد، و

**مقرر گردید** بهره غرائم تا پیش از تاریخ صدور رأی با نرخ 4/96 درصد بصورت مرکب و سالانه از تاریخ 11 سپتامبر 2001 تا تاریخ صدور رأی محاسبه و به شکات مشروح در ضمیمه الف پرداخت گردد، و

**مقرر گردید** شکات به هویت ضمیمه الف می‌توانند در آینده در تطابق با احکام آتی این دادگاه در این مورد درخواست خسارت تنبیهی، ضرر و زیان مالی، یا هرگونه خسارت دیگر (به نوعی که قبلاً دستور آن صادر نشده باشد) ارائه نمایند، و

**مقرر گردید** سایر شکات آرونوو که در ضمیمه الف معرفی نشده‌اند در مراحل آتی می‌توانند بخاطر رنج و مصائب ناشی از حملات 11 سپتامبر درخواست جبران خسارت معنوی یا جبران خسارت معادل زیان وارده توسط دول خارجی نمایند و در تطابق با موارد مقرر در این حکم برای شکات ضمیمه الف مورد تأیید قرار خواهد گرفت.

تاریخ: نیویورک، نیویورک
19 فوریه 2020

**به دستور:** [امضاء: *George B. Daniels*]
GEORGE B. DANIELS
قاضی ناحیه‌ای ایالات متحده

پرونده: 1:18-cv-12001-GBD-S سند 26-1 تاریخ طرح 01/15/20 صفحه 1 از 2
پرونده: 1:18-cv-12001-GBD-S سند 28 تاریخ طرح 02/19/20 صفحه 3 از 4

[3] Noel J. Nudelman Declaration

# ضمیمه الف

| ضمیمه الف<br>به قرار دادرسی پرونده *آرونوو 2* | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | نام متوفی | نام وسط متوفی | نام خانوادگی متوفی | پسوند نام متوفی | رنج و مصیبت متوفی | رنج و مصیبت پیشین متوفی | خسارت مالی متوفی | کل مبلغ رأی نهائی برای ملک |
| 1 | Richard | Avery | Aronow | | $2,000,000 | | $12,948,532 | $14,948,532 |
| 2 | Brian | Joseph | Murphy | | $2,000,000 | | $15,405,804 | $17,405,844 |

مجموع : $32,354,376

# NOTICE OF JUDGEMENT UNDER THE FOREIGN SOVEREIGN IMMUNITIES ACT

(as required by 28 U.S.C. § 1608 (a)(3) and 22 CFR § 93.2)

This is notice of a civil lawsuit in the United States filed against your government and various government instrumentalities, and agents or employees. This lawsuit is governed by the provisions of the Foreign Sovereign Immunities Act of 1976.

1. Title of Legal Proceeding:

   Aronow, et al. v. Islamic Republic if Iran

   Full name of court:

   United States District Court for the Southern District of New York

   Case or docket number:

   18-12001 (GBD)

2. Name of foreign state (or political subdivision) concerned:

   Islamic Republic of Iran

3. Identity of other parties:

   Not applicable.

Judicial Documents

4. Nature of documents served:

   Default Judgment

5. Nature and purpose of the proceedings and why the foreign state and political subdivisions have been named:

   This judgment orders money damages to the estates of Richard A. Aronow and Brian J. Murphy for the terrorist attacks that took place in New York on September 11, 2001.

   The terrorists that committed the attacks that killed Richard A. Aronow and Brian J. Murphy, both U.S. citizens, were sponsored and supported by the foreign states, foreign state instrumentalities, and their agents listed above.

Under the Foreign Sovereign Immunities Act, a foreign state and its instrumentalities is immune from a US civil lawsuit unless its actions fall within certain enumerated exceptions. The state sponsorship of a terrorist act against US citizens is one of the exceptions to foreign sovereign immunity. 28 U.S.C. § 1602 et seq.

Relief requested:

Compensatory damages have been awarded in accordance with a finding of civil liability for the above-described acts.

6. A Default Judgment was entered on February 19, 2020.

7. The failure to submit a timely response with the court can result in a Default Judgment and a request for execution to satisfy the judgment. If a default judgment has been entered, a procedure may be available to vacate or open that judgment.

8. Questions relating to state immunities and to the jurisdiction of United States courts over foreign states are governed by the Foreign Sovereign Immunities Act of 1976, as amended which appears in sections 1330, 1391(f), 1441(d), and 1602 through 1611, of Title 28, United States Code

# ابلاغیه صدور رأی مطابق قانون مصونیت دول خارجی[1] (FSIA)

(موضوع بخش (3)(a) 28 U.S.C. § 1608 و 22 CFR § 93.2)

بدینوسیله ابلاغیه طرح دعوی مدنی در کشور ایالات متحده علیه دولت شما، عوامل، کارگزاران یا کارمندان آن اعلام می‌گردد. این پرونده مطابق مفاد قانون مصونیت دول خارجی مصوب 1976 بررسی می‌گردد.

1. عنوان رسیدگی حقوقی:
آرونوو و دیگران[2] علیه جمهوری اسلامی ایران
نام کامل دادگاه:
دادگاه ناحیه‌ای ایالات متحده آمریکا شعبه ناحیه جنوب نیویورک[3]
شماره پرونده یا دستور کار
18-12001 (GBD)
2. نام دولت خارجی (یا توابع سیاسی) مربوطه:
جمهوری اسلامی ایران
3. هویت سایر طرفین
وجود ندارد.

اسناد قضائی

4. ماهیت اسناد ابلاغ شده
رأی غیابی
5. ماهیت و هدف رسیدگی و دلیل خطاب دولت خارجی و توابع سیاسی آن:
طبق رأی صادره بنا به حملات تروریستی صورت گرفته در شهر نیویورک به تاریخ 11 سپتامبر 2001 غرامت خسارات وارده به املاک ریچارد ای آرونوو[4] و برایان جی مورفی[5] باید پرداخت گردد.

حمله صورت گرفته تروریست‌ها که منجر به کشته شدن ریچارد ای آرونوو و برایان جی مورفی، هر دو از شهروندان ایالات متحده، گردید، توسط دولت‌های خارجی، عوامل دولت‌های خارجی، و کارگزاران آنها بشرح فوق‌الذکر تأمین مالی و حمایت شده‌اند.

طبق قانون مصونیت دول خارجی، تمامی دولت‌ها و عوامل آنها در برابر اقامه دعوی مدنی در ایالات متحده مصونیت دارند، مگر اقدامات آنها در حیطه موارد استثناء و مشخصی قرار گیرد. حمایت دولتی از یک اقدام تروریستی علیه شهروندان ایالات

[1] Foreign Sovereign Immunities Act
[2] Aronow, et al.
[3] United States District Court for the Southern District of New York
[4] Richard A. Aronow
[5] Brian J. Murphy

متحده یکی از موارد استثنای مصونیت دول خارجی است. بخش 28 U.S.C. § 1602 و ادامه آن.

<u>خواسته مالی مورد تقاضا:</u>
رأی به جبران خسارت معادل زیان وارده مطابق نتیجه گیری مبنی بر مسئولیت مدنی در قبال اقدامات فوق الذکر صادر گردید.

6. رأی غیابی در تاریخ 19 فوریه 2020 صادر گردید.

7. عدم ارسال پاسخ به دادگاه در موعد مقرر منجر به قطعی شدن رأی غیابی و درخواست اجرای آن می‌گردد. در صورت صدور رأی غیابی امکان لغو یا بررسی مجدد پرونده وجود دارد.

8. سؤالات مرتبط با مصونیت دولت‌ها و صلاحیت قضائی دادگاه‌های ایالات متحده در قبال دولت‌های خارجی مطابق قانون مصونیت دول خارجی مصوب 1976 و اصلاحیات آن در بخش‌های 1330، 1391(f)، 1441(d)، و 1602 تا 1611، در عنوان 28 کد قوانین ایالات متحده[6] تفسیر می‌گردد.

[6] United States Code (U.S.C)

# EXHIBIT 19

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN)

**[PROPOSED] FINAL ORDER OF SUMMARY JUDGMENT**

Upon consideration of the evidence and arguments submitted by the *Ashton* wrongful death Plaintiffs in the above-captioned action and the Judgment by Default Against the Islamic Republic of Iran entered on 08/26/2015, together with the entire record in this case, it is hereby;

**ORDERED** that final judgment is entered on behalf of those Plaintiffs in *Ashton et al. v. Al Qaeda Islamic Army et al.*, 02-cv-6977 (GBD) (SN) identified in the attached Exhibit A and Exhibit B against the Islamic Republic of Iran (the "*Ashton XII* Plaintiffs"); and it is

**ORDERED** that the *Ashton XII* Plaintiffs identified in the attached Exhibit A and Exhibit B are awarded solatium damages as set forth in Exhibit A and Exhibit B; and it is

**ORDERED** that prejudgment interest is awarded to be calculated at a rate of 4.96% per annum; all interest compounded annually over the same period; and it is

**ORDERED** that the Plaintiffs not appearing on Exhibit A or Exhibit B and who were not previously awarded damages may submit in later stages applications for solatium and/or economic damages awards that will be approved on the same basis as currently approved for those Plaintiffs appearing on Exhibit A, Exhibit B or in prior filings.

Dated: New York, New York
AUG 1 5 2019 ~~__________~~, 2019

SO ORDERED:

George B. Daniels

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

# Exhibit A

| # | 9/11 Decedent | Plaintiff | Relationship | Solatium Damages |
|---|---|---|---|---|
| 1 | Abad, Edelmiro | Abad, Jennifer | Child | $8,500,000.00 |
| 2 | Abad, Edelmiro | Abad, Lorraine | Spouse | $12,500,000.00 |
| 3 | Abad, Edelmiro | Abad, Serena | Child | $8,500,000.00 |
| 4 | Adderley, Jr., Terence | Adderley, Terence | Parent | $8,500,000.00 |
| 5 | Agnes, David | Agnes, Frank | Parent | $8,500,000.00 |
| 6 | Agnes, David | Pearl, Adrienne | Child | $8,500,000.00 |
| 7 | Agnes, David | Werdann, Leslie | Sibling | $4,250,000.00 |
| 8 | Aiken, Terrance | Aiken, Andre | Child | $8,500,000.00 |
| 9 | Aiken, Terrance | Aiken, Terrease | Child | $8,500,000.00 |
| 10 | Aiken, Terrance | Trimingham-Aiken, Kim | Spouse | $12,500,000.00 |
| 11 | Albert, Jon L. | Albert, David L. | Child | $8,500,000.00 |
| 12 | Albert, Jon L. | Albert, Donna L. | Spouse | $12,500,000.00 |
| 13 | Albert, Jon L. | Albert, Stephen L. | Child | $8,500,000.00 |
| 14 | Alger, David D. | Alger Wang, Cristina | Child | $8,500,000.00 |
| 15 | Alger, David D. | Alger, Josephine | Spouse | $12,500,000.00 |
| 16 | Allen, Eric | Allen, Angelica | Spouse | $12,500,000.00 |
| 17 | Allen, Eric | Allen, Kathleen | Child | $8,500,000.00 |
| 18 | Amato, James M. | Amato, Deborah | Spouse | $12,500,000.00 |
| 19 | Angelini, Sr., Joseph J. | Angelini, Anne | Spouse | $12,500,000.00 |
| 20 | Apostol, Jr., Faustino | Apostol, Christopher | Child | $8,500,000.00 |
| 21 | Apostol, Jr., Faustino | Apostol, Justin | Child | $8,500,000.00 |
| 22 | Apostol, Jr., Faustino | Apostol, Kathleen | Spouse | $12,500,000.00 |
| 23 | Arias, Adam P. | Arias, Margit | Spouse | $12,500,000.00 |
| 24 | Aron, Jack C. | Aron, Evelyn | Spouse | $12,500,000.00 |
| 25 | Aron, Jack C. | Aron, Timothy | Child | $8,500,000.00 |
| 26 | Atlas, Gregg A. | Atlas, Gregg | Child | $8,500,000.00 |
| 27 | Atlas, Gregg A. | Atlas, JoAnn | Spouse | $12,500,000.00 |
| 28 | Atlas, Gregg A. | Atlas, Sarah | Child | $8,500,000.00 |
| 29 | Atwood, Gerald T. | Atwood, Gerald | Child | $8,500,000.00 |
| 30 | Atwood, Gerald T. | Atwood, Margaret | Child | $8,500,000.00 |
| 31 | Atwood, Gerald T. | Swat, Barbara Ann | Parent and legal guardian on behalf of R. A., minor child of 9/11 Decedent Gerald T. Atwood | $8,500,000.00 |
| 32 | Atwood, Gerald T. | Swat, Barbara Ann | Spouse | $12,500,000.00 |
| 33 | Badagliacca, John | Badagliacca, John | Child | $8,500,000.00 |
| 34 | Badagliacca, John | Badagliacca, Nancy | Spouse | $12,500,000.00 |
| 35 | Badagliacca, John | Badagliacca, Nikki | Child | $8,500,000.00 |
| 36 | Barbara, Gerard | Barbara, Joanne | Spouse | $12,500,000.00 |
| 37 | Barbella, James W. | Barbella, James | Child | $8,500,000.00 |
| 38 | Barbella, James W. | Barbella, Monica | Spouse | $12,500,000.00 |
| 39 | Barbella, James W. | Barbella, Sarah | Child | $8,500,000.00 |
| 40 | Barkow, Colleen | Barkow, Daniel F. | Spouse | $12,500,000.00 |

| | | | | |
|---|---|---|---|---|
| 41 | Baron, Evan J. | Baron, Ethan | Child | $8,500,000.00 |
| 42 | Baron, Evan J. | Baron, Jeannine P. | Spouse | $12,500,000.00 |
| 43 | Baron, Evan J. | Baron, Julia | Child | $8,500,000.00 |
| 44 | Bartels, Carlton | Bartels, Eva | Child | $8,500,000.00 |
| 45 | Bartels, Carlton | Bartels, Jane | Spouse | $12,500,000.00 |
| 46 | Bartels, Carlton | Bartels, Melina | Child | $8,500,000.00 |
| 47 | Basina, Inna | Basin, Boris | Child | $8,500,000.00 |
| 48 | Basina, Inna | Basin, Vladimir | Spouse | $12,500,000.00 |
| 49 | Beaven, Alan | Beaven, Dahlia | Child | $8,500,000.00 |
| 50 | Beaven, Alan | Beaven, Kimberly K. | Spouse | $12,500,000.00 |
| 51 | Bedigian, Carl | Iavarone, Michele | Spouse | $12,500,000.00 |
| 52 | Berger, Steven H. | Berger, Melissa | Child | $8,500,000.00 |
| 53 | Berger, Steven H. | Berger, Phyllis | Personal Representative of the Estate of Joseph Berger, deceased Parent of 9/11 Decedent Steven H. Berger | $8,500,000.00 |
| 54 | Berger, Steven H. | Berger, Susan | Spouse | $12,500,000.00 |
| 55 | Bergin, John | Bergin, John | Child | $8,500,000.00 |
| 56 | Bergin, John | Bergin, Katie | Child | $8,500,000.00 |
| 57 | Bergin, John | Bergin, Madeline | Spouse | $12,500,000.00 |
| 58 | Bergin, John | Bergin, Shannon | Child | $8,500,000.00 |
| 59 | Berkeley, Michael J. | Berkeley, Eric M. | Child | $8,500,000.00 |
| 60 | Berkeley, Michael J. | Berkeley, Jason A. | Child | $8,500,000.00 |
| 61 | Berkeley, Michael J. | Perez-Berkeley, Lourdes | Spouse | $12,500,000.00 |
| 62 | Berry, David S. | Berry, Alexander Ashton | Child | $8,500,000.00 |
| 63 | Berry, David S. | Berry, Nile Philip | Child | $8,500,000.00 |
| 64 | Berry, David S. | Berry, Paula | Spouse | $12,500,000.00 |
| 65 | Berry, David S. | Berry, Reed Nicholas | Child | $8,500,000.00 |
| 66 | Bethke, William R. | Bethke, Valerie | Spouse | $12,500,000.00 |
| 67 | Biegeleisen, Shimmy D. | Biegeleisen, Israel J. | Child | $8,500,000.00 |
| 68 | Biegeleisen, Shimmy D. | Biegeleisen, Miriam | Spouse | $12,500,000.00 |
| 69 | Biegeleisen, Shimmy D. | Biegeleisen, Mordechai | Child | $8,500,000.00 |
| 70 | Biegeleisen, Shimmy D. | Biegeleisen, Moshe J. | Child | $8,500,000.00 |
| 71 | Biegeleisen, Shimmy D. | Gewirezman, Adina | Child | $8,500,000.00 |
| 72 | Biegeleisen, Shimmy D. | Rotberg, Dvora | Child | $8,500,000.00 |
| 73 | Bini, Carl | Bini, Christine | Spouse | $12,500,000.00 |
| 74 | Bini, Carl | DiDonna, Desiree | Child | $8,500,000.00 |
| 75 | Bini, Carl | Parish, Stefanie | Child | $8,500,000.00 |
| 76 | Blanding, Jr., Harry A. | Blanding, Benjamin | Child | $8,500,000.00 |
| 77 | Blanding, Jr., Harry A. | Blanding, Deborah | Spouse | $12,500,000.00 |
| 78 | Blanding, Jr., Harry A. | Blanding, Hayley | Child | $8,500,000.00 |
| 79 | Blanding, Jr., Harry A. | Blanding, Jeremy | Child | $8,500,000.00 |
| 80 | Blood, Jr., Richard M. | Blood, Kris | Spouse | $12,500,000.00 |

| | | | | |
|---|---|---|---|---|
| 81 | Blood, Jr., Richard M. | Blood, Madeline | Child | $8,500,000.00 |
| 82 | Blood, Jr., Richard M. | Blood, Michael | Child | $8,500,000.00 |
| 83 | Blood, Jr., Richard M. | Blood, Stephen | Sibling | $4,250,000.00 |
| 84 | Blood, Jr., Richard M. | Blood, William | Sibling | $4,250,000.00 |
| 85 | Bogdan, Nicholas | Bogdan, Dorothy A. | Spouse | $12,500,000.00 |
| 86 | Bogdan, Nicholas | Bogdan, Dorothy A. | Parent and legal guardian on behalf of E. B., minor child of 9/11 Decedent Nicholas Bogdan | $8,500,000.00 |
| 87 | Bogdan, Nicholas | Bogdan, Nicholas | Child | $8,500,000.00 |
| 88 | Boisseau, Larry | Boisseau, Maria | Spouse | $12,500,000.00 |
| 89 | Bordeaux, Sherry Ann | Lewis, Jerline | Parent | $8,500,000.00 |
| 90 | Bordeaux, Sherry Ann | Lewis, Steve | Sibling | $4,250,000.00 |
| 91 | Bosco, Richard Edward | Bosco, Abigail R. | Child | $8,500,000.00 |
| 92 | Bosco, Richard Edward | Bosco, Jr., Richard E. | Child | $8,500,000.00 |
| 93 | Bosco, Richard Edward | Bosco, Maureen | Parent | $8,500,000.00 |
| 94 | Bosco, Richard Edward | Bosco-Myhal, Traci | Spouse | $12,500,000.00 |
| 95 | Bowman, Larry | Bowman, Linda | Spouse | $12,500,000.00 |
| 96 | Box, Gary | Box, Kathleen | Spouse | $12,500,000.00 |
| 97 | Boyarsky, Gennady | Boyarsky, Jolanta | Spouse | $12,500,000.00 |
| 98 | Boyarsky, Gennady | Boyarsky, Michael | Child | $8,500,000.00 |
| 99 | Boyle, Michael | Boyle, Barbara | Parent | $8,500,000.00 |
| 100 | Braca, Alfred | Braca, Jean | Spouse | $12,500,000.00 |
| 101 | Bradshaw, Sandra W. | Bradshaw, Alexandria N. | Child | $8,500,000.00 |
| 102 | Bradshaw, Sandra W. | Bradshaw, Nathan G. | Child | $8,500,000.00 |
| 103 | Bradshaw, Sandra W. | Bradshaw, Phillip G. | Spouse | $12,500,000.00 |
| 104 | Brady, David B. | Brady Cieszko, Jennifer E. | Spouse | $12,500,000.00 |
| 105 | Brady, David B. | Brady, Erin K. | Child | $8,500,000.00 |
| 106 | Brady, David B. | Brady, Grace A. | Child | $8,500,000.00 |
| 107 | Brady, David B. | Brady, Mark R. | Child | $8,500,000.00 |
| 108 | Brady, David B. | Brady, Matthew D. | Child | $8,500,000.00 |
| 109 | Briley, Jonathan E. | Briley, Hillary A. | Spouse | $12,500,000.00 |
| 110 | Broghammer, Herman C. | Broghammer, Ursula | Spouse | $12,500,000.00 |
| 111 | Broghammer, Herman C. | Stabile, Amy B. | Child | $8,500,000.00 |
| 112 | Bruce, Mark | Bruce, David | Personal Representative of the Estate of Harold Truman Bruce, deceased Parent of 9/11 Decedent Mark Bruce | $8,500,000.00 |
| 113 | Bruce, Mark | Bryfogle, Dawn | Spouse | $12,500,000.00 |
| 114 | Bruehert, Richard | Bruehert, Christina | Child | $8,500,000.00 |
| 115 | Bruehert, Richard | Bruehert, Danielle | Child | $8,500,000.00 |
| 116 | Bruehert, Richard | Bruehert, Jo Anne | Spouse | $12,500,000.00 |
| 117 | Buhse, Patrick | Buhse Whelan, Susan E. | Spouse | $12,500,000.00 |

| | | | | |
|---|---|---|---|---|
| 118 | Buhse, Patrick | Buhse, Sloan | Child | $8,500,000.00 |
| 119 | Buhse, Patrick | Buhse, William F. | Child | $8,500,000.00 |
| 120 | Burke, Thomas Daniel | Burke, Julie | Spouse | $12,500,000.00 |
| 121 | Burns, Donald J. | Burns, Elizabeth | Spouse | $12,500,000.00 |
| 122 | Burnside, John P. | Burnside Sturiano, Sandra | Spouse | $12,500,000.00 |
| 123 | Butler, Thomas M. | Butler, Kelly A. | Child | $8,500,000.00 |
| 124 | Butler, Thomas M. | Butler, Margaret | Parent | $8,500,000.00 |
| 125 | Butler, Thomas M. | Butler, Martha | Personal Representative of the Estate of William E. Butler, deceased Parent of 9/11 Decedent Thomas M. Butler | $8,500,000.00 |
| 126 | Butler, Thomas M. | Butler, Martha | Spouse | $12,500,000.00 |
| 127 | Butler, Thomas M. | Butler, Patrick T. | Child | $8,500,000.00 |
| 128 | Butler, Thomas M. | Butler, Sean W. | Child | $8,500,000.00 |
| 129 | Butler, Thomas M. | Butler, Stephen | Sibling | $4,250,000.00 |
| 130 | Cahill, John | Cahill, Brett | Child | $8,500,000.00 |
| 131 | Cahill, John | Cahill, Sean | Child | $8,500,000.00 |
| 132 | Calcagno, Philip | Calcagno, Susan | Spouse | $12,500,000.00 |
| 133 | Calderon, Edward | Calderon, Deborah | Spouse | $12,500,000.00 |
| 134 | Calderon, Edward | Calderon, Jeremy | Child | $8,500,000.00 |
| 135 | Calia, Dominick E. | Calia, Dominick R. | Child | $8,500,000.00 |
| 136 | Calia, Dominick E. | Calia, Jaclyn N. | Child | $8,500,000.00 |
| 137 | Calia, Dominick E. | Calia-Donahue, Janet | Spouse | $12,500,000.00 |
| 138 | Calia, Dominick E. | Calia-Micallef, Jeanna | Child | $8,500,000.00 |
| 139 | Cannizzaro, Brian | Cannizzaro, Christopher | Child | $8,500,000.00 |
| 140 | Cannizzaro, Brian | Cannizzaro, Jackie | Spouse | $12,500,000.00 |
| 141 | Caporicci, Louis | Caporicci, Christina | Child | $8,500,000.00 |
| 142 | Caporicci, Louis | Caporicci, Lauren | Child | $8,500,000.00 |
| 143 | Caporicci, Louis | Caporicci, Lori | Spouse | $12,500,000.00 |
| 144 | Carroll, Michael T. | Carroll, Brendan | Child | $8,500,000.00 |
| 145 | Carroll, Michael T. | Carroll, Nancy | Spouse | $12,500,000.00 |
| 146 | Carroll, Michael T. | Carroll, Olivia | Child | $8,500,000.00 |
| 147 | Carroll, Peter J. | Carroll, Toni Ann | Spouse | $12,500,000.00 |
| 148 | Catarelli, Richard G. | Catarelli, Anamarie | Child | $8,500,000.00 |
| 149 | Catarelli, Richard G. | Catarelli, Santa | Spouse | $12,500,000.00 |
| 150 | Cayne, Jason | Cayne, Gina | Spouse | $12,500,000.00 |
| 151 | Cayne, Jason | Cayne, Marissa | Child | $8,500,000.00 |
| 152 | Cayne, Jason | Cayne, Raquel | Child | $8,500,000.00 |
| 153 | Cayne, Jason | Cayne, Suzann | Child | $8,500,000.00 |
| 154 | Cefalu, Jason | Cefalu, Claude | Parent | $8,500,000.00 |
| 155 | Clark, Eugene | Clark, Robert | Sibling | $4,250,000.00 |
| 156 | Clark, Thomas R. | Clark, Lisa Dilallo | Spouse | $12,500,000.00 |
| 157 | Clark, Thomas R. | Clark, Matthew J. | Child | $8,500,000.00 |

| | | | | |
|---|---|---|---|---|
| 158 | Clark, Thomas R. | Clark, Whitney C. | Child | $8,500,000.00 |
| 159 | Clyne, Susan M. | Clyne, Charles | Spouse | $12,500,000.00 |
| 160 | Clyne, Susan M. | Clyne, Kevin P. | Child | $8,500,000.00 |
| 161 | Clyne, Susan M. | Clyne, Marie S. | Child | $8,500,000.00 |
| 162 | Clyne, Susan M. | Clyne, Michael | Child | $8,500,000.00 |
| 163 | Clyne, Susan M. | Clyne, Timothy D. | Child | $8,500,000.00 |
| 164 | Clyne, Susan M. | Dietrich, Grace | Personal Representative of the Estate of Henry K. Dietrich, deceased Parent of 9/11 Decedent Susan M. Clyne | $8,500,000.00 |
| 165 | Coakley, Steven | Coakley, Vincent | Parent | $8,500,000.00 |
| 166 | Coakley, Steven | Walker, Kara | Sibling | $4,250,000.00 |
| 167 | Colbert, Kevin | Hutchins, Susan | Parent | $8,500,000.00 |
| 168 | Colin, Robert D. | Colin, Maryann | Spouse | $12,500,000.00 |
| 169 | Collins, Thomas J. | Collins, Julia | Spouse | $12,500,000.00 |
| 170 | Colodner, Patricia | Colodner, Warren | Spouse | $12,500,000.00 |
| 171 | Colon, Sol E. | Colon, Alexis | Child | $8,500,000.00 |
| 172 | Colon, Sol E. | Colon, Benito | Spouse | $12,500,000.00 |
| 173 | Colon, Sol E. | Colon, Shayla | Child | $8,500,000.00 |
| 174 | Conaty-Brace, Sandra J. | Brace, David E. | Spouse | $12,500,000.00 |
| 175 | Coppo, Jr., Joseph J. | Anderson, Mary | Sibling | $4,250,000.00 |
| 176 | Coppo, Jr., Joseph J. | Coppo, III, Joseph | Child | $8,500,000.00 |
| 177 | Coppo, Jr., Joseph J. | Coppo, John | Child | $8,500,000.00 |
| 178 | Coppo, Jr., Joseph J. | Coppo, Matthew | Child | $8,500,000.00 |
| 179 | Coppo, Jr., Joseph J. | Coppo, Patricia | Spouse | $12,500,000.00 |
| 180 | Coppo, Jr., Joseph J. | Zapata, Kathleen N. | Child | $8,500,000.00 |
| 181 | Corbett, Joseph | Corbett Jones, Felicia | Spouse | $12,500,000.00 |
| 182 | Cortes-Rodriguez, Carlos | Cortes-Lauterbach, Louis Francisco | Child | $8,500,000.00 |
| 183 | Cortes-Rodriguez, Carlos | Cortés-Rodríguez , Ricardo | Sibling | $4,250,000.00 |
| 184 | Cortes-Rodriguez, Carlos | Cortés-Rodríguez, Alicia | Sibling | $4,250,000.00 |
| 185 | Cortes-Rodriguez, Carlos | Cortés-Rodríguez, Julio | Sibling | $4,250,000.00 |
| 186 | Cortes-Rodriguez, Carlos | Cortés-Rodríguez, María Claudia | Sibling | $4,250,000.00 |
| 187 | Cortes-Rodriguez, Carlos | Cortés-Rodríguez, María Elvira | Sibling | $4,250,000.00 |
| 188 | Cortes-Rodriguez, Carlos | Cortés-Rodríguez, Martha Helena | Sibling | $4,250,000.00 |
| 189 | Cortes-Rodriguez, Carlos | Cortés-Rodríguez, Mercedes | Sibling | $4,250,000.00 |
| 190 | Cortes-Rodriguez, Carlos | Lauterbach, Laurie S. | Spouse | $12,500,000.00 |
| 191 | Cottoy, Sr., Conrod | Hayes Cottoy, Paula | Spouse | $12,500,000.00 |
| 192 | Coughlin, John G. | Coughlin, Erin | Child | $8,500,000.00 |
| 193 | Coughlin, John G. | Coughlin, Kayle | Child | $8,500,000.00 |
| 194 | Coughlin, John G. | Coughlin, Patricia | Spouse | $12,500,000.00 |

| | | | | |
|---|---|---|---|---|
| 195 | Coughlin, John G. | Coughlin, Tara | Child | $8,500,000.00 |
| 196 | Coyle-Eulau, Michele | Eulau, Dennis | Spouse | $12,500,000.00 |
| 197 | Coyle-Eulau, Michele | Eulau, Eric | Child | $8,500,000.00 |
| 198 | Coyle-Eulau, Michele | Eulau, Mark | Child | $8,500,000.00 |
| 199 | Coyle-Eulau, Michele | Eulau, Matthew | Child | $8,500,000.00 |
| 200 | Crant, Denise T. | Crant, John and Crant-Baggot, Shelley | Personal Representatives of the Estate of Hilda E. Crant, deceased Parent of 9/11 Decedent Denise T. Crant | $8,500,000.00 |
| 201 | Crant, Denise T. | Crant, John and Crant-Baggot, Shelley | Personal Representatives of the Estate of Ellis W. Crant, deceased Parent of 9/11 Decedent Denise T. Crant | $8,500,000.00 |
| 202 | Crawford, Jr., James L. | Crawford, Lisa B. | Spouse | $12,500,000.00 |
| 203 | Crawford, Jr., James L. | Crawford, Lisa B. | Parent and legal guardian on behalf of I. C., minor child of 9/11 Decedent James L. Crawford, Jr. | $8,500,000.00 |
| 204 | Cross, Dennis A. | Cross, JoAnn | Spouse | $12,500,000.00 |
| 205 | Cruikshank, Robert | Cruikshank, Christine | Child | $8,500,000.00 |
| 206 | Cruikshank, Robert | Cruikshank, Douglas | Child | $8,500,000.00 |
| 207 | Cruikshank, Robert | Cruikshank, Marianne | Spouse | $12,500,000.00 |
| 208 | Cua, Grace | Cua, Ildefonso A. | Spouse | $12,500,000.00 |
| 209 | Curia, Laurence | Curia, Linda | Spouse | $12,500,000.00 |
| 210 | Curry, Beverly | Curry, Frederick | Spouse | $12,500,000.00 |
| 211 | Dale, Brian P. | Baily, Louanne | Spouse | $12,500,000.00 |
| 212 | Dale, Brian P. | Dale, Jacob E. | Child | $8,500,000.00 |
| 213 | Dale, Brian P. | Dale, Rachel T. | Child | $8,500,000.00 |
| 214 | Dale, Brian P. | Dale, Russell B. | Child | $8,500,000.00 |
| 215 | D'Antonio, Mary | D'Antonio, Antonio | Spouse | $12,500,000.00 |
| 216 | D'Antonio, Mary | D'Antonio, Elizabeth | Child | $8,500,000.00 |
| 217 | Danz, Vincent | Danz, Abigail | Child | $8,500,000.00 |
| 218 | Danz, Vincent | Danz, Emily | Child | $8,500,000.00 |
| 219 | Danz, Vincent | Danz, Winfred | Child | $8,500,000.00 |
| 220 | Danz, Vincent | Danz-Donohue, Angela | Spouse | $12,500,000.00 |
| 221 | Dean, William | Dean, Matthew | Child | $8,500,000.00 |
| 222 | Dean, William | Dean, Patricia | Spouse | $12,500,000.00 |
| 223 | Dean, William | Dean, Patricia | Parent and legal guardian on behalf of C. D., minor child of 9/11 | $8,500,000.00 |

| | | | | |
|---|---|---|---|---|
| | | | Decedent William Dean | |
| 224 | Dean, William | Dean, Sr., Malcolm | Personal Representative of the Estate of Eleanor Dean, deceased Parent of 9/11 Decedent William Dean | $8,500,000.00 |
| 225 | Dean, William | Dean, Timothy | Sibling | $4,250,000.00 |
| 226 | Deangelis, Thomas P. | DeAngelis, Nicole | Child | $8,500,000.00 |
| 227 | Deangelis, Thomas P. | DeAngelis, Patricia J. | Spouse | $12,500,000.00 |
| 228 | Deblase, Jr., James V. | Deblase, James | Child | $8,500,000.00 |
| 229 | Deblase, Jr., James V. | Deblase, Joseph | Child | $8,500,000.00 |
| 230 | Deblase, Jr., James V. | Deblase, Marion | Spouse | $12,500,000.00 |
| 231 | Deblase, Jr., James V. | Deblase, Nicholas | Child | $8,500,000.00 |
| 232 | Defeo, David | Cirinelli, Sofie | Spouse | $12,500,000.00 |
| 233 | Della Bella, Andrea | Della Bella, Vincent | Spouse | $12,500,000.00 |
| 234 | Della Pietra, Joseph | Della Pietra, Christopher | Sibling | $4,250,000.00 |
| 235 | Deloughery, Colleen Ann | Deloughery, Amanda | Child | $8,500,000.00 |
| 236 | Deloughery, Colleen Ann | Deloughery, Michael | Spouse | $12,500,000.00 |
| 237 | Deloughery, Colleen Ann | Deloughery, Michael | Child | $8,500,000.00 |
| 238 | Deloughery, Colleen Ann | McNulty, Michael | Sibling | $4,250,000.00 |
| 239 | Demas, Anthony | Demas, Vivi | Spouse | $12,500,000.00 |
| 240 | Deming, Francis | Deming, Brooke | Spouse | $12,500,000.00 |
| 241 | Demitz, Carol K. | Brewer, Anne K. | Child | $8,500,000.00 |
| 242 | Demitz, Carol K. | Brewer, Curtis F. | Spouse | $12,500,000.00 |
| 243 | Devitt, Jr., Robert | Devitt, Sr., Robert | Parent | $8,500,000.00 |
| 244 | DiAgostino, Michael | DiAgostino, Clara | Personal Representative of the Estate of Carlo DiAgostino, deceased Parent of 9/11 Decedent Michael DiAgostino | $8,500,000.00 |
| 245 | DiAgostino, Michael | DiAgostino, Donna | Spouse | $12,500,000.00 |
| 246 | DiAgostino, Michael | DiAgostino, Donna | Parent and legal guardian on behalf of C. D., minor child of 9/11 Decedent Michael DiAgostino | $8,500,000.00 |
| 247 | DiAgostino, Michael | DiAgostino, Pauline | Child | $8,500,000.00 |
| 248 | Dinardo Schorpp, Marisa | Schorpp, Jeffrey | Spouse | $12,500,000.00 |
| 249 | Dinnoo, Rena | Dinnoo, Andy | Spouse | $12,500,000.00 |
| 250 | DiPilato, Joseph | DiPilato, Joseph | Child | $8,500,000.00 |
| 251 | DiPilato, Joseph | DiPilato, Maria | Spouse | $12,500,000.00 |
| 252 | Dolan, Brendan | Dolan, Samantha | Child | $8,500,000.00 |

| | | | | |
|---|---|---|---|---|
| 253 | Dolan, Brendan | Dolan, Sarah | Child | $8,500,000.00 |
| 254 | Dolan, Brendan | Dolan, Stacey | Spouse | $12,500,000.00 |
| 255 | Downey, Raymond M. | Downey, Rosalie B. | Spouse | $12,500,000.00 |
| 256 | Eagleson, John B. | Eagleson, Brett | Child | $8,500,000.00 |
| 257 | Eagleson, John B. | Eagleson, Gail | Spouse | $12,500,000.00 |
| 258 | Eagleson, John B. | Eagleson, Kyle | Child | $8,500,000.00 |
| 259 | Eagleson, John B. | Eagleson, Timothy | Child | $8,500,000.00 |
| 260 | Ellis, Valerie S. | Ellis, Sam | Spouse | $12,500,000.00 |
| 261 | Erwin, William | Erwin, Brendan | Child | $8,500,000.00 |
| 262 | Erwin, William | Erwin-Michael, Eileen | Spouse | $12,500,000.00 |
| 263 | Espinoza, Fanny | Espinoza, Christian | Child | $8,500,000.00 |
| 264 | Espinoza, Fanny | Espinoza, Luis | Spouse | $12,500,000.00 |
| 265 | Espinoza, Fanny | Espinoza, Stephanie | Child | $8,500,000.00 |
| 266 | Fallon, Jr., William L. | Fallon Arestivo, Kayla | Child | $8,500,000.00 |
| 267 | Fallon, Jr., William L. | Fallon, Kathleen | Child | $8,500,000.00 |
| 268 | Fallon, Jr., William L. | Fallon, Kenneth | Sibling | $4,250,000.00 |
| 269 | Fallon, Jr., William L. | Fallon, Laura | Spouse | $12,500,000.00 |
| 270 | Fallone, Anthony | Fallone, Patricia | Spouse | $12,500,000.00 |
| 271 | Fanning, John | Fanning, Maureen | Spouse | $12,500,000.00 |
| 272 | Farnum, Douglas | Polmar, Amy | Spouse | $12,500,000.00 |
| 273 | Farrell, John | Farrell Mullen, Kaitlin | Child | $8,500,000.00 |
| 274 | Farrell, John | Farrell, Colin | Child | $8,500,000.00 |
| 275 | Farrell, John | Farrell, Maryanne | Spouse | $12,500,000.00 |
| 276 | Farrell, John | Farrell, Molly | Child | $8,500,000.00 |
| 277 | Farrell, John | Farrell, Patrick | Child | $8,500,000.00 |
| 278 | Feinberg, Alan | Feinberg Edgette, Tara | Child | $8,500,000.00 |
| 279 | Feinberg, Alan | Feinberg, Michael | Child | $8,500,000.00 |
| 280 | Feinberg, Alan | Feinberg, Wendy S. | Spouse | $12,500,000.00 |
| 281 | Ferguson III, George J. | Ferguson, Mary L. | Spouse | $12,500,000.00 |
| 282 | Ferguson III, George J. | Ferguson, Matthew | Child | $8,500,000.00 |
| 283 | Fiore, Michael | Fiore Lacasse, Jessica | Child | $8,500,000.00 |
| 284 | Fiore, Michael | Fiore Staiano, Cristen | Child | $8,500,000.00 |
| 285 | Fiore, Michael | Fiore, Charlene | Spouse | $12,500,000.00 |
| 286 | Fiore, Michael | Fiore, Michael | Child | $8,500,000.00 |
| 287 | Flannery, Christina | Flannery, Brian | Spouse | $12,500,000.00 |
| 288 | Fletcher, Andre | Fletcher, Lori | Spouse | $12,500,000.00 |
| 289 | Flyzik, Carol | Flyzik, Catherine | Personal Representative of the Estate of Mark Flyzik, deceased Sibling of 9/11 Decedent Carol Flyzik | $4,250,000.00 |
| 290 | Flyzik, Carol | Flyzik, Janet | Personal Representative of the Estate of Charles A. Flyzik, deceased | $8,500,000.00 |

| | | | | |
|---|---|---|---|---|
| | | | Parent of 9/11 Decedent Carol Flyzik | |
| 291 | Fontana, David J. | Fontana, Aidan | Child | $8,500,000.00 |
| 292 | Fontana, David J. | Fontana, Marian | Spouse | $12,500,000.00 |
| 293 | Foster, Claudia | Foster, Kurt | Spouse | $12,500,000.00 |
| 294 | Frawley, Kevin | Tramontozzi, Tierney | Spouse | $12,500,000.00 |
| 295 | Freund, Peter L. | Freund, Dori E. | Child | $8,500,000.00 |
| 296 | Freund, Peter L. | Freund, Julie A. | Child | $8,500,000.00 |
| 297 | Freund, Peter L. | Freund, Peter C. | Child | $8,500,000.00 |
| 298 | Freund, Peter L. | Freund, Robin A. | Spouse | $12,500,000.00 |
| 299 | Fried, Arlene E. | Fried, Kenneth | Spouse | $12,500,000.00 |
| 300 | Friedlander, Alan W. | Friedlander Del Sindaco, Helen | Spouse | $12,500,000.00 |
| 301 | Friedman, Andrew | Friedman, Daniel | Child | $8,500,000.00 |
| 302 | Friedman, Andrew | Friedman, Mike | Child | $8,500,000.00 |
| 303 | Friedman, Andrew | Friedman-Clark, Lisa | Spouse | $12,500,000.00 |
| 304 | Fry, Peter | Fry, Caley Loomis | Child | $8,500,000.00 |
| 305 | Fry, Peter | Fry, Meredith | Spouse | $12,500,000.00 |
| 306 | Fry, Peter | Fry, Taylor McClintock | Child | $8,500,000.00 |
| 307 | Gabriel, Richard P. | Gabriel, Anne | Spouse | $12,500,000.00 |
| 308 | Gabriel, Richard P. | Gabriel, Christopher | Child | $8,500,000.00 |
| 309 | Gabriel, Richard P. | Gabriel, James | Child | $8,500,000.00 |
| 310 | Gallagher, John P. | Gallagher, Francine | Spouse | $12,500,000.00 |
| 311 | Gallagher, John P. | Gallagher, Francine | Parent and legal guardian on behalf of J. G., minor child of 9/11 Decedent John P. Gallagher | $8,500,000.00 |
| 312 | Gallo, Cono | Nita-Vazquez, Manuela | Spouse | $12,500,000.00 |
| 313 | Ganci, Peter J. | Ganci Cowan, Danielle | Child | $8,500,000.00 |
| 314 | Ganci, Peter J. | Ganci, III, Peter J. | Child | $8,500,000.00 |
| 315 | Ganci, Peter J. | Ganci, Kathleen | Spouse | $12,500,000.00 |
| 316 | Garcia, Jr., Andrew | Garcia-Bachler, Dorothy | Spouse | $12,500,000.00 |
| 317 | Garcia, Jr., Andrew | McAllister, Carolyn | Personal Representative of the Estate of Isabela Garcia, deceased Parent of 9/11 Decedent Andrew Garcia, Jr. | $8,500,000.00 |
| 318 | Gardner, Thomas | Gardner, Elizabeth | Spouse | $12,500,000.00 |
| 319 | Gardner, William A. | Gardner, Andrew A. | Child | $8,500,000.00 |
| 320 | Gardner, William A. | Gardner, Elisabet | Spouse | $12,500,000.00 |
| 321 | Gartenberg, James | Gartenberg Pila, Jill A. | Spouse | $12,500,000.00 |
| 322 | Gartenberg, James | Gartenberg Pila, Jill A. | Parent and legal guardian on behalf of J. G., minor child | $8,500,000.00 |

| | | | | |
|---|---|---|---|---|
| | | | of 9/11 Decedent James Gartenberg | |
| 323 | Gartenberg, James | Gartenberg Pila, Nicole Holly | Child | $8,500,000.00 |
| 324 | Gelinas, Peter | Gelinas, Griffin C. | Child | $8,500,000.00 |
| 325 | Gelinas, Peter | Gelinas, Jack G. | Child | $8,500,000.00 |
| 326 | Gelinas, Peter | Gelinas, Michelle | Spouse | $12,500,000.00 |
| 327 | Geller, Steven | Geller, Debra | Spouse | $12,500,000.00 |
| 328 | Geller, Steven | Geller, Hali | Child | $8,500,000.00 |
| 329 | Genco, Jr., Peter V. | Genco, Annalisa Marie | Child | $8,500,000.00 |
| 330 | Genco, Jr., Peter V. | Genco, Diane | Spouse | $12,500,000.00 |
| 331 | Genco, Jr., Peter V. | Genco, Victoria Rose | Child | $8,500,000.00 |
| 332 | Giaccone, Joseph | Giaccone, Alexandra | Child | $8,500,000.00 |
| 333 | Giaccone, Joseph | Giaccone, James | Personal Representative of the Estate of Elizabeth Giaccone, deceased Parent of 9/11 Decedent Joseph Giaccone | $8,500,000.00 |
| 334 | Giaccone, Joseph | Giaccone, James | Personal Representative of the Estate of Vincent Giaccone, deceased Parent of 9/11 Decedent Joseph Giaccone | $8,500,000.00 |
| 335 | Giaccone, Joseph | Giaccone, Max | Child | $8,500,000.00 |
| 336 | Giaccone, Joseph | Giaccone, Sondra | Spouse | $12,500,000.00 |
| 337 | Gies, Ronnie E. | Gies, Carol L. | Spouse | $12,500,000.00 |
| 338 | Gies, Ronnie E. | Gies, Robert E. | Child | $8,500,000.00 |
| 339 | Gies, Ronnie E. | Gies, Ronnie J. | Child | $8,500,000.00 |
| 340 | Gies, Ronnie E. | Gies, Thomas W. | Child | $8,500,000.00 |
| 341 | Gilbert, Andrew | Coyle, Mariann | Spouse | $12,500,000.00 |
| 342 | Gill, Paul J. | Gill, Jr., John J. | Parent | $8,500,000.00 |
| 343 | Gillis, Rodney C. | Gillis, Aleesia C. | Child | $8,500,000.00 |
| 344 | Gillis, Rodney C. | Gillis, II, Rodney C. | Child | $8,500,000.00 |
| 345 | Gillis, Rodney C. | Gillis, Jonique C. | Child | $8,500,000.00 |
| 346 | Giordano, John | Giordano, Roxann | Spouse | $12,500,000.00 |
| 347 | Giorgetti, Steven A. | Giorgetti, Alexa | Child | $8,500,000.00 |
| 348 | Giorgetti, Steven A. | Giorgetti, Armine | Spouse | $12,500,000.00 |
| 349 | Giorgetti, Steven A. | Giorgetti, Paul | Child | $8,500,000.00 |
| 350 | Gitto, Salvatore | Deverson, Susanne | Sibling | $4,250,000.00 |
| 351 | Gitto, Salvatore | Gitto, Angela | Spouse | $12,500,000.00 |
| 352 | Gitto, Salvatore | Gitto, Gregory | Child | $8,500,000.00 |
| 353 | Gitto, Salvatore | Gitto, Mary | Parent | $8,500,000.00 |
| 354 | Gitto, Salvatore | Gitto, Stephen | Child | $8,500,000.00 |
| 355 | Gitto, Salvatore | Gitto, Thomas | Sibling | $4,250,000.00 |

| | | | | |
|---|---|---|---|---|
| 356 | Giugliano, Cynthia | Giugliano, Lawrence | Spouse | $12,500,000.00 |
| 357 | Glasser, Thomas | Bloom, Meg | Spouse | $12,500,000.00 |
| 358 | Glazer, Edmund | Glazer, Candy | Spouse | $12,500,000.00 |
| 359 | Glazer, Edmund | Glazer, Nathan | Child | $8,500,000.00 |
| 360 | Glenn, Harry | Cobb-Glenn, Sharon | Spouse | $12,500,000.00 |
| 361 | Glenn, Harry | Glenn, Jalen L. | Child | $8,500,000.00 |
| 362 | Gnazzo, John T. | Gnazzo, Helene | Spouse | $12,500,000.00 |
| 363 | Gnazzo, John T. | Gnazzo, John | Child | $8,500,000.00 |
| 364 | Gnazzo, John T. | Gnazzo, Jule | Child | $8,500,000.00 |
| 365 | Goldberg, Brian | Goldberg Sherer, Jodie | Spouse | $12,500,000.00 |
| 366 | Goodrich, Peter | Goodrich, Rachel W. | Spouse | $12,500,000.00 |
| 367 | Gordon, Kerene | George, St. Elmo | Sibling | $4,250,000.00 |
| 368 | Gordon, Kerene | Nelson, David Dwight | Child | $8,500,000.00 |
| 369 | Gordon, Kerene | Nelson, Delroy | Child | $8,500,000.00 |
| 370 | Greene, Donald | Greene, Charles | Child | $8,500,000.00 |
| 371 | Greene, Donald | Greene, Claudette B. | Spouse | $12,500,000.00 |
| 372 | Greene, Donald | Greene, Jody | Child | $8,500,000.00 |
| 373 | Gregory, Florence M. | Gregory, John | Personal Representative of the Estate of John Gregory, deceased Parent of 9/11 Decedent Florence M. Gregory | $8,500,000.00 |
| 374 | Gregory, Florence M. | Gregory, John | Personal Representative of the Estate of Florence Gregory, deceased Parent of 9/11 Decedent Florence M. Gregory | $8,500,000.00 |
| 375 | Grillo, Joseph | Grillo, Mary Jo | Spouse | $12,500,000.00 |
| 376 | Grillo, Joseph | Grillo, Matthew | Child | $8,500,000.00 |
| 377 | Grillo, Joseph | Grillo, Timothy | Child | $8,500,000.00 |
| 378 | Gurian, Douglas B. | Gurian, Eva Mallery | Child | $8,500,000.00 |
| 379 | Gurian, Douglas B. | Gurian, Susan Mallery | Spouse | $12,500,000.00 |
| 380 | Gurian, Douglas B. | Gurian, Tyler Douglas | Child | $8,500,000.00 |
| 381 | Haag, Gary | Haag, Kevin T. | Child | $8,500,000.00 |
| 382 | Haag, Gary | Haag, Mary | Spouse | $12,500,000.00 |
| 383 | Haag, Gary | Haag, Michael P. | Child | $8,500,000.00 |
| 384 | Haag, Gary | Haag, Molly M. | Child | $8,500,000.00 |
| 385 | Han, Frederick K. | Han, Eric Jay | Child | $8,500,000.00 |
| 386 | Han, Frederick K. | Han, Patrica | Personal Representative of the Estate of Kim Han, deceased Parent of 9/11 | $8,500,000.00 |

| | | | | |
|---|---|---|---|---|
| | | | Decedent Frederick K. Han | |
| 387 | Han, Frederick K. | Han, Patricia | Spouse | $12,500,000.00 |
| 388 | Hannafin, Thomas | Hannafin, Rene B. | Spouse | $12,500,000.00 |
| 389 | Haran, James | Haran, Carol | Spouse | $12,500,000.00 |
| 390 | Harrell, Harvey L. | Harrell, Elyse R. | Child | $8,500,000.00 |
| 391 | Harrell, Harvey L. | Harrell, Marissa R. | Child | $8,500,000.00 |
| 392 | Harrell, Harvey L. | Harrell, Rachel R. | Spouse | $12,500,000.00 |
| 393 | Harris, Stewart D. | Harris, Craig | Child | $8,500,000.00 |
| 394 | Harris, Stewart D. | Harris, Elissa | Child | $8,500,000.00 |
| 395 | Harris, Stewart D. | Harris, Lloyd | Sibling | $4,250,000.00 |
| 396 | Harris, Stewart D. | Harris, Sheila | Spouse | $12,500,000.00 |
| 397 | Hartz, John C. | Hartz, Elinore | Spouse | $12,500,000.00 |
| 398 | Harvey, Emeric J. | Harvey-Trainor, Jennifer | Spouse | $12,500,000.00 |
| 399 | Hawkins, Anthony | Legree, Delores | Parent | $8,500,000.00 |
| 400 | Hayes, Phillip T. | Hayes, Virginia | Spouse | $12,500,000.00 |
| 401 | Haynes, William W. | Haynes, Ann R. | Spouse | $12,500,000.00 |
| 402 | Haynes, William W. | Haynes, Elizabeth W. | Child | $8,500,000.00 |
| 403 | Haynes, William W. | Haynes, II, William W. | Child | $8,500,000.00 |
| 404 | Healey, Michael | Healey, Kathryn E. | Child | $8,500,000.00 |
| 405 | Healey, Michael | Healey, Matthew A. | Child | $8,500,000.00 |
| 406 | Healey, Michael | Healey, Michael J. | Child | $8,500,000.00 |
| 407 | Healey, Michael | Healey, Theresa | Spouse | $12,500,000.00 |
| 408 | Hernandez, Raul | Hernandez, Digna | Spouse | $12,500,000.00 |
| 409 | Higley, Robert | Pratt, Victoria | Spouse | $12,500,000.00 |
| 410 | Hinds, Neil | Hinds, Jameer | Child | $8,500,000.00 |
| 411 | Hinds, Neil | Hinds, Karen | Spouse | $12,500,000.00 |
| 412 | Hobbs, Thomas A. | Hobbs, Allison | Spouse | $12,500,000.00 |
| 413 | Hoffman, Marcia | Hoffman, James S. | Spouse | $12,500,000.00 |
| 414 | Hohlweck, Jr., Thomas W. | Hohlweck, Pamela | Spouse | $12,500,000.00 |
| 415 | Hohmann, Jonathan | Hohmann, Gregory A. | Child | $8,500,000.00 |
| 416 | Hohmann, Jonathan | Hohmann, Matthew D. | Child | $8,500,000.00 |
| 417 | Hohmann, Jonathan | Hohmann, Rosemarie | Spouse | $12,500,000.00 |
| 418 | Holland III, Joseph | Holland, Kathleen | Spouse | $12,500,000.00 |
| 419 | Holland III, Joseph | Holland, Kathleen | Parent and legal guardian on behalf of J. H., minor child of 9/11 Decedent Joseph Holland III | $8,500,000.00 |
| 420 | Holohan, Thomas P. | Holohan, Caitlyn H. | Child | $8,500,000.00 |
| 421 | Holohan, Thomas P. | Holohan, Colleen M. | Spouse | $12,500,000.00 |
| 422 | Holohan, Thomas P. | Holohan, III, Thomas P. | Child | $8,500,000.00 |
| 423 | Holohan, Thomas P. | Holohan, Liam M. | Child | $8,500,000.00 |
| 424 | Howard, George G. | Howard, Christopher | Child | $8,500,000.00 |
| 425 | Howard, Joseph L. | Howard, JoAnn T. | Spouse | $12,500,000.00 |
| 426 | Howard, Joseph L. | Howard-Battaglia, Janice | Child | $8,500,000.00 |

| | | | | |
|---|---|---|---|---|
| 427 | Hromada, Milagros | Hromada, Joseph | Spouse | $12,500,000.00 |
| 428 | Hughes, Timothy | Hughes, Christina | Child | $8,500,000.00 |
| 429 | Hughes, Timothy | Hughes, Karen | Spouse | $12,500,000.00 |
| 430 | Hughes, Timothy | Hughes, Kenneth | Child | $8,500,000.00 |
| 431 | Hughes, Timothy | Hughes, Timothy | Child | $8,500,000.00 |
| 432 | Hunter, Joseph G. | Hunter, Bridget | Personal Representative of the Estate of Joseph Hunter, deceased Parent of 9/11 Decedent Joseph G. Hunter | $8,500,000.00 |
| 433 | Hussa, Robert R. | Hussa, Kathryn J. | Spouse | $12,500,000.00 |
| 434 | Hussa, Robert R. | Hussa, Robert | Child | $8,500,000.00 |
| 435 | Hussa, Robert R. | Hussa, Thomas | Child | $8,500,000.00 |
| 436 | Ielpi, Jonathan | Ielpi, Yesenia | Spouse | $12,500,000.00 |
| 437 | Ilkanayev, Daniel | Romanoff, Esther A. | Child | $8,500,000.00 |
| 438 | Ilkanayev, Daniel | Romanoff, Yelena | Spouse | $12,500,000.00 |
| 439 | Ilowitz, Abraham | Ilowitz, Chaim | Child | $8,500,000.00 |
| 440 | Ilowitz, Abraham | Ilowitz, Lillian | Spouse | $12,500,000.00 |
| 441 | Irby, Stephanie | Irby, Kenneth | Personal Representative of the Estate of Frederick Irby, deceased Parent of 9/11 Decedent Stephanie Irby | $8,500,000.00 |
| 442 | Irby, Stephanie | Irby, Kenneth | Personal Representative of the Estate of Agnes Irby, deceased Parent of 9/11 Decedent Stephanie Irby | $8,500,000.00 |
| 443 | Iskyan, John | Iskyan, Carolynn | Child | $8,500,000.00 |
| 444 | Iskyan, John | Iskyan, Margaret | Spouse | $12,500,000.00 |
| 445 | Iskyan, John | Iskyan, Peter | Child | $8,500,000.00 |
| 446 | Jackman, Brooke A. | Jackman, Barbara | Personal Representative of the Estate of Robert Jackman, deceased Parent of 9/11 Decedent Brooke A. Jackman | $8,500,000.00 |
| 447 | Jacobs, Ariel L. | Jacobs, Jennifer | Spouse | $12,500,000.00 |
| 448 | Jacobs, Ariel L. | Jacobs, Jennifer | Parent and legal guardian on behalf of G. J., minor child of 9/11 Decedent Ariel L. Jacobs | $8,500,000.00 |

| | | | | |
|---|---|---|---|---|
| 449 | Jacobs, Ariel L. | Jacobs, Matthew | Personal Representative of the Estate of Daniel Jacobs, deceased Sibling of 9/11 Decedent Ariel L. Jacobs | $4,250,000.00 |
| 450 | Jakubiak, Maria | Jakubiak, Christopher | Child | $8,500,000.00 |
| 451 | Jakubiak, Maria | Jakubiak, Joanna | Child | $8,500,000.00 |
| 452 | Jakubiak, Maria | Jakubiak, Kazimierz | Spouse | $12,500,000.00 |
| 453 | Jakubiak, Maria | Jakubiak, Pawel | Child | $8,500,000.00 |
| 454 | Jones III, Arthur J. | Francolini, Carol | Spouse | $12,500,000.00 |
| 455 | Jones III, Arthur J. | Francolini, Carol | Parent and legal guardian on behalf of J. J., minor child of 9/11 Decedent Arthur J. Jones III | $8,500,000.00 |
| 456 | Jones III, Arthur J. | Jones, Cary | Child | $8,500,000.00 |
| 457 | Jones III, Arthur J. | Jones, Charlotte | Child | $8,500,000.00 |
| 458 | Jones III, Arthur J. | Jones, Julia | Child | $8,500,000.00 |
| 459 | Kandell, Shari | Kandell, Jan | Parent | $8,500,000.00 |
| 460 | Kates, Andrew | Kates, Daniel Henry | Child | $8,500,000.00 |
| 461 | Kates, Andrew | Kates, Hannah | Child | $8,500,000.00 |
| 462 | Kates, Andrew | Kates, Lucy | Child | $8,500,000.00 |
| 463 | Kates, Andrew | Terry, Emily | Spouse | $12,500,000.00 |
| 464 | Kellerman, Peter R. | Kellerman, Roberta | Spouse | $12,500,000.00 |
| 465 | Kellett, Joseph P. | Kellett, Cameron | Child | $8,500,000.00 |
| 466 | Kellett, Joseph P. | Kellett, Julie Anne | Child | $8,500,000.00 |
| 467 | Kellett, Joseph P. | Kellett, Patricia | Spouse | $12,500,000.00 |
| 468 | Kelly, Joseph A. | Kelly, Caroline | Child | $8,500,000.00 |
| 469 | Kelly, Joseph A. | Kelly, Catherine | Child | $8,500,000.00 |
| 470 | Kelly, Joseph A. | Kelly, Christopher | Child | $8,500,000.00 |
| 471 | Kelly, Joseph A. | Kelly, Susan | Spouse | $12,500,000.00 |
| 472 | Kelly, Joseph A. | Kelly, Susan | Parent and legal guardian on behalf of T. K., minor child of 9/11 Decedent Joseph A. Kelly | $8,500,000.00 |
| 473 | Kelly, Joseph A. | Kelly, Thomas | Child | $8,500,000.00 |
| 474 | Kelly, Timothy C. | Kelly, Kevin P. | Child | $8,500,000.00 |
| 475 | Kelly, Timothy C. | Kelly, Mary K. | Child | $8,500,000.00 |
| 476 | Kelly, Timothy C. | Kelly-McCormick, Julie E. | Spouse | $12,500,000.00 |
| 477 | Kelly, Timothy C. | Kelly-McCormick, Julie E. | Parent and legal guardian on behalf of C. K., minor child of 9/11 Decedent Timothy C. Kelly | $8,500,000.00 |
| 478 | Kennedy, Robert C. | Kennedy, Maureen | Spouse | $12,500,000.00 |

| | | | | |
|---|---|---|---|---|
| 479 | Khalif, Boris | Khalif, Ella | Spouse | $12,500,000.00 |
| 480 | Khalif, Boris | Khalif, Steven | Child | $8,500,000.00 |
| 481 | King, Robert | King, Elizabeth A. | Child | $8,500,000.00 |
| 482 | King, Robert | King, Stephen J. | Child | $8,500,000.00 |
| 483 | King, Robert | King, Theresa | Spouse | $12,500,000.00 |
| 484 | King, Robert | King, Thomas C. | Child | $8,500,000.00 |
| 485 | Klares, Richard J. | Klares, Veronica | Spouse | $12,500,000.00 |
| 486 | Klitzman, Karen | Klitzman, Robert | Sibling | $4,250,000.00 |
| 487 | Kniazev, Eugeni | Dubenskaya, Irina | Spouse | $12,500,000.00 |
| 488 | Ladley, James P. | Ladley, Elizabeth | Child | $8,500,000.00 |
| 489 | Ladley, James P. | Ladley, James | Child | $8,500,000.00 |
| 490 | Ladley, James P. | Ladley-Calamusa, Sheri Anne | Spouse | $12,500,000.00 |
| 491 | LaForte, Michael P. | LaForte, Andrea | Child | $8,500,000.00 |
| 492 | LaForte, Michael P. | LaForte, Frances A. | Spouse | $12,500,000.00 |
| 493 | LaForte, Michael P. | LaForte, Frances A. | Parent and legal guardian on behalf of M. L., minor child of 9/11 Decedent Michael P. LaForte | $8,500,000.00 |
| 494 | LaForte, Michael P. | LaForte, Raymond M. | Child | $8,500,000.00 |
| 495 | LaFrance, Alan | LaFrance, Edlene C. | Spouse | $12,500,000.00 |
| 496 | Lafuente, Juan | Allen, Joann | Personal Representative of the Estate of Jose Esteban Lafuente, deceased Sibling of 9/11 Decedent Juan Lafuente | $4,250,000.00 |
| 497 | Lafuente, Juan | Lafuente, Catherine | Child | $8,500,000.00 |
| 498 | Lafuente, Juan | Lafuente, Colette M. | Spouse | $12,500,000.00 |
| 499 | Laieta, Vincent | Laieta, Carol | Spouse | $12,500,000.00 |
| 500 | Laieta, Vincent | Laieta, Kevin | Child | $8,500,000.00 |
| 501 | Lapin, Ruth | Chazin, David J. | Spouse | $12,500,000.00 |
| 502 | Lapin, Ruth | Schroeder, Douglas | Child | $8,500,000.00 |
| 503 | Larry, Hamidou S. | Larry, Harlene | Spouse | $12,500,000.00 |
| 504 | Larry, Hamidou S. | Larry, Rasheed | Child | $8,500,000.00 |
| 505 | Larry, Hamidou S. | Larry, Sheriffa | Child | $8,500,000.00 |
| 506 | Lasko, Gary E. | Lasko, Elise Ann | Child | $8,500,000.00 |
| 507 | Lasko, Gary E. | Lasko, Kim L. | Spouse | $12,500,000.00 |
| 508 | LeBlanc, Robert | Leblanc, Andrea N. | Spouse | $12,500,000.00 |
| 509 | Lederman, Alan J. | Zuckerman, Nancy Lynn | Spouse | $12,500,000.00 |
| 510 | Lee, Hyun Joon | Kim, Jin Hee | Spouse | $12,500,000.00 |
| 511 | Lee, Yang Der | Lee, Jiunn-Yih Eddie | Child | $8,500,000.00 |
| 512 | Lee, Yang Der | Lee, Mei Jy | Spouse | $12,500,000.00 |
| 513 | Lee, Yang Der | Lee, Yi Yann | Child | $8,500,000.00 |
| 514 | Leistman, David R. | Leistman, Brian | Child | $8,500,000.00 |

| | | | | |
|---|---|---|---|---|
| 515 | Leistman, David R. | Leistman, Katherine | Child | $8,500,000.00 |
| 516 | Leistman, David R. | Leistman, Maryclair | Spouse | $12,500,000.00 |
| 517 | Lenihan, Joseph A. | Lenihan, Ingrid | Spouse | $12,500,000.00 |
| 518 | Lenoir, John Robinson | Lenoir, Andrew R. | Child | $8,500,000.00 |
| 519 | Lenoir, John Robinson | Lenoir, Courtney A. | Child | $8,500,000.00 |
| 520 | Lenoir, John Robinson | Lenoir, Susan | Spouse | $12,500,000.00 |
| 521 | LeVeen, Jeffrey E. | LeVeen, Christine | Spouse | $12,500,000.00 |
| 522 | LeVeen, Jeffrey E. | LeVeen, Kathryn Lee | Child | $8,500,000.00 |
| 523 | Levin, Neil D. | Ferer, Christy | Spouse | $12,500,000.00 |
| 524 | Levine, Robert M. | Levine, Roberta J. | Spouse | $12,500,000.00 |
| 525 | Lillo, Carlos | Lillo, Haydee C. | Spouse | $12,500,000.00 |
| 526 | Lipari, Diane T. | Tighe, Thomas E. | Spouse | $12,500,000.00 |
| 527 | Lozier, Garry W. | Lozier, Evan W. | Child | $8,500,000.00 |
| 528 | Lozier, Garry W. | Lozier, Karoline E. | Child | $8,500,000.00 |
| 529 | Lozier, Garry W. | Lozier, Kathleen K. | Spouse | $12,500,000.00 |
| 530 | Lozier, Garry W. | Lozier, Olivia M. | Child | $8,500,000.00 |
| 531 | Lunden, Michael P. | Lunden, Mark | Sibling | $4,250,000.00 |
| 532 | Lunden, Michael P. | Pegno, Matthew | Child | $8,500,000.00 |
| 533 | Lunden, Michael P. | Pegno, Michelle | Spouse | $12,500,000.00 |
| 534 | Maffeo, Jennieann | Maffeo, Andrea | Personal Representative of the Estate of Frances Maffeo, deceased Parent of 9/11 Decedent Jennieann Maffeo | $8,500,000.00 |
| 535 | Maggitti, Joseph | Maggitti, Pamela Ann | Spouse | $12,500,000.00 |
| 536 | Mair Grayling, Linda C. | Martin, Isa S. | Child | $8,500,000.00 |
| 537 | Marchand, Alfred | Marchand, Rebecca L. | Spouse | $12,500,000.00 |
| 538 | Martineau, Brian E. | Martineau, Bettyann | Spouse | $12,500,000.00 |
| 539 | Martineau, Brian E. | Martineau, Chelsea E. | Child | $8,500,000.00 |
| 540 | Martineau, Brian E. | Martineau, Scott | Child | $8,500,000.00 |
| 541 | Martinez, Waleska | Martinez, Reinaldo | Sibling | $4,250,000.00 |
| 542 | Mascali, Joseph | Mascali, Christopher | Child | $8,500,000.00 |
| 543 | Mascali, Joseph | Mascali, Jennifer | Child | $8,500,000.00 |
| 544 | Mascali, Joseph | Mascali, Katelyn | Child | $8,500,000.00 |
| 545 | Mascali, Joseph | Mascali, Lori | Spouse | $12,500,000.00 |
| 546 | Mauro, Charles A. | Mauro-Jastremski, Dorothy | Spouse | $12,500,000.00 |
| 547 | Mauro, Charles A. | Sparozic, Nancy | Sibling | $4,250,000.00 |
| 548 | Mayo, Robert | Mayo, Corbin | Child | $8,500,000.00 |
| 549 | Mayo, Robert | Mayo, Meryl | Spouse | $12,500,000.00 |
| 550 | McAlary, James | McAlary, James | Child | $8,500,000.00 |
| 551 | McAlary, James | McAlary, Jeanne | Spouse | $12,500,000.00 |
| 552 | McAlary, James | McAlary, Jillian | Child | $8,500,000.00 |
| 553 | McAlary, James | McAlary, Joseph | Child | $8,500,000.00 |
| 554 | McCarthy, Robert G. | McCarthy, Ann | Spouse | $12,500,000.00 |

| | | | | |
|---|---|---|---|---|
| 555 | McCarthy, Robert G. | McCarthy, Ann | Parent and legal guardian on behalf of S. M., minor child of 9/11 Decedent Robert G. McCarthy | $8,500,000.00 |
| 556 | McCrann, Charles A. | McCrann, Derek A. | Child | $8,500,000.00 |
| 557 | McCrann, Charles A. | Mccrann, Michelle | Spouse | $12,500,000.00 |
| 558 | Mcerlean, Jr., John T. | McErlean, Allison | Child | $8,500,000.00 |
| 559 | Mcerlean, Jr., John T. | McErlean, Mary Beth | Spouse | $12,500,000.00 |
| 560 | Mcerlean, Jr., John T. | McErlean, Mary Kate | Child | $8,500,000.00 |
| 561 | Mcerlean, Jr., John T. | McErlean, Ryan | Child | $8,500,000.00 |
| 562 | Mcerlean, Jr., John T. | McErlean, Thomas M. | Sibling | $4,250,000.00 |
| 563 | Mcerlean, Jr., John T. | McErlean, Timothy | Child | $8,500,000.00 |
| 564 | McGinley, Daniel F. | McGinley, Anne | Child | $8,500,000.00 |
| 565 | McGinley, Daniel F. | McGinley, Madeline | Child | $8,500,000.00 |
| 566 | McGinley, Daniel F. | McGinley, Margaret | Spouse | $12,500,000.00 |
| 567 | McGinley, Daniel F. | McGinley, Patrick | Child | $8,500,000.00 |
| 568 | McGinley, Daniel F. | McGinley, Peter | Child | $8,500,000.00 |
| 569 | McGinley, Daniel F. | McGinley, Terence | Child | $8,500,000.00 |
| 570 | Mcginnis, Thomas H. | McGinnis, Caitlin | Child | $8,500,000.00 |
| 571 | Mcginnis, Thomas H. | McGinnis-Guibert, Iliana | Spouse | $12,500,000.00 |
| 572 | McGinty, Michael | McGinty, Cynthia F. | Spouse | $12,500,000.00 |
| 573 | McGinty, Michael | McGinty, Daniel | Child | $8,500,000.00 |
| 574 | McGinty, Michael | McGinty, David | Child | $8,500,000.00 |
| 575 | McGovern, Scott M. | McGovern, Alana | Child | $8,500,000.00 |
| 576 | McGovern, Scott M. | McGovern, Jill | Spouse | $12,500,000.00 |
| 577 | McGovern, Scott M. | McGovern, Nicole | Child | $8,500,000.00 |
| 578 | McSweeney, Timothy Patrick | Friscia, Patricia | Sibling | $4,250,000.00 |
| 579 | McSweeney, Timothy Patrick | McSweeney, Debra | Spouse | $12,500,000.00 |
| 580 | McSweeney, Timothy Patrick | McSweeney, Dennis T. | Child | $8,500,000.00 |
| 581 | McSweeney, Timothy Patrick | McSweeney, Margaret M. | Child | $8,500,000.00 |
| 582 | McSweeney, Timothy Patrick | McSweeney, Patrick L. | Child | $8,500,000.00 |
| 583 | Meehan, Damian | Meehan, Joann | Spouse | $12,500,000.00 |
| 584 | Meehan, Damian | Meehan, Joann | Parent and legal guardian on behalf of M. M., minor child of 9/11 Decedent Damian Meehan | $8,500,000.00 |
| 585 | Meehan, Damian | Meehan, Jr., Damian | Child | $8,500,000.00 |
| 586 | Mercado, Steve | Mercado, Austin | Child | $8,500,000.00 |
| 587 | Mercado, Steve | Mercado, Joviana | Spouse | $12,500,000.00 |

| | | | | |
|---|---|---|---|---|
| 588 | Mercado, Steve | Mercado, Skylar | Child | $8,500,000.00 |
| 589 | Merino, George L. | Merino, Olga | Spouse | $12,500,000.00 |
| 590 | Merino, George L. | Merino, Tania | Child | $8,500,000.00 |
| 591 | Merkouris, George | Merkouris, Elizabeth | Child | $8,500,000.00 |
| 592 | Merkouris, George | Merkouris, Jack | Child | $8,500,000.00 |
| 593 | Merkouris, George | Merkouris, Jacob | Parent | $8,500,000.00 |
| 594 | Merkouris, George | Merkouris, Koula | Spouse | $12,500,000.00 |
| 595 | Merkouris, George | Merkouris, Steve | Child | $8,500,000.00 |
| 596 | Merkouris, George | Poulos, Anna | Sibling | $4,250,000.00 |
| 597 | Michelstein, Martin | McNeil, Anne | Spouse | $12,500,000.00 |
| 598 | Miller, Jr., Henry A. | Miller, Diane | Spouse | $12,500,000.00 |
| 599 | Miller, Robert Alan | Miller, Dina | Child | $8,500,000.00 |
| 600 | Miller, Robert Alan | Miller, Faith | Spouse | $12,500,000.00 |
| 601 | Miller, Robert Alan | Miller, Mary Lou | Personal Representative of the Estate of Steven Miller, deceased Sibling of 9/11 Decedent Robert Alan Miller | $4,250,000.00 |
| 602 | Miller, Robert Alan | Pavelis, Melanie | Child | $8,500,000.00 |
| 603 | Minervino, Louis J. | Minervino, Barbara | Spouse | $12,500,000.00 |
| 604 | Minervino, Louis J. | Minervino, Laina | Child | $8,500,000.00 |
| 605 | Minervino, Louis J. | Minervino, Marisa | Child | $8,500,000.00 |
| 606 | Modafferi, Louis J. | Baione, Christine | Child | $8,500,000.00 |
| 607 | Modafferi, Louis J. | Modafferi, Joanne | Spouse | $12,500,000.00 |
| 608 | Modafferi, Louis J. | Modafferi, Joseph | Child | $8,500,000.00 |
| 609 | Modafferi, Louis J. | Modafferi, Michael | Child | $8,500,000.00 |
| 610 | Mojica, Jr., Manuel | Mojica, Anna | Spouse | $12,500,000.00 |
| 611 | Mojica, Jr., Manuel | Mojica, Letty | Sibling | $4,250,000.00 |
| 612 | Mojica, Jr., Manuel | Mojica, Manny | Child | $8,500,000.00 |
| 613 | Mojica, Jr., Manuel | Mojica, Stephanie | Child | $8,500,000.00 |
| 614 | Morell, George W. | Morell, Jr., George W. | Child | $8,500,000.00 |
| 615 | Morell, George W. | Morell, Kelsey Jane | Child | $8,500,000.00 |
| 616 | Morell, George W. | Morell, Nancy J. | Child | $8,500,000.00 |
| 617 | Morell, George W. | Morell, Patricia | Personal Representative of the Estate of Gaspar John Morell, Jr., deceased Sibling of 9/11 Decedent George W. Morell | $4,250,000.00 |
| 618 | Morell, George W. | Morell, Roberta | Spouse | $12,500,000.00 |
| 619 | Morell, George W. | O'Neil Morell, Harrison | Child | $8,500,000.00 |
| 620 | Moroney, Dennis | Moroney, Nancy | Spouse | $12,500,000.00 |
| 621 | Motroni, Marco | Motroni, Emily Velez | Spouse | $12,500,000.00 |
| 622 | Murphy, Brian J. | Murphy, Judith Bram | Spouse | $12,500,000.00 |

| | | | | |
|---|---|---|---|---|
| 623 | Murphy, Patrick S. | Murphy-Trayner, Elvira P. | Spouse | $12,500,000.00 |
| 624 | Murphy, Patrick S. | Murphy, Margaret Jane | Child | $8,500,000.00 |
| 625 | Murphy, Patrick S. | Murphy, Sean Timothy | Child | $8,500,000.00 |
| 626 | Myhre, Richard T. | Clark, Gail S. | Spouse | $12,500,000.00 |
| 627 | Myhre, Richard T. | Myhre, Jonathan S. | Child | $8,500,000.00 |
| 628 | Nelson-Risco, Theresa | Nelson, William | Spouse | $12,500,000.00 |
| 629 | Nichilo, Jody Tepedino | Tepedino, Anthony | Sibling | $4,250,000.00 |
| 630 | Nicosia, Kathleen A. | DeLuca, Marianne | Child | $8,500,000.00 |
| 631 | Noeth, Michael | Noeth, Merrilly E. | Parent | $8,500,000.00 |
| 632 | Noonan, Robert W. | Noonan, Charles | Child | $8,500,000.00 |
| 633 | Noonan, Robert W. | Noonan, Dana McGowan | Spouse | $12,500,000.00 |
| 634 | Norton, Jacqueline | Seymour, James | Child | $8,500,000.00 |
| 635 | Novotny, Brian C. | Novotny, Mary C. | Personal Representative of the Estate of William J. Novotny, deceased Parent of 9/11 Decedent Brian C. Novotny | $8,500,000.00 |
| 636 | O'Brien, Jr., James P. | Mackenzie, Lisanne | Spouse | $12,500,000.00 |
| 637 | O'Brien, Jr., James P. | Mackenzie, Lisanne | Parent and legal guardian on behalf of A. O., minor child of 9/11 Decedent James P. O'Brien, Jr. | $8,500,000.00 |
| 638 | O'Brien, Scott J. | Hayes, Kelly | Spouse | $12,500,000.00 |
| 639 | O'Connor, Diana J. | O'Connor, Amanda R. | Child | $8,500,000.00 |
| 640 | O'Connor, Diana J. | O'Connor, William | Spouse | $12,500,000.00 |
| 641 | O'Connor, Richard J. | O'Connor, Erin | Child | $8,500,000.00 |
| 642 | O'Connor, Richard J. | O'Connor, Lauren | Child | $8,500,000.00 |
| 643 | O'Connor, Richard J. | O'Connor, Lynne | Spouse | $12,500,000.00 |
| 644 | O'Connor, Richard J. | O'Connor, Matthew | Child | $8,500,000.00 |
| 645 | O'Hagan, Thomas G. | O'Hagan, Andrea | Spouse | $12,500,000.00 |
| 646 | O'Hagan, Thomas G. | O'Hagan, Patrick | Child | $8,500,000.00 |
| 647 | O'Hagan, Thomas G. | O'Hagan, Pierce | Child | $8,500,000.00 |
| 648 | O'Leary, Gerald Thomas | McCarthy O'Leary, Mary Jean | Spouse | $12,500,000.00 |
| 649 | O'Leary, Gerald Thomas | O'Leary, Michael Patrick | Child | $8,500,000.00 |
| 650 | Oliva, Linda | Oliva, Anthony | Personal Representative of the Estate of Elizabeth Oliva Moss, deceased Parent of 9/11 Decedent Linda Oliva | $8,500,000.00 |
| 651 | Oliver, Edward K. | Oliver, Edward | Child | $8,500,000.00 |
| 652 | Oliver, Edward K. | Oliver, Emily | Child | $8,500,000.00 |

| | | | | |
|---|---|---|---|---|
| 653 | Oliver, Edward K. | Oliver, Sheryl Jane | Spouse | $12,500,000.00 |
| 654 | Olson, Maureen L. | Olson, Christopher Ake | Child | $8,500,000.00 |
| 655 | Olson, Maureen L. | Olson, John Eric | Spouse | $12,500,000.00 |
| 656 | Olson, Maureen L. | Olson, Maeve Elizabeth | Child | $8,500,000.00 |
| 657 | O'Mahony, Matthew T. | Murphy Lewis, Lauren | Spouse | $12,500,000.00 |
| 658 | O'Neill, Sean G. C. | O'Neill, Holly | Spouse | $12,500,000.00 |
| 659 | O'Neill, Sean G. C. | O'Neill, Holly | Parent and legal guardian on behalf of S. O., minor child of 9/11 Decedent Sean G. C. O'Neill | $8,500,000.00 |
| 660 | Opperman, Michael | Caggiano, Elizabeth | Child | $8,500,000.00 |
| 661 | Opperman, Michael | Opperman, Deborah | Spouse | $12,500,000.00 |
| 662 | Opperman, Michael | Opperman, Jr., Michael | Child | $8,500,000.00 |
| 663 | Ortiz, Alexander | Ortiz, Alfredo F. | Parent | $8,500,000.00 |
| 664 | Ou, Michael C. | Ou, Joy | Child | $8,500,000.00 |
| 665 | Ou, Michael C. | Ou, Susan | Spouse | $12,500,000.00 |
| 666 | Pabon, Jr., Angel M. | Pabon, Yvette | Spouse | $12,500,000.00 |
| 667 | Palazzo, Jeffery M. | Palazzo, Lisa | Spouse | $12,500,000.00 |
| 668 | Palazzo, Jeffery M. | Palazzo, Nicole | Child | $8,500,000.00 |
| 669 | Palazzo, Jeffery M. | Palazzo, Samantha | Child | $8,500,000.00 |
| 670 | Palazzo, Thomas A. | Maloney, Toni | Sibling | $4,250,000.00 |
| 671 | Palazzo, Thomas A. | Palazzo Libby, Kristen | Child | $8,500,000.00 |
| 672 | Palazzo, Thomas A. | Palazzo, Kaitlin Elizabeth | Child | $8,500,000.00 |
| 673 | Palazzo, Thomas A. | Palazzo, Keri Ann | Child | $8,500,000.00 |
| 674 | Palazzo, Thomas A. | Palazzo, Lisa | Spouse | $12,500,000.00 |
| 675 | Palazzo, Thomas A. | Palazzo, Robert | Sibling | $4,250,000.00 |
| 676 | Paolillo, John | Paolillo, Donna | Spouse | $12,500,000.00 |
| 677 | Paolillo, John | Paolillo, Ella | Child | $8,500,000.00 |
| 678 | Paolillo, John | Paolillo, Jake | Child | $8,500,000.00 |
| 679 | Pascuma, Jr., Michael J. | Pascuma, Christopher | Child | $8,500,000.00 |
| 680 | Pascuma, Jr., Michael J. | Pascuma, Linda | Spouse | $12,500,000.00 |
| 681 | Pascuma, Jr., Michael J. | Pascuma, Michael | Child | $8,500,000.00 |
| 682 | Pelletier, Michel | Pelletier-Martinelli, Nicolas | Child | $8,500,000.00 |
| 683 | Pelletier, Michel | Pelletier-Martinelli, Sophie | Spouse | $12,500,000.00 |
| 684 | Perez, Anthony | Perez, Alexis | Child | $8,500,000.00 |
| 685 | Perez, Anthony | Perez, Anthony | Child | $8,500,000.00 |
| 686 | Perez, Anthony | Perez, Mary Gola | Spouse | $12,500,000.00 |
| 687 | Perroncino, Joseph | Perroncino, Patricia | Parent | $8,500,000.00 |
| 688 | Perrotta, Edward | Perrotta, Josephine | Spouse | $12,500,000.00 |
| 689 | Powell, Shawn E. | Powell, Jean Oslyn | Spouse | $12,500,000.00 |
| 690 | Powell, Shawn E. | Powell, Joshua | Child | $8,500,000.00 |
| 691 | Princiotta, Vincent | Princiotta, Bernadetta | Personal Representative of the Estate of Anita Princiotta, deceased | $8,500,000.00 |

Case 1:03-md-01570-GBD-SN Document 4717-1 Filed 07/31/19 Page 22 of 29

| | | | | |
|---|---|---|---|---|
| | | | Parent of 9/11 Decedent Vincent Princiotta | |
| 692 | Princiotta, Vincent | Princiotta, Christina M. | Child | $8,500,000.00 |
| 693 | Princiotta, Vincent | Princiotta, Karen | Spouse | $12,500,000.00 |
| 694 | Prunty, Richard | Prunty, Susan | Spouse | $12,500,000.00 |
| 695 | Morales-Puopolo, Sonia | Puopolo, Sr., Dominic J. | Spouse | $12,500,000.00 |
| 696 | Raggio, Eugene J. | Raggio, Francine | Spouse | $12,500,000.00 |
| 697 | Rancke, Alfred Todd | Basham, Deborah | Spouse | $12,500,000.00 |
| 698 | Rancke, Alfred Todd | Rancke, Brittany Barbara | Child | $8,500,000.00 |
| 699 | Rancke, Alfred Todd | Rancke, II, Alfred Todd | Child | $8,500,000.00 |
| 700 | Rand, Adam D. | Rand, Mary Ann | Personal Representative of the Estate of James Rand, deceased Parent of 9/11 Decedent Adam D. Rand | $8,500,000.00 |
| 701 | Rasool, Amenia | Rasool, Aneesa | Child | $8,500,000.00 |
| 702 | Rasool, Amenia | Rasool, Aseefa | Child | $8,500,000.00 |
| 703 | Rasool, Amenia | Rasool, Farhaad N. | Child | $8,500,000.00 |
| 704 | Rasool, Amenia | Rasool, Sadiq | Spouse | $12,500,000.00 |
| 705 | Rasool, Amenia | Rasool, Saeed N. | Child | $8,500,000.00 |
| 706 | Rasweiler, Roger Mark | Bauer, Susan | Spouse | $12,500,000.00 |
| 707 | Rasweiler, Roger Mark | Rasweiler, Michael John | Child | $8,500,000.00 |
| 708 | Reda, Gregory | Reda, Matthew A. | Child | $8,500,000.00 |
| 709 | Reda, Gregory | Reda, Nicholas G. | Child | $8,500,000.00 |
| 710 | Reda, Gregory | Reda, Nicole | Spouse | $12,500,000.00 |
| 711 | Regenhard, Christian M. O. | Regenhard, Christina | Sibling | $4,250,000.00 |
| 712 | Reyes, Jr., Eduvigis | Reyes, Kimberly | Child | $8,500,000.00 |
| 713 | Reyes, Jr., Eduvigis | Reyes, Tiffany | Child | $8,500,000.00 |
| 714 | Reyes, Jr., Eduvigis | Villarin, Stephanie | Child | $8,500,000.00 |
| 715 | Richards, Gregory D. | Richards Frankel, Asher | Child | $8,500,000.00 |
| 716 | Richards, Gregory D. | Richards Frankel, Erin P. | Spouse | $12,500,000.00 |
| 717 | Rimmele III, Frederick | Trudel, Kimberly | Spouse | $12,500,000.00 |
| 718 | Rivers, David E. | Vider Rivers, James | Child | $8,500,000.00 |
| 719 | Rivers, David E. | Vider, Ricky | Spouse | $12,500,000.00 |
| 720 | Riverso, Joseph R. | Riverso, Danielle | Child | $8,500,000.00 |
| 721 | Robotham, Michell L. | Callum, Chester | Parent | $8,500,000.00 |
| 722 | Robotham, Michell L. | Hanson Callum, Linda | Parent | $8,500,000.00 |
| 723 | Robotham, Michell L. | Robotham, Alexandra | Child | $8,500,000.00 |
| 724 | Robson, Donald | Robson, Geoffrey | Child | $8,500,000.00 |
| 725 | Robson, Donald | Robson, Katherine | Spouse | $12,500,000.00 |
| 726 | Robson, Donald | Robson, Scott | Child | $8,500,000.00 |
| 727 | Rosenberg, Lloyd D. | Rosenberg, Alyssa | Child | $8,500,000.00 |
| 728 | Rosenberg, Lloyd D. | Rosenberg, Glenna | Spouse | $12,500,000.00 |

| | | | | |
|---|---|---|---|---|
| 729 | Rosenberg, Lloyd D. | Rosenberg, Kaylee | Child | $8,500,000.00 |
| 730 | Rosenberg, Lloyd D. | Rosenberg, Samantha | Child | $8,500,000.00 |
| 731 | Rosenblum, Andrew I. | Rosenblum, Barbara | Personal Representative of the Estate of Jason Rosenblum, deceased Parent of 9/11 Decedent Andrew I. Rosenblum | $8,500,000.00 |
| 732 | Rosenblum, Andrew I. | Rosenblum, Jill | Spouse | $12,500,000.00 |
| 733 | Rosenblum, Andrew I. | Rosenblum, Jordan | Child | $8,500,000.00 |
| 734 | Rosenblum, Andrew I. | Rosenblum, Kyle | Child | $8,500,000.00 |
| 735 | Rosenzweig, Phillip | Rosenzweig Morton, Lauren | Spouse | $12,500,000.00 |
| 736 | Rosenzweig, Phillip | Rosenzweig, Max | Child | $8,500,000.00 |
| 737 | Ross, Richard | Ross, Judi A. | Spouse | $12,500,000.00 |
| 738 | Ruggiere, Bart | Ruggiere Donovan, Claudia | Spouse | $12,500,000.00 |
| 739 | Ruggiere, Bart | Ruggiere Scavuzzo, Patricia | Parent | $8,500,000.00 |
| 740 | Ruggiere, Bart | Ruggiere, Frank | Parent | $8,500,000.00 |
| 741 | Ruggiere, Bart | Ruggiere, Jr., Frank | Sibling | $4,250,000.00 |
| 742 | Ruggiere, Bart | Ruggiere, Mark | Sibling | $4,250,000.00 |
| 743 | Ruiz, Gilbert | Ruiz, Ralphela | Child | $8,500,000.00 |
| 744 | Russin, Steven | Russin, Alec | Child | $8,500,000.00 |
| 745 | Russin, Steven | Russin, Andrea | Spouse | $12,500,000.00 |
| 746 | Russin, Steven | Russin, Andrea | Parent and legal guardian on behalf of A. R., minor child of 9/11 Decedent Steven Russin | $8,500,000.00 |
| 747 | Russin, Steven | Russin, Andrea | Parent and legal guardian on behalf of O. R., minor child of 9/11 Decedent Steven Russin | $8,500,000.00 |
| 748 | Ryan, Edward | Ryan, Diane | Spouse | $12,500,000.00 |
| 749 | Ryan, Edward | Ryan, Edward | Child | $8,500,000.00 |
| 750 | Ryan, Edward | Ryan, Joseph | Child | $8,500,000.00 |
| 751 | Ryan, Edward | Ryan, Kelly | Child | $8,500,000.00 |
| 752 | Ryan, Edward | Ryan, Megan | Child | $8,500,000.00 |
| 753 | Ryan, Jonathan S. | Ryan, Autumn | Child | $8,500,000.00 |
| 754 | Ryan, Jonathan S. | Ryan, James | Sibling | $4,250,000.00 |
| 755 | Ryan, Jonathan S. | Ryan, Scott | Sibling | $4,250,000.00 |
| 756 | Ryan, Jonathan S. | Ryan-Baldwin, Maria L. | Spouse | $12,500,000.00 |
| 757 | Ryan, Jonathan S. | Ryan-Baldwin, Maria L. | Parent and legal guardian on behalf of C. R., minor child | $8,500,000.00 |

| | | | | |
|---|---|---|---|---|
| | | | of 9/11 Decedent Jonathan S. Ryan | |
| 758 | Ryan, Matthew L. | Quinn, Joyce | Child | $8,500,000.00 |
| 759 | Ryan, Matthew L. | Ryan, Jr., Matthew L. | Child | $8,500,000.00 |
| 760 | Ryan, Matthew L. | Ryan, Margaret | Spouse | $12,500,000.00 |
| 761 | Ryan, Matthew L. | Ryan, Meaghan | Child | $8,500,000.00 |
| 762 | Sand, Eric | Sand, Michele | Spouse | $12,500,000.00 |
| 763 | Santo, Susan | Lopez , Christine Ann | Child | $8,500,000.00 |
| 764 | Scauso, Dennis | Scauso, Gabrielle S. | Child | $8,500,000.00 |
| 765 | Scauso, Dennis | Scauso, Janlyn | Spouse | $12,500,000.00 |
| 766 | Scauso, Dennis | Scauso, Juliette L. | Child | $8,500,000.00 |
| 767 | Schielke, Sean | Schielke, Brandon | Sibling | $4,250,000.00 |
| 768 | Schielke, Sean | Schielke, Jr., Kenneth | Sibling | $4,250,000.00 |
| 769 | Schielke, Sean | Schielke, Patricia | Parent | $8,500,000.00 |
| 770 | Schreier, Jeffrey | Schreier, Phyllis | Spouse | $12,500,000.00 |
| 771 | Scibetta, Adrianne | Scibetta, Gabriella | Child | $8,500,000.00 |
| 772 | Scullin, Arthur | McInnes, Margaret | Sibling | $4,250,000.00 |
| 773 | Scullin, Arthur | Scullin, Catherine | Spouse | $12,500,000.00 |
| 774 | Sekzer, Jason M. | Makshanov, Natalie | Spouse | $12,500,000.00 |
| 775 | Shanahan, Earl | Chmil, Stacy Lee | Child | $8,500,000.00 |
| 776 | Shanahan, Earl | Shanahan, Eileen A. | Spouse | $12,500,000.00 |
| 777 | Shanahan, Earl | Shanahan, Gregory Earl | Child | $8,500,000.00 |
| 778 | Shea, Daniel J. | Shea, Abigail R. | Child | $8,500,000.00 |
| 779 | Shea, Daniel J. | Shea, Colin M. | Child | $8,500,000.00 |
| 780 | Shea, Daniel J. | Shea, Ellen | Spouse | $12,500,000.00 |
| 781 | Shea, Daniel J. | Shea, Margaret J. | Child | $8,500,000.00 |
| 782 | Shea, Joseph P. | Raeside Shea, Nancy | Spouse | $12,500,000.00 |
| 783 | Shea, Joseph P. | Raeside Shea, Peter | Child | $8,500,000.00 |
| 784 | Shea, Joseph P. | Shea, Catherine Ellen | Child | $8,500,000.00 |
| 785 | Shea, Joseph P. | Shea, Daniel F. | Child | $8,500,000.00 |
| 786 | Shea, Joseph P. | Shea, Patrick J. | Child | $8,500,000.00 |
| 787 | Shulman, Mark | Pescatore, Melissa | Child | $8,500,000.00 |
| 788 | Shulman, Mark | Shulman, Jaime | Child | $8,500,000.00 |
| 789 | Shulman, Mark | Shulman, Lori | Spouse | $12,500,000.00 |
| 790 | Shulman, Mark | Shulman, Evelyn | Parent | $8,500,000.00 |
| 791 | Silver, David | Silver, Holli | Spouse | $12,500,000.00 |
| 792 | Silver, David | Silver, Holli | Parent and legal guardian on behalf of D. S., minor child of 9/11 Decedent David Silver | $8,500,000.00 |
| 793 | Silver, David | Silver, Rachel | Child | $8,500,000.00 |
| 794 | Simon, Michael J. | Coates, Christine | Sibling | $4,250,000.00 |
| 795 | Simon, Michael J. | Ryan, Brittany | Child | $8,500,000.00 |
| 796 | Simon, Michael J. | Simon, Eileen | Spouse | $12,500,000.00 |
| 797 | Simon, Michael J. | Simon, Kathleen | Sibling | $4,250,000.00 |

| | | | | |
|---|---|---|---|---|
| 798 | Simon, Michael J. | Simon, Michael | Child | $8,500,000.00 |
| 799 | Simon, Michael J. | Simon, Patricia | Sibling | $4,250,000.00 |
| 800 | Simon, Michael J. | Simon, Tyler | Child | $8,500,000.00 |
| 801 | Sinton III, Thomas E. | Carilli-Sinton, Cathy | Spouse | $12,500,000.00 |
| 802 | Sinton III, Thomas E. | Sinton, Alexandra | Child | $8,500,000.00 |
| 803 | Siskopoulos, Muriel | Rosenblatt, Philip | Personal Representative of the Estate of Anne Rosenblatt Klein, deceased Parent of 9/11 Decedent Muriel Siskopoulos | $8,500,000.00 |
| 804 | Siskopoulos, Muriel | Siskopoulos, Mark | Spouse | $12,500,000.00 |
| 805 | Smith, James G. | Smith Yule, Donna | Spouse | $12,500,000.00 |
| 806 | Smith, James G. | Smith, Caroline | Child | $8,500,000.00 |
| 807 | Smith, James G. | Smith, Kristen | Child | $8,500,000.00 |
| 808 | Smith, James G. | Smith, Robert | Child | $8,500,000.00 |
| 809 | Smith, James G. | Smith, William | Child | $8,500,000.00 |
| 810 | Smith, Kevin J. | Kross, Catherine | Personal Representative of the Estate of Harry Smith, deceased Parent of 9/11 Decedent Kevin J. Smith | $8,500,000.00 |
| 811 | Smith, Kevin J. | Smith, Jerri | Spouse | $12,500,000.00 |
| 812 | Smith, Rosemary A. | Kempton, Rosemary | Child | $8,500,000.00 |
| 813 | Snyder, Jr., Leonard J. | Snyder Oldenhage, Janine | Spouse | $12,500,000.00 |
| 814 | Spampinato, Jr., Donald F. | Spampinato, David | Child | $8,500,000.00 |
| 815 | Spampinato, Jr., Donald F. | Spampinato, Donald | Child | $8,500,000.00 |
| 816 | Spampinato, Jr., Donald F. | Spampinato, Laurie | Spouse | $12,500,000.00 |
| 817 | Spampinato, Jr., Donald F. | Spampinato, Peter | Child | $8,500,000.00 |
| 818 | Stack, Lawrence T. | Stack, Theresa | Spouse | $12,500,000.00 |
| 819 | Starita, Anthony | Starita Renzulli, Diane | Spouse | $12,500,000.00 |
| 820 | Starita, Anthony | Starita, Jason | Child | $8,500,000.00 |
| 821 | Starita, Anthony | Starita, Kaila | Child | $8,500,000.00 |
| 822 | Statkevicus, Derek J. | Statkevicus, Kim | Spouse | $12,500,000.00 |
| 823 | Statkevicus, Derek J. | Statkevicus, Kim | Parent and legal guardian on behalf of D. S., minor child of 9/11 Decedent Derek J. Statkevicus | $8,500,000.00 |
| 824 | Statkevicus, Derek J. | Statkevicus, Tyler | Child | $8,500,000.00 |
| 825 | Steinman, Alexander | O'Keefe, Tracy | Spouse | $12,500,000.00 |
| 826 | Stewart, Michael J. | Stewart, Liam | Child | $8,500,000.00 |
| 827 | Swaine, John F. | Crowe, Dianne | Sibling | $4,250,000.00 |
| 828 | Swaine, John F. | Dolan, Susan | Sibling | $4,250,000.00 |
| 829 | Swaine, John F. | Doyle, Mary | Sibling | $4,250,000.00 |

| | | | | |
|---|---|---|---|---|
| 830 | Swaine, John F. | Swaine, Emily | Child | $8,500,000.00 |
| 831 | Swaine, John F. | Swaine, Francis | Personal Representative of the Estate of Maryanne Swaine, deceased Parent of 9/11 Decedent John F. Swaine | $8,500,000.00 |
| 832 | Swaine, John F. | Swaine, Francis | Parent | $8,500,000.00 |
| 833 | Swaine, John F. | Swaine, Hannah | Child | $8,500,000.00 |
| 834 | Swaine, John F. | Swaine, Sarah | Child | $8,500,000.00 |
| 835 | Swaine, John F. | Swaine, Suzanne | Spouse | $12,500,000.00 |
| 836 | Taddei, Norma | Taddei, Mary | Personal Representative of the Estate of Fermo Taddei, deceased Spouse of 9/11 Decedent Norma Taddei | $12,500,000.00 |
| 837 | Taddei, Norma | Taddei, Mary | Personal Representative of the Estate of Elvira Conti, deceased Parent of 9/11 Decedent Norma Taddei | $8,500,000.00 |
| 838 | Takahashi, Keiichiro | Takahashi, Akiko | Child | $8,500,000.00 |
| 839 | Takahashi, Keiichiro | Takahashi, Harumi | Spouse | $12,500,000.00 |
| 840 | Tamares, Rachel | Bruno, Jason A. | Child | $8,500,000.00 |
| 841 | Tamares, Rachel | Bruno, Juan B. | Spouse | $12,500,000.00 |
| 842 | Tamares, Rachel | Bruno, Robert J. | Child | $8,500,000.00 |
| 843 | Tarasiewicz, Allan | Tarasiewicz, Melissa | Child | $8,500,000.00 |
| 844 | Tarasiewicz, Allan | Tarasiewicz, Patricia | Spouse | $12,500,000.00 |
| 845 | Taylor, Lorisa C. | Taylor, Cyann Ceylon | Child | $8,500,000.00 |
| 846 | Taylor, Lorisa C. | Taylor, Frank | Spouse | $12,500,000.00 |
| 847 | Taylor, Lorisa C. | Taylor, Imani Jasmine | Child | $8,500,000.00 |
| 848 | Terry, Lisa | Crawford, Connie | Sibling | $4,250,000.00 |
| 849 | Terry, Lisa | Ferguson, Wanda | Sibling | $4,250,000.00 |
| 850 | Thackurdeen, Goumatie | Thackurdeen, Rambascia | Parent | $8,500,000.00 |
| 851 | Thackurdeen, Goumatie | Thackurdeen, Vijay | Sibling | $4,250,000.00 |
| 852 | Thackurdeen, Goumatie | Tilkaren, Bissondai | Sibling | $4,250,000.00 |
| 853 | Thompson, Nigel B. | Thompson, Rosana | Spouse | $12,500,000.00 |
| 854 | Thomas, Lesley A. | O'Keefe, Joseph | Spouse | $12,500,000.00 |
| 855 | Torres, Luis E. | Rosenberg-Torres, Alissa | Spouse | $12,500,000.00 |
| 856 | Torres, Luis E. | Rosenberg-Torres, Alissa | Parent and legal guardian on behalf of J. T., minor child of 9/11 Decedent Luis E. Torres | $8,500,000.00 |

| | | | | |
|---|---|---|---|---|
| 857 | Torres-Victoria, Celeste | Victoria, Jasmine | Child | $8,500,000.00 |
| 858 | Torres-Victoria, Celeste | Rogers, Damali | Personal Representative of the Estate of Dale Rogers, deceased Sibling of 9/11 Decedent Celeste Torres-Victoria | $4,250,000.00 |
| 859 | Trant, Daniel | Trant, Alexander W. | Child | $8,500,000.00 |
| 860 | Trant, Daniel | Trant, Daniel J. | Child | $8,500,000.00 |
| 861 | Trant, Daniel | Trant, Jessica | Child | $8,500,000.00 |
| 862 | Trant, Daniel | Trant, Kathleen | Spouse | $12,500,000.00 |
| 863 | Tumulty, Lance | Tumulty, Caroline | Child | $8,500,000.00 |
| 864 | Tumulty, Lance | Tumulty, Sara | Child | $8,500,000.00 |
| 865 | Tumulty, Lance | Tumulty-Ollerman, Cynthia | Spouse | $12,500,000.00 |
| 866 | Twomey, Robert T. | Borsare, James | Personal Representative of the Estate of Mary A. Davis, deceased Sibling of 9/11 Decedent Robert T. Twomey | $4,250,000.00 |
| 867 | Twomey, Robert T. | Ryan, Marie | Spouse | $12,500,000.00 |
| 868 | Twomey, Robert T. | Twomey, Emeric R. | Child | $8,500,000.00 |
| 869 | Twomey, Robert T. | Twomey, Helen Ann | Personal Representative of the Estate of James Twomey, deceased Sibling of 9/11 Decedent Robert T. Twomey | $4,250,000.00 |
| 870 | Twomey, Robert T. | Twomey, Robert | Child | $8,500,000.00 |
| 871 | Uman, Jonathan | Uman, Alexander T. | Child | $8,500,000.00 |
| 872 | Uman, Jonathan | Uman, Anna I. | Child | $8,500,000.00 |
| 873 | Uman, Jonathan | Uman, Julie | Spouse | $12,500,000.00 |
| 874 | Valvo II, Carlton F. | Valvo, Dante G. | Child | $8,500,000.00 |
| 875 | Valvo II, Carlton F. | Valvo, Virginia L. Rossiter | Spouse | $12,500,000.00 |
| 876 | Vandevander, Jon C. | Vandevander, Elizabeth Anne | Spouse | $12,500,000.00 |
| 877 | Vandevander, Jon C. | Vandevander, Jane A. | Child | $8,500,000.00 |
| 878 | Vandevander, Jon C. | Vandevander, Jon C. | Child | $8,500,000.00 |
| 879 | Vandevander, Jon C. | Vandevander, Mary E. | Child | $8,500,000.00 |
| 880 | Vega, Peter | Grice, Regan | Spouse | $12,500,000.00 |
| 881 | Vega, Peter | Vega, Ruby | Child | $8,500,000.00 |
| 882 | Velazquez, Jorge | Velazquez, Consuelo | Spouse | $12,500,000.00 |
| 883 | Velazquez, Jorge | Velazquez, Jr., Jorge | Child | $8,500,000.00 |
| 884 | Velazquez, Jorge | Velazquez, Marilyn | Child | $8,500,000.00 |
| 885 | Velazquez, Jorge | Velazquez, Steven | Child | $8,500,000.00 |
| 886 | Vilardo, Joseph | Vilardo, Matthew | Child | $8,500,000.00 |

Case 1:03-md-01570-GBD-SN Document 4717-1 Filed 07/31/19 Page 28 of 29

| | | | | |
|---|---|---|---|---|
| 887 | Vilardo, Joseph | Vilardo, Patricia | Spouse | $12,500,000.00 |
| 888 | Wall, Glen | Wall, Diane | Spouse | $12,500,000.00 |
| 889 | Warner, Brian | Warner, Allen L. | Child | $8,500,000.00 |
| 890 | Warner, Brian | Warner, Kathryn E. | Child | $8,500,000.00 |
| 891 | Warner, Brian | Warner-Proctor, Patricia A. | Spouse | $12,500,000.00 |
| 892 | Waye, Michael H. | Yeow, Evelyn Siew-Sim | Spouse | $12,500,000.00 |
| 893 | Weaver, Todd C. | Weaver Achilles, Amy L. | Spouse | $12,500,000.00 |
| 894 | Weil, Joanne F. | Weil, Floyd | Parent | $8,500,000.00 |
| 895 | Weiser, Simon V. | Waiser, Rema | Spouse | $12,500,000.00 |
| 896 | Welty, Timothy M. | Nugent, Melinda | Sibling | $4,250,000.00 |
| 897 | Welty, Timothy M. | Welty, Delia | Spouse | $12,500,000.00 |
| 898 | Welty, Timothy M. | Welty, Delia | Parent and legal guardian on behalf of J. W., minor child of 9/11 Decedent Timothy M. Welty | $8,500,000.00 |
| 899 | Welty, Timothy M. | Welty, Jake | Child | $8,500,000.00 |
| 900 | Welty, Timothy M. | Welty, William | Parent | $8,500,000.00 |
| 901 | Wik, William J. | Wik Farese, Patricia | Child | $8,500,000.00 |
| 902 | Wik, William J. | Wik, Daniel | Child | $8,500,000.00 |
| 903 | Wik, William J. | Wik, Kathleen | Spouse | $12,500,000.00 |
| 904 | Wik, William J. | Wik, Kathleen | Child | $8,500,000.00 |
| 905 | Williams III, Louis C. | Williams, Janice C. | Spouse | $12,500,000.00 |
| 906 | Wiswall, David | Wiswall, Patricia | Spouse | $12,500,000.00 |
| 907 | Wodenshek, Christopher | Remenschneider, Paul | Personal Representative of the Estate of Linda Wodenshek Remenschneider, deceased Sibling of 9/11 Decedent Christopher Wodenshek | $4,250,000.00 |
| 908 | Wodenshek, Christopher | Wodenshek, Anne | Spouse | $12,500,000.00 |
| 909 | Wodenshek, Christopher | Wodenshek, Haley | Child | $8,500,000.00 |
| 910 | Wodenshek, Christopher | Wodenshek, Mollie | Child | $8,500,000.00 |
| 911 | Wodenshek, Christopher | Wodenshek, Sarah | Child | $8,500,000.00 |
| 912 | Wodenshek, Christopher | Wodenshek, William | Child | $8,500,000.00 |
| 913 | Wodenshek, Christopher | Wodenshek, Zachary | Child | $8,500,000.00 |
| 914 | Wohlforth, Martin | Wohlforth, Susan | Spouse | $12,500,000.00 |
| 915 | Wolf, Katherine | Wolf, Charles G. | Spouse | $12,500,000.00 |
| 916 | Yuen, Elkin | Woo-Yuen, Cella | Spouse | $12,500,000.00 |
| 917 | Yuen, Elkin | Yuen, Nicole | Child | $8,500,000.00 |
| 918 | Zaltsman, Arkady | Galperina, Zhanna | Spouse | $12,500,000.00 |
| 919 | Zaltsman, Arkady | Khait, Laura | Child | $8,500,000.00 |
| 920 | Ziminski, Ivelin | Ziminski, David | Spouse | $12,500,000.00 |
| 921 | Zinzi, Michael | Zinzi, Dean | Child | $8,500,000.00 |

| | | | | |
|---|---|---|---|---|
| 922 | Zinzi, Michael | Zinzi, Dyan | Spouse | $12,500,000.00 |
| 923 | Zion, Charles A. | Zion, Carol | Spouse | $12,500,000.00 |
| 924 | Zion, Charles A. | Zion, Jane | Personal Representative of the Estate of Martin Zion, deceased Parent of 9/11 Decedent Charles A. Zion | $8,500,000.00 |
| 925 | Zion, Charles A. | Zion, Zachary | Child | $8,500,000.00 |
| 926 | Zipper, Julie Lynne | Klein Girluard, Nicole | Child | $8,500,000.00 |
| 927 | Zipper, Julie Lynne | Klein, Jason | Child | $8,500,000.00 |
| 928 | Zipper, Julie Lynne | Klein, Richard | Spouse | $12,500,000.00 |
| 929 | Zois, Prokopios | Zois, Dorota | Spouse | $12,500,000.00 |
| 930 | Zois, Prokopios | Zois, Theofanis | Child | $8,500,000.00 |
| 931 | Zois, Prokopios | Zois-Geol, Stefania | Child | $8,500,000.00 |
| 932 | Zuccala, Joseph J. | Zuccala, Madeleine A. | Spouse | $12,500,000.00 |
| 933 | Zucker, Andrew S. | Zucker Heisler, Erica | Spouse | $12,500,000.00 |
| 934 | Zucker, Andrew S. | Zucker Heisler, Erica | Parent and legal guardian on behalf of J. Z., minor child of 9/11 Decedent Andrew S. Zucker | $8,500,000.00 |
| 935 | Zaccoli, Joseph | Zaccoli, Helen | Spouse | $12,500,000.00 |
| 936 | Zaccoli, Joseph | Zaccoli, James | Child | $8,500,000.00 |
| 937 | Zaccoli, Joseph | Zaccoli, Joseph | Child | $8,500,000.00 |
| 938 | Zaccoli, Joseph | Zaccoli, Regina | Child | $8,500,000.00 |

# Exhibit B

| # | 9/11 Decedent | Plaintiff | Relationship | Solatium Damages |
|---|---|---|---|---|
| 1 | Arczynski, Michael G. | Arczynski, Lori Ann | Spouse | $12,500,000.00 |
| 2 | Beaven, Alan | Beaven, Christopher | Child | $8,500,000.00 |
| 3 | Beaven, Alan | Beaven, John | Child | $8,500,000.00 |
| 4 | Berkeley, Graham A. | Berkeley, Pauline | Parent | $8,500,000.00 |
| 5 | Berkeley, Graham A. | Berkeley, Charles | Parent | $8,500,000.00 |
| 6 | Bielfeld, Peter | Clarner, Theresa | Partner | $12,500,000.00 |
| 7 | Brennan III, Edward A. | Brennan, Edward | Parent | $8,500,000.00 |
| 8 | Brennan III, Edward A. | Brennan, Gail | Parent | $8,500,000.00 |
| 9 | Cheatham, Delrose Forbes | Cheatham, Bob | Spouse | $12,500,000.00 |
| 10 | Clark, Gregory A. | Clark, Yuko | Spouse | $12,500,000.00 |
| 11 | Debarrera, Ana | Barrera, Ernesto | Spouse | $12,500,000.00 |
| 12 | Geraty, Suzanne | Geraty, Eileen | Parent | $8,500,000.00 |
| 13 | Johnston, Jr., William | Johnston, Joy | Parent | $8,500,000.00 |
| 14 | Johnston, Jr., William | Johnston, William | Parent | $8,500,000.00 |
| 15 | Knox, Andrew | Knox, Marion | Spouse | $12,500,000.00 |
| 16 | Lamantia, Stephen | Lamantia, Kimberly S. | Spouse | $12,500,000.00 |
| 17 | Lee, Richard Y. C. | Lee, Karen | Spouse | $12,500,000.00 |
| 18 | Lizcano, Harold | Lizcano Vega, Emily | Spouse | $12,500,000.00 |
| 19 | Ludvigsen, Mark | Kelly, Maureen | Spouse | $12,500,000.00 |
| 20 | Mascarenhas, Bernard | Mascarenhas, Jaclyn | Child | $8,500,000.00 |
| 21 | Mascarenhas, Bernard | Mascarenhas, Raynette | Spouse | $12,500,000.00 |
| 22 | Mcdermott, Matthew T. | McDermott, Susan | Spouse | $12,500,000.00 |
| 23 | Miller, Joel | Miller, Marjorie | Spouse | $12,500,000.00 |
| 24 | Monahan, John G. | Monahan, Diane | Spouse | $12,500,000.00 |
| 25 | Mullan, Michael D. | Mullan, Patrick J. | Sibling | $4,250,000.00 |
| 26 | Murphy, Charles A. | Murphy, Elizabeth | Parent | $8,500,000.00 |
| 27 | Pakkala, Deepa | Pakkala, Sampath | Spouse | $12,500,000.00 |
| 28 | Pfeifer, Kevin | Pfeifer, Helen | Parent | $8,500,000.00 |
| 29 | Pfeifer, Kevin | Pfeifer, William | Parent | $8,500,000.00 |
| 30 | Regan, Donald J. | Regan, Theresa | Parent | $8,500,000.00 |
| 31 | Saada, Thierry | Saada Samuel, Delphine | Spouse | $12,500,000.00 |
| 32 | Saada, Thierry | Saada Samuel, Delphine | Parent and legal guardian on behalf of L. S., minor child of 9/11 Decedent Thierry Saada | $8,500,000.00 |
| 33 | Sarle, Paul F. | Sarle, Linda | Spouse | $12,500,000.00 |
| 34 | Sattaluri, Deepika | Sattaluri, Narasimha | Spouse | $12,500,000.00 |
| 35 | Saucedo, Gregory | Saucedo, Stephen | Sibling | $4,250,000.00 |
| 36 | Shah, Jayesh | Shah, Jyothi | Spouse | $12,500,000.00 |
| 37 | Stan, Alexandru | Stan, Daniel | Personal Representative of the Estate of Elisabeta Stan, deceased Parent of | $8,500,000.00 |

| | | | | |
|---|---|---|---|---|
| | | | 9/11 Decedent Alexandru Stan | |
| 38 | Stan, Alexandru | Stan, Daniel | Personal Representative of the Estate of Constantin Stan, deceased Parent of 9/11 Decedent Alexandru Stan | $8,500,000.00 |
| 39 | Takahashi, Keiji | Takahashi, Marie | Child | $8,500,000.00 |
| 40 | Takahashi, Keiji | Takahashi, Midori | Spouse | $12,500,000.00 |
| 41 | Takahashi, Keiji | Takahashi, Shusaku | Child | $8,500,000.00 |
| 42 | Tomasevic, Vladimir | Tomasevic, Andrija | Parent | $8,500,000.00 |
| 43 | Tomasevic, Vladimir | Tomasevic, Radmila | Parent | $8,500,000.00 |
| 44 | Tomasevic, Vladimir | Watkins, Jelena | Sibling | $4,250,000.00 |
| 45 | Tselepis, Jr., William P. | Tselepis, Mary | Spouse | $12,500,000.00 |
| 46 | Tull-Francis, Pauline | Williams, Debby | Child | $8,500,000.00 |
| 47 | Williams, Debbie L. | Williams, Darren | Spouse | $12,500,000.00 |
| 48 | Williams, Debbie L. | Williams, Payton | Child | $8,500,000.00 |
| 49 | Wright, Neil | Wright, Mary | Parent | $8,500,000.00 |

# EXHIBIT 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ashton et al.

-v-

Al Qaeda Islamic, et al.

**CERTIFICATE OF MAILING**

Case No.: 02cv6977 (GBD)(SN)
03md1570(GBD)(SN)

I hereby certify under the penalties of perjury that on the 29th day of December 2021, I served:

Islamic Republic of Iran
C/O H.E. Dr. Mohammad Javad Zarif
Foreign Minister of the Ministry of Foreign Affairs
Imam Khomeini Street, Imam Khomeini Square
Tehran, Islamic Republic of Iran

☒ the Secretary of State, Attn: Jared Hess (CA/OCS/L), U.S. Department of State, SA-17, 10th Floor, 2201 C Street NW, Washington, DC 20522, pursuant to the provisions of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(a)(4).

__2__ copy(ies) of the Notice of Default Judgment, Default Judgment on Liability deemed filed August 31, 2015, Final Order of Judgment on Behalf of Ashton 21 Plaintiffs, including the moving papers for Plaintiffs' Motion deemed filed on October 5, 2021, Final Order of Judgment on Behalf of Ashton 22 Plaintiffs, including the moving papers for Plaintiffs' Motion deemed filed on October 5, 2021, Final Order of Judgment on Behalf of Ashton 23 Plaintiffs, including the moving papers for Plaintiffs' Motion deemed filed on October 5, 2021, Foreign Sovereign Immunities Act & Affidavit of Translator (along with translations of the above documents in Farsi).

By FEDEX 8157 2471 5908.

Dated: New York, New York
December 29, 2021

RUBY J. KRAJICK
CLERK OF COURT

/s/JaVonn Ross

DEPUTY CLERK

# EXHIBIT 21

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE ESTATE OF MAX STEINBERG, *et al.*

Plaintiffs,

v.

THE ISLAMIC REPUBLIC OF IRAN and THE SYRIAN ARAB REPUBLIC,

Defendants.

Civil Action No. 17-cv-1910 (RCL)

## ORDER AND JUDGMENT

Before the Court is plaintiffs' motion for default judgment. ECF No. 18. For the reasons stated in the Memorandum Opinion issued this date and upon consideration of plaintiffs' motion, the record, records of prior proceedings in related cases before this Court, and defendants' failure to appear, it is hereby

**ORDERED** that plaintiffs' motion for default judgment is **GRANTED**; and it is further

**ORDERED** that final judgment is entered in favor of plaintiffs and against defendants the Islamic Republic of Iran and the Syrian Arab Republic; and it is further

**ORDERED** that the prevailing plaintiffs shall receive $15,934,010 in compensatory damages and $150,000,000 in punitive damages, to be distributed as follows:

| Plaintiff | Compensatory Damages | Punitive Damages | Total Damages |
|---|---|---|---|
| Estate of Max Steinberg | $934,010 | $30,000,000 | $30,934,010 |
| Stuart Steinberg | $5,000,000 | $30,000,000 | $35,000,000 |
| Evie Steinberg | $5,000,000 | $30,000,000 | $35,000,000 |

| | | | |
|---|---|---|---|
| Jake Steinberg | $2,500,000 | $30,000,000 | $32,500,000 |
| Paige Steinberg | $2,500,000 | $30,000,000 | $32,500,000 |

It is further **ORDERED** defendants Iran and Syria shall be jointly and severally liable for the compensatory damages award and the punitive damages award; and it is further

**ORDERED** that plaintiffs shall forthwith, at their own cost and consistent with the requirements of 28 U.S.C. § 1608(e), send a copy of this Order and Judgment, and the Memorandum Opinion issued this date, to defendants.

This is a final, appealable order. *See* Fed. R. App. P. 4(a).

It is **SO ORDERED**.

SIGNED this 15th day of November, 2019.

Royce C. Lamberth

Royce C. Lamberth

United States District Judge

# EXHIBIT 22

**United States Department of State**

***Washington, D.C. 20520***

December 2, 2020

Angela D. Caesar
Clerk of the Court
United States District Court
For the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20011

**Re: Estate of Max Steinberg, et al. v. Islamic Republic of Iran, et al., 1:17-cv-01910**

Dear Ms. Caesar:

I am writing regarding the Court's request for transmittal of an Order and Judgment (November 15, 2019), Memorandum Opinion (November 15, 2019), and Notice of Default Judgment to the Islamic Republic of Iran pursuant to 28 U.S.C. Section 1608(a)(4) as a defendant in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the Government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1203-IE, dated November 1, 2020 and delivered on November 4, 2020. A certified copy of the diplomatic note is enclosed.

Sincerely,

Jared N. Hess
Attorney Adviser
Office of the Legal Adviser

RECEIVED
Mail Room
DEC - 7 2020
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Cc: Noel Nudelman
HEIDEMAN NUDELMAN KALIK, PC
1146 19th St. NW, Fifth Floor
Washington, DC 20036

SPECIFIC AUTHENTICATION CERTIFICATE

onfederation of Switzerland )
ern, Canton of Bern , ) SS:
mbassy of the United States of America )

Jack F. Pan, a consular officer at the Embassy of the United States at Bern, Switzerland, certify at this is a true copy of Embassy note number 27313 dated September 28, 2020, which was ansmitted to the Swiss Ministry of Foreign Affairs on September 30, 2020 for further ansmission to the American Interests Section of the Swiss Embassy in Tehran, Iran.

(Signature of Consular Officer)

Jack F. PAN
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

November 16, 2020
(Date)

SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I certify that the annexed document is executed by the genuine signature and seal of the following named official who, in an official capacity, is empowered by the laws of Switzerland to execute that document.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Alessandra MANOIERO
(Typed name of Official who executed the annexed document)

(Signature of Consular Officer)

Jack F. PAN
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

November 16, 2020
(Date)

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No.1203-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran and has the honor to refer the Ministry to the lawsuit Estate of Max Steinberg, et al. v. Islamic Republic of Iran, et al., 1:17-cv-01910, in the U.S. District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in this case. The Embassy transmits Order and Judgment (November 15, 2019) and Memorandum Opinion (November 15, 2019) herewith. The U.S. District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4) and (e).

In addition to the documents described above, the Embassy is enclosing a Notice of Default Judgement prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran, November 1, 2020

EMBASSY OF SWITZERLAND IN IRAN

Attachments:
1. Order and Judgment (November 15, 2019), Memorandum Opinion (November 15, 2019), and Notice of Default Judgment
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, Christian Gobet, Head of the Foreign Interests Section of the Embassy of Switzerland in Iran, cer herewith that this is a true copy of Diplomatic Note No. 1203-IE, dated November 01, 2020. The delive of this note and its enclosures was attempted on November 04, 2020, but the Iranian Ministry of Foreign Affairs refused its acceptance.

Christian Gobet
Head of the Foreign Interests Section

Tehran, November 04, 2020

EMBASSY OF SWITZERLAND AND U.S. INTERESTS SECTION TEHRAN

**APOSTILLE**
**(Convention de la Haye du 5 octobre 1961)**

1. **Country:** SWISS CONFEDERATION

**This public document**

2. **has been signed by** Christian Gobet
3. **acting in the capacity of Head of the Foreign Interests Section**
4. **bears the seal/stamp of**

EMBASSY OF SWITZERLAND U.S. INTERESTS SECTION

TEHRAN

**Certified**

5. **at Berne** 6. **the** 11 November 2020
7. **by** Alessandra Manoiero
**functionary of the Swiss federal Chancellery**
8. **No.** 022947
9. **Seal/stamp:** 10. **Signature:**

Swiss federal Chancellery

SWISS FEDERAL CHANCELLERY

# EXHIBIT 23

Case 1:21-cv-01405 Document 24-1 Filed 09/12/21 Page 271 of 410

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHARYN F. SELIG, *et al.*,**<br>Plaintiffs,<br>v.<br>**ISLAMIC REPUBLIC OF IRAN, *et al.*,**<br>Defendants. | Case No. 1:19-cv-02889 (TNM) |

**ORDER**

Upon consideration of the Plaintiffs' Motion for Default Judgment, the pleadings, and relevant law, for the reasons set forth in the accompanying Memorandum Opinion it is hereby

**ORDERED** that Plaintiffs' [27] Motion for Default Judgment is GRANTED IN PART and DENIED IN PART. Plaintiffs are awarded the following damages:

- The Estate of Paula Kantor is awarded $1,000,000 in pain and suffering damages, $1,694,185 in economic loss damages, and $2,694,185 in punitive damages for a total of $5,388,370;
- Anthony C. Kantor is awarded $5,000,000 in solatium damages and $5,000,000 in punitive damages for a total of $10,000,000;
- Barbara Kantor is awarded $5,000,000 in solatium damages and $5,000,000 in punitive damages for a total of $10,000,000;
- Laura Strylund is awarded $2,500,000 in solatium damages and $2,500,000 in punitive damages for a total of $5,000,000;
- Anthony J. Kantor is awarded $2,500,000 in solatium damages and $2,500,000 in punitive damages for a total of $5,000,000;

Case 1:21-cv-01405 Document 1-36 Filed 05/21/21 Page 272 of 410

- The Estate of Glenn Selig is awarded $1,000,000 in pain and suffering damages, $2,574,836 in economic loss damages, and $3,574,836 in punitive damages for a total of $7,149,672;
- Charyn Selig is awarded $8,000,000 in solatium damages and $8,000,000 in punitive damages for a total of $16,000,000;
- Drew Selig is awarded $6,250,000 in solatium damages and $6,250,000 in punitive damages for a total of $12,500,000;
- J.S. is awarded $6,250,000 in solatium damages and $6,250,000 in punitive damages for a total of $12,500,000;
- The Estate of Abdullah Waheed is awarded $750,000 in pain and suffering damages, $1,253,606 in economic loss damages, and $2,003,606 in punitive damages for a total of $4,007,212;
- Alya Waheed is awarded $8,000,000 in solatium damages and $8,000,000 in punitive damages for a total of $16,000,000;
- Amanullah Waheed is awarded $5,000,000 in solatium damages and $5,000,000 in punitive damages for a total of $10,000,000;
- Mina Waheed is awarded $5,000,000 in solatium damages and $5,000,000 in punitive damages for a total of $10,000,000; and
- Meelod Waheed is awarded $6,250,000 in solatium damages and $6,250,000 in punitive damages for a total of $12,500,000.

The motion is also granted in part insofar as Plaintiffs seek post-judgment interest. The Court awards post-judgment interest at the rate specified in 28 U.S.C. § 1961.

The motion is denied in part insofar as Plaintiffs seek prejudgment interest, an inflationary adjustment to their damages, costs, disbursements, reimbursement of expenses, and allowance of reasonable fees for their counsel and experts.

**SO ORDERED**.

This is a final, appealable Order. The Clerk of Court is requested to close this case.



2021.11.22
10:37:18 -05'00'

Dated: November 22, 2021

TREVOR N. McFADDEN
United States District Judge

# EXHIBIT 24

United States Department of State

*Washington, D.C. 20520*

November 15, 2022

Ms. Angela D. Caesar
Clerk of the Court
United States District Court
For the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

**Re: Selig, et al. v. Islamic Republic of Iran, et al., 1:19-cv-02889**

Dear Ms. Caesar:

I am writing regarding the Court's request for transmittal of an Order, Memorandum Opinion, and Notice of Default Judgment to the Islamic Republic of Iran and Islamic Revolutionary Guard Corps pursuant to 28 U.S.C. Section 1608(a)(4) as defendants in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the Government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic notes Nos. 1111-IE and 1112-IE, dated October 9, 2022, and delivered on October 11, 2022. Certified copies of these diplomatic notes are enclosed.

Sincerely,

Michael McPherson
Paralegal Specialist
Office of the Legal Adviser

RECEIVED
Mail Room
NOV 18 2022
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Cc: Tracy R. Kalik
Heideman, Nudelman, Kalik, PC
1146 19th St., NW
Washington, DC 20036

SPECIFIC AUTHENTICATION CERTIFICATE

nfederation of Switzerland )
rn, Canton of Bern ) SS:
bassy of the United States of America )

isa I. Overman, a consular officer at the Embassy of the United States at Bern, Switzerland, ify that this is a true copy of Embassy note number 27831 dated September 6, 2022, which transmitted to the Swiss Ministry of Foreign Affairs on September 7, 2022, for further smission to the American Interests Section of the Swiss Embassy in Tehran, Iran.

(Signature of Consular Officer)

Lisa I. OVERMAN
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

October 26, 2022
(Date)

*Embassy of the United States of America*

September 6, 2022

CONS NO. 27831

Federal Department of Foreign Affairs
Foreign Interests Section
Kochergasse 10
Federal Palace North
Office #4.001
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities Act (FSIA) – Charyn F. Selig, et al. v. The Islamic Republic of Iran, 1:19-cv-02889-TNM

REF: ----

The Department of State has requested the delivery of the enclosed Order, Memorandum Opinion, and Notice of Default Judgment to the Ministry of Foreign Affairs of the Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities Act in the matter Charyn F. Selig, et al. v. The Islamic Republic of Iran, 1:19-cv-02889-TNM.

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the documents to the American Interests Section of the Swiss Embassy in Tehran. There are two defendants to be served in this case: the Islamic Republic of Iran and The Islamic Revolutionary Guard Corps. The American Interests Section should transmit the Order, Memorandum Opinion, and Notice of Default Judgment to the Iranian Ministry of Foreign Affairs under cover of one diplomatic note utilizing the language provided in the enclosed instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery. The American Interests Section should execute certifications of the diplomatic notes, which will be forwarded by the Department of State to the requesting court in the United States.

Enclosed are two appropriate parts of a message the Embassy received from the Department of State as well two sets of documents for each defendant.

The Embassy would appreciate being informed of the date the American Interests Section of the Swiss Embassy in Tehran receives the documents as well as the date the Interests Section forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.

EMBASSY OF THE UNITED STATES OF AMERICA BERN

SPECIFIC AUTHENTICATION CERTIFICATE

nfederation of Switzerland )
rn, Canton of Bern ) SS:
nbassy of the United States of America )

rtify that the annexed document bears the genuine seal of the Swiss Federal Department of eign Affairs.

rtify under penalty of perjury under the laws of the United States that the foregoing is true correct.

(Signature of Consular Officer)

Lisa I. OVERMAN
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

October 26, 2022
(Date)

...erische Eidgenossenschaft
...ération suisse
...ederazione Svizzera
...federaziun svizra

**Federal Department of Foreign Affairs FDFA**

K. 346-01-02-01-USA/IRAN

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 27831 dated September 6, 2022 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance:

**Charyn F, Selig, et al. v. The Islamic Republic of Iran, 1:19-CV-02889-TNM**

- Note 1111-IE addressed to the Government of the Islamic Republic of Iran
- Note 1112-IE addressed to the Islamic Revolutionary Guard Corps

dated October 09, 2022 and proof of service, dated October 11, 2022 as well as the certification by the Swiss Federal Chancellery dated October 19, 2022.

The section has received the above mentioned documents on October 03, 2022. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on October 11, 2022. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, October 19, 2022

EIDGENÖSSISCHES DEPARTEMENT FÜR AUSWÄRTIGE ANGELEGENHEITEN

*Enclosure(s) mentioned*

To the
Embassy of the
United States of America

Berne

SPECIFIC AUTHENTICATION CERTIFICATE

onfederation of Switzerland )
ern, Canton of Bern ) SS:
mbassy of the United States of America )

certify that the annexed document is executed by the genuine signature and seal of the
llowing named official who, in an official capacity, is empowered by the laws of Switzerland
execute that document.

certify under penalty of perjury under the laws of the United States that the foregoing is true
d correct.

Lara LORELLA
(Typed name of Official who executed the annexed document)

(Signature of Consular Officer)

Lisa I. OVERMAN
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)



October 26, 2022
(Date)

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No. 1112-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit *Charyn F. Selig, et al. v. The Islamic Republic of Iran,* 1:19-CV-02889-TNM, in the U.S. District Court for the District of Columbia. The Islamic Revolutionary Guard Corps is a defendant in this case. The Embassy transmits an Order and Memorandum Opinion herewith. The U.S. District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4) and (e).

In addition to the Order and Memorandum Opinion, the Embassy is enclosing a Notice of Default Judgement prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran - October 09, 2022

EMBASSY OF SWITZERLAND IN IRAN

Attachments:
1. Order, Memorandum Opinion, and Notice of Default Judgment
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, Christian Gobet, Head of the Foreign Interests Section of the Embassy of Switzerland in I… herewith that this is a true copy of Diplomatic Note No. 1112-IE, dated October 09, 2022. The… of this note and its enclosures was attempted on October 11, 2022, but the Iranian Ministry of… Affairs refused its acceptance.

Christian Gobet
Head of the Foreign Interests Section

Tehran – October 11, 2022

EMBASSY OF SWITZERLAND U.S. INTERESTS SECTION TEHRAN

**APOSTILLE**
**(Convention de La Haye du 5 octobre 1961)**

1. **Country:** SWISS CONFEDERATION

**This public document**

2. **has been signed by** Christian Gobet
3. **acting in the capacity of Head of the Foreign Interests Section**
4. **bears the seal/stamp of**

Embassy of Switzerland US Interests Section, Tehran

**Certified**

5. **at Berne** 6. **the** 19 October 2022
7. **by** Lara Lorella
**functionary of the Swiss federal Chancellery**
8. **No** 025911
9. **Seal/stamp:** 10. **Signature:**

Swiss federal Chancellery

SWISS FEDERAL CHANCELLERY

SPECIFIC AUTHENTICATION CERTIFICATE

onfederation of Switzerland )
ern, Canton of Bern ) SS:
nbassy of the United States of America )

certify that the annexed document is executed by the genuine signature and seal of the ollowing named official who, in an official capacity, is empowered by the laws of Switzerland execute that document.

certify under penalty of perjury under the laws of the United States that the foregoing is true nd correct.

Lara LORELLA
(Typed name of Official who executed the annexed document)

(Signature of Consular Officer)

Lisa I. OVERMAN
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

October 26, 2022
(Date)

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No. 1111-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit *Charyn F. Selig, et al. v. The Islamic Republic of Iran,* 1:19-CV-02889-TNM, in the U.S. District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in this case. The Embassy transmits an Order and Memorandum Opinion herewith. The U.S. District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4) and (e).

In addition to the Order and Memorandum Opinion, the Embassy is enclosing a Notice of Default Judgement prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran - October 09, 2022

EMBASSY OF SWITZERLAND IN IRAN

Attachments:
1. Order, Memorandum Opinion, and Notice of Default Judgment
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, Christian Gobet, Head of the Foreign Interests Section of the Embassy of Switzerland in I herewith that this is a true copy of Diplomatic Note No. 1111-IE, dated October 09, 2022. The of this note and its enclosures was attempted on October 11, 2022, but the Iranian Ministry of F Affairs refused its acceptance.

Christian Gobet
Head of the Foreign Interests Section

Tehran – October 11, 2022

**APOSTILLE**
**(Convention de La Haye du 5 octobre 1961)**

1. **Country:** SWISS CONFEDERATION

   **This public document**

2. **has been signed by** Christian Gobet
3. **acting in the capacity of Head of the Foreign Interests Section**
4. **bears the seal/stamp of**

   Embassy of Switzerland US Interests Section, Tehran

**Certified**

5. **at Berne**
6. **the** 19 October 2022
7. **by** Lara Lorella
   **functionary of the Swiss federal Chancellery**
8. **No** 025910
9. **Seal/stamp:**

   Swiss federal Chancellery

10. **Signature:**

# EXHIBIT 25

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**ESTATE OF JUDAH HERZEL HENKIN,** *et al.*,

*Plaintiffs,*

**v.**

**THE ISLAMIC REPUBLIC OF IRAN,** *et al.*,

*Defendants.*

**Case No. 1: 18-cv-1273-RCL**

## ORDER AND JUDGMENT

In accordance with the Memorandum Opinion issued this date, it is hereby,

**ORDERED** that final judgment is entered in favor of all plaintiffs and against defendants;

It is further **ORDERED** that plaintiffs are awarded $22,500,000 in compensatory damages and $67,500,000 in punitive damages, for a total award of $90,000,000 to be distributed as follows in accordance with the Special Master's recommendation: the Estate of Rabbi Judah Herzel Henkin and Anne Chana Henkin each be awarded Five Million Dollars ($5,000,000), and that Jacob Bechor-Shalom Henkin, Joseph Gil Henkin, Eliashir Elijah Henkin, Aderet Rivka Henkin Stern, and Taama Freida Henkin Yaakovson each receive Two Million Five Hundred Thousand Dollars ($2,500,000) in damages for loss of solatium. Punitive damages are awarded in the amount equal to three times each plaintiff's compensatory damages award.

| **Plaintiff** | **Solatium** | **Punitive** |
|---|---|---|
| Estate of Rabbi Judah Herzel Henkin | $5,000,000 | $15,000,000 |
| Anne Chana Henkin | $5,000,000 | $15,000,000 |
| Jacob Bechor-Shalom Henkin | $2,500,000 | $7,500,000 |
| Joseph Gil Henkin | $2,500,000 | $7,500,000 |

| | | |
|---|---|---|
| Eliashir Elijah Henkin | $2,500,000 | $7,500,000 |
| Aderet Rivka Henkin Stern | $2,500,000 | $7,500,000 |
| Taama Freida Henkin Yaakovson | $2,500,000 | $7,500,000 |
| TOTAL | $22,500,000 | $67,500,000 |

It is furthermore,

**ORDERED** that defendants shall be liable for the entire amount; it is further,

**ORDERED** that plaintiffs shall forthwith, at their own expense and consistent with the requirements of 28 U.S.C. § 1608(e), send to defendants a copy of this Order and Judgment as well as the Memorandum Opinion issued this date.

This is a final appealable order. *See* Fed. R. App. P. 4(a).

**SO ORDERED.**

SIGNED this 9th day of May, 2023.

Royce C. Lamberth
United States District Judge

# EXHIBIT 26

United States Department of State

*Washington, D.C. 20520*

February 21, 2024

Ms. Angela D. Caesar
United States District Court
For The District of Columbia
333 Constitution Ave. NW
Washington, DC 20001

**Re: *Estate of Judah Herzel Henkin, et al. v. Islamic Republic of Iran, et al.*, 1:18-cv-1273-RCL**

Dear Ms. Caesar:

I am writing regarding the Court's request for transmittal of an Order and Judgment, Memorandum Opinion, and Notice of Default Judgment to the Islamic Republic of Iran pursuant to 28 U.S.C. Section 1608(a)(4) and (e) as a defendant in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the Government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1003-IE, dated January 17, 2024, and delivered on January 23, 2024. A certified copy of the diplomatic note is enclosed.[1]

Sincerely,

Jared N. Hess
Attorney Adviser
Office of the Legal Adviser
L/CA/POG/GC

RECEIVED
Mail Room
FEB 22 2024
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

[1] Please note that performance by the Department of State of its statutory functions under 28 U.S.C. § 1608 should not be construed as an indication in any way of the United States' position or views on whether plaintiffs have properly complied with all statutory requirements of the FSIA, the status or character of a defendant, whether service was properly effected, or the merits of any claims or defenses. *See* https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process/Foreign-Sovereign-Immunities-Act.html.

Cc: Tracy Reichman Kalik
HEIDEMAN NUDELMAN KALIK, PC
5335 Wisconsin Ave. NW, Suite 440
Washington, DC 20015

SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I certify that the annexed document is executed by the genuine signature and seal of the following named official who, in an official capacity, is empowered by the laws of Switzerland to execute that document.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Lara LORELLA
(Typed name of Official who executed the annexed document)

(Signature of Consular Officer)

Scott M. DRISKEL
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

February 5, 2024
(Date)

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
Foreign Interests Section

No. 1003 -IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit *Estate of Judah Herzel Henkin, et al. v. Islamic Republic of Iran, et al.*, 1:18-cv-1273-RCL in the U.S. District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in this case. The Embassy transmits an Order and Judgment and Memorandum Opinion herewith. The U.S. District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Sections 1608(a)(4) and (e).

In addition to the Order and Judgment and Memorandum Opinion, the Embassy is enclosing a Notice of Default Judgment, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran – January 17, 2024

Attachments:
1. Order and Judgment, Memorandum Opinion, and Notice of Default Judgment
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

EMBASSY OF SWITZERLAND IN IRAN

I, Pia Müller, Deputy Head of the Foreign Interests Section of the Embassy of Switzerland in I herewith that this is a true copy of Diplomatic Note No. 1003-IE, dated January 17, 2024. The of this note and its enclosures was attempted on January 23, 2024, but the Iranian Ministry of Affairs refused its acceptance.

Pia Müller
Deputy Head of the Foreign Interests Section

Tehran – January 23, 2024

**APOSTILLE**
**(Convention de La Haye du 5 octobre 1961)**

1. **Country:** SWISS CONFEDERATION
   **This public document**
2. **has been signed by** Pia Müller
3. **acting in the capacity of Deputy Head of the Foreign Interests Section**
4. **bears the seal/stamp of**

   Embassy of Switzerland US Interests Section, Tehran

**Certified**

5. **at Berne** 6. the 30 January 2024
7. **by** Lara Lorella
   **functionary of the Swiss federal Chancellery**
8. **No** 002000
9. **Seal/stamp:** 10. **Signature:**

   Swiss federal Chancellery

ترجمه غیر رسمی

سفارت سوئیس

**قسمت حافظ منافع خارجی**

شماره 1003–IE

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران، ضمن اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران، احتراماً توجه آن وزارتخانه محترم را به دعوا ی حقوقی تحت عنوان ورثه Judah Herzel Henkin و دیگران علیه جمهوری اسلامی ایران و دیگران، تحت پرونده مدنی شماره 1:18-cv-1273-RCL که در دادگاه منطقه ای ایالات متحده آمریکا، منطقه کلمبیا مفتوح میباشد، جلب می نماید. جمهوری اسلامی ایران طرف خوانده در این پرونده می باشد. سفارت سوئیس بنا به درخواست دادگاه منطقه ای ایالات متحده، منطقه کلمبیا، یک فقره حکم و رای و خلاصه نظر را ایفاد می دارد. برابر مقررات فصل 28 بخش 1608 بند (a)(4) و (e) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدرک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

سفارت علاوه بر حکم و رای و خلاصه نظر، یک فقره ابلاغیه حکم غیابی که توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی تهیه شده است، را به پیوست ایفاد می دارد. لطفاً توجه داشته باشید که متعاقب مقررات فصل 28 بخش 1610 مجموعه قوانین ایالات متحده آمریکا، اقدامات اجرائی و حکم می توانند بعد از مدت زمان معقول از دادن اطلاع از حکم قصور، آغاز گردد.

سفارت بدینوسیله اشعار می دارد که بموجب قوانین ایالات متحده آمریکا، هر گونه دفاع مربوط به قلمرو قضائی و اداری و یا دفاع دیگری، از جمله عنوان نمودن مصونیت دولت ها، باید در مقابل دادگاه صورت گیرد. از این رو، مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو با مشاور در مورد قوانین مربوطه میباشد. دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی، موقع را مغتنم شمرده مراتب احترامات فائقه خود نسبت به وزارت امور خارجه جمهوری اسلامی ایران را تجدید می نماید.

تهران – بتاریخ بیست و هفتم دی ماه ۱۴۰۲ (۱۷ ژانویه ۲۰۲۴)

EMBASSY OF SWITZERLAND IN IRAN

پیوست: ۱- حکم و رای، خلاصه نظر، ابلاغیه حکم غیابی
۲- ترجمه ها

**اداره امور آمریکا**

**وزارت امور خارجه**

**جمهوری اسلامی ایران**

**تهران**

SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I certify that the annexed document bears the genuine seal of the Swiss Federal Department of Foreign Affairs.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

(Signature of Consular Officer)

Scott M. DRISKEL
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

February 5, 2024
(Date)

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

**Federal Department of Foreign Affairs FDFA**

356UL

K. 346-01-02-01-USA/IRAN

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 28127 dated September 25, 2023 and Cons Note no 28192 dated December 27, 2023 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance:

**Estate of Judah Herzel Henkin, et al. v. Islamic Republic of Iran, et al., 1:18-cv-1273-RCL**

- Note 1003-IE addressed to the Government of the Islamic Republic of Iran

dated January 17, 2024, and proof of service, dated January 23, 2024, as well as the certification by the Swiss Federal Chancellery dated January 30, 2024.

The section has received the above mentioned documents on January 15, 2024. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on January 23, 2024. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, January 30, 2024

EIDGENÖSSISCHES DEPARTEMENT FÜR AUSWÄRTIGE ANGELEGENHEITEN
EGGSO

*Enclosure(s) mentioned*

To the
Embassy of the
United States of America

Berne

SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I, Scott M. Driskel, a consular officer at the Embassy of the United States at Bern, Switzerland, certify that this is a true copy of Embassy note number 28127 dated September 25, 2023, and Embassy note number 28192 dated December 27, 2023 which were transmitted to the Swiss Ministry of Foreign Affairs on September 25, 2023 and December 27, 2023 for further transmission to the American Interests Section of the Swiss Embassy in Tehran, Iran.

(Signature of Consular Officer)

Scott M. DRISKEL
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

February 5, 2024
(Date)

*Embassy of the United States of America*

September 25, 2023

CONS NO. 28127

Federal Department of Foreign Affairs
Foreign Interests Section
Kochergasse 10
Federal Palace North
Office #4.001
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities Act (FSIA) – Estate of Judah Herzel Henkin, et al. v. Islamic Republic of Iran, et al., 1:18-cv-1273-RCL

REF: ----

The Department of State has requested the delivery of the enclosed Order and Judgment, Memorandum Opinion, and Notice of Default Judgment to the Ministry of Foreign Affairs of the Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities Act in the matter Estate of Judah Herzel Henkin, et al. v. Islamic Republic of Iran, et al., 1:18-cv-1273-RCL.

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the documents to the American Interests Section of the Swiss Embassy in Tehran. There is one defendant to be served in this case: the Islamic Republic of Iran. The American Interests Section should transmit the Order and Judgment, Memorandum Opinion, and Notice of Default Judgment to the Iranian Ministry of Foreign Affairs under cover of one diplomatic note utilizing the language provided in the enclosed instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery. The American Interests Section should execute certifications of the diplomatic notes, which will be forwarded by the Department of State to the requesting court in the United States.

Enclosed is one appropriate part of a message the Embassy received from the Department of State as well two sets of documents for each defendant.

The Embassy would appreciate being informed of the date the American Interests Section of the Swiss Embassy in Tehran receives the documents as well as the date the Interests Section forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.

EMBASSY OF THE UNITED STATES OF AMERICA BERN

**N TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF AN:**

The Embassy of Switzerland, Foreign Interests Section in Tehran refers the Ministry of Foreign Affairs of the Islamic Republic of Iran to the *Estate of Judah Herzel Henkin, et al. v. Islamic Republic of Iran, et al.*, 1:18-cv-1273-RCL in the U.S. District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in this case. The Foreign Interests Section transmits an Order and Judgment and Memorandum Opinion herewith. The U.S. District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Sections 1608(a)(4) and (e).

In addition to the Order and Judgment and Memorandum Opinion, the Foreign Interests Section is enclosing a Notice of Default Judgment, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1. Order and Judgment, Memorandum Opinion, and Notice of Default Judgment
2. Translations

**END TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN**

*Embassy of the United States of America*

December 27, 2023

CONS NO. 28192

Federal Department of Foreign Affairs
Foreign Interests Section
Kochergasse 10
Federal Palace North
Office #4.001
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities Act (FSIA) – Estate of Judah Herzel Henkin, et al. v. Islamic Republic of Iran, et al., 1:18-cv-1273-RCL

REF: -----

Please find enclosed new translations in Farsi.

SPP's assistance is much appreciated.

# EXHIBIT 27

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| XIYUE WANG et al.,<br>*Plaintiffs*,<br>v.<br>ISLAMIC REPUBLIC OF IRAN,<br>*Defendant*. | Civil Action No. 22-583 (TJK) |

**ORDER**

For the reasons set forth in the Court's accompanying Memorandum Opinion, it is hereby **ORDERED** that Plaintiffs' Motion for Default Judgment, ECF No. 21, and Sealed Motion for Default Judgment, ECF No. 23, are **GRANTED**. It is further **ORDERED** that final judgment is **ENTERED** in Plaintiffs' favor and against Defendant. In addition, it is **ORDERED** that Plaintiffs shall receive $29,885,283 in compensatory damages and $29,885,283 in punitive damages, divided in the following amounts:

| Plaintiff | Compensatory Damages | Punitive Damages | Total Damages |
|---|---|---|---|
| Xiyue Wang | $20,432,875 | $20,432,875 | $40,865,750 |
| Hua Qu | $4,452,408 | $4,452,408 | $8,904,816 |
| Kexu Lan | $2,500,000 | $2,500,000 | $5,000,000 |
| S.Q. | $2,500,000 | $2,500,000 | $5,000,000 |

It is further **ORDERED** that each plaintiff is awarded post-judgment interest on their damages award at the statutory rate. *See* 28 U.S.C. § 1961(a).

This is a final, appealable order. The Clerk of Court is directed to close the case.

Case 1:25-cv-04058-TJK Document 24-2 Filed 09/28/25 Page 2 of 2

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 12, 2025

# EXHIBIT 28

**United States Department of State**

***Washington, D.C. 20520***

February 11, 2026

Angela D. Caesar
Clerk of the Court
United States District Court
For the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20011

RECEIVED
Mailroom
FEB 13 2026
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

**Re: *Xiyue Wang, et al. v. Islamic Republic of Iran,* 1:22-cv-00583-TJK**

Dear Ms. Caesar:

I am writing regarding the Court's request for transmittal of an Order, Memorandum Opinion and Notice of Default Judgment to the Islamic Republic of Iran pursuant to 28 U.S.C. Section 1608(a)(4) and (e) as a defendant in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the Government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1108-IE, dated November 20, 2025 and delivered on December 8, 2025. A certified copy of the diplomatic note is enclosed.[1]

Sincerely,

Michael McPherson
Paralegal Specialist
Office of the Legal Adviser
L/CA/POG/GC

RECEIVED
Mailroom
FEB 13 2026
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

[1] Please note that performance by the Department of State of its statutory functions under 28 U.S.C. § 1608 should not be construed as an indication in any way of the United States' position or views on whether plaintiffs have properly complied with all statutory requirements of the FSIA, the status or character of a defendant, whether service was properly effected, or the merits of any claims or defenses. *See* https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process/Foreign-Sovereign-Immunities-Act.html.

Cc: Tracy Kalik
Heideman Nudelman Kalik, PC
5335 Wisconsin Ave. NW, Suite 440
Washington, DC 20015

# SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I, Scott M. DRISKEL, a consular officer at the Embassy of the United States at Bern, 2Switzerland, certify that this is a true copy of Embassy note number 28632 dated October 15, 2025, which was transmitted to the Swiss Ministry of Foreign Affairs on October 15, 2025, for further transmission to the American Interests Section of the Swiss Embassy in Tehran, Iran.

(Signature of Consular Officer)

Scott M. DRISKEL
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

January 22, 2026
(Date)

RECEIVED
Mailroom
FEB 13 2026
Angela D. Caesar, Clerk of Clerk
U.S. District Court District of Columbia

*Embassy of the United States of America*

October 15, 2025

CONS NO. 28632

Federal Department of Foreign Affairs
Foreign Interests Section
Kochergasse 10
Federal Palace North
Office #4.001
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities Act (FSIA) – Xiyue Wang, et al. v. Islamic Republic of Iran, 1:22-cv-00583-TJK

REF: ----

The Department of State has requested the delivery of the enclosed Order, Memorandum Opinion, and Notice of Default Judgment to the Ministry of Foreign Affairs of the Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities Act in the matter Xiyue Wang, et al. v. Islamic Republic of Iran, 1:22-cv-00583-TJK.

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the documents to the American Interests Section of the Swiss Embassy in Tehran. There is one defendant to be served in this case: the Islamic Republic of Iran. The American Interests Section should transmit the Order, Memorandum Opinion, and Notice of Default Judgment to the Iranian Ministry of Foreign Affairs under cover of one diplomatic note utilizing the language provided in the enclosed instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery. The American Interests Section should execute certifications of the diplomatic notes, which will be forwarded by the Department of State to the requesting court in the United States.

Enclosed is one appropriate part of a message the Embassy received from the Department of State as well two sets of documents for each defendant.

The Embassy would appreciate being informed of the date the American Interests Section of the Swiss Embassy in Tehran receives the documents as well as the date the Interests Section forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.

EMBASSY OF THE UNITED STATES OF AMERICA BERN

**-XT OF DIPLOMATIC NOTE REGARDING DEFENDANT Islamic Republic of Iran:**

-mbassy of Switzerland, Foreign Interests Section in Tehran refers the Ministry of reign Affairs of the Islamic Republic of Iran to the lawsuit ***Xiyue Wang, et al. v. Islamic Republic of Iran*, 1:22-cv-00583-TJK** in the U.S. District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in this case. The Foreign Interests Section transmits an Order and Memorandum Opinion herewith. The U.S. District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Sections 1608(a)(4) and (e).

In addition to the Order and Memorandum Opinion, the Foreign Interests Section is enclosing a Notice of Default Judgment, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1. Order, Memorandum Opinion, and Notice of Default Judgment

2. Translations

**END TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT Islamic Republic of Iran**

SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I certify that the annexed document bears the genuine seal of the Swiss Federal Department of Foreign Affairs.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

(Signature of Consular Officer)

Scott M. DRISKEL
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

January 22, 2026
(Date)

RECEIVED
Mailroom
FEB 13 2026
Angela D. Caesar, Clerk of Clerk
U.S. District Court District of Columbia

..enschaft
..vizzera
..a svizra
..al Department of Foreign Affairs FDFA

037998

K. 346-01-02-01-USA/IRAN

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 28632 dated October 15, 2025, regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance:

**- Xiyue Wang, et al. v. Islamic Republic of Iran, 1:22-cv-00583-TJK**
Note 1108-IE, addressed to the Islamic Republic of Iran

dated November 20, 2025, and proof of service, dated December 09, 2025, as well as the certification by the Swiss Federal Chancellery dated December 16, 2025.

The section has received the above-mentioned documents on October 27, 2025. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on December 08, 2025. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, December 16, 2025

EIDGENÖSSISCHES DEPARTEMENT FÜR AUSWÄRTIGE ANGELEGENHEITEN

*Enclosure(s) mentioned*

To the
Embassy of the
United States of America

Berne

SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I certify that the annexed document is executed by the genuine signature and seal of the following named official who, in an official capacity, is empowered by the laws of Switzerland to execute that document.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Lara LORELLA
(Typed name of Official who executed the annexed document)

(Signature of Consular Officer)

Scott M. DRISKEL
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

RECEIVED
Mailroom
FEB 13 2026
Angela D. Caesar, Clerk of Clerk
U.S. District Court District of Columbia

January 22, 2026
(Date)

,zerische Eidgenossenschaft
édération suisse
nfederazione Svizzera
onfederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No. 1108-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit ***Xiyue Wang, et al. v. Islamic Republic of Iran,*** **1:22-cv-00583-TJK**, in the U.S. District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in this case. The Embassy transmits an Order and Memorandum Opinion herewith. The U.S District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4) and (e).

In addition to the Order and Memorandum Opinion, the Embassy is enclosing a Notice of Default Judgment, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran – November 20, 2025

EMBASSY OF SWITZERLAND IN IRAN

Attachments:
1. Order, Memorandum Opinion, and Notice of Default Judgment
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, Dominique Baeriswyl, Head of the Foreign Interests Section of the Embassy of Sw
certify herewith that this is a true copy of Diplomatic Note No. 1108-IE, dated Novembe
delivery of this note and its enclosures was attempted on December 08, 2025, but the Ira
of Foreign Affairs refused its acceptance.

Dominique Baeriswyl
Head of the Foreign Interests Section

EMBASSY OF SWITZERLAND U.S. INTERESTS SECTION TEHRAN

Tehran – December 09, 2025

**APOSTILLE**
**(Convention de La Haye du 5 octobre 1961)**

1. **Country:** SWISS CONFEDERATION

   **This public document**

2. **has been signed by** Dominique Baeriswyl
3. **acting in the capacity of Head of the Foreign Interests Section**
4. **bears the seal/stamp of**

   Embassy of Switzerland US Interests Section, Tehran

**Certified**

5. **at Berne**
6. **the** 16 December 2025
7. **by** Lara Lorella
   **functionary of the Swiss federal Chancellery**
8. **No** 031959
9. **Seal/stamp:**

   Swiss federal Chancellery

10. **Signature:**

SWISS FEDERAL CHANCELLERY

ترجمه غیر رسمی

سفارت سوئیس
**قسمت حافظ منافع خارجی**

شماره IE- 1108

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران، ضمن اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران، احتراماً توجه آن وزارتخانه محترم را به دعوای حقوقی **Xiyue Wang و دیگران علیه جمهوری اسلامی ایران، تحت پرونده مدنی شماره 1:22-cv-00583-TJK** که در دادگاه ناحیه ای ایالات متحده آمریکا، ناحیه کلمبیا مفتوح میباشد، جلب می نماید. جمهوری اسلامی ایران طرف خوانده در این پرونده می باشد. سفارت سوئیس بنا به درخواست دادگاه ناحیه ای ایالات متحده، ناحیه کلمبیا، یک فقره حکم و رای غیر قطعی دادگاه را ایفاد می دارد. برابر مقررات فصل 28 بخش 1608 بند (a)(4) و (e) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدارک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

سفارت علاوه بر حکم و رای غیر قطعی دادگاه، یک فقره ابلاغیه حکام غیابی که توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی تهیه شده است، را به پیوست ایفاد می دارد. لطفاً توجه داشته باشید که متعاقب مقررات فصل 28 بخش 1610 مجموعه قوانین ایالات متحده آمریکا، اقدامات اجرائی و حکم می توانند بعد از مدت زمان معقول از دادن اطلاع از حکم قصور، آغاز گردد.

سفارت بدینوسیله اشعار می دارد که بموجب قوانین ایالات متحده آمریکا، هر گونه دفاع مربوط به قلمرو قضائی و اداری و یا دفاع دیگری، از جمله عنوان نمودن مصونیت دولت ها، باید در مقابل دادگاه صورت گیرد. از این رو، مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو با مشاور در مورد قوانین مربوطه میباشد. دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی، موقع را مغتنم شمرده و مراتب احترامات فائقه خود را نسبت به وزارت امور خارجه جمهوری اسلامی ایران را تجدید می نماید.

تهران - بتاریخ ۲۹ آبان ماه ۱۴۰۴ (۲۰ نوامبر ۲۰۲۵)

EMBASSY OF SWITZERLAND IN IRAN

پیوست: ۱- حکم، رای غیر قطعی دادگاه و ابلاغیه حکام غیابی،
۲- ترجمه ها

**اداره امور آمریکا**
**وزارت امور خارجه**
**جمهوری اسلامی ایران**
**تهران**

# EXHIBIT 29

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SHAWN KENNY**, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**ISLAMIC REPUBLIC OF IRAN**, *et al.*,<br><br>Defendants. | Case No. 1:22-cv-03299 (TNM) |

**ORDER**

Upon consideration of Plaintiffs' [22] Motion for Default Judgment, the pleadings, and the relevant law, and for the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that Plaintiffs' [22] Motion for Default Judgment is GRANTED IN PART and DENIED IN PART. Plaintiffs are awarded the following damages:

1. For Counts I and II, on behalf of Shawn Kenny, a sum of $10,000,000, which consists of:
   a. Pain and suffering damages in the amount of $5,000,000;
   b. Punitive damages in the amount of $5,000,000.
2. For Counts I and II, on behalf of the Estate of Herbert Selig, a sum of $12,500,000, which consists of:
   a. Solatium damages in the amount of $6,250,000;
   b. Punitive damages in the amount of $6,250,000.
3. For Counts I and II, on behalf of Lucille Selig, a sum of $10,000,000, which consists of:
   a. Solatium damages in the amount of $5,000,000;

b. Punitive damages in the amount of $5,000,000.

4. For Counts I and II, on behalf of Jill Lasman, a sum of $5,000,000, which consists of:

a. Solatium damages in the amount of $2,500,000;

b. Punitive damages in the amount of $2,500,000.

The motion is also granted insofar as Plaintiffs seek post-judgment interest. The Court awards post-judgment interest at the rate specified in 28 U.S.C. § 1961.

The Clerk of Court is requested to close this case. This is a final, appealable order. *See* Fed. R. App. P. 4(a).

**SO ORDERED**.

2024.09.26
14:40:16 -04'00'

Dated: September 26, 2024 TREVOR N. McFADDEN, U.S.D.J.

# EXHIBIT 30

**United States Department of State**

***Washington, D.C. 20520***

November 6, 2025

Ms. Angela D. Caesar
United States District Court
For the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

**Re: *Shawn Kenny, et al. v. Islamic Republic of Iran, et al.,* 1:22-cv-03299**

Dear Ms. Caesar:

I am writing regarding the Court's request for transmittal of a Memorandum Opinion, Order, and Notice of Default Judgment to the Islamic Republic of Iran and the Islamic Revolutionary Guard Corps pursuant to 28 U.S.C. Section 1608(a)(4) and (e) as defendants in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the Government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic notes No. 1061-IE and 1062-IE, both dated September 21, 2025, and delivered on September 28, 2025. Certified copies of the diplomatic notes are enclosed.*

RECEIVED
Mailroom
NOV 17 2025
Angela D. Caesar, Clerk of Clerk
U.S. District Court District of Columbia

Sincerely,

Jared N. Hess
Attorney Adviser
Office of the Legal Adviser
L/CA/POG/GC

* Please note that performance by the Department of State of its statutory functions under 28 U.S.C. § 1608 should not be construed as an indication in any way of the United States' position or views on whether plaintiffs have properly complied with all statutory requirements of the FSIA, the status or character of a defendant, whether service was properly effected, or the merits of any claims or defenses.

Cc: Tracy Reichman Kalik
Heideman Nudleman & Kalik, PC
5335 Wisconsin Ave. NW, Suite 440
Washington, DC 20015

## SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I, Scott M. DRISKEL, a consular officer at the Embassy of the United States at Bern, Switzerland, certify that this is a true copy of Embassy note number 28546 dated May 19, 2025, which was transmitted to the Swiss Ministry of Foreign Affairs on May 21, 2025, for further transmission to the American Interests Section of the Swiss Embassy in Tehran, Iran.

(Signature of Consular Officer)

Scott M. DRISKEL
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

October 10, 2025
(Date)



*Embassy of the United States of America*

May 19, 2025

CONS NO. 28546

Federal Department of Foreign Affairs
Foreign Interests Section
Kochergasse 10
Federal Palace North
Office #4.001
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities Act (FSIA) – **Shawn Kenny, et al. v. Islamic Republic of Iran, et al., 1:22-cv-03299**

REF: ----

The Department of State has requested the delivery of the enclosed Memorandum Opinion, Order, and Notice of Default Judgment to the Ministry of Foreign Affairs of the Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities Act in the matter **Shawn Kenny, et al. v. Islamic Republic of Iran, et al., 1:22-cv-03299**.

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the documents to the American Interests Section of the Swiss Embassy in Tehran. There are two defendants to be served in this case: the Islamic Republic of Iran and Islamic Revolutionary Guard Corps. The American Interests Section should transmit the Memorandum Opinion, Order, and Notice of Default Judgment to the Iranian Ministry of Foreign Affairs under cover of one diplomatic note utilizing the language provided in the enclosed instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery. The American Interests Section should execute certifications of the diplomatic notes, which will be forwarded by the Department of State to the requesting court in the United States.

Enclosed are two appropriate parts of a message the Embassy received from the Department of State as well two sets of documents for each defendant.

The Embassy would appreciate being informed of the date the American Interests Section of the Swiss Embassy in Tehran receives the documents as well as the date the Interests Section forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.

EMBASSY OF THE UNITED STATES OF AMERICA BERN

**_GIN TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT Islamic Republic of Iran:**

The Embassy of Switzerland, Foreign Interests Section in Tehran refers the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit ***Shawn Kenny, et al. v. Islamic Republic of Iran, et al.*, 1:22-cv-03299**, in the U.S. District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in this case. The Foreign Interests Section transmits a Memorandum Opinion and Order herewith. The U.S. District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Sections 1608(a)(4) and (e).

In addition to the Memorandum Opinion and Order, the Foreign Interests Section is enclosing a Notice of Default Judgment prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of a Default Judgment.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1. Memorandum Opinion, Order, and Notice of Default Judgment
2. Translations

**END TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT Islamic Republic of Iran**

**BEGIN TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT Islamic Revolutionary Guard Corps:**

The Embassy of Switzerland, Foreign Interests Section in Tehran refers the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit ***Shawn Kenny, et al. v. Islamic Republic of Iran, et al.*, 1:22-cv-03299**, in the U.S. District Court for the District of Columbia. The Islamic Revolutionary Guard Corps is a defendant in this case. The Foreign Interests Section transmits a Memorandum Opinion and Order herewith. The U.S. District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Sections 1608(a)(4) and (e).

In addition to the Memorandum Opinion and Order, the Foreign Interests Section is enclosing a Notice of Default Judgment prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of a Default Judgment.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1. Memorandum Opinion, Order, and Notice of Default Judgment
2. Translations

**END TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT Islamic Revolutionary Guard Corps**

SPECIFIC AUTHENTICATION CERTIFICATE

onfederation of Switzerland )
ern, Canton of Bern ) SS:
mbassy of the United States of America )

I certify that the annexed document bears the genuine seal of the Swiss Federal Department of Foreign Affairs.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

(Signature of Consular Officer)

Scott M. DRISKEL
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

October 10, 2025
(Date)

..genossenschaft
suisse
..ione Svizzera
..eraziun svizra

..ederal Department of Foreign Affairs FDFA

037034

K. 346-01-02-01-USA/IRAN

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 28546 dated May 19, 2025, regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance:

**Shawn Kenny, et al. v. Islamic Republic of Iran, et al., 1:22-cv-03299**
Note 1062-IE, addressed to the Islamic Revolutionary Guard Corps)

dated September 21, 2025, and proof of service, dated September 29, 2025, as well as the certification by the Swiss Federal Chancellery dated October 8, 2025.

The section has received the above-mentioned documents on September 2, 2025. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on September 28, 2025. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, October 8, 2025

DÉPARTEMENT FÉDÉRAL DES AFFAIRES ÉTRANGÈRES

*Enclosure(s) mentioned*

To the
Embassy of the
United States of America

Berne

…genossenschaft
… suisse
…zione Svizzera
…eraziun svizra

**Federal Department of Foreign Affairs FDFA**

037035

K. 346-01-02-01-USA/IRAN

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 28546 dated May 19, 2025, regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance:

**Shawn Kenny, et al. v. Islamic Republic of Iran, et al., 1:22-cv-03299**
Note 1061-IE, addressed to the Islamic Republic of Iran

dated September 21, 2025, and proof of service, dated September 29, 2025, as well as the certification by the Swiss Federal Chancellery dated October 8, 2025.

The section has received the above-mentioned documents on September 2, 2025. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on September 28, 2025. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, October 8, 2025

*Enclosure(s) mentioned*

DÉPARTEMENT FÉDÉRAL DES AFFAIRES ÉTRANGÈRES

To the
Embassy of the
United States of America

Berne

## SPECIFIC AUTHENTICATION CERTIFICATE

ederation of Switzerland )
n, Canton of Bern ) SS:
bassy of the United States of America )

certify that the annexed document is executed by the genuine signature and seal of the following named official who, in an official capacity, is empowered by the laws of Switzerland to execute that document.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Alessandra MANOIERO
(Typed name of Official who executed the annexed document)

(Signature of Consular Officer)

Scott M. DRISKEL
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

October 10, 2025
(Date)

,izerische Eidgenossenschaft
,ıfédération suisse
Confederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No. 1061 -IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit ***Shawn Kenny, et al. v. Islamic Republic of Iran, et al.,*** **1:22-cv-03299**, in the U.S. District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in this case. The Embassy transmits a Memorandum Opinion and Order herewith. The U.S. District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Sections 1608(a)(4) and (e).

In addition to the Memorandum Opinion and Order, the Embassy is enclosing a Notice of Default Judgment prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran – September 21, 2025

EMBASSY OF SWITZERLAND IN IRAN

Attachments:
1. Memorandum Opinion, Order, and Notice of Default Judgment
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, Francesca Oldelli, Deputy Head of the Foreign Interests Section of the Embassy of Sw. Iran, certify herewith that this is a true copy of Diplomatic Note No. 1061-IE, dated September 2 The delivery of this note and its enclosures was attempted on September 28, 2025, but the I Ministry of Foreign Affairs refused its acceptance.

F. Oldelli

Francesca Oldelli
Deputy Head of the Foreign Interests Section

Tehran – September 29, 2025

EMBASSY OF SWITZERLAND U.S. INTERESTS SECTION TEHRAN

**APOSTILLE**
**(Convention de la Haye du 5 octobre 1961)**

1. **Country:** SWISS CONFEDERATION

**This public document**

2. **has been signed by** Francesca Oldelli
3. **acting in the capacity of** **Deputy Head of the Foreign Interests Section**
4. **bears the seal/stamp of**

Embassy of Switzerland US Interests Section Tehran

**Certified**

5. **at Berne** 6. **the** 08.10.2025
7. **by** Alessandra Manoiero
**functionary of the Swiss federal Chancellery**
8. **No** 025416
9. **Seal/stamp:** 10. **Signature:**

Swiss federal Chancellery

SWISS FEDERAL CHANCELLERY

<u>ترجمه غیر رسمی</u>

سفارت سوئیس
**قسمت حافظ منافع خارجی**

شماره IE–1061

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران، ضمن اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران، احتراماً توجه آن وزارتخانه محترم را به دعوا ی حقوقی تحت عنوان **شاون کنی و دیگران علیه جمهوری اسلامی ایران و دیگران، تحت پرونده مدنی شماره 1:22-cv-03299** که در دادگاه منطقه ای ایالات متحده برای منطقه کلمبیا مفتوح میباشد، جلب می نماید. جمهوری اسلامی ایران طرف خوانده در این پرونده می باشد. سفارت سوئیس بنا به درخواست دادگاه منطقه ای ایالات متحده، منطقه کلمبیا، یک فقره رأی خلاصه شده دادگاه و حکم را ایفاد می دارد. برابر مقررات فصل 28 بخش 1608 بند (a)(4) و (e) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدرک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

سفارت علاوه بر رأی خلاصه شده دادگاه و حکم، یک فقره ابلاغیه حکم غیابی که توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی تهیه شده است، را به پیوست ایفاد می دارد. لطفاً توجه داشته باشید که متعاقب مقررات فصل 28 بخش 1610 مجموعه قوانین ایالات متحده آمریکا، اقدامات اجرائی و حکم می توانند بعد از مدت زمان معقول از دادن اطلاع از حکم غیابی، آغاز گردد.

سفارت بدینوسیله اشعار می دارد که بموجب قوانین ایالات متحده آمریکا، هر گونه دفاع مربوط به قلمرو قضائی و اداری و یا دفاع دیگری، از جمله عنوان نمودن مصونیت دولت ها، باید در مقابل دادگاه صورت گیرد. از این رو، مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو با مشاور در مورد قوانین مربوطه میباشد. دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی، موقع را مغتنم شمرده مراتب احترامات فائقه خود نسبت به وزارت امور خارجه جمهوری اسلامی ایران را تجدید می نماید.

تهران – بتاریخ ۳۰ شهریور ماه ۱۴۰۴ (۲۱ سپتامبر ۲۰۲۵)

پیوست: ۱- رأی خلاصه شده دادگاه، حکم و ابلاغیه حکم غیابی
۲- ترجمه ها

EMBASSY OF SWITZERLAND IN IRAN

**اداره امور آمریکا**
**وزارت امور خارجه**
**جمهوری اسلامی ایران**
**تهران**

SPECIFIC AUTHENTICATION CERTIFICATE

ederation of Switzerland )
, Canton of Bern ) SS:
assy of the United States of America )

I certify that the annexed document is executed by the genuine signature and seal of the following named official who, in an official capacity, is empowered by the laws of Switzerland to execute that document.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Alessandra MANOIERO
(Typed name of Official who executed the annexed document)

(Signature of Consular Officer)

Scott M. DRISKEL
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

October 10, 2025
(Date)

..e Eidgenossenschaft
..ation suisse
..ederazione Svizzera
..onfederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No. 1062 -IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit ***Shawn Kenny, et al. v. Islamic Republic of Iran, et al.*, 1:22-cv-03299**, in the U.S. District Court for the District of Columbia. The Islamic Revolutionary Guard Corps is a defendant in this case. The Embassy transmits a Memorandum Opinion and Order herewith. The U.S. District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Sections 1608(a)(4) and (e).

In addition to the Memorandum Opinion and Order, the Embassy is enclosing a Notice of Default Judgment prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran – September 21, 2025

EMBASSY OF SWITZERLAND IN IRAN

Attachments:
1. Memorandum Opinion, Order, and Notice of Default Judgment
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, Francesca Oldelli, Deputy Head of the Foreign Interests Section of the Embassy of Iran, certify herewith that this is a true copy of Diplomatic Note No. 1062-IE, dated September The delivery of this note and its enclosures was attempted on September 28, 2025, but the Ministry of Foreign Affairs refused its acceptance.

Francesca Oldelli
Deputy Head of the Foreign Interests Section

Tehran – September 29, 2025

**APOSTILLE**
**(Convention de la Haye du 5 octobre 1961)**

1. **Country:** SWISS CONFEDERATION

   **This public document**

2. **has been signed by** Francesca Oldelli
3. **acting in the capacity of Deputy Head of the Foreign Interests Section**
4. **bears the seal/stamp of**

   Embassy of Switzerland US Interests Section Tehran

**Certified**

5. **at Berne** 6. **the** 08.10.2025
7. **by** Alessandra Manoiero
   **functionary of the Swiss federal Chancellery**
8. **No** 025415
9. **Seal/stamp:** 10. **Signature:**

   Swiss federal Chancellery

ترجمه غیر رسمی

سفارت سوئیس

**قسمت حافظ منافع خارجی**

شماره IE–1062

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران، ضمن اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران، احتراماً توجه آن وزارتخانه محترم را به دعوا ی حقوقی تحت عنوان **شاون کنی و دیگران علیه جمهوری اسلامی ایران و دیگران، تحت پرونده مدنی شماره 1:22-cv-03299** که در دادگاه منطقه ای ایالات متحده برای منطقه کلمبیا مفتوح میباشد، جلب می نماید. سپاه پاسداران انقلاب اسلامی طرف خوانده در این پرونده می باشد. سفارت سوئیس بنا به درخواست دادگاه منطقه ای ایالات متحده، منطقه کلمبیا، یک فقره رأی خلاصه شده دادگاه و حکم را ایفاد می دارد. برابر مقررات فصل 28 بخش 1608 بند (a)(4) و (e) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدرک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

سفارت علاوه بر رأی خلاصه شده دادگاه و حکم، یک فقره ابلاغیه حکم غیابی که توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی تهیه شده است، را به پیوست ایفاد می دارد. لطفاً توجه داشته باشید که متعاقب مقررات فصل 28 بخش 1610 مجموعه قوانین ایالات متحده آمریکا، اقدامات اجرائی و حکم می توانند بعد از مدت زمان معقول از دادن اطلاع از حکم غیابی، آغاز گردد.

سفارت بدینوسیله اشعار می دارد که بموجب قوانین ایالات متحده آمریکا، هر گونه دفاع مربوط به قلمرو قضائی و اداری و یا دفاع دیگری، از جمله عنوان نمودن مصونیت دولت ها، باید در مقابل دادگاه صورت گیرد. از این رو، مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو با مشاور در مورد قوانین مربوطه میباشد. دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی، موقع را مغتنم شمرده مراتب احترامات فائقه خود نسبت به وزارت امور خارجه جمهوری اسلامی ایران را تجدید می نماید.

تهران – بتاریخ ۳۰ شهریور ماه ۱۴۰۴ (۲۱ سپتامبر ۲۰۲۵)




پیوست: ۱- رأی خلاصه شده دادگاه، حکم و ابلاغیه حکم غیابی
۲- ترجمه ها

**اداره امور آمریکا**
**وزارت امور خارجه**
**جمهوری اسلامی ایران**
**تهران**

# EXHIBIT 31

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FULD**, *et al.*

*Plaintiffs,*

**v.**

**THE ISLAMIC REPUBLIC OF IRAN**, *et al.*,

*Defendants.*

**Case No. 20-cv-2444-RCL**

**ESTATE OF ARI FULD**, *et al.*

*Plaintiffs,*

**v.**

**THE ISLAMIC REPUBLIC OF IRAN**, *et al.*,

*Defendants.*

**Case No. 20-cv-3492-RCL**

**ORDER AND JUDGMENT**

Before the Court is plaintiffs' motion for default judgment. ECF No. 27. For the reasons stated in the Memorandum Opinion issued this date and upon consideration of plaintiffs' motion, the related legal memoranda in support thereof, the record, prior proceedings in related cases before this Court, and defendants' failure to appear, it is hereby

**ORDERED** that plaintiffs' motion for default judgment is **GRANTED**; and it is further

**ORDERED** that final judgment is entered in favor of plaintiffs and against defendants the Islamic Republic of Iran ("Iran") and the Syrian Arab Republic ("Syria"); and it is further

**ORDERED** that the prevailing plaintiffs shall receive $47,812,737 in compensatory damages and $143,438,211 in punitive damages to be distributed as follows:

| Plaintiff | Compensatory Damages | Punitive Damages | Total Damages |
|---|---|---|---|
| Estate of Ari Fuld | $1,669,801 | $5,009,403 | $6,679,204 |
| Miriam Fuld | $8,642,936 | $25,928,808 | $34,571,744 |
| Harvey Jonas Yonah Fuld | $5,000,000 | $15,000,000 | $20,000,000 |
| Mary Alice Fuld | $5,000,000 | $15,000,000 | $20,000,000 |
| N.F. | $5,000,000 | $15,000,000 | $20,000,000 |
| Naomi Fuld | $5,000,000 | $15,000,000 | $20,000,000 |
| Tamar Fuld | $5,000,000 | $15,000,000 | $20,000,000 |
| Eliezer Yakir Fuld | $5,000,000 | $15,000,000 | $20,000,000 |
| Daniel Yaakov Fuld | $2,500,000 | $7,500,000 | $10,000,000 |
| Eytan Fuld | $2,500,000 | $7,500,000 | $10,000,000 |
| Hillel Chaim Shlomo Fuld | $2,500,000 | $7,500,000 | $10,000,000 |

It is further **ORDERED** that defendants Iran and Syria shall be jointly and severally liable for the compensatory damages award and the punitive damages award; and it is further

**ORDERED** that plaintiffs shall, at their own cost and consistent with the requirements of 28 U.S.C. § 1608(e), send a copy of this Order and Judgment, and the Memorandum Opinion issued this date, to defendants.

This is a final, appealable order. *See* Fed. R. App. P. 4(a).

It is **SO ORDERED**

Date: March 27 2024

Royce C. Lamberth
United States District Judge

# EXHIBIT 32

**United States Department of State**

*Washington, D.C. 20520*

February 26, 2025

Ms. Angel D. Caesar
United States District Court
For the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

**Re: *Fuld, et al. v. Islamic Republic of Iran, et al.,* 1:20-cv-02444**

Dear Ms. Caesar:

I am writing regarding the Court's request for transmittal of an Order and Judgment, Memorandum Opinion, and Notice of Default Judgment to the Islamic Republic of Iran pursuant to 28 U.S.C. Sections 1608(a)(4) and (e) as a defendant in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the Government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1164-IE, dated December 22, 2024, and delivered on January 13, 2025. A certified copy of the diplomatic note is enclosed.[1]

Sincerely,

Jared N. Hess
Attorney Adviser
Office of the Legal Adviser
L/CA/POG/GC

RECEIVED
Mail Room
2 8
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

[1] Please note that performance by the Department of State of its statutory functions under 28 U.S.C. § 1608 should not be construed as an indication in any way of the United States' position or views on whether plaintiffs have properly complied with all statutory requirements of the FSIA, the status or character of a defendant, whether service was properly effected, or the merits of any claims or defenses. *See* https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process/Foreign-Sovereign-Immunities-Act.html.

Cc: Tracy R. Kalik
Heideman, Nudelman, Kalik, PC
5335 Wisconsin Ave. NW, Suite 440
Washington, DC 20015

SPECIFIC AUTHENTICATION CERTIFICATE

federation of Switzerland )
n, Canton of Bern ) SS:
bassy of the United States of America )

I ott M. DRISKEL, a consular officer at the Embassy of the United States at Bern, S zerland, certify that this is a true copy of Embassy note number 28418 dated N ember 12, 2024, which was transmitted to the Swiss Ministry of Foreign Affairs on N ember 13, 2024, for further transmission to the American Interests Section of the s Embassy in Tehran, Iran.

(Signature of Consular Officer)

Scott M. DRISKEL
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

February 10, 2025
(Date)

*Embassy of the United States of America*

November 12, 2024

CONS NO. 28418

ıeral Department of Foreign Affairs
oreign Interests Section
Kochergasse 10
Federal Palace North
Office #4.001
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities Act (FSIA) – Fuld, et al. v. Islamic Republic of Iran, et al., 1:20-cv-02444

REF: ----

The Department of State has requested the delivery of the enclosed Order and Judgment, Memorandum Opinion, and Notice of Default Judgment to the Ministry of Foreign Affairs of the Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities Act in the matter Fuld, et al. v. Islamic Republic of Iran, et al., 1:20-cv-02444.

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the documents to the American Interests Section of the Swiss Embassy in Tehran. There is one defendant to be served in this case: the Islamic Republic of Iran. The American Interests Section should transmit the Order and Judgment, Memorandum Opinion, and Notice of Default Judgment to the Iranian Ministry of Foreign Affairs under cover of one diplomatic note utilizing the language provided in the enclosed instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery. The American Interests Section should execute certifications of the diplomatic notes, which will be forwarded by the Department of State to the requesting court in the United States.

Enclosed is one appropriate part of a message the Embassy received from the Department of State as well two sets of documents for each defendant.

The Embassy would appreciate being informed of the date the American Interests Section of the Swiss Embassy in Tehran receives the documents as well as the date the Interests Section forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.

EMBASSY OF THE UNITED STATES OF AMERICA BERN

## .XT OF DIPLOMATIC NOTE REGARDING DEFENDANT Islamic Republic of Iran:

mbassy of Switzerland, Foreign Interests Section in Tehran refers the Ministry of ign Affairs of the Islamic Republic of Iran to the lawsuit ***Fuld, et al. v. Islamic Republic Iran, et al.*, 1:20-cv-02444** in the U.S. District Court for the District of Columbia. The slamic Republic of Iran is a defendant in this case. The Foreign Interests Section transmits an Order and Judgment and Memorandum Opinion herewith. The U.S. District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4) and (e).

In addition to the Order and Judgment and Memorandum Opinion, the Foreign Interests Section is enclosing a Notice of Default Judgment, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1.Order and Judgment, Memorandum Opinion, and Notice of Default Judgment

2. Translations

## END TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT Islamic Republic of Iran

SPECIFIC AUTHENTICATION CERTIFICATE

onfederation of Switzerland )
ern, Canton of Bern ) SS:
nbassy of the United States of America )

ertify that the annexed document bears the genuine seal of the Swiss Federal epartment of Foreign Affairs.

ertify under penalty of perjury under the laws of the United States that the foregoing true and correct.

(Signature of Consular Officer)

Scott M. DRISKEL
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

February 10, 2025
(Date)



Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

**Federal Department of Foreign Affairs FDFA**

7155

K. 346-01-02-01-USA/IRAN

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 28418 dated November 12, 2024 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance:
***Fuld, et al., v. Islamic Republic of Iran, et al.*, 1:20-cv-02444**

- Note 1164 IE addressed to the Islamic Republic of Iran

dated December 22, 2024 and proof of service, dated January 14, 2025 as well as the certification by the Swiss Federal Chancellery dated January 29, 2025.

The section has received the above-mentioned documents on November 28, 2024. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on January 13, 2025. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, February 4, 2025

Enclosure(s) mentioned

To the
Embassy of the
United States of America

Berne

<u>SPECIFIC AUTHENTICATION CERTIFICATE</u>

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I certify that the annexed document is executed by the genuine signature and seal of the following named official who, in an official capacity, is empowered by the laws of Switzerland to execute that document.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Alessandra MANOIERO
(Typed name of Official who executed the annexed document)

(Signature of Consular Officer)

Scott M. DRISKEL
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

February 10, 2025
(Date)

weizerische Eidgenossenschaft
nfédération suisse
onfederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No. 1164 -IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit ***Fuld, et al., v. Islamic Republic of Iran, et al.,*** **1:20-cv-02444** in the U.S. District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in this case. The Embassy transmits an Order and Judgment and Memorandum Opinion herewith. The U.S. District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Sections 1608(a)(4) and (e).

In addition to the Order and Judgment and Memorandum Opinion, the Embassy is enclosing a Notice of Default Judgment, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran – December 22, 2024

EMBASSY OF SWITZERLAND IN IRAN

Attachments:
1. Order and Judgment, Memorandum Opinion, and Notice of Default Judgment
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, Dominique Baeriswyl, Head of the Foreign Interests Section of the Embassy of Switzer[...] certify herewith that this is a true copy of Diplomatic Note No. 1164-IE, dated December 22, [...] delivery of this note and its enclosures was attempted on January 13, 2025, but the Iranian M[...] Foreign Affairs refused its acceptance.

Dominique Baeriswyl
Head of the Foreign Interests Section

Tehran – January 14, 2025

**APOSTILLE**
**(Convention de la Haye du 5 octobre 1961)**

1. **Country:** SWISS CONFEDERATION

**This public document**

2. **has been signed by** Dominique Baeriswyl
3. **acting in the capacity of Head of the Foreign Interests Section**
4. **bears the seal/stamp of**

Embassy of Switzerland US Interests Section Tehran

**Certified**

5. **at Berne** 6. **the** 29.01.2025
7. **by** Alessandra Manoiero
**functionary of the Swiss federal Chancellery**
8. **No** 002162
9. **Seal/stamp:** 10. **Signature:**

Swiss federal Chancellery

ترجمه غیر رسمی

سفارت سوئیس
**قسمت حافظ منافع خارجی**

شماره IE–1164

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران، ضمن اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران، احتراماً توجه آن وزارتخانه محترم را به دعوا ی حقوقی تحت عنوان **فولد و سایرین علیه جمهوری اسلامی ایران و سایرین، تحت پرونده مدنی شماره 1:20-cv-02444** که در دادگاه منطقه ای ایالات متحده، منطقه کلمبیا مفتوح میباشد، جلب می نماید. جمهوری اسلامی ایران طرف خوانده در این پرونده می باشد. سفارت سوئیس بنا به درخواست دادگاه منطقه ای ایالات متحده، منطقه کلمبیا، یک فقره حکم و رأی و رأی خلاصه شده دادگاه را ایفاد می دارد. برابر مقررات فصل 28 بخش 1608 بند (a)(4) و (e) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدرک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

سفارت علاوه بر حکم و رأی و رأی خلاصه شده دادگاه، اطلاعیه حکم غیابی که توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی تهیه شده است، را به پیوست ایفاد می دارد. لطفاً توجه داشته باشید که متعاقب مقررات فصل 28 بخش 1610 مجموعه قوانین ایالات متحده آمریکا، اقدامات اجرائی و حکم می توانند بعد از مدت زمان معقول از دادن اطلاع از حکم قصور، آغاز گردد.

سفارت بدینوسیله اشعار می دارد که بموجب قوانین ایالات متحده آمریکا، هر گونه دفاع مربوط به قلمرو قضائی و اداری و یا دفاع دیگری، از جمله عنوان نمودن مصونیت دولت ها، باید در مقابل دادگاه صورت گیرد. از این رو، مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو با مشاور در مورد قوانین مربوطه میباشد. دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی، موقع را مغتنم شمرده مراتب احترامات فائقه خود نسبت به وزارت امور خارجه جمهوری اسلامی ایران را تجدید می نماید.

تهران – بتاریخ دوم دی ماه ۱۴۰۳ (۲۲ دسامبر ۲۰۲۴)

پیوست: ۱- حکم و رأی، رأی خلاصه شده دادگاه و اطلاعیه حکم غیابی
۲- ترجمه ها

EMBASSY OF SWITZERLAND IN IRAN

**اداره امور آمریکا**
**وزارت امور خارجه**
**جمهوری اسلامی ایران**
**تهران**

# EXHIBIT 33

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BAXTER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN, et al.<br><br>Defendants. | Civil Action No. 11-02133-RCL<br><br>Consolidated with |
| BAXTER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>SYRIAN ARAB REPUBLIC, et al.<br><br>Defendants. | Civil Action No. 18-01078-RCL<br><br>Consolidated with |
| TRATNER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN, et al.<br><br>Defendants. | Civil Action No. 18-02971-RCL |

**ORDER ADOPTING SPECIAL MASTER'S REPORTS AND RECOMMENDATIONS AND GRANTING FINAL JUDGMENT**

Upon consideration of Plaintiffs' Motion to Adopt Special Masters' Reports and

Recommendations and for Entry of a Final Judgment (18-cv-01078-RCL ECF Nos. 56-74; 18-cv-02971-RCL ECF Nos. 30-31, 11-cv-02133, ECF Nos. 124-127), and the entire record herein, the **Court hereby GRANTS the Motion as to the following Plaintiffs**—Estate of David Applebaum, Estate of Naava Applebaum, Debra Applebaum, Natan Applebaum, Shira Applebaum Maresky, Yitzhak Applebaum, Shayna Applebaum Abramson, Tovibelle Applebaum Kalker, Estate of Jacqueline Applebaum, William "Jack" Baxter, Fran Strauss-Baxter, Ronald Cantrell, Chaya Tziporah Cohen, Ariela Freimark, Hadassah Freimark, Estate of Menachem Freimark, Avraham Grossman, Estate of Elnatan Horovitz, Estate of Debra Horovitz, Batsheva Sadan, Zvi Horovitz, Nechama Tau, Shulamit Nachman, Estate of Lillian Horovitz, Estate of Moshe Horovitz, Estate of Bernice Wolf, Tova Naiman, Ahron Horovitz, Estate of David Horovitz, Uri Horovitz, Stanly Wolf, Estate of Bryan Wolf, Joseph Leifer, Devorah Leifer, Estate of Abigail Litle, Philip Litle, Heidi Litle, Josiah Litle, Hannah Litle, Elishua Litle, Noah Litle, Moshe Naimi, Rachel Potolsky, Ovadya Toporowitch, Tehilla Toporowitch Greineman, Yisrael Toporowitch, Yitzchok Toporowitch, Rivka Wolfson Pam, Phyllis Pam, Raziel Pam, Neemah Pam Fisher, Nathan Pam, Estate of Mordechai Reinitz, Estate of Yessucher Dov Reinitz, Menachem Reinitz, Malka Chaya Reinitz, Benjamin Reinitz, Chaim Reinitz, Devora Pollack, The Estate of Joseph Reinitz, Helen Weider, Leah Tauber, Leibel Reinitz, Malvia Reinitz, Margolith Reinitz Waxberger, Miriam Reinitz Binder, Miriam Ehrenfeld, Necha Reinitz Ostreicher, the Estate of Raizel Shimon, Rivka Reinitz Wiesel, Estate of Rose Joseph, Samuel Reinitz, Shmuel Reinitz, Yaakov Reinitz, Yitzchak Reinitz, Miriam Richter Grinblat, Avraham D. Richter, Breina Richter, Moshe Dov Richter, Nechama Richter, Sarah Richter Green, Shlomo Chaim Richter, Tranne Richter Schwartz, Yaakov

Yosef Richter, Yechiel Richter, Yehudis Richter, Yisroel Richter, Yitzchok Richter, Erik Schecter, Estate of Bertin Tita, Estate of Ephraim Tita, Ezra Tita, Shoshana Tita, Estate of Tiferet Tratner, Estate of Shlomo Tratner, Baruch Tratner, Drora Wizner, Belka Gez, Judit Tratner, Rivka Selzer, Obadiah Waxler, Arthur Waxler, Dina Waxler, Abraham Waxler, Baruch Waxler, Bracha Milstein, Chaya Rosenberg, Ezekiel Waxler, Gedaliah Waxler, Haggai Waxler, Nachum Waxler, Shifra Miller, Yoel Waxler, Yaakov Waxler, Zacharia Waxler, Estate of Goldy Zarkowsky, Estate of Eli Zarkowsky, Bshava Zarkowsky Richter, Abraham Zarkowsky, Aharon Zarkowsky, Chaya Freisel Felberbaum, Estate of Elizabeth Schwartz, Ester Buxbaum, Ezriel Zarkowsky, Gitel Cohen, Gittel Silber, Jacob Schwartz, Joseph Zarkowsky, Malka Breuer, the Estate of Max Schwartz, Mendel Zarkowsky, Michael Schwartz, Miriam Zarkowsky Felberbaum, Estate of Perl Brailofsky, Philip Schwartz, Rachel Rosner, Shrage Zarkowsky, Trany Silberman and Yehuda Zarkowsky—and against the Defendants, jointly and severally, —the Islamic Republic of Iran, the Iranian Ministry of Intelligence and Security, the Syrian Arab Republic and/or the Syrian Air Force Intelligence as they alleged in their respective Complaints, 11-cv-02133-RCL; 18-cv-01078-RCL; and 18-cv-02971-RCL.

**The Court further GRANTS the Motion as to Plaintiff Nethaniel Bluth** against Defendants the Syrian Arab Republic and the Syrian Air Force Intelligence.

Specifically, the Court holds as follows:

A. The following Plaintiffs as identified in 11-cv-02133-RCL and 18-cv-01078-RCL are awarded a total of $447,935,004.75 in compensatory damages in the following amounts against the Defendants the Islamic Republic of Iran, the Iranian Ministry of Intelligence

and Security, the Syrian Arab Republic and the Syrian Air Force Intelligence, jointly and severally:

1. Estate of David Applebaum: One Million Four Hundred Sixty-Three Thousand and Seventy-Nine Dollars ($1,463,079) in economic damages;
2. Estate of Naava Applebaum: Seven Hundred Sixty-Five Thousand Six Hundred and Thirty-Five Dollars ($765,635) in economic damages;
3. Debra Applebaum: Ten Million Dollars ($10,000,000) in solatium damages;
4. Natan Applebaum: Three Million Seven Hundred and Fifty Thousand Dollars ($3,750,000) in solatium damages;
5. Shira Applebaum Maresky: Three Million Seven Hundred and Fifty Thousand Dollars ($3,750,000) in solatium damages;
6. Yitzhak Applebaum: Three Million Seven Hundred and Fifty Thousand Dollars ($3,750,000) in solatium damages;
7. Shayna Applebaum Abramson: Three Million Seven Hundred and Fifty Thousand Dollars ($3,750,000) in solatium damages;
8. Tovibelle Applebaum Kalker: Three Million Seven Hundred and Fifty Thousand Dollars ($3,750,000) in solatium damages;
9. Estate of Jacqueline Applebaum: Five Million Dollars ($5,000,000) in solatium damages;
10. William "Jack" Baxter: Six Million Dollars ($6,000,000) for pain and suffering and Four Hundred Sixty-Seven Thousand Three Hundred and Seventy-Five Dollars

($467,375) in economic damages for a total compensatory damages award of Six Million Four Hundred Sixty-Seven Thousand Three Hundred and Seventy-Five Dollars ($6,467,375);

11. Fran Strauss-Baxter: Four Million Dollars ($4,000,000) in solatium damages and Six Hundred Eighty-Eight Thousand Three Hundred and Fifty-Six Dollars ($688,356) in economic damages for a total compensatory damages award of Four Million Six Hundred Eighty-Eight Thousand Three Hundred and Fifty-Six Dollars ($4,688,356);
12. Ronald Cantrell: One Million Five Hundred Thousand Dollars ($1,500,000) for pain and suffering;
13. Chaya Tziporah Cohen: Two Million Dollars ($2,000,000) for pain and suffering;
14. Ariela Freimark: Three Million Dollars ($3,000,000.00) for pain and suffering;
15. Hadassah Freimark: One Million Five Hundred Thousand Dollars ($1,500,000) in solatium damages;
16. Estate of Menachem Freimark: One Million Five Hundred Thousand Dollars ($1,500,000) in solatium damages;
17. Avraham Grossman: One Million Five Hundred Thousand Dollars ($1,500,000) for pain and suffering;
18. Estate of Elnatan Horovitz: Three Hundred Seventy-Two Thousand Two Hundred and Eight-Seven Dollars ($372,287) in economic damages;
19. Estate of Debra Horovitz: Two Hundred Eight-Seven Thousand Two Hundred and

Eighty-Eight Dollars ($287,288) in economic damages;

20. Batsheva Sadan: Four Million Five Hundred Thousand Dollars ($4,500,000) in solatium damages and Two Million Four Hundred Thirty-Two Thousand and One Hundred and Fifty-One Dollars ($2,432,151) in economic damages for a total compensatory damages award of Six Million Nine Hundred Thirty-Two Thousand and One Hundred and Fifty-One Dollars ($6,932,151);
21. Zvi Horovitz: Four Million Five Hundred Thousand Dollars ($4,500,000) in solatium damages and Two Million Three Hundred Nine Thousand and Fifty-Six Dollars ($2,690,881) in economic damages for a total compensatory damages award of Six Million Eight Hundred Nine Thousand and Fifty-Six Dollars ($7,190,881);
22. Nechama Tau: Four Million Five Hundred Thousand Dollars ($4,500,000) in solatium damages;
23. Shulamit Nachman: Four Million Five Hundred Thousand Dollars ($4,500,000) in solatium damages;
24. Estate of Lillian Horovitz: Five Million Dollars ($5,000,000) in solatium damages;
25. Estate of Moshe Horovitz: Five Million Dollars ($5,000,000) in solatium damages;
26. Estate of Bernice Wolf: Five Million Dollars ($5,000,000) in solatium damages;
27. Tova Naiman: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;
28. Ahron Horovitz: Two Million Five Hundred Thousand Dollars ($2,500,000) in

solatium damages;

29. Estate of David Horovitz: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;

30. Uri Horovitz: Two Million Five Hundred Thousand Dollars ($3,125,000) in solatium damages;

31. Stanly Wolf: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;

32. Estate of Bryan Wolf: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;

33. Joseph Leifer: Three Million Five Hundred Thousand Dollars ($3,500,000) for pain and suffering;

34. Devorah Leifer: Two Million Dollars ($2,000,000) in solatium damages;

35. Estate of Abigail Litle: One Million Dollars ($1,000,000) for pain and suffering and One Million Two Hundred Fifty-Five Thousand Seven Hundred Ninety-Four Dollars ($1,255,794) in economic damages for a total compensatory damages award of Two Million Two Hundred Fifty-Five Thousand Seven Hundred Ninety-Four Dollars ($2,255,794);

36. Philip Litle: Six Million Two Hundred and Fifty Thousand Dollars ($6,250,000) in solatium damages;

37. Heidi Litle: Six Million Two Hundred and Fifty Thousand Dollars ($6,250,000) in solatium damages;

38. Josiah Litle: Three Million One Hundred Twenty-Five Thousand Dollars ($3,125,000) in solatium damages and Two Million Seven Hundred Forty-Two Thousand Six Hundred Eighty-Nine Dollars ($2,742,689) in economic damages for a total compensatory damages award of Five Million Eight Hundred Sixty-Seven Thousand Six Hundred Eighty-Nine Dollars ($5,867,689);

39. Hannah Litle: Three Million One Hundred Twenty-Five Thousand Dollars ($3,125,000) in solatium damages;

40. Elishua Litle: Three Million One Hundred Twenty-Five Thousand Dollars ($3,125,000) in solatium damages;

41. Noah Litle: Three Million One Hundred Twenty-Five Thousand Dollars ($3,125,000) in solatium damages;

42. Moshe Naimi: Three Million Seven Hundred Fifty Thousand Dollars ($3,750,000) in solatium damages;

43. Rachel Potolsky: One Million Two Hundred Fifty Thousand Dollars ($1,250,000) in solatium damages;

44. Ovadya Toporowitch: One Million Two Hundred Fifty Thousand Dollars ($1,250,000) in solatium damages;

45. Tehilla Toporowitch Greineman: One Million Two Hundred Fifty Thousand Dollars ($1,250,000) in solatium damages;

46. Yisrael Toporowitch: One Million Two Hundred Fifty Thousand Dollars ($1,250,000) in solatium damages;

47. Yitzchok Toporowitch: One Million Two Hundred Fifty Thousand Dollars ($1,250,000) in solatium damages;

48. Rivka Wolfson Pam: Five Million Dollars ($5,000,000) for pain and suffering and Two Million Two Hundred Thirty-Nine Thousand Six Hundred Twenty-Eight Dollars ($2,239,628) in economic damages for a total compensatory damages award of Seven Million Two Hundred Thirty-Nine Thousand Six Hundred Twenty-Eight Dollars ($7,239,628);

49. Phyllis Pam: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;

50. Estate of Mordechai Reinitz: Five Hundred Forty-Five Thousand Seven Hundred Thirty-Four Dollars ($545,734) in economic damages;

51. Estate of Yessucher Dov Reinitz: Three Hundred Forty-Five Thousand Four Hundred Fifty-Three Dollars ($345,453) in economic damages;

52. Menachem Mendel Reinitz: Five Million Dollars ($5,000,000) in pain and suffering damages, One Million Five Hundred Ninety-Three Thousand Ninety-One Dollars ($1,593,091) in economic damages and Four Million Five Hundred Thousand Dollars ($4,500,000) in solatium damages for a total compensatory damages award of Eleven Million Ninety-Three Thousand Ninety-One Dollars ($11,093,091);

53. Malka Chaya Reinitz: Twelve Million Eight Hundred Thousand Dollars ($12,800,000) in solatium damages and Three Hundred Fifty Thousand and Fifty-Six Dollars and 75 Cents ($350,056.75) in economic damages for a total

compensatory damages award of Thirteen Million One Hundred Fifty Thousand Fifty-Six Dollars and Seventy Five Cents ($13,150,056.75);

54. Chaim Reinitz: Four Million Eight Hundred Thousand Dollars ($4,800,000) in solatium damages;
55. Leah Tauber: Four Million Eight Hundred Thousand Dollars ($4,800,000) in solatium damages;
56. Margolith Waxberger: Four Million Eight Hundred Thousand Dollars ($4,800,000) in solatium damages;
57. Miriam Binder: Four Million Eight Hundred Thousand Dollars ($4,800,000) in solatium damages;
58. Necha Ostreicher: Four Million Eight Hundred Thousand Dollars ($4,800,000) in solatium damages;
59. Rivka Weisel: Four Million Eight Hundred Thousand Dollars ($4,800,000) in solatium damages;
60. Samuel Reinitz: Four Million Eight Hundred Thousand Dollars ($4,800,000) in solatium damages;
61. Yaacov Reinitz: Four Million Eight Hundred Thousand Dollars ($4,800,000) in solatium damages and One Million One Hundred Seventy Eight Thousand Three Hundred Forty Two Dollars ($1,178,342) in economic damages for a total compensatory damages award of Five Million Nine Hundred Seventy Eight Thousand Three Hundred Forty Two Dollars ($5,978,342);

62. Yitzchak Reinitz: Four Million Eight Hundred Thousand Dollars ($4,800,000) in solatium damages;

63. Estate of Malvia Reinitz: Five Million Dollars ($5,000,000) in solatium damages;

64. Estate of Joseph Reinitz: Five Million Dollars ($5,000,000) in solatium damages;

65. Miriam Ehrenfeld: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;

66. Estate of Rose Joseph: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;

67. Devora Pollack: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;

68. Benjamin Reinitz: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;

69. Leibel Reinitz: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;

70. Shmuel Reinitz: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;

71. Estate of Raizel Shimon: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;

72. Helen Weider: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;

73. Miriam Richter Grinblat: Three Million Five Hundred Thousand Dollars

($3,500,000) in damages for pain and suffering and Five Hundred Three Thousand Seven Dollars ($503,007) in economic damages for a total compensatory damages award of Four Million Three Thousand Seven Dollars ($4,003,007);

74. Shlomo Chaim Richter: One Million Five Hundred Sixty-Two Thousand Five Hundred Dollars ($1,562,500) in solatium damages;

75. Tranne Richter Schwartz: One Million Five Hundred Sixty-Two Thousand Five Hundred Dollars ($1,562,500) in solatium damages;

76. Yaakov Richter: One Million Five Hundred Sixty-Two Thousand Five Hundred Dollars ($1,562,500) in solatium damages and Eighty-Three Thousand Nine Hundred and Sixty-Nine Dollars ($83,969) in economic damages for a total compensatory damages award of One Million Six Hundred Forty-Six Thousand Four Hundred and Sixty-Nine Dollars ($1,646,469);

77. Yitzchok Richter: One Million Five Hundred Sixty-Two Thousand Five Hundred Dollars ($1,562,500) in solatium damages;

78. Moshe Richter: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;

79. Yehudis Richter: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;

80. Avraham Richter: One Million Two Hundred and Fifty Thousand Dollars ($1,250,000) in solatium damages;

81. Breina Richter: One Million Two Hundred and Fifty Thousand Dollars

($1,250,000) in solatium damages;

82. Nechama Richter: One Million Two Hundred and Fifty Thousand Dollars ($1,250,000) in solatium damages;

83. Sarah Richter Green: One Million Two Hundred and Fifty Thousand Dollars ($1,250,000) in solatium damages;

84. Yechiel Richter: One Million Two Hundred and Fifty Thousand Dollars ($1,250,000) in solatium damages;

85. Yisroel Richter: One Million Two Hundred and Fifty Thousand Dollars ($1,250,000) in solatium damages;

86. Erik Schecter: Five Million Dollars ($5,000,000) for pain and suffering and Two Million Four Hundred Eighty-Three Thousand Nine Hundred One Dollars ($2,483,901) in economic damages for a total compensatory damages award of Seven Million Four Hundred Eighty-Three Thousand Nine Hundred One Dollars ($7,483,901);

87. Estate of Ephraim Tita: Five Million Dollars ($5,000,000) in solatium damages;

88. Shoshana Tita: Three Million Seven Hundred Fifty Thousand Dollars ($3,750,000) in solatium damages and Eight Hundred Thirty-Five Thousand Nine Hundred and Twenty-Six Dollars ($835,926) in economic damages for a total compensatory damages award of Four Million Five Hundred Eighty-Five Thousand Nine Hundred and Twenty-Six Dollars ($4,585,926):

89. Ezra Tita: Three Million Dollars ($3,000,000) in solatium damages;

90. Estate of Bertin Tita: Fifty-One Thousand Six Hundred Thirty-Nine Dollars ($51,639) in economic damages;

91. Estate of Shlomo Tratner: Five Million Dollars ($5,000,000) in solatium damages;

92. Estate of Tiferet Tratner: Eight Hundred Seventy-Two Thousand Four Hundred Sixty-Eight Dollars ($872,468) in economic damages;

93. Obadiah Waxler: Five Million Dollars ($5,000,000) for pain and suffering and Two Million Four Hundred Sixty-Nine Thousand Seven Hundred Forty-Seven Dollars ($2,469,747) in economic damages for a total compensatory damages award of Seven Million Four Hundred Sixty-Nine Thousand Seven Hundred Forty-Seven Dollars ($7,469,747);

94. Arthur Waxler: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;

95. Dina Waxler: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages and Two Hundred Eighty-Five Thousand Nine Hundred Eighty-Five Dollars ($285,985) in economic damages for a total compensatory damages award of Two Million Seven Hundred Eighty-Five Thousand Nine Hundred Eighty-Five Dollars ($2,785,985);

96. Abraham Waxler: One Million Two Hundred Fifty Thousand Dollars ($1,250,000) in solatium damages;

97. Baruch Waxler: One Million Two Hundred Fifty Thousand Dollars ($1,250,000) in solatium damages;

98. Bracha Milstein: One Million Two Hundred Fifty Thousand Dollars ($1,250,000) in solatium damages;

99. Chaya Rosenberg: One Million Two Hundred Fifty Thousand Dollars ($1,250,000) in solatium damages;

100. Ezekiel Waxler: One Million Two Hundred Fifty Thousand Dollars ($1,250,000) in solatium damages;

101. Gedalia Waxler: One Million Two Hundred Fifty Thousand Dollars ($1,250,000) in solatium damages;

102. Haggai Waxler: One Million Two Hundred Fifty Thousand Dollars ($1,250,000) in solatium damages;

103. Nachum Waxler: One Million Two Hundred Fifty Thousand Dollars ($1,250,000) in solatium damages;

104. Shifra Miller: One Million Two Hundred Fifty Thousand Dollars ($1,250,000) in solatium damages;

105. Yaakov Waxler: One Million Two Hundred Fifty Thousand Dollars ($1,250,000) in solatium damages;

106. Yoel Waxler: One Million Two Hundred Fifty Thousand Dollars ($1,250,000) in solatium damages;

107. Zacharia Waxler: One Million Two Hundred Fifty Thousand Dollars ($1,250,000) in solatium damages;

108. Bshava Zarkowsky Richter: Five Million Dollars ($5,000,000) for pain and

Case 1:21-cv-02053-SCL Document 24-10 Filed 09/28/25 Page 17 of 21

suffering, Two Million One Hundred Thirty-Nine Thousand Eight Hundred and Sixty-Nine Dollars ($2,139,869) in economic damages and Four Million Five Hundred Thousand Dollars ($4,500,000) for loss of solatium for a total compensatory damages award of Eleven Million Six Hundred Thirty-Nine Thousand Eight Hundred Sixty-Nine Dollars ($11,639,869);

109. Estate of Goldy Zarkowsky: Eight Hundred Six Thousand and Twenty Dollars ($806,020) in economic damages;

110. Estate of Eli Zarkowsky: One Million Three Hundred Fifty-Six Thousand and Three Hundred Thirty-Four Dollars ($1,356,334) in economic damages;

111. Aharon Zarkowsky: Four Million Eight Hundred Thousand Dollars ($4,800,000) in solatium damages;

112. Chaya Felberbaum: Four Million Eight Hundred Thousand Dollars ($4,800,000) in solatium damages;

113. Ezriel Zarkowsky: Four Million Eight Hundred Thousand Dollars ($4,800,000) in solatium damages;

114. Gittel Silber: Four Million Eight Hundred Thousand Dollars ($4,800,000) in solatium damages;

115. Estate of Perl Brailofsky: Four Million Eight Hundred Thousand Dollars ($4,800,000) in solatium damages;

116. Trany Silberman: Four Million Eight Hundred Thousand Dollars ($4,800,000) in solatium damages and One Hundred Fifty-Three Thousand Three

Hundred Dollars ($153,300) in economic damages for a total compensatory damages award of Four Million Nine Hundred Fifty-Three Thousand Three Hundred Dollars ($4,953,300) in economic damages;

117. Abraham Zarkowsky: Four Million and Fifty Thousand Dollars ($4,050,000) in solatium damages;

118. Yehuda Zarkowsky: Four Million and Eight Hundred Thousand Dollars ($4,800,000) in solatium damages;

119. Shrage Zarkowsky: Four Million and Fifty Thousand Dollars ($4,050,000) in solatium damages;

120. Miriam Felberbaum: Four Million and Fifty Thousand Dollars ($4,050,000) in solatium damages;

121. Joseph Zarkowsky: Four Million and Fifty Thousand Dollars ($4,050,000) in solatium damages;

122. Malka Breuer: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;

123. Ester Buxbaum: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;

124. Gitel Cohen: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;

125. Rachel Rosner: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;

126. Jacob Schwartz: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;

127. Michael Schwartz: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;

128. Philip Schwartz: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;

129. Estate of Elizabeth Schwartz: Five Million Dollars ($5,000,000) in solatium damages;

130. Estate of Max Schwartz: Five Million Dollars ($5,000,000) in solatium damages; and

131. Mendel Zarkowsky: Twelve Million Eight Hundred Thousand Dollars ($12,800,000) in solatium damages.

B. The following Plaintiffs as identified in 18-cv-2971-RCL are awarded a total of $17,291,229.00 in compensatory damages in the following amounts against the Defendants the Islamic Republic of Iran and the Syrian Arab Republic, jointly and severally:

1. Raziel Pam: One Million Two Hundred Twenty-Five Million Dollars ($1,250,000) in solatium damages;
2. Neemah Pam Fisher: One Million Two Hundred Twenty-Five Million Dollars ($1,250,000) in solatium damages;
3. Nathan Pam: One Million Five Hundred Sixty-Two Thousand Five Hundred Dollars ($1,562,500) in solatium damages;

4. Baruch Tratner: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;
5. Drora Wizner: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;
6. Judit Tratner: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;
7. Belka Gez: Two Million Five Hundred Thousand Dollars ($2,500,000) in solatium damages;
8. Rivka Selzer: Three Million One Hundred Twenty-Five Thousand Dollars ($3,125,000) in solatium damages and One Hundred Three Thousand Seven Hundred Twenty-Nine Dollars ($103,729) in economic damages for a total compensatory damages award of Three Million Two Hundred Twenty-Eight Thousand Seven Hundred Twenty-Nine Dollars ($3,228,729);

C. The following Plaintiffs are awarded a total of $1,540,896,416.34 in punitive damages against the Defendants the Islamic Republic of Iran, the Iranian Ministry of Intelligence and Security, the Syrian Arab Republic and the Syrian Air Force Intelligence jointly and severally, consisting of the following amounts:

1. Estate of David Applebaum: $5,032,991.76;
2. Estate of Naava Applebaum: $2,633,784.40;
3. Debra Applebaum: $34,400,000.00;
4. Natan Applebaum: $12,900,000.00;

5. Shira Applebaum Maresky: $12,900,000.00;

6. Yitzhak Applebaum: $12,900,000.00;

7. Shayna Applebaum Abramson: $12,900,000.00;

8. Tovibelle Applebaum Kalker: $12,900,000.00;

9. Estate of Jacqueline Applebaum: $17,200,000.00;

10. William "Jack" Baxter: $22,247,770.00;

11. Fran Strauss-Baxter: $16,127,944.64;

12. Ronald Cantrell: $5,160,000.00;

13. Chaya Tziporah Cohen: $6,880,000.00;

14. Ariela Freimark: $10,320,000.00;

15. Hadassah Freimark: $5,160,000.00;

16. Estate of Menachem Freimark: $5,160,000.00;

17. Avraham Grossman: $5,160,000.00;

18. Estate of Elnatan Horovitz: $1,280,667.28;

19. Estate of Debra Horovitz: $988,270.72;

20. Batsheva Sadan: $23,846,599.44;

21. Zvi Horovitz: $24,736,630.60;

22. Nechama Tau: $15,480,000.00;

23. Shulamit Nachman: $15,480,000.00;

24. Estate of Lillian Horovitz: $17,200,000.00;

25. Estate of Moshe Horovitz: $17,200,000.00;

26. Estate of Bernice Wolfe: $17,200,000.00;

27. Tova Naiman: $8,600,000.00;

28. Ahron Horovitz: $8,600,000.00;

29. Estate of David Horovitz: $8,600,000.00;

30. Uri Horovitz: $10,750,000;

31. Stanly Wolf: $8,600,000.00;

32. Estate of Bryan Wolf: $8,600,000.00;

33. Joseph Leifer: $12,040,000.00;

34. Devorah Leifer: $6,880,000.00;

35. Estate of Abigail Litle: $7,759,931.36

36. Philip Litle: $21,500,000.00;

37. Heidi Litle: $21,500,000.00;

38. Josiah Litle: $20,184,850.16;

39. Hannah Litle: $10,750,000.00;

40. Elishua Litle: $10,750,000.00;

41. Noah Litle: $10,750,000.00;

42. Moshe Naimi: $12,900,000.00;

43. Rachel Potolsky: $4,300,000.00;

44. Ovadya Toporowitch: $4,300,000.00;

45. Tehilla Toporowitch Greineman: $4,300,000.00;

46. Yisrael Toporowitch: $4,300,000.00;

47. Yitzchok Toporowitch: $4,300,000.00;

48. Rivka Wolfson Pam: $24,904,320.32;

49. Phyllis Pam: $8,600,000.00;

50. Estate of Mordchai Reinitz: $1,877,324.96;

51. Estate of Yessucher Dov Reinitz: $1,188,358.32;

52. Menachem Mendel Reinitz: $38,160,233.04;

53. Malka Chaya Reinitz: $45,236,195.22;

54. Chaim Reinitz: $16,512,000.00;

55. Leah Tauber: $16,512,000.00;

56. Margolith Waxberger: $16,512,000.00;

57. Miriam Binder: $16,512,000.00;

58. Necha Ostreicher: $16,512,000.00;

59. Rivka Weisel: $16,512,000.00;

60. Samuel Reinitz: $16,512,000.00;

61. Yaakov Reinitz: $20,565,496.48;

62. Yitzchak Reinitz: $16,512,000.00;

63. Estate of Malvia Reinitz: $17,200,000.00;

64. Estate of Joseph Reinitz: $17,200,000.00;

65. Miriam Ehrenfeld: $8,600,000.00;

66. Estate of Rose Joseph: $8,600,000.00;

67. Devora Pollack: $8,600,000.00;

68. Benjamin Reinitz: $8,600,000.00;

69. Leibel Reinitz: $8,600,000.00;

70. Shmuel Reinitz: $8,600,000.00;

71. Estate of Raizel Shimon: $8,600,000.00;

72. Helen Wieder: $8,600,000.00;

73. Miriam Richter Grinblat: $13,770,344.08;

74. Shlomo Chaim Richter: $5,375,000.00;

75. Tranne Richter Schwartz: $5,375,000.00;

76. Yaakov Richter: $5,663,853.36;

77. Yitzchok Richter: $5,375,000.00;

78. Moshe Richter: $8,600,000.00;

79. Yehudis Richter: $8,600,000.00;

80. Avraham Richter: $4,300,000.00;

81. Breina Richter: $4,300,000.00;

82. Nechama Richter: $4,300,000.00;

83. Sarah Richter Green: $4,300,000.00;

84. Yechiel Richter: $4,300,000.00;

85. Yisroel Richter: $4,300,000.00;

86. Erik Schecter: $25,744,619.44;

87. Estate of Ephraim Tita: $17,200,000.00;

88. Shoshana Tita: $15,775,585.44:

89. Ezra Tita: $10,320,000.00;

90. Estate of Bertin Tita: $177,638.16;

91. Estate of Shlomo Tratner: $17,200,000.00;

92. Estate of Tiferet Tratner: $3,001,289.92;

93. Obadiah Waxler: $25,695,929.68;

94. Arthur Waxler: $8,600,000.00;

95. Dina Waxler: $9,583,788.40;

96. Abraham Waxler: $4,300,000.00;

97. Baruch Waxler: $4,300,000.00;

98. Bracha Milstein: $4,300,000.00;

99. Chaya Rosenberg: $4,300,000.00;

100. Ezekiel Waxler: $4,300,000.00;

101. Gedalia Waxler: $4,300,000.00;

102. Haggai Waxler: $4,300,000.00;

103. Nachum Waxler: $4,300,000.00;

104. Shifra Miller: $4,300,000.00;

105. Yaakov Waxler: $4,300,000.00;

106. Yoel Waxler: $4,300,000.00;

107. Zacharia Waxler: $4,300,000.00;

108. Bshava Zarkowsky Richter: $40,041,149.36;

109. Estate of Goldy Zarkowsky: $2,772,708.80;

110. Estate of Eli Zarkowsky: $4,665,788.96;

111. Aharon Zarkowsky: $16,512,000.00;

112. Chaya Felberbaum: $16,512,000.00;

113. Ezriel Zarkowsky: $16,512,000.00;

114. Gittel Silber: $16,512,000.00;

115. Estate of Perl Brailofsky: $16,512,000.00;

116. Trany Silberman: $17,039,352.00;

117. Abraham Zarkowsky: $13,932,000.00;

118. Yehuda Zarkowsky: $16,512,000;

119. Shrage Zarkowsky: $13,932,000.00;

120. Miriam Felberbaum: $13,932,000.00;

121. Joseph Zarkowsky: $13,932,000.00;

122. Malka Breuer: $8,600,000.00;

123. Ester Buxbaum: $8,600,000.00;

124. Gitel Cohen: $8,600,000.00;

125. Rachel Rosner: $8,600,000.00;

126. Jacob Schwartz: $8,600,000.00;

127. Michael Schwartz: $8,600,000.00;

128. Philip Schwartz: $8,600,000.00;

129. Estate of Elizabeth Schwartz: $17,200,000.00;

130. Estate of Max Schwartz: $17,200,000.00; and

131. Mendel Zarkowsky: $44,032,000.00.

D. The following Plaintiffs are awarded a total of $59,481.827.76 in punitive damages against the Defendants the Islamic Republic of Iran and the Syrian Arab Republic, jointly and severally, consisting of the following amounts:

1. Raziel Pam: $4,300,000.00;
2. Neemah Pam Fisher: $4,300,000.00;
3. Nathan Pam: $5,375,000.00;
4. Baruch Tratner: $8,600,000.00;
5. Drora Wizner: $8,600,000.00;
6. Judit Tratner: $8,600,000.00;
7. Belka Gez: $8,600,000.00;
8. Rivka Selzer: $11,106,827.76

E. Nethaniel Bluth is awarded Five Million Dollars ($5,000,000) in compensatory damages and Seventeen Million and Two Hundred Thousand Dollars ($17,200,000) in punitive Plaintiff damages, jointly and severally, against Defendants Syrian Arab Republic and the Syrian Air Force Intelligence;

F. As to Plaintiff Chana Waxler, her claims are dismissed with prejudice;

G. This is a final and appealable Order and Judgment for Plaintiffs, which shall be served on the Defendants pursuant to 28 U.S.C. § 1608(e); and

H. The Clerk of Court is directed (1) to not issue individual judgments for these claims, as this Order shall constitute that judgment; and (2) to serve this judgment upon receipt of a

translated version from Plaintiffs pursuant to 28 U.S.C. § 1608(a)(3) and/or in the alternative 28 U.S.C. § 1608(a)(4).

An Opinion consistent with this Order will issue separately.

**It is SO ORDERED**

DATE: 13 May 2025

Royce C. Lamberth
United States District Judge

# EXHIBIT 34

**United States Department of State**

***Washington, D.C. 20520***

March 10, 2026

Angela D. Caesar
Clerk of the Court
United States District Court
For the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20011

**Re: *Baxter, et al. v. Islamic Republic of Iran, et al.*, 1:11-cv-02133-RCL**

Dear Ms. Caesar:

I am writing regarding the Court's request for transmittal of an Order Adopting Special Master's Reports and Recommendations and Granting Final Judgment and Notice of Default Judgment to the Islamic Republic of Iran and the "Iranian Ministry of Information and Security" pursuant to 28 U.S.C. Section 1608(a)(4) and (e) as defendants in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the Government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic notes No. 1001-IE and 1002-IE, both dated February 8, 2026 and delivered on February 9, 2026. Certified copies of the diplomatic notes are enclosed.[1]

Sincerely,

Jared N. Hess
Attorney Adviser
Office of the Legal Adviser
L/CA/POG/GC

RECEIVED
MAILROOM
MAR 12 2026
Angela D. Caesar, Clerk
U.S. District & Bankruptcy Courts
for the District of Columbia

[1] Please note that performance by the Department of State of its statutory functions under 28 U.S.C. § 1608 should not be construed as an indication in any way of the United States' position or views on whether plaintiffs have properly complied with all statutory requirements of the FSIA, the status or character of a defendant, whether service was properly effected, or the merits of any claims or defenses. *See* https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process/Foreign-Sovereign-Immunities-Act.html.

Cc: Tracy Kalik
Heideman Nudelman Kalik, PC
5335 Wisconsin Ave. NW, Suite 440
Washington, DC 20015

## SPECIFIC AUTHENTICATION CERTIFICATE

| | | |
|---|---|---|
| federation of Switzerland | ) | |
| n, Canton of Bern | ) SS: | |
| bassy of the United States of America | ) | |

, Anson P. McLELLAN, a consular officer at the Embassy of the United States at Bern, witzerland, certify that this is a true copy of Embassy note number 28662 dated )ecember 15, 2025, which was transmitted to the Swiss Ministry of Foreign Affairs on )ecember 17, 2025, for further transmission to the American Interests Section of the wiss Embassy in Tehran, Iran.

(Signature of Consular Officer)

Anson P. McLELLAN
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

February 19, 2026
(Date)

RECEIVED
MAILROOM

MAR 1 2 2026

Angela D. Caesar, Clerk
U.S. District & Bankruptcy Courts
for the District of Columbia

*Embassy of the United States of America*

December 15, 2025

CONS NO. 28662

Federal Department of Foreign Affairs
Foreign Interests Section
Kochergasse 10
Federal Palace North
Office #4.001
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities Act (FSIA) – **Baxter, et al. v. Islamic Republic of Iran, et al., 1:11-cv-02133-RCL**

REF: ----

The Department of State has requested the delivery of the enclosed Order Adopting Special Master's Reports and Recommendations and Granting Final Judgment and Notice of Default Judgment to the Ministry of Foreign Affairs of the Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities Act in the matter Baxter, et al. v. Islamic Republic of Iran, et al., 1:11-cv-02133-RCL.

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the documents to the American Interests Section of the Swiss Embassy in Tehran. There are two defendants to be served in this case: the Islamic Republic of Iran and the Iranian Ministry of Information and Security. The American Interests Section should transmit the Order Adopting Special Master's Reports and Recommendations and Granting Final Judgment and Notice of Default Judgment to the Iranian Ministry of Foreign Affairs under cover of one diplomatic note utilizing the language provided in the enclosed instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery. The American Interests Section should execute certifications of the diplomatic notes, which will be forwarded by the Department of State to the requesting court in the United States.

Enclosed are two appropriate parts of a message the Embassy received from the Department of State as well two sets of documents for each defendant.

The Embassy would appreciate being informed of the date the American Interests Section of the Swiss Embassy in Tehran receives the documents as well as the date the Interests Section forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.



**. TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT Islamic Republic of Iran:**

.he Embassy of Switzerland, Foreign Interests Section in Tehran refers the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit ***Baxter, et al. v. Islamic Republic of Iran, et al.,*** **1:11-cv-02133-RCL**, in the U.S. District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in this case. The Foreign Interests Section transmits an Order Adopting Special Master's Reports and Recommendations and Granting Final Judgment herewith. The U.S. District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Sections 1608(a)(4) and (e).

In addition to the Order Adopting Special Master's Reports and Recommendations and Granting Final Judgment, the Foreign Interests Section is enclosing a Notice of Default Judgment prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States.

Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1. Order Adopting Special Master's Reports and Recommendations and Granting Final Judgment and Notice of Default Judgment

2. Translations

**END TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT Islamic Republic of Iran**

**. TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT "IRANIAN MINISTRY OF .FORMATION AND SECURITY":**

The Embassy of Switzerland, Foreign Interests Section in Tehran refers the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit ***Baxter, et al. v. Islamic Republic of Iran, et al.*,** **1:11-cv-02133-RCL**, in the U.S. District Court for the District of Columbia. The "Iranian Ministry of Information and Security" is a defendant in this case. The Foreign Interests Section transmits an Order Adopting Special Master's Reports and Recommendations and Granting Final Judgment herewith. The U.S. District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Sections 1608(a)(4) and (e).

In addition to the Order Adopting Special Master's Reports and Recommendations and Granting Final Judgment, the Foreign Interests Section is enclosing a Notice of Default Judgment prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1. Order Adopting Special Master's Reports and Recommendations and Granting Final Judgment and Notice of Default Judgment

2. Translations

**END TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT IRANIAN MINISTRY OF INFORMATION AND SECURITY**

SPECIFIC AUTHENTICATION CERTIFICATE

| | |
|---|---|
| nfederation of Switzerland | ) |
| rn, Canton of Bern | ) SS: |
| nbassy of the United States of America | ) |

certify that the annexed document bears the genuine seal of the Swiss Federal Department of Foreign Affairs.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

(Signature of Consular Officer)

Anson P. McLELLAN
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

February 19, 2026
(Date)

RECEIVED
MAILROOM

MAR 12 2026

Angela D. Caesar, Clerk
U.S. District & Bankruptcy Courts
for the District of Columbia

..e Eidgenossenschaft
..tion suisse
..ierazione Svizzera
..nfederaziun svizra

**Federal Department of Foreign Affairs FDFA**

038060

K. 346-01-02-01-USA/IRAN

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 28662 dated December 15, 2025, regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance:

**- Baxter, et al. v. Islamic Republic of Iran, et al., 1:11-cv-02133-RCL**
Note 1001-IE, addressed to the Islamic Republic of Iran

dated February 8, 2026, and proof of service, dated February 9, 2026, as well as the certification by the Swiss Federal Chancellery dated February 17, 2026.

The section has received the above-mentioned documents on January 13, 2025. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on February 9, 2026. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, February 17, 2026

EIDGENÖSSISCHES DEPARTEMENT FÜR AUSWÄRTIGE ANGELEGENHEITEN

*Enclosure(s) mentioned*

To the
Embassy of the
United States of America

Berne

e Eidgenossenschaft
tion suisse
erazione Svizzera
nfederaziun svizra

Federal Department of Foreign Affairs FDFA

038031

K. 346-01-02-01-USA/IRAN

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 28662 dated December 15, 2025, regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance:

- **Baxter, et al. v. Islamic Republic of Iran, et al., 1:11-cv-02133-RCL**
  Note 1002-IE, addressed to the Iranian Ministry of Intelligence and Security

dated February 8, 2026, and proof of service, dated February 9, 2026, as well as the certification by the Swiss Federal Chancellery dated February 17, 2026.

The section has received the above-mentioned documents on January 13, 2025. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on February 9, 2026. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, February 17, 2026

*Enclosure(s) mentioned*

EIDGENÖSSISCHES DEPARTEMENT FÜR AUSWÄRTIGE ANGELEGENHEITEN

To the
Embassy of the
United States of America

Berne

# SPECIFIC AUTHENTICATION CERTIFICATE

nfederation of Switzerland )
rn, Canton of Bern ) SS:
mbassy of the United States of America )

I certify that the annexed document is executed by the genuine signature and seal of the following named official who, in an official capacity, is empowered by the laws of Switzerland to execute that document.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Lara LORELLA
(Typed name of Official who executed the annexed document)

(Signature of Consular Officer)

Anson P. McLELLAN
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

February 19, 2026
(Date)

RECEIVED
MAILROOM
MAR 12 2026
Angela D. Caesar, Clerk
U.S. District & Bankruptcy Courts
for the District of Columbia

...rische Eidgenossenschaft
...édération suisse
...onfederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No. 1001-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit ***Baxter, et al. v. Islamic Republic of Iran, et al.,*** **1:11-cv-02133-RCL**, in the U.S. District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in this case. The Embassy transmits an Order Adopting Special Master's Reports and Recommendations and Granting Final Judgment herewith. The U.S District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4) and (e).

In addition to the Order Adopting Special Master's Reports and Recommendations and Granting Final Judgment, the Embassy is enclosing a Notice of Default Judgment, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States.

Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran – February 08, 2026

EMBASSY OF SWITZERLAND IN IRAN

Attachments:
1. Order Adopting Special Master's Reports and Recommendations and Granting Final Judgment and Notice of Default Judgment
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, Dominique Baeriswyl, Head of the Foreign Interests Section of the Embassy of Switze.. certify herewith that this is a true copy of Diplomatic Note No. 1001-IE, dated February 08, 2.. delivery of this note and its enclosures was attempted on February 09, 2026, but the Iranian Minis.. Foreign Affairs refused its acceptance.

Dominique Baeriswyl
Head of the Foreign Interests Section

Tehran – February 09, 2026

EMBASSY OF SWITZERLAND U.S. INTERESTS SECTION TEHRAN

SWISS FEDERAL CHANCELLERY

**APOSTILLE**
**(Convention de La Haye du 5 octobre 1961)**

1. **Country:** SWISS CONFEDERATION

**This public document**

2. **has been signed by** Dominique Baeriswyl
3. **acting in the capacity of Head of the Foreign Interests Section**
4. **bears the seal/stamp of**

Embassy of Switzerland US Interests Section, Tehran

**Certified**

5. **at Berne**
6. **the** 17 February 2026
7. **by** Lara Lorella
**functionary of the Swiss federal Chancellery**
8. **No** 004031
9. **Seal/stamp:**
Swiss federal Chancellery
10. **Signature:**

SWISS FEDERAL CHANCELLERY

ترجمه غیر رسمی

سفارت سوئیس
**قسمت حافظ منافع خارجی**

شماره 1001-IE

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران، ضمن اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران، احتراماً توجه آن وزارتخانه محترم را به دعوای حقوقی **Baxter و دیگران علیه جمهوری اسلامی ایران و دیگران، تحت پرونده مدنی شماره 1:11-cv-02133-RCL** که در دادگاه منطقه ای ایالات متحده برای ناحیه کلمبیا مفتوح میباشد، جلب می نماید. جمهوری اسلامی ایران طرف خوانده در این پرونده می باشد. سفارت سوئیس بنا به درخواست دادگاه منطقه ای ایالات متحده برای ناحیه کلمبیا، یک فقره دستور پذیرش گزارش ها و توصیه های کارشناسی ویژه و صدور حکم نهایی را ایفاد می دارد. برابر مقررات فصل 28 بخش 1608 بند (a)(4) و (e) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدارک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

سفارت علاوه بر دستور پذیرش گزارش ها و توصیه های کارشناسی ویژه و صدور حکم نهایی، یک فقره ابلاغیه حکام غیابی که توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی تهیه شده است، را به پیوست ایفاد می دارد.

لطفاً توجه داشته باشید که متعاقب مقررات فصل 28 بخش 1610 مجموعه قوانین ایالات متحده آمریکا، اقدامات اجرائی و حکم می توانند بعد از مدت زمان معقول از دادن اطلاع از حکم قصور، آغاز گردد.

سفارت بدینوسیله اشعار می دارد که بموجب قوانین ایالات متحده آمریکا، هر گونه دفاع مربوط به قلمرو قضائی و اداری و یا دفاع دیگری، از جمله عنوان نمودن مصونیت دولت ها، باید در مقابل دادگاه صورت گیرد. از این رو، مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو با مشاور در مورد قوانین مربوطه میباشد. دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی، موقع را مغتنم شمرده و مراتب احترامات فائقه خود را نسبت به وزارت امور خارجه جمهوری اسلامی ایران را تجدید می نماید.

تهران - بتاریخ ۱۹ بهمن ماه ۱۴۰۴ (۸ فوریه ۲۰۲۶)

پیوست: ۱- دستور پذیرش گزارش ها و توصیه های کارشناسی ویژه و صدور حکم نهایی و ابلاغیه حکام غیابی،
۲- ترجمه ها

EMBASSY OF SWITZERLAND IN IRAN

**اداره امور آمریکا**
**وزارت امور خارجه**
**جمهوری اسلامی ایران**
**تهران**

SPECIFIC AUTHENTICATION CERTIFICATE

| | |
|---|---|
| onfederation of Switzerland | ) |
| ern, Canton of Bern | ) SS: |
| Embassy of the United States of America | ) |

I certify that the annexed document is executed by the genuine signature and seal of the following named official who, in an official capacity, is empowered by the laws of Switzerland to execute that document.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Lara LORELLA
(Typed name of Official who executed the annexed document)

(Signature of Consular Officer)

Anson P. McLELLAN
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

February 19, 2026
(Date)

RECEIVED
MAILROOM
MAR 1 2 2026
Angela D. Caesar, Clerk
U.S. District & Bankruptcy Courts
for the District of Columbia

…che Eidgenossenschaft
…ération suisse
…federazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No. 1002-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit ***Baxter, et al. v. Islamic Republic of Iran, et al.*, 1:11-cv-02133-RCL**, in the U.S. District Court for the District of Columbia. The "Iranian Ministry of Intelligence and Security" is a defendant in this case. The Embassy transmits an Order Adopting Special Master's Reports and Recommendations and Granting Final Judgment herewith. The U.S District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4) and (e).

In addition to the Order Adopting Special Master's Reports and Recommendations and Granting Final Judgment, the Embassy is enclosing a Notice of Default Judgment, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States.

Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran – February 08, 2026

EMBASSY OF SWITZERLAND IN IRAN

Attachments:

1. Order Adopting Special Master's Reports and Recommendations and Granting Final Judgment and Notice of Default Judgment
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, Dominique Baeriswyl, Head of the Foreign Interests Section of the Embassy of Swi... certify herewith that this is a true copy of Diplomatic Note No. 1002-IE, dated February 0..., delivery of this note and its enclosures was attempted on February 09, 2026, but the Iranian M... Foreign Affairs refused its acceptance.

EMBASSY OF SWITZERLAND U.S. INTERESTS SECTION TEHRAN

Dominique Baeriswyl
Head of the Foreign Interests Section

Tehran – February 09, 2026

SWISS FEDERAL CHANCELLERY

**APOSTILLE**
**(Convention de La Haye du 5 octobre 1961)**

1. **Country:** SWISS CONFEDERATION

**This public document**

2. **has been signed by** Dominique Baeriswyl
3. **acting in the capacity of Head of the Foreign Interests Section**
4. **bears the seal/stamp of**

Embassy of Switzerland US Interests Section, Tehran

**Certified**

5. **at Berne**
6. the 17 February 2026
7. by Lara Lorella
**functionary of the Swiss federal Chancellery**
8. No 004030
9. **Seal/stamp:**
Swiss federal Chancellery
10. Signature:

SWISS FEDERAL CHANCELLERY

ترجمه غیر رسمی

سفارت سوئیس
**قسمت حافظ منافع خارجی**

شماره 1002-IE

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران، ضمن اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران، احتراماً توجه آن وزارتخانه محترم را به دعوای حقوقی **Baxter و دیگران علیه جمهوری اسلامی ایران و دیگران، تحت پرونده مدنی شماره 1:11-cv-02133-RCL** که در دادگاه منطقه ای ایالات متحده برای ناحیه کلمبیا مفتوح میباشد، جلب می نماید. وزارت اطلاعات و امنیت ایران طرف خوانده در این پرونده می باشد. سفارت سوئیس بنا به درخواست دادگاه منطقه ای ایالات متحده برای ناحیه کلمبیا، یک فقره دستور پذیرش گزارش ها و توصیه های کارشناسی ویژه و صدور حکم نهایی را ایفاد می دارد. برابر مقررات فصل 28 بخش 1608 بند (a)(4) و (e) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدارک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

سفارت علاوه بر دستور پذیرش گزارش ها و توصیه های کارشناسی ویژه و صدور حکم نهایی، یک فقره ابلاغیه حکام غیابی که توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی تهیه شده است، را به پیوست ایفاد می دارد.

لطفاً توجه داشته باشید که متعاقب مقررات فصل 28 بخش 1610 مجموعه قوانین ایالات متحده آمریکا، اقدامات اجرائی و حکم می توانند بعد از مدت زمان معقول از دادن اطلاع از حکم قصور، آغاز گردد.

سفارت بدینوسیله اشعار می دارد که بموجب قوانین ایالات متحده آمریکا، هر گونه دفاع مربوط به قلمرو قضائی و اداری و یا دفاع دیگری، از جمله عنوان نمودن مصونیت دولت ها، باید در مقابل دادگاه صورت گیرد. از این رو، مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو با مشاور در مورد قوانین مربوطه میباشد. دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی، موقع را مغتنم شمرده و مراتب احترامات فائقه خود را نسبت به وزارت امور خارجه جمهوری اسلامی ایران را تجدید می نماید.

تهران - بتاریخ ۱۹ بهمن ماه ۱۴۰۴ (۸ فوریه ۲۰۲۶)

EMBASSY OF SWITZERLAND IN IRAN

پیوست: ۱- دستور پذیرش گزارش ها و توصیه های کارشناسی ویژه و صدور حکم نهایی و ابلاغیه حکام غیابی،
۲- ترجمه ها

**اداره امور آمریکا**
**وزارت امور خارجه**
**جمهوری اسلامی ایران**
**تهران**

# EXHIBIT 35

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SHASTRI BOOTHE, *et al.*,**<br><br>Plaintiffs,<br><br>v.<br><br>**ISLAMIC REPUBLIC OF IRAN,**<br><br>Defendant. | No. 22-cv-1747 (TSC) |

**ORDER**

For the reasons explained in the accompanying Memorandum Opinion, ECF No. 34, Plaintiffs' Motion for Default Judgment, ECF No. 20, is **GRANTED in part** and **DENIED in part**. The Motion is **DENIED** as to Plaintiffs Joshua Chambers, Erin Chambers, Kevin Chambers, Nancy Chambers, John Mitchell III, John Mitchell Jr., Diane Mitchell, Stacey Atkins, Sally Mitchell, Brian Worbington, Wendy Worbington, and Constance Worbington. Their claims are also **DISMISSED**. The Motion is **GRANTED** as to Plaintiffs Shastri Boothe, Jared Bland, Alex Murtha, and it is likewise **GRANTED** as to M.B., G.B., J.B., and Kelley McHenry, except the upward deviation requested by M.B., G.B., J.B., and McHenry is **DENIED**. It is further,

**ORDERED** that **FINAL JUDGMENT** is hereby **ENTERED** in favor of Boothe, M.B., Bland, G.B., J.B., Murtha, and McHenry against Defendant Islamic Republic of Iran, as follows:

1. Shastri Boothe is awarded $7,000,000 in pain and suffering damages; $2,740,506 in economic damages; and $9,740,506 in punitive damages.
2. M.B. is awarded $2,500,000 in solatium damages and $2,500,000 in punitive damages.

3. Jared Bland is awarded $7,000,000 in pain and suffering damages; $1,696,432 in economic damages; and $8,696,432 in punitive damages.
4. G.B. is awarded $2,500,000 in solatium damages and $2,500,000 in punitive damages.
5. J.B. is awarded $2,500,000 in solatium damages and $2,500,000 in punitive damages.
6. Alex Murtha is awarded $7,000,000 in pain and suffering damages; $3,181,201 in economic damages; and $10,181,201 in punitive damages.
7. Kelley McHenry is awarded $2,500,000 in solatium damages and $2,500,000 in punitive damages.

It is further **ORDERED** that post-judgment interest shall accrue on the above amounts at the statutory rate set out in 28 U.S.C. § 1961. This interest runs from the date of this Order. This Order shall be immediately served on Defendant pursuant to 28 U.S.C. § 1608(e). The Clerk of the Court is directed to not issue individual judgments for these claims, as this Order shall constitute that judgment. Because this Order disposes of all claims, the Clerk of the Court shall close this case.

Date: March 24, 2026

*Tanya S. Chutkan*

TANYA S. CHUTKAN
United States District Judge

# EXHIBIT 36

Case 1:22-cv-01747-TSC Document 44 Filed 05/18/26 Page 4 of 4

CO 939
Rev. 4/2023

# UNITED STATES DISTRICT AND BANKRUPTCY COURTS FOR THE DISTRICT OF COLUMBIA

SHASTRI BOOTHE et al
Plaintiff(s)

vs. Civil Action No.: 1:22 cv 01747 TSC

ISLAMIC REPUBLIC OF IRAN
Defendant(s)

## CERTIFICATE OF CLERK

I hereby certify under penalty of perjury, that on the 12 day of May, 20 26, I dispatched for mailing:

1. ☐ One copy of the summons and complaint by registered mail, return receipt requested, to the individual of the foreign state, pursuant to the provisions of FRCP 4(f)(2)(C)(ii).

2. ☐ One copy of the summons, complaint and notice of suit, together with a translation of each into the official language of the foreign state, by registered mail, return receipt requested, to the head of the ministry of foreign affairs, pursuant to the provisions of 28 U.S.C. § 1608(a)(3).

3. ☒ Two copies of the judgment, together with a translation of each into the official language of the foreign state, by FedEx, to the U.S. Department of State, CA/OSC/L, SA-17, 10th Floor, Washington, DC 20522-1710, ATTN: Director of Overseas Citizens Services, pursuant to the provisions of 28 U.S.C. § 1608(a)(4).

4. ☐ One copy of the summons and complaint, together with a translation of each into the official language of the foreign state, by registered mail, return receipt requested, to the agency or instrumentality of the foreign state, pursuant to 28 U.S.C. § 1608(b)(3)(B).

ANGELA D. CAESAR, CLERK

By: /s/ Jiselle Manohar
Deputy Clerk

ORIGIN ID:TSGA (202) 354-3174
CLERK OF COURT
US DISTRICT COURT FOR DC
333 CONSTITUTION AVENUE, NW

WASHINGTON, DC 20001
UNITED STATES US

SHIP DATE: 08MAY26
ACTWGT: 2.00 LB
CAD: 5334436/INET4535

BILL SENDER

TO **JARED HESS**
**UNITED STATE STATE DEPARTMENT**
**2201 C STREET, NW**
**SA-17, 10TH FLOOR**
**WASHINGTON DC 20520**
(202) 485-6173 REF:
INV:
PO: DEPT:

58KJ2/2061/484B

FedEx Express

E

**TUE - 12 MAY 10:30A**
**MORNING 2DAY**

TRK# 0201 **8715 4547 2405**

**ASR**
**20520**

**19 KMDA**

DC-US **IAD**

After printing this label:
**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

# EXHIBIT 37

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SIAMAK NAMAZI &<br>MOHAMMAD BAQUER NAMAZI,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**ISLAMIC REPUBLIC OF IRAN,**<br><br>**Defendant.** | **Civil Action No. 24-3506 (JEB)** |

**ORDER**

For the reasons set forth in the accompanying Memorandum Opinion, the Court ORDERS that:

1) Plaintiffs' [19] Motion for Default Judgment is GRANTED; and

2) Judgment is ENTERED in favor of Plaintiffs and against Defendant in the following amounts: Siamak Namazi, $87,552,284; Mohmmad Baquer Namazi, $34,236,889.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: July 7, 2026

# EXHIBIT 38

CO 939
Rev. 4/2023

# UNITED STATES DISTRICT AND BANKRUPTCY COURTS
# FOR THE DISTRICT OF COLUMBIA

SIAMAK NAMAZI et al
Plaintiff(s)

vs. Civil Action No.: 24-cv-03506-JEB

ISLAMIC REPUBLIC OF IRAN
Defendant(s)

## CERTIFICATE OF CLERK

I hereby certify under penalty of perjury, that on the 14th day of September, 20 26, I dispatched for mailing:

1. ☐ One copy of the summons and complaint by registered mail, return receipt requested, to the individual of the foreign state, pursuant to the provisions of FRCP 4(f)(2)(C)(ii).

2. ☐ One copy of the summons, complaint and notice of suit, together with a translation of each into the official language of the foreign state, by registered mail, return receipt requested, to the head of the ministry of foreign affairs, pursuant to the provisions of 28 U.S.C. § 1608(a)(3).

3. ☒ Two copies of the judgment, together with a translation of each into the official language of the foreign state, by FedEx, to the U.S. Department of State, CA/OSC/L, SA-17, 10th Floor, Washington, DC 20522-1710, ATTN: Director of Overseas Citizens Services, pursuant to the provisions of 28 U.S.C. § 1608(a)(4).

4. ☐ One copy of the summons and complaint, together with a translation of each into the official language of the foreign state, by registered mail, return receipt requested, to the agency or instrumentality of the foreign state, pursuant to 28 U.S.C. § 1608(b)(3)(B).

ANGELA D. CAESAR, CLERK

By: /s/ Jiselle Manohar
Deputy Clerk

Case 1:24-cv-01405-SLS Document 24-26 Filed 09/28/26 Page 4 of 4

ORIGIN ID:TSGA (202) 354-3174
CLERK COURT
US DISTRICT COURT FOR DC
333 CONSTITUTION AVENUE, NW

WASHINGTON, DC 20001
UNITED STATES US

SHIP DATE: 08SEP26
ACTWGT: 2.00 LB
CAD: 5334436/INET4535

BILL SENDER

TO **JARED HESS**
**UNITED STATE STATE DEPARTMENT**
**2201 C STREET, NW**
**SA-17, 10TH FLOOR**
**WASHINGTON DC 20520**
(202) 485-6173 REF:
INV:
PO: DEPT:

58KJ3/A3F9/484B

FedEx Express

E

J261026012001uv

WED - 09 SEP 5:00P
STANDARD OVERNIGHT
ASR

TRK# 0201 **8769 0575 0500**

IADA 20520

**19 LEESG**

DC-US IAD

After printing this label:
**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.