**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MOTOR TANKER PHONIX WITH INTERNATIONAL MARITIME ORGANIZATION NUMBER 9198317, AND ALL PETROLEUM PRODUCT ONBOARD,<br><br>Defendants In Rem. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:26-cv-01405-SLS<br>Judge Sparkle L. Sooknanan |

**DECLARATION OF J. CHRISTOPHER KLOTZ IN SUPPORT OF SWINNEY CLAIMANTS' OPPOSED MOTION TO CONFIRM TIMELINESS OF VERIFIED CLAIM AS TO PETROLEUM CARGO AND TO SET A DIFFERENT FILING TIME AS TO M/T PHONIX**

I, J. Christopher Klotz, declare as follows:

1. I am an attorney with Aylstock, Witkin, Kreis & Overholtz, PLC, and counsel of record for the Swinney Claimants in this action. I submit this declaration in support of the Swinney Claimants' Opposed Motion to Confirm Timeliness of Verified Claim as to Petroleum Cargo and to Set a Different Filing Time as to M/T PHONIX. I have personal knowledge of the facts stated below, except as to the work Mr. Stranahan performed, as described in paragraphs 2, 4 and 7, as to which I rely on William H. Stranahan, whose separate declaration is submitted as Exhibit B to the motion.

2. On or about August 24, 2026, William Stranahan, Senior Litigation Manager at our firm, identified this forfeiture action while independently researching potential avenues for enforcing the Swinney Claimants' outstanding terrorism judgments against Iran. Mr. Stranahan brought the

action to my attention for evaluation of whether the Swinney Claimants could assert an interest in the Defendant Properties.

3. Beginning on or about August 25, 2026, I designated William Stranahan, Senior Litigation Manager, to monitor the docket of this action on behalf of the Swinney Claimants, including for any filing that would establish or bear on a deadline to file a claim, such as a notice or declaration of publication. Such instruction included examining PACER case tracking, email notifications, and manual checks for additional filings.

4. Following Mr. Stranahan's identification of this action, he undertook responsibility for monitoring developments in the proceeding and coordinating the preparation of a verified claim on behalf of the Swinney Claimants. His responsibilities included reviewing docket activity, identifying relevant filings, gathering supporting documentation, obtaining claimant verifications, and communicating developments to me. Mr. Stranahan would report filings to me by forwarding notices of electronic filing or flagging new entries. I relied on that monitoring to learn of any filing establishing a claim deadline.

5. Neither the Swinney Claimants nor I received direct notice of this action from the United States under Supplemental Rule G(4)(b). The United States' status reports identify the recipients of its direct notice, ECF Nos. 13 and 15, and neither the Swinney Claimants nor my firm is among them.

6. Until Mr. Stranahan alerted me on or about October 1, 2026, to the contents of the United States' Declaration of Publication, ECF No. 21, neither I nor, to my knowledge, anyone else working on this matter at my firm, nor any Swinney Claimant, knew that the United States had posted separate notices on forfeiture.gov for the Vessel (asset 26-FBI-003170; first publication July 20, 2026) and for the Cargo (asset 26-FBI-003173; first publication August 25, 2026).

7. Mr. Stranahan advised me of the Government's August 24, 2026 Status Report, ECF No. 13, which addressed notice to identified potential claimants and contemplated further

proceedings in the absence of claims. Following his review of that filing, Mr. Stranahan began coordinating preparation of the Swinney Claimants' Verified Claim, including the collection of supporting documentation and execution of the necessary claimant verifications.

8. On September 29, 2026, the Swinney Claimants filed their Verified Claim, ECF No. 26, encompassing both the Defendant Vessel and Defendant Cargo. As reflected in the certificate of service, we served a copy by electronic mail that day on Assistant United States Attorney Rajbir Datta, Sean Heiden, and Joshua L. Sohn.

9. The United States had filed its Declarations of Publication, ECF Nos. 21-1 and 21-2, under ECF No. 21 on September 25, 2026, four days before the Verified Claim was filed. On or about October 1, 2026, Mr. Stranahan brought to my attention that the Government had published separate notices for the Defendant Vessel and Defendant Cargo, reflecting different first-publication dates and corresponding claim-filing deadlines.

10. On October 1, 2026, my office requested the United States' position on the relief sought in the motion. On October 13, 2026, Assistant United States Attorney Rajbir Datta responded that the United States would not consent to extending the claim-filing time for an "unsecured creditor" and would oppose any "good cause" extension.

11. I did not review the Government's September 8, 2026 Status Report, ECF No. 15, before the Swinney Claimants filed their Verified Claim on September 29, 2026. I have since reviewed it in connection with preparing this declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on October 19, 2026.



J. Christopher Klotz