| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MOTOR TANKER PHONIX WITH INTERNATIONAL MARITIME ORGANIZATION NUMBER 9198317, AND ALL PETROLEUM PRODUCT ONBOARD,<br><br>Defendants In Rem. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:26-cv-01405-SLS<br><br>Judge Sparkle L. Sooknanan |

**SWINNEY CLAIMANTS' ANSWER TO THE CROSS-CLAIMS ASSERTED IN THE IRANIAN TERRORISM VICTIMS' ANSWER (ECF NO. 32)**

The judgment creditors identified in Exhibit B to the Swinney Claimants' Verified Claim (ECF No. 26) (collectively, the "Swinney Claimants"), through counsel, answer the cross-claims and counterclaims (the "Cross-Claims") asserted by the Iranian Terrorism Victims ("ITV") in their Answer to United States' Verified Complaint for Forfeiture In Rem (ECF No. 32) ("ITV's Pleading"), under Federal Rules of Civil Procedure 7(a)(4) and 12(a)(1)(B). By Minute Order of October 22, 2026, the Court granted the Swinney Claimants' motion (ECF No. 34) and deemed their Verified Claim timely filed. The Swinney Claimants incorporate by reference their Verified Claim and its exhibits (ECF No. 26) and their Answer to the Verified Complaint for Forfeiture In Rem (ECF No. 37), including the defenses and reservations stated in it.

ITV's Pleading combines an answer to the Complaint (ECF No. 32 at 1–11), affirmative defenses (*id.* at 11–13), and the Cross-Claims (*id.* at 13–16). Because no response to an answer is required, *see* Fed. R. Civ. P. 7(a), the Swinney Claimants respond only to the Cross-Claims, beginning with the section titled "Cross-Claims & Counterclaims," and only to the extent the Cross-Claims are directed to them. To the extent the Cross-Claims are directed solely to the United States, no response from the Swinney Claimants is required.

Except to the extent expressly admitted, the allegations of the Cross-Claims are denied. Where the Swinney Claimants state that they lack knowledge or information sufficient to form a belief as to an allegation, that response operates as a denial under Federal Rule of Civil Procedure 8(b)(5). Headings, unnumbered paragraphs, ITV's label "TRIA Claims," and the Prayer for Relief are not allegations to which a response is required; to the extent a response is required, they are denied except as expressly admitted. The Swinney Claimants' use of ITV's label is not an admission that the Cross-Claims arise under the Terrorism Risk Insurance Act of 2002 ("TRIA") or state a claim against them.[1]

The Swinney Claimants use "Defendant Property" to refer collectively to the M/T PHONIX (IMO 9198317) and the oil cargo laden on it, and use "Defendant Vessel" and "Defendant Cargo" as defined in their Verified Claim. That usage is not an admission that the Defendant Vessel and Defendant Cargo are a single res, were subject to a single claim deadline, or are subject to forfeiture on the same facts.

The Swinney Claimants make these responses and assert these defenses consistently with their Verified Claim (ECF No. 26) and their Answer (ECF No. 37). In particular, as stated in ECF No. 26 ¶ 45, the Swinney Claimants assert that their rights under TRIA § 201(a) are superior to non-TRIA interests in the Defendant Property, and they reserve all rights concerning priority among holders of qualifying TRIA judgments, including any priority arising from the issuance, delivery, service, levy, attachment, execution, or other enforcement process applicable to the Defendant Property. Accordingly, where the Cross-Claims address the relative position of

---

[1] ITV's Pleading numbers the paragraphs within each section of the Cross-Claims beginning at 1. For clarity, the *Swinney* Claimants respond to the paragraphs of each section under that section's heading and refer to them as "Cross-Claims ¶ __," "Priority ¶ __," "Declaratory Relief ¶ __," and "Prayer ¶ __."

TRIA claimants and non-TRIA claimants, or are directed to the United States, the Swinney Claimants respond only as stated below and deny any allegation that ITV's interest is superior to the Swinney Claimants' interest or that the Swinney Claimants' interest is subordinate to ITV's.

## RESPONSES TO THE CROSS-CLAIMS

**Introduction**

The unnumbered paragraph introducing the Cross-Claims states ITV's characterization of its own pleading and the relief it seeks, to which no response is required. To the extent a response is required, the Swinney Claimants admit that ITV purports to assert the Cross-Claims against the United States and against other claimants, including the Swinney Claimants, and that ITV seeks a declaration of priority. The Swinney Claimants deny that ITV is entitled to that declaration or to priority over the Swinney Claimants, who are themselves terrorism judgment creditors asserting an interest in the Defendant Property under TRIA § 201(a), 28 U.S.C. § 1610 note (ECF No. 26), and deny the remaining allegations to the extent they are directed to the Swinney Claimants.

### Cross-Claims & Counterclaims

1. Paragraph 1 states legal conclusions to which no response is required. To the extent a response is required, the Swinney Claimants do not contest this Court's jurisdiction over the Defendant Property or its authority to determine claims to the Defendant Property that are properly before it, but deny that ITV has stated a claim against the Swinney Claimants and deny the remaining allegations.

2. Paragraph 2 states a legal conclusion to which no response is required. To the extent a response is required, the Swinney Claimants do not contest venue in this District for this *in rem* action and deny the remaining allegations.

3. The Swinney Claimants admit that ITV has filed a Verified Claim (ECF No. 17) in which it asserts that it holds judgments against the Islamic Republic of Iran. Paragraph 3 does not identify any judgment, the court that entered it, its date, its amount, the portion of it that represents compensatory damages, or the amount that remains unsatisfied. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and deny them on that basis.

4. The Swinney Claimants admit that they have asserted an interest in the Defendant Property in their Verified Claim (ECF No. 26) and that ITV purports to name them as defendants to the Cross-Claims. Paragraph 4 does not identify by name the "other parties" against whom it is directed, and the Swinney Claimants lack knowledge or information sufficient to form a belief as to the identity or interests of those parties beyond what is reflected in the docket. The Swinney Claimants deny that ITV has stated any claim against them and deny the remaining allegations.

5. The Swinney Claimants admit that ITV so alleges. They state that, on ITV's own allegation, the Cross-Claims "do not seek adjudication of priority" at this time, and that the Swinney Claimants have asserted an interest in the Defendant Property in a Verified Claim (ECF No. 26) that the Court deemed timely filed by Minute Order of October 22, 2026 (granting ECF No. 34). The Swinney Claimants reserve all positions concerning standing and priority. They deny that ITV holds priority rights over them and deny the remaining allegations.

6. The Swinney Claimants admit that ITV so alleges as to the United States and any foreign sovereign. Paragraph 6 does not address the Swinney Claimants, and the Swinney Claimants deny that ITV has stated any claim against them. The Swinney Claimants further state that, even assuming ITV holds enforceable rights to execute against blocked assets under TRIA,

nothing in Paragraph 6 establishes that those rights take priority over the Swinney Claimants' competing rights under TRIA. The Swinney Claimants deny the remaining allegations.

7. The Swinney Claimants admit that ITV filed a Verified Claim on September 18, 2026 (ECF No. 17), and do not dispute that the filing was timely. Paragraph 7 alleges that ITV has "either obtained or [is] pursuing" authorization under 28 U.S.C. § 1610(c); that allegation is equivocal and identifies no order. The Swinney Claimants lack knowledge or information sufficient to form a belief as to whether ITV has obtained such an order and deny the allegation on that basis. By contrast, the Swinney Claimants state that on March 17, 2026, the Court in *Swinney v. Islamic Republic of Iran*, No. 1:20-cv-2316 (ACR) (D.D.C.), entered an order under 28 U.S.C. § 1610(c), as pleaded in their Verified Claim. ECF No. 26 ¶¶ 10, 36 & Ex. A-1. The Swinney Claimants deny the remaining allegations of Paragraph 7.

8. The Swinney Claimants admit, on information and belief, that the Defendant Cargo is property of Iran or of an agency or instrumentality of Iran and is a blocked asset within the meaning of TRIA § 201(d)(2), and that, as pleaded in their Verified Claim (ECF No. 26 ¶¶ 11–28), it is therefore subject to attachment and execution under TRIA § 201(a) by holders of qualifying terrorism judgments, subject to the requirements of applicable law. The Swinney Claimants are such judgment holders. As to the Defendant Vessel, the Swinney Claimants admit, on information and belief, that the Office of Foreign Assets Control has identified it as blocked property, and refer to the qualifications stated in Section IV of their Verified Claim. The Swinney Claimants lack knowledge or information sufficient to form a belief as to whether ITV holds a qualifying judgment or has satisfied the requirements of TRIA § 201(a) and 28 U.S.C. § 1610(c), and deny those allegations on that basis. The Swinney Claimants deny that ITV's interest in the Defendant Property is superior to theirs and deny the remaining allegations.

9. The Swinney Claimants admit that multiple parties have asserted interests in the Defendant Property in this action, including through the United States' forfeiture claim and verified claims filed by ITV (ECF No. 17), the Claimants with Successful Judgments Against Iran (ECF No. 24), the Swinney Claimants (ECF No. 26), and the Ambush Claimants (ECF No. 41). The Swinney Claimants state that they are terrorism judgment creditors asserting an interest under TRIA § 201(a), and state that they are among the "other terrorism judgment creditors" referred to in Paragraph 9, not "non-TRIA claimants." The Swinney Claimants lack knowledge or information sufficient to form a belief as to the nature of the other claimants' interests beyond what their filings state, and deny the remaining allegations on that basis.

**Priority Under TRIA § 201**

1. The Swinney Claimants repeat and incorporate their responses to the preceding paragraphs.

2. Paragraph 2 paraphrases TRIA § 201(a), which speaks for itself, and the Swinney Claimants deny any characterization inconsistent with its text, including any that omits its limitation to the extent of compensatory damages. The Swinney Claimants admit that TRIA § 201(a) applies "[n]otwithstanding any other provision of law" and that, on that basis, blocked assets of a terrorist party or its agency or instrumentality are subject to execution by holders of qualifying terrorism judgments to the extent TRIA provides. The Swinney Claimants deny that Paragraph 2 or TRIA § 201(a) establishes any priority in favor of ITV over the Swinney Claimants.

3. Paragraph 3 states legal conclusions to which no response is required. To the extent a response is required, the Swinney Claimants admit that TRIA § 201(a) applies notwithstanding other provisions of law that would otherwise bar execution by qualifying

judgment holders, including provisions of the civil-forfeiture statute, *see Estate of Levin v. Wells Fargo Bank, N.A.*, 156 F.4th 632, 643 n.1 (D.C. Cir. 2025), and that the Swinney Claimants rely on that principle. Consistent with ECF No. 26 ¶ 45, the Swinney Claimants further assert that their rights under TRIA § 201(a) are superior to non-TRIA interests in the Defendant Property, to the extent provided by law. By its own terms, however, Paragraph 3 describes TRIA as elevating qualifying judgment creditors over "non-TRIA claimants." The Swinney Claimants are not non-TRIA claimants, and Paragraph 3 says nothing about the relative position of one qualifying judgment holder as against another. The Swinney Claimants deny that Paragraph 3 establishes any priority in favor of ITV over the Swinney Claimants and deny the remaining allegations to the extent they are directed to the Swinney Claimants.

4. Paragraph 4 states legal conclusions to which no response is required, and cites no authority. To the extent a response is required, the Swinney Claimants admit that TRIA § 201(a) permits qualifying judgment holders to execute against blocked assets notwithstanding conflicting provisions of law, as stated in response to Paragraph 3 above, and state that, as asserted in ECF No. 26 ¶ 45, those rights are superior to non-TRIA interests to the extent provided by law. The Swinney Claimants deny that ITV has identified any authority ranking its interest ahead of the interest of another holder of a qualifying judgment, and deny the remaining allegations.

5. The Swinney Claimants deny Paragraph 5 to the extent it asserts that their claims are subordinate to ITV's. To the extent Paragraph 5 concerns the relative position of TRIA claimants and non-TRIA claimants, the Swinney Claimants refer to their response to Paragraph 3 above. The Swinney Claimants state that they are TRIA claimants and that Paragraph 5 identifies no basis for subordinating the interest of one qualifying judgment holder to that of another.

## Declaratory Relief

1. The Swinney Claimants repeat and incorporate their responses to the preceding paragraphs.

2. Paragraph 2 states a legal conclusion to which no response is required. To the extent a response is required, the Swinney Claimants admit that multiple parties have asserted competing interests in the Defendant Property. They deny that a ripe, justiciable controversy over the relative priority of those interests exists at this stage. ITV itself alleges that it does not seek adjudication of priority until the universe of claimants is established, Cross-Claims ¶ 5, and the Government's forfeiture claim has not been adjudicated. The Swinney Claimants reserve the right to seek adjudication of priority at the appropriate time and deny the remaining allegations.

3. Paragraph 3 states the relief ITV requests, to which no response is required. To the extent a response is required, the Swinney Claimants deny that ITV is entitled to any of the declarations it seeks, including that any attachment or execution by the Swinney Claimants is subordinate to ITV's interest, and deny the remaining allegations.

## Jury Demand

ITV's jury demand states no allegation to which a response is required. To the extent a response is required, the Swinney Claimants deny that ITV is entitled to a jury trial on the declaratory priority relief it seeks against them, and state that they have demanded a jury trial on all issues so triable in their Answer (ECF No. 37).

## Prayer for Relief

The Swinney Claimants deny that ITV is entitled to any relief against them, including the relief requested in the numbered paragraphs of ITV's Prayer for Relief. Specifically:

1. The Swinney Claimants deny that ITV is entitled to judgment against them or against any other claimant.

2. The Swinney Claimants deny that ITV is entitled to release of the Defendant Property from custody or its "return" to ITV. ITV alleges no ownership interest in the Defendant Property, and a judgment creditor's rights under TRIA § 201(a) are rights to execute against blocked assets, not rights to title.

3. The Swinney Claimants deny that ITV is entitled to the declaration requested in Paragraph 3.

4. The Swinney Claimants deny that ITV is entitled to the declaration requested in Paragraph 4, including any declaration that the Swinney Claimants' interests or any attachment or execution they obtain are subordinate to ITV's.

5. Paragraph 5 requests relief in the alternative that is not directed at the Swinney Claimants, and no response is required. To the extent a response is required, the Swinney Claimants deny that any disposition of the Defendant Property or its proceeds may extinguish or impair their interests under TRIA § 201(a), and reserve all rights.

6. The Swinney Claimants deny that ITV is entitled to attorneys' fees or costs from them. By its terms, 28 U.S.C. § 2465 concerns the liability of the United States.

7. The Swinney Claimants deny that ITV is entitled to any further relief against them.

**DEFENSES AND MATTERS PRESERVED**

The Swinney Claimants assert the following defenses on the information presently available, without assuming any burden of proof that the law places on ITV.

**First — Failure to State a Claim**

Even assuming ITV holds enforceable rights to execute against the Defendant Property under TRIA, the Cross-Claims fail to state a claim against the Swinney Claimants on which relief can be granted, Fed. R. Civ. P. 12(b)(6), because they plead no basis for priority over the Swinney Claimants' competing TRIA rights. The only theory ITV pleads for priority is that TRIA's "notwithstanding" clause elevates qualifying terrorism judgment creditors over "non-TRIA claimants." Priority ¶¶ 3–5. That theory has no application to the Swinney Claimants, who are themselves TRIA claimants. ITV identifies no statute or decision that ranks one qualifying judgment holder ahead of another.

**Second — No Ripe Controversy**

ITV alleges that the Cross-Claims "do not seek adjudication of priority until the universe of legally permissible claimants in this action is established." Cross-Claims ¶ 5. That universe has not been established. The Government's forfeiture claim has not been adjudicated, the claims of the competing claimants have not been resolved, and ITV does not allege that it holds any writ of attachment or execution against the Defendant Property. A declaration of priority at this stage would be premature, and the Court should decline to enter one. The Swinney Claimants reserve the right to seek adjudication of priority among claimants at the appropriate time.

**Third — TRIA § 201(a) Establishes No Priority Over Other Qualifying Judgment Holders**

TRIA § 201(a) does not by its terms rank one qualifying judgment holder ahead of another, and ITV identifies no statute or decision that does. Any priority among holders of qualifying judgments, if one exists, would depend on facts and law that ITV has not pleaded and that cannot be determined on the Cross-Claims, including the identity, amount, and compensatory component of each holder's judgment, the status of each holder's authorization

under 28 U.S.C. § 1610(c), and whether and when any attachment or execution is obtained. ITV's own pleading is also inconsistent with the exclusive priority it seeks: ITV asserts that the Defendant Property "should be placed into a constructive trust for the benefit of all claimants." ECF No. 32 at 12–13 (Affirmative Defense ¶ 8).

**Fourth — Insufficient Allegations of ITV's Own Qualification**

TRIA § 201(a) permits execution against blocked assets only to the extent of compensatory damages. ITV does not identify its judgments, their amounts, or the compensatory component of any judgment. Cross-Claims ¶¶ 3, 7. Nor does ITV allege that it has obtained authorization under 28 U.S.C. § 1610(c); it alleges only that it has "either obtained or [is] pursuing" such authorization. *Id.* ¶ 7. A declaration of priority "for attachment and execution purposes" presupposes an entitlement to attach and execute that ITV has not pleaded.

**Fifth — The Swinney Claimants' Own Interest**

The Swinney Claimants hold a final judgment against Iran, the IRGC, and MOIS that remains substantially unsatisfied, *see Swinney v. Islamic Republic of Iran*, No. 1:20-cv-2316 (ACR), ECF No. 59, at 2–3 (D.D.C. May 30, 2025); *id.*, ECF No. 63, at 1–2 & n.1, and have asserted an interest under TRIA § 201(a), principally in the Defendant Cargo and further in the Defendant Vessel, and in any traceable proceeds or substitute res. ECF No. 26. They assert their interest only to the extent of compensatory damages. ECF No. 26 ¶ 35a. The Court has deemed their Verified Claim timely filed. Min. Order (Oct. 22, 2026). As stated in their Answer (ECF No. 37), their asserted interest arises under TRIA § 201(a) and does not depend on a lien or writ. The Swinney Claimants incorporate the defenses and reservations in the section of their Answer (ECF No. 37) titled "Defenses and Matters Preserved," to the extent they bear on the Cross-Claims.

**Sixth — No Entitlement to Release, Return, or Fees as Against the Swinney Claimants**

ITV's request that the Defendant Property be "returned to" ITV presumes an ownership interest that ITV does not allege; ITV's own pleading describes its rights as rights of attachment and execution. Cross-Claims ¶¶ 6, 8; Prayer ¶ 2. ITV's request for fees and costs under 28 U.S.C. § 2465, which concerns the liability of the United States, states no basis for relief against the Swinney Claimants.

**Seventh — Alternative Request Concerning the USVSST Fund**

ITV's alternative request that any forfeited Defendant Property be deposited into the United States Victims of State Sponsored Terrorism Fund (the "Fund") (Prayer ¶ 5) is conditional and is not directed at the Swinney Claimants. To the extent it could be read to ask the Court to direct the Defendant Property or its proceeds to the Fund in a manner that would extinguish or impair the Swinney Claimants' interests under TRIA § 201(a), the Swinney Claimants do not consent and reserve all rights. Creation of the Fund did not modify TRIA, and a judgment holder whose judgment is not fully satisfied by Fund distributions retains the right to pursue other mechanisms. *See* 34 U.S.C. § 20144(d)(5)(B); *Estate of Levin*, 156 F.4th at [643].

**Eighth — Reservation of Rights**

The Swinney Claimants reserve the right to seek leave to amend this Answer under Federal Rule of Civil Procedure 15; to assert their own crossclaims under Rule 13(g), including a claim for declaratory relief concerning the priority of claimants' interests; to move to dismiss the Cross-Claims or for judgment on the pleadings; and to seek adjudication of priority at the appropriate time. Nothing in this Answer concedes that the Government has established the forfeitability of the Defendant Property, and nothing in it alters the positions and reservations stated in their Verified Claim (ECF No. 26) and Answer (ECF No. 37).

## PRAYER FOR RELIEF

WHEREFORE, the Swinney Claimants request that the Court: (1) dismiss the Cross-Claims as to the Swinney Claimants or, in the alternative, deny the relief ITV seeks against them; (2) decline to enter any declaration of priority as premature, and in any event deny ITV's request for a declaration that its interests have priority over, or that any attachment or execution of the Swinney Claimants is subordinate to, ITV's; (3) deny ITV's requests for release or return of the Defendant Property and for fees and costs as against the Swinney Claimants; (4) adjudicate the interests of the Swinney Claimants in the Defendant Property consistently with Supplemental Rule G, TRIA, and applicable law, and preserve the res or any substitute proceeds as legally appropriate pending adjudication of competing interests; and (5) grant such further relief as is just and proper.

Dated: October 29, 2026

Respectfully submitted,

/s/ J. Christopher Klotz

J. Christopher Klotz, Esq.
D.D.C. Bar No. 439409
Douglass A. Kreis, Esq.
D.D.C. Bar No. FL00173
AYLSTOCK, WITKIN, KREIS &
OVERHOLTZ, PLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Tel: (850) 202-1010
Fax: (850) 916-7449
Email: cklotz@awkolaw.com
Email: dkreis@awkolaw.com

*Counsel for the Swinney Claimants*

## CERTIFICATE OF SERVICE

I certify that on October 29, 2026, I filed the foregoing document through the Court's CM/ECF system, which will send notice of electronic filing to registered counsel of record.

/s/ J. Christopher Klotz
J. Christopher Klotz