**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA

Plaintiff,

v.

IN THE MATTER OF THE SEIZURE OF THE M/T PHONIX WITH INTERNATIONAL MARITIME ORGANIZATION NUMBER 9198317, AND ALL PETROLEUM PRODUCT ON BOARD,

Defendants *In Rem*.

Civil Action No. 1:26-cv-01405 (SLS)

**CLAIMANTS WITH SUCCESSFUL JUDGMENTS AGAINST IRAN'S ANSWER TO THE IRANIAN TERRORISM VICTIMS' CROSS-CLAIMS**

Pursuant to Federal Rules of Civil Procedure 7(a)(4), 12(a)(1)(B), and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Claimants with Successful Judgments Against Iran (the "Claimants"), who have filed a Notice of Verified Claim and Statement of Interest or Right in Property Subject to Forfeiture *In Rem* in this action (ECF Nos. 24, 24-1) and answered the United States' Verified Complaint for Forfeiture *In Rem* (ECF No. 35), hereby answer the cross-claims asserted against them in the Iranian Terrorism Victims' Answer to United States' Verified Complaint for Forfeiture *In Rem*, dated October 9, 2026 (ECF No. 32) (the "Iranian Terrorism Victims' Cross-Claims"), as follows:

1. Paragraph 1 states legal conclusions regarding jurisdiction to which no response is required. To the extent a response is required, the Claimants admit that this Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, 1355, and 1367, and Supplemental Rule G.

2. Paragraph 2 states legal conclusions regarding venue to which no response is required. To the extent a response is required, the Claimants admit that venue lies in this judicial district.

3. Claimants lack sufficient knowledge or information to form a belief as to the truth

of the allegations in Paragraph 3 and therefore cannot admit or deny them, except that the Claimants deny that the Iranian Terrorism Victims hold any right, title, or interest in the Motor Tanker PHONIX bearing International Maritime Organization Number 9198317 (the "PHONIX"), together with the petroleum cargo laden aboard the PHONIX (collectively, the "Defendant Property"), that is superior to the right, title, or interest of the Claimants in the Defendant Property under TRIA.

4. Claimants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 and therefore cannot admit or deny them, except that the Claimants deny that the Iranian Terrorism Victims hold any right, title, or interest in the Defendant Property that is superior to the right, title, or interest of the Claimants in the Defendant Property under TRIA.

5. Claimants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 and therefore cannot admit or deny them, except that the Claimants deny that the Iranian Terrorism Victims hold any right, title, or interest in the Defendant Property that is superior to the right, title, or interest of the Claimants in the Defendant Property under TRIA.

6. Claimants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 and therefore cannot admit or deny them, except that the Claimants deny that the Iranian Terrorism Victims hold any right, title, or interest in the Defendant Property that is superior to the right, title, or interest of the Claimants in the Defendant Property under TRIA.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Claimants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 and therefore cannot admit or deny them, except that the Claimants deny that the timing of the Iranian Terrorism Victims' Verified Claim confers on them any right, title, or interest in the Defendant Property that is superior to the right, title, or interest of the Claimants in the Defendant Property under TRIA.

8. Paragraph 8 contains legal conclusions concerning the Iranian Terrorism Victims' right to attachment and execution to which no response is required. To the extent a response is required, Claimants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 and therefore cannot admit or deny them, except that the Claimants admit that the Defendant Property is a blocked asset of an agency or instrumentality of the Iranian government susceptible to execution in satisfaction of the Claimants' judgments under TRIA § 201.

9. Claimants admit that they have timely filed a verified claim in this action asserting an interest in the Defendant Property under TRIA § 201, and that they have obtained, or are pursuing, judicial authorization under 28 U.S.C. § 1610(c) to execute upon their judgments.

## PRIORITY UNDER TRIA § 201

1. The Claimants incorporate by reference their responses to Paragraphs 1 through 9 as though fully set forth herein.[1]

2. Paragraph 2 purports to quote and characterize portions of TRIA § 201(a), which speak for themselves. Claimants respectfully refer the Court to that statute for its full and accurate contents and deny any characterization inconsistent with it. To the extent a further response is required, Claimants admit that TRIA § 201(a) grants holders of TRIA judgments the right to execute on blocked assets of a terrorist party or its agencies or instrumentalities.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent a further response is required, Claimants respectfully refer the Court to the TRIA statute for its full and accurate contents and deny any characterization inconsistent therewith.

4. Paragraph 4 contains conclusions of law to which no response is required. To the extent a further response is required, Claimants admit they hold judgments against Iran, a terrorist party, on claims based upon acts of terrorism within the meaning of TRIA § 201(a); that the Defendant Property constitutes blocked assets of agencies or instrumentalities of Iran; and that the

[1] The Iranian Terrorism Victims' Cross-Claims re-number the paragraphs in each sub-section. Claimants have maintained this numbering for clarity.

Defendant Property is therefore subject to execution in satisfaction of the Claimants' judgments to the extent of the compensatory damages awarded therein. Claimants also expressly deny any allegation that the Iranian Terrorism Victims hold any right, title, or interest in the Defendant Property that is superior to Claimants' interest in the Defendant Property under that regime.

5. Paragraph 5 contains conclusions of law to which no response is required. To the extent a further response is required, Claimants deny any allegation that the Iranian Terrorism Victims hold any right, title, or interest in the Defendant Property that is superior to Claimants' interest in the Defendant Property under TRIA, and aver that the Claimants are persons who have obtained judgments against a terrorist party on claims based upon acts of terrorism within the meaning of TRIA § 201(a), and that the Defendant Property is therefore subject to execution in satisfaction of the Claimants' judgments to the extent of the compensatory damages awarded therein.

## DECLARATORY RELIEF

1. The Claimants incorporate by reference their responses to Paragraphs 1 through 9 and to Paragraphs 1 through 5 under the heading "Priority Under TRIA § 201" as though fully set forth herein.[2]

2. Paragraph 2 contains legal conclusions to which no response is necessary. To the extent a further response is necessary, Claimants admit an actual and justiciable controversy exists concerning the relative priority of the parties' interests in the Defendant Property.

3. Claimants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 and therefore cannot admit or deny them, and deny that the Iranian Terrorism Victims are entitled to the declaration sought to the extent it would subordinate the Claimants' interests in the Defendant Property.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any allegation of the Iranian Terrorism Victims' Cross-Claims except as expressly admitted above, and without assuming any burden not otherwise imposed on them by

[2] *See* Note 1.

law, the Claimants assert the following defenses:

1. The Claimants incorporate by reference the Affirmative and Other Defenses set forth in their Answer to the United States' Verified Complaint for Forfeiture *In Rem* (ECF No. 35) and the positions set forth in their Notice of Verified Claim (ECF Nos. 24, 24-1), to the extent applicable to the Iranian Terrorism Victims' Cross-Claims.

2. The Iranian Terrorism Victims' Cross-Claims fail to identify the judgments on which they rely, the amount of compensatory damages awarded, or the status of service and authorization under 28 U.S.C. §§ 1608 and 1610(c), and the Iranian Terrorism Victims are put to their proof as to each element of their asserted interest under TRIA § 201.

3. The Claimants deny each allegation of the Iranian Terrorism Victims' Cross-Claims not expressly admitted herein, and reserve the right to amend this Answer and to assert additional defenses, cross-claims, and counterclaims as warranted by information revealed in further proceedings.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b) and Rule G(9) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Claimants demand a trial by jury on all issues so triable, including all issues raised by the Iranian Terrorism Victims' Cross-Claims, and do not oppose the Iranian Terrorism Victims' demand for trial by jury.

* * *

Dated: October 30, 2026

Respectfully submitted,

*/s/ Joseph McClure*

Joseph McClure (D.C. Bar No. 90002073)
**McDERMOTT WILL & SCHULTE LLP**
500 North Capitol Street, NW
Washington, D.C. 20001
T: (202) 756-8000
jmcclure@mcdermottlaw.com

Michael Dockterman (*Pro Hac Vice*)
**McDERMOTT WILL & SCHULTE LLP**
444 W. Lake Street, Suite 4000
Chicago, IL 60606
T: (312) 372-2000
mdockterman@mcdermottlaw.com

*Attorneys for Claimants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2026, I electronically filed the foregoing document via CM/ECF for the United States District Court for the District of Columbia and therefore caused it to be served on all parties registered for CM/ECF, including attorneys for the government, in the above-captioned matter.

Dated: October 30, 2026

*/s/Joseph McClure*
Joseph McClure

DM_US 605355101-7.152000.0011